UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

FEDERAL TRADE COMMISSION,

    Plaintiff,

    v.

AMAZON.COM, INC.,

    Defendant.

**Case No. 2:14-cv-01038-JCC**

**[STIPULATED] PROTECTIVE ORDER**

1.    <u>PURPOSES AND LIMITATIONS</u>

    Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

[STIPULATED] PROTECTIVE ORDER
Case No. 2:14-cv-01038-MJP

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: Sensitive Personal Information and Confidential Business Information, as defined below.

"Sensitive Personal Information" means the following identifying information: (a) names, addresses, phone numbers, and e-mail addresses of Amazon customers, (b) Social Security numbers, (c) sensitive health-related data including medical records, (d) biometric identifiers; (e) date of birth, (f) driver's license or other state identification numbers, or foreign equivalents, (g) military identification numbers, (h) passport numbers, (i) financial institution account numbers, (j) credit or debit card numbers; or (k) other sensitive information relating to an individual entitled to confidential status under applicable law, by order of this Court, or by agreement of the parties.

"Confidential Business Information" means (i) any individual or aggregated financial data, analyses, or information; (ii) individual or aggregated customer or business data, analyses, or information; (iii) proposals or suggestions for future products, future business practices, overall strategy for the business as a whole and/or any of its units; (iv) five-year plans and/or any such aspirational or planning documents, or any similar strategic-based data, analyses, or information that is used by Amazon in, or pertaining to, its business *provided that* such data, analyses, or information described in parts (i) through (iv) is not generally known and/or which Amazon would normally not reveal to third parties or would require third parties to maintain in confidence because Amazon reasonably believes that such data, analyses, or information might be injurious to Amazon's business interests, and includes a trade secret or confidential research, development, business, or commercial information that would not normally be revealed to another as set forth in Fed. R. Civ. P. 26(c)(1)(G).

3.    SCOPE

The protections conferred by this agreement cover not only Confidential material (as defined above), but also (1) any information copied or extracted from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material.  However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

4.1    Basic Principles. A receiving party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Provided, however, that the Commission may, subject to taking appropriate steps to preserve the confidentiality of such material, use or disclose Confidential material as provided by its Rules of Practice; sections 6(f) and 21 of the Federal Trade Commission Act; or any other legal obligation imposed upon the Commission. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material only to:

(a) the receiving party's counsel of record in this action, as well as agents or employees of counsel who are assisting counsel with the litigation and to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

1  agree that a particular document or material produced is for Attorney's Eyes Only and is so

2  designated;

3       (c) experts and consultants to whom disclosure is reasonably necessary for this

4  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5       (d) the court, court personnel, and court reporters and their staff;

6       (e) copy or imaging services retained by counsel to assist in the duplication of

7  Confidential material, provided that counsel for the party retaining the copy or imaging service

8  instructs the service not to disclose any Confidential material to third parties and to immediately

9  return all originals and copies of any Confidential material;

10       (f) the author or recipient of a document containing the information, an employee, officer,

11  or director of the corporate party (including its affiliates, parents, and subsidiaries) that produced

12  a document containing the information, or a custodian or other person who otherwise possessed

13  or knew the information; Provided, however, that the Commission may, subject to taking

14  appropriate steps to preserve the confidentiality of such material, use or disclose Confidential

15  material as provided by its Rules of Practice; sections 6(f) and 21 of the Federal Trade

16  Commission Act; or any other legal obligation imposed upon the Commission.

17  4.3    <u>Filing Confidential Material</u>.  The burden of demonstrating that any specific information

18  or document is Confidential is on the party claiming its confidentiality, even if the objecting

19  party files a motion to challenge the designation of confidentiality.  Upon reasonable notice and

20  request by a filing party, the designating party shall meet and confer with the filing party at least

21  one day in advance of a filing that contains, discusses, or references Confidential material to

22  determine whether the designating party will remove the confidential designation, whether the

23  document can be redacted, or whether a motion to seal or stipulation and proposed order is

24  warranted.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the

25  standards that will be applied when a party seeks permission from the Court to file material

26  under seal.

5.    DESIGNATING PROTECTED MATERIAL

        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

        If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

        5.2    Manner and Timing of Designations. Except as otherwise provided in this agreement (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

                (a) Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

                (b) Testimony given in deposition or in other pretrial or trial proceedings: the

parties must identify on the record, during the deposition, hearing, or other proceeding, all

protected testimony, without prejudice to their right to so designate other testimony after

reviewing the transcript. Any party or non-party may, within fifteen days after receiving a

deposition transcript, designate portions of the transcript, or exhibits thereto, as Confidential. All

deposition testimony shall be treated as Confidential until the expiration of the 15 day period to

designate portions as Confidential.

(c) <u>Other tangible items</u>: the producing party must affix in a prominent place on

the exterior of the container or containers in which the information or item is stored the word

"CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

the producing party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the designating party's

right to secure protection under this agreement for such material. Upon timely correction of a

designation, the receiving party must make reasonable efforts to ensure that the material is

treated in accordance with the provisions of this agreement.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Except as addressed in Section 4.3, which controls the timing

and sequence of confidentiality challenges for court filings, any party or non-party may

challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating

party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness,

unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does

not waive its right to challenge a confidentiality designation by electing not to mount a challenge

promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute

regarding confidential designations without court involvement. Any motion regarding

confidential designations or for a protective order must include a certification, in the motion or in

[STIPULATED] PROTECTIVE ORDER
Case No. 2:14-cv-01038-MJP

a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, other than in the circumstances addressed in Section 4.3, which controls the timing and sequence of confidentiality challenges for court filings, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential material may be affected, including not producing the designating party's documents absent a court order to do so if that party objects to disclosure,

1    provided that the designating party moves for relief within seven (7) days of receiving the notice

2    under 7(a).

3    8.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

4       If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential

5    material to any person or in any circumstance not authorized under this agreement, the receiving

6    party must immediately (a) notify in writing the designating party of the unauthorized

7    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

8    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

9    this agreement, and (d) request that such person or persons execute the "Acknowledgment and

10    Agreement to Be Bound" that is attached hereto as Exhibit A.

11    9.      INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

12          MATERIAL

13       When a producing party gives notice to receiving parties that certain inadvertently

14    produced material is subject to a claim of privilege or other protection, the obligations of the

15    receiving parties are those set forth in the parties' Agreement Regarding Discovery of

16    Electronically Stored Information and Order.

17    10.      NON TERMINATION AND RETURN OF DOCUMENTS

18       Within 60 days after the termination of this action, including all appeals, the Commission

19    shall retain, return, or destroy Confidential materials in accordance with Rule 4.12 of the

20    Commission's Rules of Practice, and each other receiving party must return all Confidential

21    material to the producing party, including all copies, extracts and summaries thereof.

22    Alternatively, the parties may agree upon appropriate methods of destruction.

23       Notwithstanding this provision, counsel are entitled to retain one archival copy of all

24    documents filed with the court, trial, deposition, and hearing transcripts, correspondence,

25    deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

26    work product, even if such materials contain confidential material.

[STIPULATED] PROTECTIVE ORDER
Case No. 2:14-cv-01038-MJP

1    The confidentiality obligations imposed by this agreement shall remain in effect until a

2    designating party agrees otherwise in writing or a court orders otherwise.

3

4    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

5    Dated:  January 6, 2015

6

7    FEDERAL TRADE COMMISSION

8

9    *s/ Jason Adler*

    JASON M. ADLER

10   DUANE C. POZZA

    HEATHER ALLEN

11   jadler@ftc.gov, dpozza@ftc.gov,

12   hallen@ftc.gov

    Federal Trade Commission

13   600 Pennsylvania Avenue N.W., CC-10232

    Washington, DC  20580

14   P: (202) 326-3231, (202) 326-2042,

    (202) 326-2038

15   F: (202) 326-3239

16

    LAURA M. SOLIS, WA Bar No. 36005

17   lsolis@ftc.gov

    Federal Trade Commission

18   915 2nd Avenue, Suite 2896

    Seattle, WA  98174

19   P: (206) 220-4544

20   F: (206) 220-6366

21   Attorneys for Plaintiff

22

23

24

25

26

[STIPULATED] PROTECTIVE ORDER
Case No. 2:14-cv-01038-MJP

AMAZON.COM, INC.

| *s/ David J. Burman* | *s/ J. Douglas Baldridge* |
|---|---|
| David J. Burman, WSBA No. 10611 | J. Douglas Baldridge WSBA No. 37247 |
| Harry H. Schneider, Jr., WSBA No. 9404 | Danielle R. Foley (*pro hac vice* |
| **Perkins Coie LLP** | forthcoming) |
| 1201 Third Avenue, Suite 4900 | **Venable LLP** |
| Seattle, WA  98101-3099 | 575 7th Street, NW |
| Telephone:  (206) 359-8000 | Washington, DC 20004 |
| Facsimile:  (206) 359-9000 | Telephone: (202) 344-4000 |
| HSchneider@perkinscoie.com | Facsimile: (202) 344-8300 |
| DBurman@perkinscoie.com | jbaldridge@venable.com, |
| | drfoley@venable.com |

Attorneys for Defendant Amazon.com, Inc.


PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____  _____

The Honorable John C. Coughenour
United States District Judge

[STIPULATED] PROTECTIVE ORDER
Case No. 2:14-cv-01038-MJP