1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8
9

FEDERAL TRADE COMMISSION,

10

Plaintiff,

11

v.

12

AMAZON.COM, INC.,

13
14

Defendant.

15

**Case No. 2:14-cv-01038-JCC**

**PLAINTIFF'S MOTION TO
COMPEL DISCOVERY RESPONSES**

NOTE ON MOTION CALENDAR:
Friday, July 3, 2015

16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S MOTION TO COMPEL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

1    Pursuant to Fed. R. Civ. P. 37(a)(3), Plaintiff Federal Trade Commission ("FTC") moves

2 the Court for an order compelling Defendant Amazon.com, Inc. ("Amazon") to promptly

3 produce documents and information responsive to the FTC's discovery requests.  On November

4 6, 2014, the FTC served the three discovery requests at issue, including interrogatories seeking

5 consumer-level data about in-app charge attempts and information about denied refund requests

6 for unauthorized in-app charges.  Amazon responded to the FTC's requests with generic, broad-

7 ranging objections, and the FTC engaged with Amazon in a months-long exchange to resolve

8 these objections.  Despite these efforts, Amazon continues to withhold whole categories of

9 documents and information, including material it agreed to produce months ago but now—late in

10 discovery and shortly before depositions are set to begin—suddenly has revealed it will not

11 produce.  Amazon's pattern of delay and backtracking poses serious prejudice to the FTC's

12 prosecution of its case, including by disrupting depositions scheduled to begin in July.  The FTC

13 therefore asks the Court to compel Amazon's complete production of responsive documents and

14 information within ten days.

15 **I.    Background**

16     **A.    The FTC's Complaint and Relevant Facts**

17    The FTC filed its complaint on July 10, 2014, alleging that Amazon billed parents and

18 other account holders millions of dollars for children's activities in apps that are likely to be used

19 by children without having obtained the account holders' authorization, in violation of Section 5

20 of the FTC Act, 15 U.S.C. § 45.  (Dkt. 1.)  Shortly after Amazon began in-app billing in

21 November 2011, consumer complaints about unauthorized charges by children reached levels

22 Amazon's Appstore director described as "near house on fire[.]"  *Id*. ¶ 8.  As detailed in the

23 complaint, Amazon often did not require password entry or other account holder involvement

24 before billing for in-app charges.  *Id*. ¶ 19.  When Amazon did require password entry, it did so

25 sporadically, without informing consumers whether password entry approved a single in-app

26 charge or many.  *Id*. ¶¶ 20-22.

PLAINTIFF'S MOTION TO COMPEL
Case No. 2:14-cv-01038-JCC

Over the years, as the complaint alleges, consumers continued to experience unauthorized in-app charges incurred by children. *Id.* ¶ 27. The FTC's complaint seeks injunctive and equitable relief against Amazon for its unfair in-app billing practices, including redress for consumers whose children incurred unauthorized in-app charges but who have not received a refund.

## B.    Discovery

The FTC served its first two sets of discovery requests on September 3, 2014 and November 6, 2014. *See, e.g.,* Exs. A, B. Amazon responded to those requests with a slew of boilerplate objections and responses that did not explain what documents and information Amazon would produce and what it would withhold. *See, e.g.*, Ex. C, Amazon's Resp. to FTC 2d Doc. Req.; Ex. D, Amazon's Resp. to FTC 2d Interrog. The FTC expended considerable effort clarifying and resolving Amazon's objections to ensure timely production of the requested materials. Adler Decl. ¶¶ 13-15; Exs. F, G. On January 28, 2015, after more than two months of meet-and-confer sessions, the FTC informed Amazon that it anticipated filing a motion to compel to resolve Amazon's objections. Ex. G at 12. The next day, Amazon withdrew most of its objections and agreed to produce the bulk of the requested information. Ex. G at 7-8. Amazon nonetheless continues to withhold responsive documents and data to highly probative requests. Fact discovery in this case closes on September 28, 2015. Depositions are scheduled to begin on July 13, 2015. Amazon's failure to provide timely discovery responses prejudices the FTC's ability to prosecute its case and needlessly wastes the parties' and the Court's time and resources.

## II.    Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" If a party resists discovery, after a good faith attempt to meet and confer to resolve the dispute, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1).

PLAINTIFF'S MOTION TO COMPEL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

1  The resisting party bears a "heavy burden" of demonstrating why discovery should be denied,

2  *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975), including by "clarifying,

3  explaining, and supporting its objections."' *Lauer v. Longevity Med. Clinic PLLC*, No. C13–

4  0860–JCC, 2014 WL 5471983, at *3 (W.D. Wash. Oct. 29, 2014) (quoting *Cable & Computer*

5  *Tech., Inc. v. Lockheed Saunders*, *Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997)).   Unexplained and

6  unsupported boilerplate objections do not suffice.   *See Burlington N. & Santa Fe Ry. Co. v. U.S.*

7  *Dist. Ct. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005), *cert. denied*, 546 U.S. 939 (2005).

8  **III.    Discussion**

9          The FTC's discovery requests fall well within the permissible scope of Rule 26.   As

10  discussed in detail below, the following requests are at issue: Interrogatory No. 2 and Request for

11  Production No. 37 (seeking in-app charge data and related documents), and Interrogatory No. 4

12  (seeking information about refund requests Amazon denied).   Amazon has not only failed to

13  support its objections to these requests, but months ago waived any such objections with respect

14  to two requests.   The FTC faces significant prejudice without the responsive documents and data,

15  including its ability to take imminent depositions and other discovery on schedule.   An order

16  compelling Amazon's immediate production is warranted.

17          **A.      The Court Should Compel Amazon to Produce Information it Previously**

18                  **Agreed to Produce in Response to Interrogatory No. 2 and Request for**

19                  **Production No. 37.**

20          Interrogatory No. 2 and Request for Production No. 37 seek discovery on certain in-app

21  charge attempts.   After agreeing to produce responsive data and documents months ago, and

22  thereby waiving its objections, Amazon now refuses to complete its production.

23          Specifically, Interrogatory No. 2 seeks:

24                  For each In-App Charge or attempt by a user to incur an In-App
                    Charge (e.g., an attempt at password entry prior to an In-App
25                  Charge being incurred) in a Specified App, provide the following:

26

PLAINTIFF'S MOTION TO COMPEL                                      Federal Trade Commission
Case No. 2:14-cv-01038-JCC                                   600 Pennsylvania Avenue N.W.
                                                                 Washington, DC  20580
(202) 326-3231

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

(a) Transaction Details; (b) Password Prompt Details; (c) Inquiry Details; and (d) Anonymized Account Identifier.[1]

Ex. B at 7.  Information about in-app charge attempts is probative of each element of the relevant legal standard: the magnitude of the injury, the extent to which consumers were unable to reasonably avoid the harm, and the costs and benefits to consumer or competition of obtaining consent for the in-app charges at issue.  Records about successful and unsuccessful attempts bear on, among other things, the likelihood that the account holder or someone else (e.g., a child) was using a device when Amazon billed for the charge.  Unsuccessful attempts when a user fails one of Amazon's sporadic password challenges bear on whether Amazon billed the account holder without permission for in-app charges in cases for which Amazon did not seek password entry.  At Amazon's request, the FTC agreed to narrow Interrogatory No. 2 substantially to seek the requested data only for a limited subset of "High Risk Apps."[2]

Amazon initially objected that Interrogatory No. 2 was "overly broad and unduly burdensome" because it sought data from "multiple data sources" for a large number of transactions.  Ex. D at 10.  In its objections and during extensive meet-and-confer sessions, Amazon did not articulate why it would be "unduly burdensome" to provide the requested information for the narrowed set of apps.  Amazon did not explain, for example, what data sources existed, how that data was organized, or what steps would be necessary to access it.  The FTC notified Amazon that it planned to move to compel production of this data and other material.  Ex. G at 8-9.  Hours later, Amazon claimed there was "nothing to compel" with respect to Interrogatory No. 2 and committed "[d]espite the burden" to produce the requested

---

[1] Relatedly, Request for Production No. 37 seeks "all Documents related to the information requested in Interrogatory No. 2; provided that, except as otherwise required by another Request for Production or Interrogatory, any consumer identifying information should be limited to the anonymized text-based account identifier provided in responding to Interrogatory No. 2."  Ex. A at 8.  The FTC narrowed Request No. 37 at Amazon's request to documents Amazon relies on in responding to Interrogatory No. 2.

[2] In March 2013, as Amazon's issues with unauthorized in-app charges continued, it began identifying especially problematic apps (including "child-directed" apps) as "High-Risk."  Ex. E.  The FTC agreed to limit many of its requests initially to those apps that appear on Amazon's High-Risk ASIN (app identifier) list plus any apps that would have met the criteria for being included on the list beginning in November 2011 (together, the "High Risk Apps").

PLAINTIFF'S MOTION TO COMPEL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

data. *Id.* at 7.  Amazon reiterated this commitment by telephone on February 3, 2015 and by letter on February 27, 2015: "As we agreed, we will collect the transaction-level data for Apps that are on Amazon's High-Risk ASIN list and Apps that met the criteria for the High-Risk list during the time period before which Amazon began maintaining the list."  Ex. H at 2.

Over the following months, the FTC inquired about the status of Amazon's data production.  *E.g.*, Ex. G at 2-4.  Amazon generally did not respond to those inquiries.  Instead, on May 15, 2015, the date on which Amazon had agreed to substantially conclude its production in response to the FTC's first two sets of discovery requests, Amazon mailed the FTC a hard drive containing data responsive to Interrogatory No. 2.  The FTC requested a meet-and-confer call to answer basic questions about the dataset.  During the parties' June 2, 2015 call, for the first time since committing in January 2015 to produce data requested in November 2014, defense counsel revealed that Amazon had not produced and would not produce any data about ultimately unsuccessful in-app charge attempts.  Counsel claimed that it was burdensome to obtain such data, renewing objections Amazon previously withdrew to deter the FTC from filing a motion to compel.

In sum, Amazon responded to Interrogatory No. 2 with generic burden objections, failed to support those objections in meet-and-confer sessions, withdrew the objections to avoid a motion to compel, promised to produce the data, fell silent, and then—when prompted— disclosed that the data was not forthcoming and retreated to its initial objections.  At this late stage in discovery, Amazon's delay tactics are prejudicial to the FTC's ability to complete discovery, including depositions and any necessary follow-on written discovery, in a timely fashion.  *See K.S. ex rel. Isserlis v. Ambassador Programs, Inc.*, No. CV–08–243, 2010 WL 1415997, at *2 (E.D. Wash., Apr. 5, 2010) ("Prejudice to the Plaintiffs may increase with each day's delay in production, because the delay limits Plaintiffs' ability to file dispositive motions or conduct additional discovery that may be needed."); *Keithley v. Home Store.com, Inc.*, No. C-03-04447, 2008 WL 3833384, at *15 (N.D. Cal. Aug. 12, 2008) (finding prejudice where "late

PLAINTIFF'S MOTION TO COMPEL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

5

productions" left plaintiffs "unable to engage in follow-up discovery"). This Court should

compel Amazon to produce immediately *all* data responsive to Interrogatory No. 2 (for High

Risk Apps), just as Amazon previously agreed.

**B.      The Court Should Compel Amazon to Produce Information Responsive to Interrogatory No. 4.**

Interrogatory No. 4 seeks information about refund requests that Amazon denied.

Specifically, Interrogatory No. 4 asks:

> Identify all users who had an inquiry related to an In-App Charge,
> including questioning whether such a charge was authorized or
> requesting a refund related to an In-App Charge, and were denied
> or did not obtain a refund, and the reason for the denial, if any.

Ex. B at 8. These refund denials are probative of multiple relevant issues, including the

magnitude of the injury and the additional costs imposed on consumers attempting to obtain a

refund for unauthorized in-app charges they discover. In meet-and-confer sessions, the FTC

voluntarily narrowed Interrogatory No. 4 such that Amazon would not be required to produce

responsive information about consumers contacting Amazon about charges for subscription-

based content in newspaper or magazine apps. As discussed further below, Amazon's objections

to Interrogatory No. 4 are baseless, and it cannot evade its discovery obligations by referring

generally to hundreds of thousands of pages of potentially related documents.

**1.      Amazon's Objections Are Baseless and Inapplicable to the Interrogatory.**

Amazon objected that Interrogatory No. 4 seeks information that is "personal, private,

confidential, and protected from disclosure[.]" Ex. D at 11. The information sought in

Interrogatory No. 4—details about denied refund requests for unauthorized in-app charges,

including contact information for complaining consumers—is central to this case and bears

directly on the extent of injury and redress. Moreover, the protective order the parties negotiated

and this Court entered shields from public disclosure any sensitive personal information about

PLAINTIFF'S MOTION TO COMPEL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

1   the consumers, including the requested contact information.  (Dkt. 16.)  Despite these

2   protections, Amazon objected that "Amazon's Privacy Notice, which is incorporated into the

3   Amazon Conditions of Use and Appstore Terms of Use, the Video Privacy Protection Act, 18

4   U.S.C. § 2710, and the United States Constitution" preclude discovery.  Ex. D at 11.  As

5   discussed below, these objections are meritless.

6          First, putting aside that Amazon's unilateral "Privacy Notice" cannot operate to preclude

7   discovery, that notice explains, "We release account and other personal information when we

8   believe release is appropriate to comply with the law[.]"  Ex. J at 2.  Release of the requested

9   information is required here to comply with Amazon's obligation to produce responsive,

10  nonprivileged information requested through discovery.  Such release is commonplace in

11  investigations by a federal consumer protection agency.  *See, e.g.*, *FTC v. Ellsworth*, No. CV 08-

12  64-M-DWM, 2014 WL 2767534, at *10 (D. Mont. June 18, 2014) ("Disclosure of consumer and

13  employee information to the government to facilitate investigation and monitoring of an

14  organization's commercial activities does no harm to an individual's right to privacy."); *FTC v.*

15  *Affiliate Strategies, Inc.*, No. 09-4104-JAR, 2011 WL 251449, at *5-6 (D. Kan. Jan. 26, 2011)

16  (ordering compliance with FTC request seeking documents "identifying each consumer that

17  requested a refund, the basis for the request, the amount refunded, whether the refund was

18  granted, and the basis for any denials"); *FTC v. Nat'l Claims Serv.*, No. S 98-283, 1999 WL

19  819640, at *2 (E.D. Cal. Feb. 9, 1999) (rejecting privacy objections and ordering compliance

20  with the FTC's request for customer names and addresses; "[i]f the confidential information is

21  properly sought by a government agency, the target must comply").

22         Second, the Video Privacy Protection Act (the "VPPA") does not apply to the requested

23  information.  The VPPA applies to "personally identifiable information"—that is, "information

24  which identifies a person as having requested or obtained *specific* video materials or services

25  from a video tape service provider[.]"  18 U.S.C. § 2710(a)(3) (2013) (emphasis

26  added).  Personally identifiable information is "information that must, without more, itself link

PLAINTIFF'S MOTION TO COMPEL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

an actual person to actual video materials." *In re Nickelodeon Consumer Privacy Litig.*, MDL No. 2443 (SRC), 2014 WL 3012873, at *10 (D.N.J. July 2, 2014).  The information sought in Interrogatory No. 4 is not "personally identifiable information" under the statute because it does not link consumers to particular video materials or services.  *Compare id.*, *In re Hulu Privacy Litig.*, No. C 11–03764 LB, 2014 WL 1724344, at *8 (N.D. Cal. Apr. 28, 2014) ("[T]he statute protects personally identifiable information that identifies a specific person and ties that person to particular videos that the person watched."), *and* S. Rep. No. 100-599, at 7 (1988), *as reprinted in* 1988 U.S.C.C.A.N. 4342-1, 4342–7 (The VPPA prohibits disclosure of "'personally identifiable information'—information that links a customer or patron to particular materials or services."), *with Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1170 (W.D. Wash. 2010) (finding that request for "specific video titles" consumers purchased was a request for personally identifiable information under the VPPA).  The interrogatory does not even ask for any information about the name or type of app used by the consumer.  Instead, it requests the (i) the name, mailing address, email address, and telephone number of consumers who questioned whether an in-app charge was authorized or requested a refund but did not obtain one and (ii) if Amazon denied a refund request, the "reason for the denial[.]"

Third, the First Amendment does not bar disclosure of the identities of consumers who were denied refunds.  To claim a First Amendment privilege, Amazon first "must demonstrate . . . a prima facie showing of arguable first amendment infringement."  *Perry v. Schwarzenegger*, 591 F.3d 1126, 1140 (9th Cir. 2009) (internal quotations omitted).  Amazon has not done so.  *Cf. Chevron Corp. v. Donziger*, No. 12-mc-80237 CRB (NC), 2013 WL 4536808, at *7 (N.D. Cal. Aug. 22, 2013) (permitting discovery to identify and obtain non-speech information about users; discovery did not seek content of emails or link to particular statements).

PLAINTIFF'S MOTION TO COMPEL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

1           **2.**        **Amazon's General Reference to Consumer Complaints It Has**

2                    **Produced  or Will Produce Does Not Comply with Rule 33(d).**

3        An answering party must respond to an interrogatory fully, "to the extent it is not

4  objected to." Fed. R. Civ. P. 33(b)(3).  The FTC has asked Amazon to respond to Interrogatory

5  No. 4 with information that is not covered by Amazon's objections: a list of instances in which a

6  consumer complained about an unauthorized in-app charge but did not receive a refund and the

7  basis for any denial.  Ex. G at 4-5.  Amazon has refused, instead saying the FTC can locate such

8  information in Amazon's production of consumer complaints, from which it redacted all

9  consumer contact information.  Ex. H at 2.[3]

10       Though Amazon has not modified its written response to Interrogatory No. 4, it seems to

11  be invoking Rule 33(d).  Rule 33(d) provides that, under certain circumstances, a party may

12  respond to an interrogatory "by specifying records from which the answers may be obtained and

13  by making the records available for inspection." *Rainbow Pioneer No. 44-18-04A v. Hawaii-*

14  *Nevada Inv. Corp.*, 711 F.2d 902, 906 (9th Cir. 1983).  This exception to a party's obligation to

15  provide a traditional interrogatory response has limits.  Amazon's position fails to comply with

16  these limits in at least three respects.[4]

17       First, a party may provide a Rule 33(d) response only in "situations in which answering

18  the interrogatory would impose a significant burden on the responding party."  Charles Allen

19

20  [3] Illustrating its willingness to frustrate discovery until a motion to compel is imminent, on the eve of this filing, Amazon said it would supplement its interrogatory response to identify the consumer complaints it has produced in which a customer sought and was denied a refund.  When the FTC asked for information along these lines in

21  January, February, and March 2015, Amazon would not provide it.  Ex. G at 2-3, 5, and 9.  In any event, for reasons detailed above and below (at pages 6-10 and footnote 4), Amazon's eleventh-hour proposal would not sufficiently

22  respond to Interrogatory No. 4, including because it would not identify the basis for the refund denial or the consumers who were denied a refund.

23  [4] Aside from the limits discussed in detail below, it is not clear that the FTC could find the answer to Interrogatory No. 4 in Amazon's production of consumer complaints.  Amazon produced a subset of the complaints it received

24  (with consumer contact information redacted), and the parties have not resolved whether that subset includes all complaints about unauthorized in-app charges in children's apps.  Moreover, the consumer correspondence may not

25  explain why Amazon denied particular refund requests. *Cf. Chudacoff v. Univ. Med. Ctr.*, No. 2:08-cv-00863-RCJ-GWF, 2013 WL 1737201, at *2 (D. Nev. Apr. 22, 2013) ("A party who seeks to rely upon the Rule [33(d)] must . . .

26  certify that the answer may be found in the records referenced by it….").

PLAINTIFF'S MOTION TO COMPEL                        Federal Trade Commission
Case No. 2:14-cv-01038-JCC                     600 Pennsylvania Avenue N.W.
                                                Washington, DC  20580

                                               (202) 326-3231

Wright, Arthur R. Miller, *et al.*, 8B *Federal Practice & Procedure* § 2178 (3d ed. 2010)

("Wright & Miller"); *see O'Connor v. Boeing N. Am., Inc.*, 185 F.R.D. 272, 277 (C.D. Cal.

1999) ("One prerequisite for invoking the Rule 33[(d)] option is that there be a burden on the

interrogated party if it were required to answer the interrogatories in the traditional manner.")

(internal quotation marks and citation omitted).  Although Amazon included a boilerplate

"unduly burdensome" objection in its interrogatory response, it did not provide any support or

explanation for why it would be burdensome, let alone significantly so.  In fact, Amazon

maintains and regularly accesses and analyzes data relating to its in-app charges, including

refund requests.  *See, e.g.*, Ex. I.

Second, "the burden of deriving or ascertaining the answer [from the business records

must] be substantially the same for either party."  Fed. R. Civ. P. 33(d).  A party's familiarity

with its own records can be crucial for determining whether the burden of deriving the answer is

the same for each party.  *See, e.g.*, *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 366 (N.D.

Ill. 2005) ("[T]he effort involved is not as great for the producing parties as it is for the plaintiffs,

since the former are more familiar with the documents than the plaintiffs.  Added to that

familiarity is the familiarity of defense counsel, who have already undertaken at least one review

of the documents."); *O'Connor*, 185 F.R.D. at 278 ("Without detailed specification by category

and location of responsive documents, the burden of deriving the answers to the interrogatories is

not the same for the parties; rather, it would be easier for persons employed by the defendants to

locate responsive documents.").  Amazon is far more familiar than the FTC with how Amazon

classifies complaints it receives about in-app charges, refund requests it denies, and the grounds

for such denials.

Third, the answering party must "specify[] the records that must be reviewed, in

sufficient detail to enable the interrogating party to locate and identify them as readily as the

responding party could," and produce the documents or make them available for inspection to

the propounding party.  Fed. R. Civ. P. 33(d); Rule 33(c) 1980 Advisory Committee's Notes

PLAINTIFF'S MOTION TO COMPEL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

10

1   (noting it is "an abuse of the option" for an answering party to "direct[] the interrogatory party to

2   a mass of business records").  Amazon has not supplemented its interrogatory response with such

3   detail.  Instead, it referred the FTC generically to hundreds of thousands of pages of consumer

4   complaints about Amazon's in-app charges.  Ex. H at 2.  "A party that attempts to rely upon Rule

5   33(d) with a mere general reference to a mass of documents or records has not adequately

6   responded."  *Chudacoff*, at *2; *Dibbs v. The Franklin Mint*, No. C06-604RSM, 2007 WL

7   4327876, at *1-2 (W.D. Wash. Dec. 10, 2007) (ordering answering party to provide proper

8   response where party did not "specify which records must be reviewed in sufficient detail to

9   enable defendants to locate and identify such records as required by Fed. R. Civ. P. 33(d)").

10  **IV.    Conclusion**

11          The FTC respectfully requests the Court grant the FTC's Motion to Compel Discovery

12  Responses and compel Amazon to respond in full to (i) Interrogatory No. 2 with respect to High

13  Risk Apps; (ii) Interrogatory No. 4; and (iii) Request for Production No. 37 to the extent Amazon

14  relied on responsive documents in answering Interrogatory No. 2.  A proposed order compelling

15  Amazon's production within ten days of entry of the order is enclosed for the Court's

16  consideration.

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION TO COMPEL                                    Federal Trade Commission
Case No. 2:14-cv-01038-JCC                                  600 Pennsylvania Avenue N.W.
                                                                 Washington, DC  20580
(202) 326-3231

1    Dated: June 18, 2015            /s/ Jason M. Adler

2                                       JASON M. ADLER
                                        DUANE C. POZZA

3                                         HEATHER ALLEN
                                        JANE RICCI

4                                           COURTNEY A. ESTEP (admission pending)

5                                         jadler@ftc.gov, dpozza@ftc.gov, hallen@ftc.gov,
                                        jricci@ftc.gov, cestep@ftc.gov

6                                         Federal Trade Commission
                                        600 Pennsylvania Avenue N.W., CC-10232

7                                         Washington, DC  20580
                                        P: (202) 326-3231, (202) 326-2042, (202) 326-

8                                         2038, (202) 326-2269, (202) 326-2788
                                        F: (202) 326-3239

9

10                                         LAURA M. SOLIS, WA Bar No. 36005
                                        lsolis@ftc.gov

11                                         Federal Trade Commission
                                        915 2nd Avenue, Suite 2896

12                                         Seattle, WA  98174
                                        P: (206) 220-4544

13                                         F: (206) 220-6366

14

15                                         Attorneys for Plaintiff
                                        FEDERAL TRADE COMMISSION

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION TO COMPEL                           Federal Trade Commission
Case No. 2:14-cv-01038-JCC                              600 Pennsylvania Avenue N.W.
                                                  Washington, DC  20580

                                                      (202) 326-3231

1

### CERTIFICATE OF SERVICE

2

    I, Jason M. Adler, certify that on June 18, 2015, I electronically filed the foregoing

3

Plaintiff's Motion to Compel Discovery Responses with the Clerk of the Court using the

4

CM/ECF system, which will send notification of such filing to counsel of record.

5

By: /s/ Jason M. Adler

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION TO COMPEL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

Ex. A

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9
10   FEDERAL TRADE COMMISSION,          **Case No. 2:14-cv-01038-JCC**

11           Plaintiff,                  **PLAINTIFF'S SECOND SET OF**
                                         **REQUESTS FOR PRODUCTION OF**
12       v.                              **DOCUMENTS**

13   AMAZON.COM, INC.,

14           Defendant.

15

16

17          Pursuant to Federal Rule of Civil Procedure 34, plaintiff, the Federal Trade Commission

18   ("FTC"), by its undersigned attorneys, submits to defendant Amazon.com, Inc. ("Amazon") the

19   following Requests for Production of Documents (the "Request").  The FTC requests that

20   defendant Amazon respond to this Request within the time period prescribed by the Federal

21   Rules of Civil Procedure at the Commission's Washington, D.C. office, Attn: Jason Adler, at 600

22   Pennsylvania Avenue, N.W., CC-10232, Washington, D.C. 20580.

23
24
25
26

PLAINTIFF'S SECOND SET OF REQUESTS
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

1

1

**INSTRUCTIONS**

2      A.      If, in responding to this Request, you encounter any ambiguities, your response

3   shall set forth the matter deemed ambiguous and the construction used in responding.

4      B.      In construing this Request, the present tense includes the past and future tenses,

5   the singular includes the plural, and the plural includes the singular.

6      C.      This Request is continuing in nature, up to and during trial.  Your response to this

7   Request must be supplemented as you obtain any additional information affecting your

8   responses.

9      D.      The relevant time period for this Request shall be from January 1, 2011 to the

10   completion of this action, unless otherwise specified.

11      E.      If you object to any part of a request, answer all parts of the request to which you

12   do not object.

13      F.      If you are withholding a document or information, please provide the basis for

14   withholding, including:

15          1.      If you are withholding the document or information under claim of

16   privilege or the work product doctrine, please provide the information set forth in Fed. R. Civ. P.

17   26(b)(5), including the type of document, the general subject matter of the document, including,

18   where appropriate, the author, addressee, custodian, and any other recipient of the document, and

19   where not apparent, the relationship of the author, addressee, custodian, and any other recipient

20   to each other, in a manner that, without revealing the information claimed to be protected, will

21   enable this party to assess the applicability of the privilege or protection claimed by you;

22          2.      If you are withholding the document or information for any reason other

23   than a claim of privilege or the work product doctrine, provide the reason for withholding the

24   document.

25

26

PLAINTIFF'S SECOND SET OF REQUESTS                    Federal Trade Commission
Case No. 2:14-cv-01038-JCC                            600 Pennsylvania Avenue N.W.
                                                      Washington, DC  20580
(202) 326-3231

G.     If a responsive document or information contains non-privileged material as well as material you contend is privileged, you must disclose the non-privileged material to the fullest extent possible without disclosing the privileged material.  You must clearly indicate the portions of the document or information to which privilege is claimed.  If you redact or alter a document, identify the reason for the redaction or alteration.  Any redactions must be clearly visible on the redacted document.

H.     If you object to production of any requested document(s) on the grounds that production is unduly burdensome, describe the burden or expense.

I.     Unless otherwise requested, in lieu of producing original hard-copy documents, you may produce photocopies, provided that you shall retain the original documents and produce them to the FTC upon request.  Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents, and their submission constitutes a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any legal proceeding.  Please provide color copies of any document originally produced in color or containing type, writing, or other marks in any color other than black.  In producing electronic documents, include all metadata specified by any ESI agreement in this case.

J.     If any material called for by this Request contains personally identifiable information or sensitive health information, please contact Jason Adler at 202-326-3231 before sending those materials to discuss encrypting any electronic copies of such material with encryption software such as PKZip, and provide the encryption key in a separate communication. For purposes of these requests, personally identifiable information includes: an individual's social security number alone; or an individual's name or address or phone number in combination with one or more of the following: date of birth; social security number; driver's license number or other state identification number, or a foreign country equivalent; passport number; financial account number; credit card number; or debit card number.  Sensitive health

PLAINTIFF'S SECOND SET OF REQUESTS
Case No. 2:14-cv-01038-JCC

1   information includes medical records and other individually identifiable health information

2   relating to the past, present, or future physical or mental health or conditions of an individual, or

3   the past, present, or future payment for the provision of health care to an individual.

4          K.     If any document requested herein was formerly in your possession, custody, or

5   control and has been lost, destroyed, or otherwise disposed of, you shall submit in lieu of any

6   such document a written statement describing in detail: (a) the nature of the document and its

7   contents; (b) the identity of the person(s) who prepared or authored the document and, if

8   applicable, the identity of the person(s) to whom the document was sent or shown; (c) the date on

9   which the document was prepared or transmitted; and (d) the date the document was lost or

10  destroyed and, if destroyed, the events of and reason(s) for such destruction and the identity,

11  employer(s), and position(s) of the person(s) requesting and/or performing the destruction.

12  **DEFINITIONS**

13       Notwithstanding any definition set forth below, each word, term, or phrase used in this

14  Request is intended to have the broadest meaning permitted under the Federal Rules of Civil

15  Procedure.  As used in this Request, the following terms are to be interpreted in accordance with

16  these definitions:

17         A.     "**Amazon**"  or "**you**" shall mean Amazon.com, Inc., its wholly or partially owned

18  subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and

19  affiliates, and all directors, officers, employees, agents, consultants and other Persons working

20  for or on behalf of the foregoing.  The term shall include any descriptor used by Amazon.com,

21  Inc. in its business practices.

22         B.     "**Amazon Appstore**" shall mean the directory or download interface for Apps

23  offered or distributed by Amazon, including any directory or download interface for Apps

24  referred to by Amazon as the "Amazon Appstore" in the course of its own communications or

25  business practices, including on Android Devices, on the Kindle Fire, on Amazon's websites,

26  and in any terms and conditions.

PLAINTIFF'S SECOND SET OF REQUESTS              Federal Trade Commission
Case No. 2:14-cv-01038-JCC                     600 Pennsylvania Avenue N.W.
                                                 Washington, DC  20580
                                              (202) 326-3231

C.      "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively, as necessary, in order to bring within the scope of any specification in this Request all information that otherwise might be construed to be outside the scope of the specification.

D.      "**Android Device**" shall mean any hardware on which any version of the Android operating system has been installed.

E.      "**Any**" shall be construed to include "all," and "**all**" shall be construed to include the word "any."

F.      "**Application**," "**App**," or "**Apps**" shall mean any software application or code that can be transmitted or downloaded to any mobile telephone or any other mobile computing device, including any Android Device or the Kindle Fire.  "Application," "App," or "Apps" shall also include any software referred to by Amazon or on the Amazon Appstore as an "App" or "Mobile App" in the course of  its own communications or business practices, including on its website(s), and in its terms and conditions.  **Each unique version or update of an Application shall be deemed a separate Application.**

G.      "**Application Developer**" or "**App Developer**" shall mean any Person that develops or has developed any App, either directly or indirectly, including writing the software code.  "Application Developer" or "App Developer" shall include any Person with whom Amazon or the Amazon Appstore has communicated regarding the review or approval of any App, or any Person who has received proceeds from sale or download or installation of any App.

H.      "**Contact Information**" shall mean the name, contact phone number(s), email address, and zip code associated with an account.

I.       "**Customer**" or "**Customers**" shall mean any Person or Persons that has used a Mobile Device on which the Amazon Appstore is installed.

J.      "**Document**" shall mean the complete original and any non-identical copy (whether different from the original because of notations on the copy or otherwise), regardless of origin or location, of any written, typed, printed, transcribed, taped, recorded, filmed, punched,

PLAINTIFF'S SECOND SET OF REQUESTS
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

1   computer-stored, or graphic matter of every type and description, however and by whomever

2   prepared, produced, disseminated or made, including any advertisement, book, pamphlet,

3   periodical, contract, correspondence, file, invoice, memorandum, note, telegram, report, record,

4   handwritten note, working paper, routing slip, chart, graph, paper, index, map, tabulation,

5   manual, guide, outline, script, abstract, history, calendar, diary, agenda, minute, code book, or

6   label.  "Document" shall also include Electronically Stored Information.

7         K.     "**Each**" shall be construed to include "every," and "**every**" shall be construed to

8   include "each."

9         L.     "**Electronically Stored Information**" or "**ESI**" shall mean the complete original

10   and any non-identical copy (whether different from the original because of notations, different

11   metadata, or otherwise), regardless of origin or location, of any electronically created or stored

12   information, including electronic mail (whether active, archived, or in a deleted items folder),

13   instant messaging, videoconferencing, or other electronic correspondence, word processing files,

14   spreadsheets, databases, and sound recordings, whether stored on cards, magnetic or electronic

15   tapes, disks, computer files, computer or other drives, cell phones, Blackberry, PDA, or other

16   storage media, and such technical assistance or instructions as will enable conversion of such

17   ESI into a reasonably usable form.

18         M.     "**High Risk App**" shall include any App placed in a category labeled "high risk"

19   as used by Amazon in the course of its communications or business practices and its April 2014

20   presentations to the Federal Trade Commission, or any App Amazon characterized, described, or

21   categorized as being an App with increased risk.

22         N.     "**Identify**" or "**the identity of**" shall be construed, (a) when used in connection

23   with identification of a natural Person, to require identification of the person's name, contact

24   phone number(s), email address, and zip code, and, (b) when used in connection with businesses

25   or other organization, to require identification of name, address, telephone number, email

26

PLAINTIFF'S SECOND SET OF REQUESTS             Federal Trade Commission
Case No. 2:14-cv-01038-JCC                600 Pennsylvania Avenue N.W.
                                            Washington, DC  20580

                                            (202) 326-3231

1  address, and identities of natural Persons who are officers, directors or managers of the business

2  or organization, and contact Persons, where applicable.

3       O.      "**In-App Parental Controls**" shall mean a setting on a device or within software

4  that enables a user to control or restrict the availability or functioning of In-App Charges on an

5  Android Device or the Kindle Fire.  This shall also include any settings that Amazon or any

6  Application Developer has denominated as a parental control that references In-App Charges.

7       P.      "**In-App Charge**" shall mean a charge that may be incurred by a Customer while

8  using an App on a Kindle Fire or Mobile Device on which the Amazon Appstore is installed.  An

9  "In-App Charge" shall include any charge referred to by Amazon or in the Amazon Appstore as

10  an "In-App Charge" or "In-App Purchase" in the course of  its own communications or business

11  practices, including on Amazon's websites, and in any terms and conditions.

12       Q.      "**Kindle Fire**" shall mean any hardware manufactured or distributed by Amazon

13  on which any version of the Amazon Appstore has been installed.  "Kindle Fire" shall also

14  include any hardware referred to by Amazon as the "Kindle Fire" in the course of its own

15  communications or business practices, including on Amazon's websites and in any terms and

16  conditions.

17       R.      "**Mobile Device**" shall mean any device on which a mobile operating system is

18  installed, including any Android Device, any Kindle Fire, and any device on which iOS is

19  installed.

20       S.      "**Parental Control**" or "**Parental Controls**" shall mean a setting on a device or

21  within software that enables a user to control or restrict the functionality of the Android Device

22  or the Kindle Fire for use by children.

23       T.       "**Person**" or "**Persons**" shall mean all natural persons, corporations, partnerships,

24  or other business associations and all other legal entities, including all members, officers,

25  predecessors, assigns, divisions, affiliates and subsidiaries.

26

PLAINTIFF'S SECOND SET OF REQUESTS                       Federal Trade Commission
Case No. 2:14-cv-01038-JCC                              600 Pennsylvania Avenue N.W.
                                                           Washington, DC  20580
                              7                               (202) 326-3231

1    U.      "**Referring to**" or "**related to**" shall mean discussing, describing, reflecting,

2  containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth,

3  considering, recommending, concerning, or pertaining to, in whole or in part.

4    V.      "**Specified App**" shall mean an App allowing In-App Charges.

5                        **REQUESTS FOR PRODUCTION OF DOCUMENTS**

6    Please produce the following:

7    37.     For every In-App Charge or attempt by a user to incur an In-App Charge (e.g., an

8  attempt at password entry prior to an In-App Charge being incurred) in a Specified App, all

9  Documents related to the information requested in Interrogatory No. 2; *provided that*, except as

10  otherwise required by another Request for Production or Interrogatory, any consumer identifying

11  information should be limited to the anonymized text-based account identifier provided in

12  responding to Interrogatory No. 2.

13    38.     For each account that incurred an In-App Charge in a Specified App, the account

14  holder's Contact Information; *provided that*, for purposes of narrowing the production of

15  consumer identifying information, as soon as practicable and prior to any such production,

16  Amazon should contact the FTC to meet and confer so that the FTC may identify a subset of

17  accounts for which Amazon should produce responsive information.

18    39.     For each Amazon Standard Identification Number ("ASIN") identified in

19  response to Interrogatory No. 2, the App Developer-provided description of the in-app item.

20    40.     All documents related to the percentage of Kindle Fire owners' Amazon accounts

21  that are configured such that the user is prompted for password entry prior to completion of a

22  monetary transaction made through Amazon's website, including through display of a password

23  prompt appearing at any point during a user session prior to a purchase.

24    41.     All documents discussing whether consumers expect a password prompt in

25  connection with 1-Click purchasing, on a Mobile Device or otherwise.

26

PLAINTIFF'S SECOND SET OF REQUESTS                         Federal Trade Commission
Case No. 2:14-cv-01038-JCC                                 600 Pennsylvania Avenue N.W.
                                                               Washington, DC  20580
(202) 326-3231

42.     All documents related to consumer understanding of, or expectations about, the steps involved in incurring an In-App Charge.

43.     All documents related to consumer understanding of information provided in popup boxes, including password prompts, that appear within Apps.

44.     All documents identified in any disclosures under Fed. R. Civ. P. 26(a)(1).


Dated: November 6, 2014                     /s/ Jason M. Adler
                                            JASON M. ADLER
                                            DUANE C. POZZA
                                            HEATHER ALLEN
                                            jadler@ftc.gov, dpozza@ftc.gov, hallen@ftc.gov
                                            Federal Trade Commission
                                            600 Pennsylvania Avenue N.W., CC-10232
                                            Washington, DC  20580
                                            P: (202) 326-3231, (202) 326-2042, (202) 326-2038
                                            F: (202) 326-3239

                                            LAURA M. SOLIS, WA Bar No. 36005
                                            lsolis@ftc.gov
                                            Federal Trade Commission
                                            915 2nd Avenue, Suite 2896
                                            Seattle, WA  98174
                                            P: (206) 220-4544
                                            F: (206) 220-6366

                                            Attorneys for Plaintiff
                                            FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

I, Duane C. Pozza, certify that on November 6, 2014, I caused the foregoing Plaintiff's Second Set of Requests for Production of Documents to be served by email service on counsel of record.

By: <u>/s/ Duane C. Pozza</u>

Ex. B

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8
9

FEDERAL TRADE COMMISSION,

10

Plaintiff,

11

v.

12
13

AMAZON.COM, INC.,

14

Defendant.

15

**Case No. 2:14-cv-01038-MJP**

**PLAINTIFF'S SECOND SET OF
INTERROGATORIES**

16
17          Pursuant to Federal Rule of Civil Procedure 33, plaintiff, the Federal Trade Commission

18   ("FTC"), by its undersigned attorneys, submits to defendant Amazon.com, Inc. ("Amazon") the

19   following interrogatories.  The FTC requests that defendant Amazon respond to these

20   interrogatories within the time period prescribed by the Federal Rules of Civil Procedure at the

21   Commission's Washington, D.C. office, Attn: Jason Adler, at 600 Pennsylvania Avenue, N.W.,

22   CC-10232, Washington, D.C. 20580.

23
24
25
26

PLAINTIFF'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-MJP

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

1

**INSTRUCTIONS**

2        A.      If, in responding to these interrogatories, you encounter any ambiguities, your

3    response shall set forth the matter deemed ambiguous and the construction used in responding.

4        B.      In construing these interrogatories, the present tense includes the past and future

5    tenses, the singular includes the plural, and the plural includes the singular.

6        C.      These interrogatories are continuing in nature, up to and during trial.  Your

7    response to these interrogatories must be supplemented as you obtain any additional information

8    affecting your responses.

9        D.      The relevant time period for these interrogatories shall be from January 1, 2011 to

10   the completion of this action, unless otherwise specified.  To the extent that circumstances

11   related to your response have changed during this time period, answer the interrogatories with

12   respect to each set of circumstances and identify the date on which the circumstances have

13   changed.

14       E.      If you object to any part of an interrogatory, answer all parts of the interrogatory

15   to which you do not object.

16       F.      If you cannot answer all or part of any interrogatory in full after exercising due

17   diligence to secure the full information to do so, so state and answer to the extent possible,

18   specifying your inability to answer the remainder, stating whatever information or knowledge

19   you have concerning the unanswered portion, and detailing what you did in attempting to secure

20   the unknown information.

21       G.      If you are withholding a document or information under claim of privilege or the

22   work product doctrine, please provide the basis for withhold the document or information and

23   provide the information set forth in Fed. R. Civ. P. 26(b)(5), including:

24              1.      For documents: If you are withholding the document or information under

25   claim of privilege or the work product doctrine, please provide the information set forth in Fed.

26   R. Civ. P. 26(b)(5), including the type of document, the general subject matter of the document,

including, where appropriate, the author, addressee, custodian, and any other recipient of the

PLAINTIFF'S SECOND SET OF INTERROGATORIES                    Federal Trade Commission
Case No. 2:14-cv-01038-MJP                                   600 Pennsylvania Avenue N.W.
                                                             Washington, DC  20580
(202) 326-3231

document, and where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other, in a manner that, without revealing the information claimed to be protected, will enable this party to assess the applicability of the privilege or protection claimed by you.  If you are withholding the document or information for any reason other than a claim of privilege or the work product doctrine, provide the reason for withholding the document.

2.     For oral communications: (a) the name of the person making the communication, the names of the persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication, (b) the date and place of communication, and (c) the general subject matter of the communication.

H.     If a responsive document or information contains non-privileged material as well as material you contend is privileged, you must disclose the non-privileged material to the fullest extent possible without disclosing the privileged material.  You must clearly indicate the portions of the document or information to which privilege is claimed.  If you redact or alter a document, identify the reason for the redaction or alteration.  Any redactions must be clearly visible on the redacted document.

I.     If you object to any interrogatory on the grounds that responding is unduly burdensome, describe the burden or expense.

J.     If any material called for by these interrogatories contains personally identifiable information or sensitive health information, please contact Jason Adler at 202-326-3231 before sending those materials to discuss encrypting any electronic copies of such material with encryption software such as PKZip, and provide the encryption key in a separate communication. For purposes of these requests, personally identifiable information includes: an individual's social security number alone; or an individual's name or address or phone number in combination with one or more of the following: date of birth; social security number; driver's license number or other state identification number, or a foreign country equivalent; passport

number; financial account number; credit card number; or debit card number.  Sensitive health

information includes medical records and other individually identifiable health information

relating to the past, present, or future physical or mental health or conditions of an individual, or

the past, present, or future payment for the provision of health care to an individual.

### DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these

interrogatories is intended to have the broadest meaning permitted under the Federal Rules of

Civil Procedure.  As used in these interrogatories, the following terms are to be interpreted in

accordance with these definitions:

A.      "**Amazon**" or "**you**" shall mean Amazon.com, Inc., its wholly or partially owned

subsidiaries, unincorporated divisions, joint ventures, operations under assumed names, and

affiliates, and all directors, officers, employees, agents, consultants and other Persons working

for or on behalf of the foregoing.  The term shall include any descriptor used by Amazon.com,

Inc. in its business practices.

B.      "**Amazon Appstore**" shall mean the directory or download interface for Apps

offered or distributed by Amazon, including any directory or download interface for Apps

referred to by Amazon as the "Amazon Appstore" in the course of its own communications or

business practices, including on Android Devices, on the Kindle Fire, on Amazon's websites,

and in any terms and conditions.

C.      "**And**," as well as "**or**," shall be construed both conjunctively and disjunctively,

as necessary, in order to bring within the scope of any specification in this Request all

information that otherwise might be construed to be outside the scope of the specification.

D.      "**Android Device**" shall mean any hardware on which any version of the Android

operating system has been installed.

E.      "**Any**" shall be construed to include "all," and "**all**" shall be construed to include

the word "any."

PLAINTIFF'S SECOND SET OF INTERROGATORIES          Federal Trade Commission
Case No. 2:14-cv-01038-MJP                                    600 Pennsylvania Avenue N.W.
                                                                          Washington, DC  20580
                                    4                                      (202) 326-3231

F.      "**Anonymized Account Identifier**" shall mean a text-based identifier that uniquely corresponds to the account number associated with the charge or attempted charge; and any classification or determination Amazon uses concerning whether that account holder is likely to have children or allow children to use the device.  It does not include any consumer identifying information such as a name, address, or phone number.  For purposes of providing the text-based identifier, rather than provide the account number, you should provide an identifier that corresponds to a unique account number and that is substituted in every instance for that account number (such as by using a unique hash of the account number).

G.      "**Application**," "**App**," or "**Apps**" shall mean any software application or code that can be transmitted or downloaded to any mobile telephone or any other mobile computing device, including any Android Device or the Kindle Fire.  "Application," "App," or "Apps" shall also include any software referred to by Amazon or on the Amazon Appstore as an "App" or "Mobile App" in the course of  its own communications or business practices, including on its website(s), and in its terms and conditions.  **Each unique version or update of an Application shall be deemed a separate Application.**

H.      "**Customer**" or "**Customers**" shall mean any Person or Persons that has used a Mobile Device on which the Amazon Appstore is installed.

I.       "**Each**" shall be construed to include "every," and "**every**" shall be construed to include "each."

J.      "**Electronically Stored Information**" or "**ESI**" shall mean the complete original and any non-identical copy (whether different from the original because of notations, different metadata, or otherwise), regardless of origin or location, of any electronically created or stored information, including electronic mail (whether active, archived, or in a deleted items folder), instant messaging, videoconferencing, or other electronic correspondence, word processing files, spreadsheets, databases, and sound recordings, whether stored on cards, magnetic or electronic tapes, disks, computer files, computer or other drives, cell phones, Blackberry, PDA, or other

PLAINTIFF'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-MJP

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

storage media, and such technical assistance or instructions as will enable conversion of such ESI into a reasonably usable form.

K. "**Identify**" or "**the identity of**" shall be construed, (a) when used in connection with identification of a natural Person, to require identification of the person's name, contact phone number(s), email address, and zip code, and, (b) when used in connection with businesses or other organization, to require identification of name, address, telephone number, email address, and identities of natural Persons who are officers, directors or managers of the business or organization, and contact Persons, where applicable.

L. "**In-App Charge**" shall mean a charge that may be incurred by a Customer while using an App on a Kindle Fire or Mobile Device on which the Amazon Appstore is installed.  An "In-App Charge" shall include any charge referred to by Amazon or on the Amazon Appstore as an "In-App Charge" or "In-App Purchase" in the course of  its own communications or business practices, including on Amazon's websites, and in any terms and conditions.

M. "**Inquiry Details**" shall mean whether a user contacted Amazon about the charge; whether a user requested a refund for the charge; the reason for the refund request (if any); whether a refund was issued for the charge; the amount refunded (if any); and the date of refund (if any).

N. "**Kindle Fire**" shall mean any hardware manufactured or distributed by Amazon on which any version of the Amazon Appstore has been installed.  "Kindle Fire" shall also include any hardware referred to by Amazon as the "Kindle Fire" in the course of its own communications or business practices, including on Amazon's websites and in any terms and conditions.

O. "**Mobile Device**" shall mean any device on which a mobile operating system is installed, including any Android Device, any Kindle Fire, and any device on which iOS is installed.

PLAINTIFF'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-MJP

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

P.      "**Password Prompt Details**" shall mean the type, if any, of password prompt triggered (e.g., high-risk prompt, parental control prompt, FreeTime password prompt); whether password entry was successful; and the length of time (window) after successful password entry that the same password prompt would no longer appear.

Q.      "**Person**" or "**Persons**" shall mean all natural persons, corporations, partnerships, or other business associations and all other legal entities, including all members, officers, predecessors, assigns, divisions, affiliates and subsidiaries.

R.      "**Referring to**" or "**related to**" shall mean discussing, describing, reflecting, containing, analyzing, studying, reporting, commenting, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

S.      "**Specified App**" shall mean an App allowing In-App Charges.

T.      "**Transaction Details**" shall mean a unique transaction identifier (e.g., order number); app name in which the charge or attempted charge was incurred; the Amazon Standard Identification Number ("ASIN") corresponding to the in-app item associated with the charge or attempted charge; time of transaction, including the month, day, year, hour, minute, and second; dollar amount of the charge or attempted charge; whether the charge was successful; any user session identifier; and device type including device generation.

## INTERROGATORIES

2.      For each In-App Charge or attempt by a user to incur an In-App Charge (e.g., an attempt at password entry prior to an In-App Charge being incurred) in a Specified App, provide the following:

a. Transaction Details,

b. Password Prompt Details,

c. Inquiry Details, and

d. Anonymized Account Identifier.

PLAINTIFF'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-MJP

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

7

Please provide your response in machine-readable format, for example, in a .csv or spreadsheet file format.

3.      Specify what percentage of Kindle Fire owners' Amazon accounts are configured such that the user is prompted for password entry prior to completion of a monetary transaction made through Amazon's website, including through display of a password prompt appearing at any point during a user session prior to a purchase.

4.      Identify all users who had an inquiry related to an In-App Charge, including questioning whether such a charge was authorized or requesting a refund related to an In-App Charge, and were denied or did not obtain a refund, and the reason for the denial, if any.

Dated: November 6, 2014          /s/ Jason M. Adler
                                 JASON M. ADLER
                                 DUANE C. POZZA
                                 HEATHER ALLEN
                                 jadler@ftc.gov, dpozza@ftc.gov, hallen@ftc.gov
                                 Federal Trade Commission
                                 600 Pennsylvania Avenue N.W., CC-10232
                                 Washington, DC  20580
                                 P: (202) 326-3231, (202) 326-2042, (202) 326-2038
                                 F: (202) 326-3239

                                 LAURA M. SOLIS, WA Bar No. 36005
                                 lsolis@ftc.gov
                                 Federal Trade Commission
                                 915 2nd Avenue, Suite 2896
                                 Seattle, WA  98174
                                 P: (206) 220-4544
                                 F: (206) 220-6366

                                 Attorneys for Plaintiff
                                 FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

I, Duane C. Pozza, certify that on November 6, 2014, I caused the foregoing Plaintiff's Second Set of Interrogatories to be served by email service on counsel of record.

By: /s/ Duane C. Pozza

Ex. C

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>     Plaintiff,<br><br>     v.<br><br>AMAZON.COM, INC.,<br><br>     Defendant. | **Case No. 2:14-cv-01038-JCC**<br><br>**AMAZON.COM, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rule of Civil Procedure 34, defendant Amazon.com, Inc. ("Amazon"), by its undersigned attorneys, submits to plaintiff Federal Trade Commission ("Plaintiff" or the "FTC") the following responses and objections to the FTC's Second Set of Requests for Production of Documents.

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

1

**GENERAL OBJECTIONS**

1.      Amazon objects to any Requests where Plaintiff seeks documents already in Plaintiff's possession, custody, or control, are equally available to Plaintiff, or are more easily obtainable from other sources, on the grounds that such Requests are unreasonably cumulative and duplicative, and that information or documents are obtainable from a source that is more convenient, less burdensome, and less expensive.  This objection encompasses, but is not limited to, documents and answers to interrogatories that Amazon previously produced and provided to the FTC in response to the Civil Investigative Demand (the "CID") issued by the FTC on August 28, 2012, all correspondence between Amazon and the FTC, and all other information provided by Amazon to the FTC.  Amazon will not re-duplicate efforts previously undertaken to comply with the FTC's CID, including re-running any electronic searches previously run and re-producing any documents that Amazon previously produced.

2.      Amazon objects to the definitions and instructions set forth in the Requests to the extent such definitions or instructions seek to impose obligations greater than or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any Order of this Court, or any other applicable rules of law.

3.      Amazon objects to the instructions setting forth the relevant time period for the Requests as January 1, 2011 to the completion of this action as overly broad and unduly burdensome.  For purposes of this response, Amazon will produce responsive documents created between January 1, 2011 and the date of this response.

4.      Amazon objects to the definitions set forth in the Requests to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any Request to render it vague, ambiguous, overly broad, or unduly burdensome.

5.      Amazon objects to the definition of "Amazon" as overly broad and unduly burdensome to the extent it seeks information from all "wholly or partially owned subsidiaries,

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

2

1    unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all

2    directors, officers, employees, agents, consultants and other Persons working for on behalf of the

3    foregoing."  Amazon objects to that definition to the extent it seeks documents in the possession,

4    custody, or control of entities and persons other than the named defendant.  Amazon reasonably

5    believes that all responsive, non-privileged information is contained in the files of the named

6    corporate defendant, and not within the files of any affiliate, consultant, or other agent.  Amazon

7    will not undertake to separately determine whether any such entity or person also possesses

8    information responsive to the Interrogatories.

9          6.      Amazon objects to the definition of "Application," "App," or "Apps" as overly

10   broad and unduly burdensome to the extent the definition includes information concerning any

11   and all "Apps," i.e., "any software application or code that can be transmitted or downloaded to

12   any mobile telephone or any other mobile computing device…."  Plaintiff's Complaint alleges a

13   single claim for allegedly unauthorized in-App Charges incurred by children in Apps that are

14   likely to be used by children.  The definition is therefore overly broad and unduly burdensome

15   because it includes any and all "Apps," regardless of whether those Apps are unlikely to be used

16   by children, have not been used by children, and/or have not been involved in allegedly

17   unauthorized in-App charges by children.  For the same reasons, the definition is also overly

18   broad and unduly burdensome to the extent that it purports to require that "each unique version

19   or update of an Application shall be deemed a separate Application."

20         For purposes of these Responses, Amazon will define "Application," "App," or "Apps"

21   restricted to "Apps" available via the Amazon Appstore, which were advertised and/or marketed

22   to children under the age of 13 or "Apps" that are otherwise known by Amazon to be

23   downloaded and/or used by children under the age of 13.

24         7.      Amazon objects to the definition of "Specified App" as overly broad and unduly

25   burdensome to the extent the definition includes information regarding any "App allowing In-

26   App Charges."  Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App

DEFENDANT'S RESPONSES AND OBJECTIONS TO                    Venable LLP
FTC'S SECOND SET OF REQUESTS FOR PRODUCTION               575 7th Street, N.W.
Case No. 2:14-cv-01038-JCC                                 Washington, D.C. 20004
                              3                            202-344-4703

1    charges incurred by children in Apps that are likely to be used by children.  The definition is

2    therefore overly broad and unduly burdensome because it includes any and all "Apps" that allow

3    for the opportunity to incur an in-App charge, regardless of whether those Apps are unlikely to

4    be used by children, have not been used by children, and/or have not been involved in allegedly

5    unauthorized in-App charges by children.  For purposes of these Responses, Amazon will define

6    "Specified App" restricted to "Apps" allowing in-App charges available via the Amazon

7    Appstore, which were advertised and/or marketed to children under the age of 13 or "Apps"

8    allowing in-App charges that are otherwise known by Amazon to be downloaded and/or used by

9    children under the age of 13.

10          8.      Amazon objects to the definition of "Customer" or "Customers" as overly broad

11   and unduly burdensome to the extent it seeks information from any and all "Person or Persons

12   that has used a Mobile Device on which the Amazon Appstore is installed."  Plaintiff's

13   Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred by children

14   in Apps that are likely to be used by children.  The definition is therefore overly broad and

15   unduly burdensome because it seeks documents from any and all Amazon customers, regardless

16   of whether those customers have a child or children, and/or have ever had a child incur allegedly

17   unauthorized in-App charges.  Amazon will employ a definition of "Customer" or "Customers"

18   restricted to those Amazon customers who, to Amazon's knowledge, asserted that a child under

19   the age of 13 incurred allegedly unauthorized in-app charges.

20          9.      Amazon objects to the definition of "Mobile Device" as overly broad and unduly

21   burdensome to the extent it seeks information from "any device on which iOS is installed."

22   Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred

23   by children in apps that are likely to be used by children, which were originally downloaded

24   from the Amazon Appstore and installed on a Kindle Fire or mobile devices running the Android

25   operating system, not the iOS system.  *See* Compl. ¶ 6.  For the purposes of this Response,

26

DEFENDANT'S RESPONSES AND OBJECTIONS TO                          Venable LLP
FTC'S SECOND SET OF REQUESTS FOR PRODUCTION               575 7th Street, N.W.
Case No. 2:14-cv-01038-JCC                                Washington, D.C. 20004
                                    4                            202-344-4703

Amazon will define "Mobile Device" to mean a device on which an Android mobile operating system is installed or any Kindle Fire device.

10.     Amazon objects to each Request to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, considering, for example, the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery resolving the issues.

11.     Amazon objects to each Request to the extent it purports to impose a duty on Amazon to undertake a search for documents beyond a diligent search of the files where Amazon reasonably would expect to find documents responsive to these Requests.  Amazon further objects to any Request to the extent that it purports to impose a burden on Amazon to search for any document, e-mail, or other electronic documents that is inconsistent with the limitations of any agreement between the parties concerning such data.

12.     Amazon's response that it will produce documents responsive to a particular Request does not mean that it possesses any such documents and Amazon's response should not be construed in such a manner.

13.     Amazon objects to the Requests as overly broad and unduly burdensome to the extent they: (a) seek information that is not relevant to any issue in this action, including information related to matters beyond the scope of the asserted claims and defenses in this suit, or are not reasonably calculated to lead to the discovery of admissible evidence; (b) seek information that is unduly burdensome to locate or obtain; and/or (c) seek confidential and proprietary business and personal information.  Any inadvertent production of documents not related to the issues raised in the Requests shall not waive this objection.

14.     Amazon objects to the Requests to the extent that they are vague, ambiguous, confusing, or otherwise lack sufficient precision or particularity to permit a response.

15.     Amazon objects to the Requests to the extent that they seek documents protected from disclosure by any applicable statutory or common-law privilege, prohibition, or immunity

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

from disclosure, including, without limitation, the attorney-client privilege or the attorney work-product doctrine.  Nothing contained in the responses is intended, or shall in any way be deemed, a waiver of any attorney-client privilege, attorney work-product doctrine, or any other applicable privilege, immunity, prohibition, or limitation.  Amazon will not provide such privileged documents, and any inadvertent production thereof shall not be deemed a waiver of any privilege, immunity, prohibition, or limitation with respect to such documents or of any work-product protection that may be attached thereto.

16.     Amazon objects to each Request to the extent it seeks the production of documents or things that Amazon is under an obligation to a third party and/or court order not to disclose.  Amazon will produce such responsive, non-privileged documents or things only in accordance with the Stipulated Protective Order in this action, and after complying with its obligations to the third party and/or court.

17.     Amazon objects to each Request to the extent it seeks proprietary, confidential, or trade secret information.  Amazon's production of such responsive, non-privileged documents or things is subject to and in accordance with the Stipulated Protective Order entered in this Action.

18.     Amazon objects to the Requests to the extent they seek documents not currently in Amazon's possession, custody, or control, or refer to persons, entities, or events not known to Amazon.

19.     The responses set forth herein are given without prejudice to Amazon's right to produce any subsequently-discovered facts or documents or to supplement, modify, or otherwise change or amend the responses herein.  The information hereinafter set forth is true and correct to the best knowledge of Amazon as of this date, and is subject to correction for inadvertent errors, mistakes, or omissions.  These responses are based on information presently available to Amazon.

20.     Amazon's responses to the Requests are not intended to waive, and do not constitute any waiver of, any and all objections that Amazon may have to the admissibility,

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

6

1   authenticity, or relevance of any documents produced.  For all documents provided in response

2   to these Requests, Amazon reserves all objections or other questions regarding the competency,

3   relevance, materiality, privilege, or admissibility of any such documents as evidence in any

4   subsequent proceeding or trial in this action.

5          21.     These General Objections are hereby incorporated by reference in response to

6   each separate Request.  The inclusion or exclusion of any specific objection in any response

7   below is neither intended as, nor shall in any way be deemed to be, a waiver of any General

8   Objection or of any specific objection made herein or that may be asserted at a later date.  In

9   addition, the failure to include at this time any General or specific objection to a Request is

10  neither intended as, nor shall in any way be deemed to be, a waiver of Amazon's right to assert

11  that or any other objection at a later date.

12         22.     Subject to all objections, documents will be produced at a mutually convenient

13  location and time for the parties.

14

15                 **SPECIFIC OBJECTIONS AND RESPONSES**

16         37.     For every In-App Charge or attempt by a user to incur an In-App Charge (e.g. an

17  attempt at password entry prior to an In-App Charge being incurred) in a Specified App, all

18  Documents related to the information requested in Interrogatory No. 2; *provided that*, except as

19  otherwise required by another Request for Production or Interrogatory, any consumer identifying

20  information should be limited to the anonymized text-based account identifier provided in

21  responding to Interrogatory No. 2.

22       **Response:**     Amazon incorporates by reference its objections to Interrogatory No. 2.

23  Amazon further objects to this Request as overly broad and unduly burdensome because it seeks

24  "all Documents" related to each and every one of the millions of transactions for any In-App

25  purchase for the past three years.  Amazon also objects to the Request as overly broad as it seeks

26  documents that are neither relevant to the claim of this action nor reasonably calculated to lead to

DEFENDANT'S RESPONSES AND OBJECTIONS TO                   Venable LLP
FTC'S SECOND SET OF REQUESTS FOR PRODUCTION        575 7th Street, N.W.
Case No. 2:14-cv-01038-JCC                      Washington, D.C. 20004

                                                          202-344-4703

the discovery of admissible evidence.  Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred by children *in apps that are likely to be used by children*. Yet, Plaintiff seeks documents relating to "every In-App Charge…" in any and all apps with in-App purchasing capability.

Amazon further objects to the extent that the Request calls for information and documents that Amazon already provided and/or produced to the FTC.  Amazon further objects that the Request is redundant of the FTC's other Requests, including those that seek the production of aggregated data that provides the FTC the information it seeks without requiring production of "all Documents… ."

38.    For each account that incurred an In-App Charge in a Specified App, the account holder's Contact Information; *provided that*, for purposes of narrowing the production of consumer identifying information, as soon as practicable and prior to any such production, Amazon should contact the FTC to meet and confer so that the FTC may identify a subset of accounts for which Amazon should produce responsive information.

**Response:**    Amazon objects to this Request as overly broad and unduly burdensome because it seeks documents that are neither relevant to the claim of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred by children *in apps that are likely to be used by children*.  Yet, Plaintiff seeks documents relating to "each account that incurred an In-App Charge in a Specified App…," meaning that the FTC seeks "Contact Information" for each and every customer who incurred any in-App charge, though the FTC seeks to meet and confer about a subset of customers first.

Amazon further objects to the production of account holder Contact Information as unduly burdensome, because this information is personal, private, confidential, and protected from disclosure by, among other authorities, Amazon's Privacy Notice, which is incorporated

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 2:14-cv-01038-JCC

8

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

into the Amazon Conditions of Use and Appstore Terms of Use, the Video Privacy Protection

Act, 18 U.S.C. § 2710, and the United States Constitution, and therefore its disclosure would

violate consumers' privacy rights.

39.     For each Amazon Standard Identification Number ("ASIN") identified in

response to Interrogatory No. 2, the App Developer-provided description of the in-app item.

**Response:**     Amazon incorporates by reference its objections to Interrogatory No. 2.

Amazon objects to this Request as overly broad and unduly burdensome because it seeks

documents that are neither relevant to the claim of this action nor reasonably calculated to lead to

the discovery of admissible evidence.  Plaintiff's Complaint alleges a single claim for allegedly

unauthorized in-App Charges incurred by children *in Apps that are likely to be used by children*.

Yet, Plaintiff seeks documents relating to each ASIN identified in Interrogatory No. 2, which

includes "each In-App Charge…" in any and all Apps with in-App purchasing capability.

Amazon further objects to the extent that the Request calls for information and

documents that Amazon already provided and/or produced to the FTC.

Subject to and without waiver of the foregoing objections and Amazon's General

Objections, which are incorporated by reference herein, Amazon is willing to meet and confer

with Plaintiff about this Request.

40.     All documents related to the percentage of Kindle Fire owners' Amazon accounts

that are configured such that the user is prompted for password entry prior to completion of a

monetary transaction made through Amazon's website, including through display of a password

prompt appearing at any point during a user session prior to a purchase.

**Response:**     Amazon incorporates by reference its response to Interrogatory No. 3.

Amazon further objects to this Request as overly broad and unduly burdensome because it seeks

"All documents related to the percentage of Kindle Fire owners' Amazon accounts that are

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 2:14-cv-01038-JCC

9

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

configured…" in a particular way when the Request, and the corresponding Interrogatory No. 3, seeks a single percentage figure.  Amazon also objects to the Request as overly broad and unduly burdensome because it seeks documents that are neither relevant to the claim of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred by children *in apps that are likely to be used by children*.  Yet, Plaintiff seeks documents relating to the percentage of "Kindle Fire owners' Amazon accounts that are configured such that a user is prompted for a password entry prior to completion of a monetary transaction made through Amazon's website," regardless of whether those Kindle Fire owners' Amazon accounts had any in-app Charges, any in-App charges in Apps used or likely to be used by children, or any allegedly unauthorized in-App charges by children.

Amazon further objects to the extent that the Request calls for information and documents that Amazon already provided and/or produced to the FTC.

Subject to and without waiver of the foregoing objections and Amazon's General Objections, which are incorporated by reference herein, Amazon is willing to meet and confer with the FTC regarding this Request and the availability of responsive data, if any, that may exist.


41.     All documents discussing whether consumers expect a password prompt in connection with 1-Click purchasing, on a Mobile Device or otherwise.

**Response:**     Amazon objects to this Request as overly broad and unduly burdensome because it seeks documents that are neither relevant to the claim of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred by children *in apps that are likely to be used by children*.  Yet, Plaintiff seeks documents generally "discussing" consumers' expectations in connection with 1-Click purchasing, without restricting the request to Apps used

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

1   or likely to be used by children and/or Apps involved with allegedly unauthorized in-App

2   purchasing by children.  Amazon further objects to the extent that the Request calls for

3   information and documents that Amazon already provided and/or produced to the FTC.  Amazon

4   further objects that the Request is vague and ambiguous to the extent that it is unclear whether

5   Plaintiff seeks documents concerning whether customers expect a password prompt for 1-Click

6   purchasing in general, or whether Plaintiff seeks documents concerning whether customers

7   expect a password prompt for 1-Click purchasing, and any mobile transactions.

8          Subject to and without waiver of the foregoing objections and Amazon's General

9   Objections, which are incorporated by reference herein, Amazon will produce relevant,

10  responsive, non-privileged documents within its possession, custody, or control to the extent any

11  exist.

12

13         42.    All documents related to consumer understanding of, or expectations about, the

14  steps involved in incurring an In-App Charge.

15         **Response:**    Amazon objects to the extent that the Request calls for information and

16  documents that Amazon already provided and/or produced to the FTC.

17         Subject to and without waiver of the foregoing objections and Amazon's General

18  Objections, which are incorporated by reference herein, Amazon will produce relevant,

19  responsive, non-privileged documents within its possession, custody, or control to the extent any

20  exist.

21

22         43.    All documents related to consumer understanding of information provided in

23  popup boxes, including password prompts, that appear within Apps.

24         **Response:**    Amazon objects to the extent that the Request calls for information and

25  documents that Amazon already provided and/or produced to the FTC.

26

DEFENDANT'S RESPONSES AND OBJECTIONS TO            Venable LLP
FTC'S SECOND SET OF REQUESTS FOR PRODUCTION        575 7th Street, N.W.
Case No. 2:14-cv-01038-JCC                         Washington, D.C. 20004
202-344-4703

1   Subject to and without waiver of the foregoing objections and Amazon's General

2   Objections, which are incorporated by reference herein, Amazon will produce relevant,

3   responsive, non-privileged documents within its possession, custody, or control to the extent any

4   exist.

5

6   44.   All documents identified in any disclosure under Fed. R. Civ. P. 26(a)(1).

7   **Response:**   Amazon objects to the extent that any responsive documents have already

8   been produced to the FTC.

9   Subject to and without waiver of the foregoing objections and Amazon's General

10   Objections, which are incorporated by reference herein, Amazon will produce relevant,

11   responsive, non-privileged documents within its possession, custody, or control.

12

13   Dated: December 11, 2014

14

15

16

17   AMAZON.COM, INC.

18

19   *s/ David J. Burman*                                   *s/ J. Douglas Baldridge*

20   David J. Burman, WSBA No. 10611            J. Douglas Baldridge WSBA No. 37247
     Harry H. Schneider, Jr., WSBA No. 9404      Danielle R. Foley (*pro hac vice* forthcoming)

21   **Perkins Coie LLP**                                     **Venable LLP**
     1201 Third Avenue, Suite 4900                  575 7th Street, NW

22   Seattle, WA  98101-3099                           Washington, DC 20004
     Telephone:  (206) 359-8000                       Telephone: (202) 344-4000

23   Facsimile:  (206) 359-9000                         Facsimile: (202) 344-8300
     HSchneider@perkinscoie.com                   jbaldridge@venable.com,

24   DBurman@perkinscoie.com                    drfoley@venable.com

25   Attorneys for Defendant Amazon.com, Inc.

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### CERTIFICATE OF SERVICE

I, J. Douglas Baldridge, certify that on December 11, 2014, I caused the foregoing Defendant's Second Set of Requests for Production of Documents to be served via email on counsel of record.

By: /s/ J. Douglas Baldridge

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF REQUESTS FOR PRODUCTION
Case No. 2:14-cv-01038-JCC
13

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

Ex. D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | **Case No. 2:14-cv-01038-JCC** |
| Plaintiff, | **AMAZON.COM, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES** |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |

Pursuant to Federal Rule of Civil Procedure 33, defendant Amazon.com, Inc.

("Amazon"), by its undersigned attorneys, submits to plaintiff Federal Trade Commission

("Plaintiff" or the "FTC") the following responses and objections to the FTC's Second Set of

Interrogatories ("Interrogatories").

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

1

## GENERAL OBJECTIONS

1.    Amazon objects to any Interrogatory where Plaintiff seeks information or documents already in Plaintiff's possession, custody, or control, are equally available to Plaintiff, or are more easily obtainable from other sources, on the grounds that such Interrogatories are unreasonably cumulative and duplicative, and that such information or documents are obtainable from a source that is more convenient, less burdensome, and less expensive.  This objection encompasses, but is not limited to, documents and answers to interrogatories that Amazon previously produced and provided to the FTC in response to the Civil Investigative Demand (the "CID") issued by the FTC on August 28, 2012, all correspondence between Amazon and the FTC, and all other information provided by Amazon to the FTC.  Amazon will not re-duplicate efforts previously undertaken to comply with the FTC's CID, including re-running any electronic searches previously run and re-producing any documents that Amazon previously produced.

2.    Amazon objects to the definitions and instructions set forth in the Interrogatories to the extent such definitions or instructions seek to impose obligations greater than or in addition to those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, any Order of this Court, or any other applicable rules of law.

3.    Amazon objects to the instructions setting forth the relevant time period for the Interrogatories as January 1, 2011 to the completion of this action as overly broad and unduly burdensome.  For purposes of this response, Amazon will provide responsive information for the period between January 1, 2011 and the date of this response.

4.    Amazon objects to the definitions set forth in the Interrogatories to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any Interrogatory to render it vague, ambiguous, overly broad, or unduly burdensome.

5.    Amazon objects to the definition of "Amazon" as overly broad and unduly burdensome to the extent it seeks information from all "wholly or partially owned subsidiaries,

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

2

unincorporated divisions, joint ventures, operations under assumed names, and affiliates, and all directors, officers, employees, agents, consultants and other Persons working for on behalf of the foregoing."  Amazon objects to that definition to the extent it seeks documents or information in the possession, custody, or control of entities and persons other than the named defendant.  Amazon reasonably believes that all responsive, non-privileged information is contained in the files of the named corporate defendant, and not within the files of any affiliate, consultant, or other agent.  Amazon therefore will not undertake to separately determine whether any such entity or person also possesses information responsive to the Interrogatories.

6.      Amazon objects to the definition of "Application," "App," or "Apps" as overly broad and unduly burdensome to the extent the definition includes information concerning any and all "Apps," i.e., "any software application or code that can be transmitted or downloaded to any mobile telephone or any other mobile computing device…." Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred by children in Apps that are likely to be used by children.  The definition is therefore overly broad and unduly burdensome because it includes any and all "Apps," regardless of whether those Apps are unlikely to be used by children, have not been used by children, and/or have not been involved in allegedly unauthorized in-App charges by children.  For the same reasons, the definition is also overly broad and unduly burdensome to the extent that it purports to require that "each unique version or update of an Application shall be deemed a separate Application."

For purposes of these Responses, Amazon will define "Application," "App," or "Apps" restricted to "Apps" available via the Amazon Appstore, which were advertised and/or marketed to children under the age of 13 or "Apps" that are otherwise known by Amazon to be downloaded and/or used by children under the age of 13.

7.      Amazon objects to the definition of "Specified App" as overly broad and unduly burdensome to the extent the definition includes information regarding any "App allowing In-

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

App Charges."  Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App charges incurred by children in Apps that are likely to be used by children.  The definition is therefore overly broad and unduly burdensome because it includes any and all "Apps" that allow for the opportunity to incur an in-App charge, regardless of whether those Apps are unlikely to be used by children, have not been used by children, and/or have not been involved in allegedly unauthorized in-App charges by children.  For purposes of these Responses, Amazon will define "Specified App" restricted to "Apps" allowing in-App charges available via the Amazon Appstore, which were advertised and/or marketed to children under the age of 13 or "Apps" allowing in-App charges that are otherwise known by Amazon to be downloaded and/or used by children under the age of 13.

8.     Amazon objects to the definition of "Customer" or "Customers" as overly broad and unduly burdensome to the extent it seeks information from any and all "Person or Persons that has used a Mobile Device on which the Amazon Appstore is installed."  Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred by children in Apps that are likely to be used by children.  The definition is therefore overly broad and unduly burdensome because it seeks documents from any and all Amazon customers, regardless of whether those customers have a child or children, and/or have ever had a child incur allegedly unauthorized in-app charges.  Amazon will employ a definition of "Customer" or "Customers" restricted to those Amazon customers who, to Amazon's knowledge, asserted that a child under the age of 13 incurred allegedly unauthorized in-app charges.

9.     Amazon objects to the definition of "Anonymized Account Identifier" as overly broad and unduly burdensome to the extent that it asks Amazon to provide "a text-based identifier that uniquely corresponds to the account number…" associated with any and all charges incurred for any and all Apps containing any in-App purchasing capability.  Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred by children

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

4

in Apps that are likely to be used by children.  The definition is therefore overly broad and unduly burdensome as applied because it requests Amazon to generate a unique identifier for any and all in-App charges incurred in any and all Apps, regardless of whether those charges occurred in Apps likely to be used by children.  The definition is also vague and ambiguous as it asks Amazon to generate a unique identifier for each "attempted charge," which is subject to any number of interpretations, including but not limited to charges that failed or were unable to occur at or near selection of an in-App item to be purchased, in-App charges that began being processed by Amazon and then failed, or in-App charges that were unable to be completed for some other reason.  The unique identifier sought for each "attempted charge" is also overly broad and unduly burdensome for the same reason as above, i.e., it fails to restrict the definition to charges occurring in Apps likely to be used in children.

10.     Amazon objects to the definition of "Inquiry Details" as overly broad and unduly burdensome to the extent that it asks Amazon to provide "whether a user contacted Amazon about the charge, requested a refund for the charge, reason for the refund request, whether a refund was issued for the charge, the amount refunded, and the date of refund" associated with any and all charges incurred for any and all Apps containing any in-App purchasing capability.  Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred by children in Apps that are likely to be used by children.  The definition is therefore overly broad and unduly burdensome as applied because it requests Amazon to provide refund information concerning in-App charges incurred in any and all Apps, regardless of whether those charges occurred in Apps likely to be used by children.  .

11.     Amazon objects to the definition of "Password Prompt Details" as overly broad and unduly burdensome to the extent that it asks Amazon to provide "the type, if any, of password prompt triggered…, whether password entry was successful, and the length of time (window) after successful password entry that the same password prompt would no longer

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

appear," associated with any and all charges incurred for any and all Apps containing any in-App purchasing capability.  Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred by children in Apps that are likely to be used by children.  The definition is therefore overly broad and unduly burdensome as applied because it requests Amazon to provide refund information concerning in-App charges incurred in any and all Apps, regardless of whether those charges occurred in Apps likely to be used by children.

12.     Amazon objects to the definition of "Transaction Details" as overly broad and unduly burdensome to the extent that it asks Amazon to provide multiple pieces of information associated with any and all charges incurred for any and all Apps containing any in-App purchasing capability.  Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred by children in Apps that are likely to be used by children.  The definition is therefore overly broad and unduly burdensome as applied because it requests Amazon to provide transactional information concerning in-App charges incurred in any and all Apps, regardless of whether those charges occurred in Apps likely to be used by children.  The definition is also vague and ambiguous as it asks Amazon to produce transactional information for each "attempted charge," which is subject to any number of interpretations, including but not limited to charges that failed or were unable to occur at or near selection of an in-App item to be purchased, in-App charges that began being processed by Amazon and then failed, or in-App charges that were unable to be completed for some other reason.   The transactional details sought for each "attempted charge" is also overly broad and unduly burdensome for the same reason as above, i.e., it fails to restrict the definition to charges occurring in Apps likely to be used in children.

13.     Amazon objects to the definition of "Mobile Device" as overly broad and unduly burdensome to the extent it seeks information from "any device on which iOS is installed." Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

6

by children in apps that are likely to be used by children, which were originally downloaded from the Amazon Appstore and installed on a Kindle Fire or mobile devices running the Android operating system, not the iOS system. *See* Compl. ¶ 6. For the purposes of this Response, Amazon will define "Mobile Device" to mean a device on which an Android mobile operating system is installed or any Kindle Fire device.

14.     Amazon objects to each Interrogatory to the extent that the burden or expense of the proposed discovery outweighs its likely benefit, considering, for example, the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery resolving the issues.

15.     Amazon objects to each Interrogatory to the extent it purports to impose a duty on Amazon to undertake a search for documents or information beyond a diligent search of the files where Amazon reasonably would expect to find documents or information responsive to these Interrogatories. Amazon further objects to any Interrogatory to the extent that it purports to impose a burden on Amazon to search for any document, e-mail, or other electronic documents that is inconsistent with the limitations of any agreement between the parties concerning such data.

16.     Amazon objects to the Interrogatory as overly broad and unduly burdensome to the extent they: (a) seek information that is not relevant to any issue in this action, including information related to matters beyond the scope of the asserted claims and defenses in this suit, or are not reasonably calculated to lead to the discovery of admissible evidence; (b) seek information that is unduly burdensome to locate or obtain; and/or (c) seek confidential and proprietary business and personal information. Any inadvertent production of documents or information not related to the issues raised in the Interrogatory shall not waive this objection.

17.     Amazon objects to the Interrogatories to the extent that they are vague, ambiguous, confusing, or otherwise lack sufficient precision or particularity to permit a response.

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

1    18.    Amazon objects to the Interrogatories to the extent that they seek documents or

2    information protected from disclosure by any applicable statutory or common-law privilege,

3    prohibition, or immunity from disclosure, including, without limitation, the attorney-client

4    privilege or the attorney work-product doctrine.  Nothing contained in the responses is intended,

5    or shall in any way be deemed, a waiver of any attorney-client privilege, attorney work-product

6    doctrine, or any other applicable privilege, immunity, prohibition, or limitation.  Amazon will

7    not provide such privileged documents or information, and any inadvertent production thereof

8    shall not be deemed a waiver of any privilege, immunity, prohibition, or limitation with respect

9    to such documents or of any work-product protection that may be attached thereto.

10    19.    Amazon objects to each Interrogatory to the extent it seeks the production of

11    information that Amazon is under an obligation to a third party and/or court order not to disclose.

12    Amazon will produce such responsive, non-privileged information only in accordance with the

13    Stipulated Protective Order in this action, and after complying with its obligations to the third

14    party and/or court.

15    20.    Amazon objects to each Interrogatory to the extent it seeks proprietary,

16    confidential, or trade secret information.  Amazon's production of such responsive, non-

17    privileged information is subject to and in accordance with the Stipulated Protective Order

18    entered in this Action.

19    21.    Amazon objects to the Interrogatories to the extent they seek information not

20    currently in Amazon's possession, custody, or control, or refer to persons, entities, or events not

21    known to Amazon.

22    22.    The responses set forth herein are given without prejudice to Amazon's right to

23    produce any subsequently-discovered facts or documents or to supplement, modify, or otherwise

24    change or amend the responses herein.  The information hereinafter set forth is true and correct

25    to the best knowledge of Amazon as of this date, and is subject to correction for inadvertent

26

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

errors, mistakes, or omissions.  These responses are based on information presently available to Amazon.

23.     Amazon's responses to the Interrogatories are not intended to waive, and do not constitute any waiver of, any and all objections that Amazon may have to the admissibility, authenticity, or relevance of any documents produced.  For all information provided in response to these Interrogatories, Amazon reserves all objections or other questions regarding the competency, relevance, materiality, privilege, or admissibility of any such information or documents as evidence in any subsequent proceeding or trial in this action.

24.     Amazon objects that he Interrogatories, and all of their discrete subparts, exceed the 25 Interrogatory limit per Fed. R. Civ. P. 33(a)(1).

25.     These General Objections are hereby incorporated by reference in response to each separate Interrogatory.  The inclusion or exclusion of any specific objection in any response below is neither intended as, nor shall in any way be deemed to be, a waiver of any General Objection or of any specific objection made herein or that may be asserted at a later date.  In addition, the failure to include at this time any General or specific objection to an Interrogatory is neither intended as, nor shall in any way be deemed to be, a waiver of Amazon's right to assert that or any other objection at a later date.

## SPECIFIC OBJECTIONS AND RESPONSES

**Second Interrogatory**: For each In-App Charge or attempt by a user to incur an In-App Charge (e.g. an attempt at password entry prior to an In-App Charge being incurred) in a Specified App, provide the following: (a) Transaction Details; (b) Password Prompt Details; (c) Inquiry Details, and (d) Anonymized Account Identifier.  Please provide your response in a machine-readable format, for example, in a .csv or spreadsheet file format.

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

9

**Response**:      Amazon objects to this Interrogatory as overly broad and unduly burdensome because it seeks information that is neither relevant to the claim of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App charges incurred by children *in apps that are likely to be used by children*.  Yet, Plaintiff seeks numerous pieces of information for "each In-App Charge…" incurred in any and all Apps allowing in-App purchasing, regardless of whether that charge was incurred in an App likely to be used by children and/or likely to be involved in allegedly unauthorized in-App charges by children.  The Interrogatory is also overly broad and unduly burdensome because the FTC asks Amazon to provide no less than eighteen (18) different data points, from multiple data sources, for each and every one of the millions of in-App purchases from among the 1.6 billion transactions through the Amazon Appstore over the past 3 years.  Amazon further objects to the Interrogatory as redundant of discovery the FTC previously served on Amazon.

**Third Interrogatory**:  Specify what percentage of Kindle Fire owners' Amazon accounts are configured such that the user is prompted for password entry prior to completion of a monetary transaction made through Amazon's website, including through display of a password prompt appearing at any point during a user session prior to purchase.

**Response**:      Amazon  objects to this Interrogatory as overly broad and unduly burdensome because it seeks information that is neither relevant to the claim of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred by children *in apps that are likely to be used by children*.  Yet, Plaintiff seeks the percentage of "Kindle Fire owners' Amazon accounts that are configured such that a user is prompted for a password entry prior to

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

completion of a monetary transaction made through Amazon's website," regardless of whether those Kindle Fire owners' Amazon accounts had any in-App charges, any in-App charges in Apps used or likely to be used by children, or any allegedly unauthorized in-App charges by children.

Subject to and without waiver of the foregoing objections, and Amazon's General Objections, which are incorporated by reference herein, Amazon is attempting to ascertain the extent to which the requested data is available, and, to the extent that it is available, Amazon will endeavor to provide such data.

**Fourth Interrogatory**:  Identify all users who had an inquiry related to an In-App Charge, including questioning whether such a charge was authorized or requesting a refund related to an In-App Charge, and were denied or did not obtain a refund, and the reason for the denial, if any.

**Response**:      Amazon objects to this Interrogatory as overly broad and unduly burdensome because it seeks documents that are neither relevant to the claim of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's Complaint alleges a single claim for allegedly unauthorized in-App Charges incurred by children *in apps that are likely to be used by children*.  Yet, Plaintiff seeks the identity of "all users who had an inquiry related to an In-App Charge," regardless of whether that in-App charge involved an app used or likely to be used by children and/or involved an allegedly unauthorized in-App charge by a child.

Amazon objects to the production of consumer identifying information now because this information is personal, private, confidential, and protected from disclosure by, among other authorities, Amazon's Privacy Notice, which is incorporated into the Amazon Conditions of Use and Appstore Terms of Use, the Video Privacy Protection Act, 18 U.S.C. § 2710, and the United States Constitution, and therefore its disclosure would violate consumers' privacy rights.

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

11

1  Dated: December 11, 2014

2

3  AMAZON.COM, INC.

4

5  *s/ David J. Burman*                                *s/ J. Douglas Baldridge*

6  David J. Burman, WSBA No. 10611            J. Douglas Baldridge WSBA No. 37247
   Harry H. Schneider, Jr., WSBA No. 9404     Danielle R. Foley (*pro hac vice* forthcoming)

7  **Perkins Coie LLP**                            **Venable LLP**
   1201 Third Avenue, Suite 4900              575 7th Street, NW

8  Seattle, WA  98101-3099                    Washington, DC 20004
   Telephone:  (206) 359-8000                 Telephone: (202) 344-4000

9  Facsimile:  (206) 359-9000                 Facsimile: (202) 344-8300
   HSchneider@perkinscoie.com                 jbaldridge@venable.com,

10 DBurman@perkinscoie.com                    drfoley@venable.com

11 Attorneys for Defendant Amazon.com, Inc.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
DEFENDANT'S RESPONSES AND OBJECTIONS TO                Venable LLP
FTC'S SECOND SET OF INTERROGATORIES                575 7th Street, N.W.
Case No. 2:14-cv-01038-JCC                        Washington, D.C. 20004
                                                      202-344-4703

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

I, J. Douglas Baldridge, certify that on December 11, 2014, I caused the foregoing

Amazon.com, Inc.'s Responses and Objections to FTC's Second Set of Interrogatories to be

served via e-mail on counsel of record.

By: /s/ J. Douglas Baldridge

DEFENDANT'S RESPONSES AND OBJECTIONS TO
FTC'S SECOND SET OF INTERROGATORIES
Case No. 2:14-cv-01038-JCC

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
202-344-4703

Ex. E

**Allen, Heather Garms**

| | |
|---|---|
| **From:** | Feinberg, David L. <DLFeinberg@Venable.com> |
| **Sent:** | Wednesday, November 26, 2014 5:19 PM |
| **To:** | Allen, Heather Garms |
| **Cc:** | Pozza, Duane; Foley, Danielle R.; Baldridge, J. Douglas; Adler, Jason; Hernacki, Andrew T. |
| **Subject:** | RE: Amazon - High Risk ASIN List |

Heather –

As I discussed with Duane last Thursday after you wrote us, I have conferred with my client and can confirm that the following criteria govern whether an App is placed on the list:

1)   The app is designated as "child-directed."

2)   The App has a refund rate of ██% or higher.

3)   Any App that offers in-App purchases with a price point greater than $19.99.

Amazon does not remove any Apps from this list.  New Apps are added each week and are appended to the bottom of the list.

You will see that the list, which we provide to you under separate cover, contains approximately ████ items.  You will further see that the list contains some App names listed as "NA#" or "????."  Our understanding is that these Apps are either foreign language Apps or Apps that are no longer available.

As we have previously discussed, including last Thursday with Duane, the list provides a possible area to compromise regarding the scope of discovery.  As we have suggested, discovery of the Apps listed on the High Risk Apps list, instead of discovery of each and every App that possess in-App purchasing capability, should suffice for the FTC's discovery, because that list not only (a) contains all Apps directed at children, but also (b) goes further, providing the FTC information on all Apps with higher refund rates.  Please let me know if you would like to discuss further.

Dave

David L. Feinberg, Esq.  | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Allen, Heather Garms [mailto:hallen@ftc.gov]
**Sent:** Wednesday, November 19, 2014 2:46 PM
**To:** Hernacki, Andrew T.; Feinberg, David L.
**Cc:** Pozza, Duane; Foley, Danielle R.; Baldridge, J. Douglas; Adler, Jason
**Subject:** RE: Amazon - High Risk ASIN List

Dave and Andrew,

To follow up on my email below, please let us know when you will be sending the criteria used for placing apps on the list.   We had expected to receive it weeks ago per Danielle's October 28, 2014 letter and our previous discussions.

Thanks,
Heather

---

**From:** Hernacki, Andrew T. [mailto:ATHernacki@Venable.com]
**Sent:** Wednesday, November 12, 2014 12:47 PM
**To:** Allen, Heather Garms
**Cc:** Pozza, Duane; Foley, Danielle R.; Baldridge, J. Douglas; Adler, Jason; Feinberg, David L.
**Subject:** RE: Amazon - High Risk ASIN List

Heather,

As an accommodation to your request, attached is a searchable PDF of the High Risk App list.  We are working on your other request regarding criteria and will respond under separate cover.

Thanks,
Andrew

Andrew T. Hernacki | Associate | Venable LLP
t 202.344.4264 | f 202.344.8300
575 7th Street, NW, Washington, DC 20004

ATHernacki@Venable.com | www.Venable.com

Admitted in VA, not yet admitted in DC

---

**From:** Allen, Heather Garms [mailto:hallen@ftc.gov]
**Sent:** Wednesday, November 12, 2014 11:40 AM
**To:** Feinberg, David L.
**Cc:** Pozza, Duane; Foley, Danielle R.; Baldridge, J. Douglas; Hernacki, Andrew T.; Adler, Jason
**Subject:** RE: Amazon - High Risk ASIN List

Thanks, Dave.  Would it be possible for you to send the list to us as a searchable pdf?  Also, when should we expect to receive the criteria used for placing apps on the list?

Best,
Heather

---

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Monday, November 10, 2014 4:45 PM
**To:** Adler, Jason
**Cc:** Pozza, Duane; Allen, Heather Garms; Foley, Danielle R.; Baldridge, J. Douglas; Hernacki, Andrew T.
**Subject:** FW: Amazon - High Risk ASIN List

Jason –

Pursuant to our discussions, enclosed please find the High Risk App list.  Our apologies for the slight delay in providing it to you.  We have provided it a bates label so that if there are any questions we can refer more easily to specific pages.

Dave

David L. Feinberg, Esq.  | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*********************************************************************
*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*********************************************************************
*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
*********************************************************************

Ex. F

**Allen, Heather Garms**

| | |
|---|---|
| **From:** | Adler, Jason |
| **Sent:** | Wednesday, January 21, 2015 11:29 AM |
| **To:** | Foley, Danielle R.; 'Feinberg, David L.' |
| **Cc:** | Baldridge, J. Douglas; Hanson, Jeff  (Perkins Coie); 'HSchneider@perkinscoie.com' (HSchneider@perkinscoie.com); 'DBurman@perkinscoie.com' (DBurman@perkinscoie.com); Pozza, Duane; Allen, Heather Garms; Hernacki, Andrew T. |
| **Subject:** | RE: Amazon - Objections and Responses to the FTC's Discovery |

Danielle, Dave—

Please let us know when you will respond to the email below so that we can determine whether there are issues we need to bring to the court's attention.  Please also let us know when you will be giving us the information you agreed to provide by the end of last week (detailed in my email below).  If it is easier to discuss these issues by phone, please feel free to give us a call.

Regards,

Jason

---

**From:** Adler, Jason
**Sent:** Thursday, January 15, 2015 6:56 PM
**To:** Foley, Danielle R.; 'Feinberg, David L.'
**Cc:** Baldridge, J. Douglas; Hanson, Jeff (Perkins Coie); 'HSchneider@perkinscoie.com' (HSchneider@perkinscoie.com); 'DBurman@perkinscoie.com' (DBurman@perkinscoie.com); Pozza, Duane; Allen, Heather Garms; Hernacki, Andrew T.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Danielle, Dave—

I'm following up on our 1/12/15 call to discuss Amazon's objections and responses to the FTC's discovery requests.

We understand that Amazon is still considering our 12/18/14 proposals concerning Request Nos. 1-2, 4(a), 4(b), and 37, and Interrogatory No. 2.  During our call, you said you were uncertain whether Amazon could identify apps that, prior to implementation of the High-Risk ASIN list, would have qualified for that list.  We understand you will let us know this week whether Amazon can identify apps that (1) were "child-directed" or (2) experienced a refund rate of ██% or higher in a particular month.  If Amazon can identify that information, please also let us know Amazon's position on our proposal with respect to Request Nos. 1-2, 4(a), and 4(b).

You separately indicated that Amazon is declining to produce documents and information in response to Interrogatory No. 2 and Request No. 37 because the requested information is "transaction-level."  You asked us to explain the relevance of the data at a transaction level, although your objection in response to the requests appears to be not that transaction-level data is irrelevant but that pulling transaction-level data would be unduly burdensome.  In any event, on our call, you seemed to agree that the requested data would be relevant in aggregate form.  Even if Amazon does not aggregate it first, it's still relevant—for example, whether specific consumers sought refunds for particular in-app charges bears on the likelihood that Amazon billed those consumers for other unauthorized in-app charges by a child.  In fact, in considering its business practices with respect to in-app charges, Amazon has sliced transaction-level data in different ways (see, for example, the July 2012 presentation by Michael Lagoni, located at Amz_FTC_0042112-0042120).  Please confirm whether Amazon will accept our proposed compromise from 12/18/14 for Interrogatory No. 2 and Request No. 37.

In discussing Request Nos. 11-12, 14, and 22, you explained that Amazon would like to screen responsive documents to determine whether they "clearly" do not relate to in-app purchases by children. Because the criteria that would go into that judgment call are opaque, we offered a compromise: that Amazon produce responsive documents provided they do not explicitly state that the in-app purchase process was completed by an adult. While this will allow Amazon to exclude relevant documents from production (adult confusion about in-app charges bears on the FTC's claim), we are willing to accept this limitation so that we can move discovery forward and avoid burdening the court with these issues. Please let us know as soon as possible whether these requests are still in dispute given that compromise.

You explained that Amazon is maintaining its "privacy" objections to Request No. 38 and Interrogatory No. 4. As we discussed on our call, Interrogatory No. 4 seeks information about a specific subset of consumers who have claimed to be injured by the practices at issue in this case: consumers who incurred unauthorized in-app charges, contacted Amazon, yet did not obtain a refund. We see no basis for Amazon to refuse to provide to a federal consumer protection agency the contact information necessary to identify consumers who have complained that they have been injured, especially given that there is a protective order in place that will restrict public disclosure of that information. There is no generic "privacy" objection to discovery in federal court. *See, e.g., FTC v. Ellsworth*, No. CV 08-64-M-DWM, 2014 WL 2767534, at *10 (D. Mont. June 18, 2014) ("Disclosure of consumer and employee information to the government to facilitate investigation and monitoring of an organization's commercial activities does no harm to an individual's right to privacy."). To the extent you believe the VPPA provides a basis for withholding information about consumer complaints about unauthorized in-app charges, please provide us with that authority so that we can consider it. As mentioned on our call, to further limit the consumer identifying information exchanged, we agreed that Amazon need not produce information responsive to Interrogatory No. 4 relating to in-app charges for newspapers or subscription content.

Finally, we asked when Amazon will complete its document production. You explained that Amazon will produce additional documents next week and complete its document production "well before the discovery cutoff." As you know from our discussions in negotiating the joint status report in this case, we will need sufficient time for other aspects of discovery.

Please feel free to give me a call if you have questions or can update us on Amazon's position on the above issues.

Regards,

Jason

---

**From:** Adler, Jason
**Sent:** Tuesday, January 06, 2015 6:28 PM
**To:** 'Feinberg, David L.'
**Cc:** Baldridge, J. Douglas; Hanson, Jeff (Perkins Coie); 'HSchneider@perkinscoie.com' (HSchneider@perkinscoie.com); 'DBurman@perkinscoie.com' (DBurman@perkinscoie.com); Pozza, Duane; Allen, Heather Garms; Foley, Danielle R.; Hernacki, Andrew T.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Dave—

If you can answer any of the questions we've asked, please email or call us. As we've said before, it does not make sense to defer discovery and the meet-and-confer process to wait on periodic letters from Amazon. Some of these issues (like the issues Duane raised in his email about Amazon's search strings) could be resolved quickly if Amazon would timely respond by email or phone. We need to schedule a call to meet and confer about Amazon's objections and responses to the FTC's discovery requests. Please let us know your availability this week.

Jason

---

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Tuesday, January 06, 2015 2:43 PM

**To:** Adler, Jason
**Cc:** Baldridge, J. Douglas; Hanson, Jeff (Perkins Coie); 'HSchneider@perkinscoie.com' (HSchneider@perkinscoie.com); 'DBurman@perkinscoie.com' (DBurman@perkinscoie.com); Pozza, Duane; Allen, Heather Garms; Foley, Danielle R.; Hernacki, Andrew T.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Jason –

Thanks for your e-mail.  My apologies in inadvertently sending you the incorrect red-line.  A new red-line is attached.  As the red-line shows, Amazon agrees to the change that you suggested December 30th.  We will work to file the Protective Order this week.

Separately, we are working through your (and Duane's) other questions and requests from the week between Christmas and New Year's and will be responding under separate cover this week.

Dave

David L. Feinberg, Esq.  | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Tuesday, December 30, 2014 11:42 AM
**To:** Feinberg, David L.
**Cc:** Baldridge, J. Douglas; Hanson, Jeff (Perkins Coie); 'HSchneider@perkinscoie.com' (HSchneider@perkinscoie.com); 'DBurman@perkinscoie.com' (DBurman@perkinscoie.com); Pozza, Duane; Allen, Heather Garms; Foley, Danielle R.; Hernacki, Andrew T.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Dave—

This doesn't appear to be a redline from the 10/7/14 version Amazon and the FTC stipulated to on 10/15/14 (see attached).  It looks like a redline against some version of the order we have not seen previously.  As compared against the agreement we reached two months ago, Amazon's modification to 4.3 significantly changes that provision.  As noted in my email below, these changes place additional burdens on the FTC to file a motion to seal every time we file a document obtained in response to the FTC's CID to Amazon.  You have not answered my question below about Amazon's confidentiality designations, but we disagree that every document designated as "confidential" in the CID production qualifies as confidential under the protective order.  These documents include, for example, customer communications with identifying information redacted, some of which Amazon filed publicly as attachments to its motion to dismiss.  Again, can you please clarify whether Amazon is maintaining its position that all documents produced prior to litigation are "confidential" under this protective order?

Without waiving this objection—which we will have to raise with the Court if the FTC is forced to file a motion to seal based on Amazon's over-designation of documents as confidential—we will agree to Amazon's new modifications to 4.3 with the following clarifying edit to this sentence in 4.3:

Old sentence:  Upon reasonable notice and request by a filing party, the parties shall meet and confer at least one day in advance of a filing that contains, discusses, or references Confidential material to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

New sentence:  Upon reasonable notice and request by a filing party, the designating party shall meet and confer with the filing party at least one day in advance of a filing that contains, discusses, or references Confidential material to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.

With that one edit, we are fine with the protective order.

Regards,

Jason

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Monday, December 29, 2014 12:19 PM
**To:** Adler, Jason
**Cc:** Baldridge, J. Douglas; Hanson, Jeff (Perkins Coie); 'HSchneider@perkinscoie.com' (HSchneider@perkinscoie.com); 'DBurman@perkinscoie.com' (DBurman@perkinscoie.com); Pozza, Duane; Allen, Heather Garms; Foley, Danielle R.; Hernacki, Andrew T.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Jason –

Per your request, please see the attached.  When you review, I think you will agree that, in practice, the changes to Section 4.3 are not so fundamentally different from its previous version, and simply hew more closely to the Local Rules – we certainly have not included any obligation existing beyond the Local Rules.  Let me know if you have any other questions or concerns, and please let me know when the FTC approves.  When approved, we will file with the attachment that Duane approved before the holidays.

Dave

David L. Feinberg, Esq. | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Wednesday, December 24, 2014 9:26 AM
**To:** Foley, Danielle R.; Feinberg, David L.; Hernacki, Andrew T.
**Cc:** Baldridge, J. Douglas; Hanson, Jeff (Perkins Coie); 'HSchneider@perkinscoie.com' (HSchneider@perkinscoie.com); 'DBurman@perkinscoie.com' (DBurman@perkinscoie.com); Pozza, Duane; Allen, Heather Garms
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Please send us a Word version of the protective order so we can review.  The changes visible in the redline appear to be significantly more than housekeeping.  They undo our stipulated agreement from two months ago.  They remove the agreed-upon filing procedures, which avoided burdening the parties and the court with repeated conferences and motions to seal, and substitute a provision that burdens the FTC with the obligation to conference and file motions to seal every time we file any document obtained in response to the FTC's civil investigative demand to Amazon.  As you know, Amazon tagged most (if not all) of those documents as confidential, and it did so long before we agreed to the definition of "confidential" in the stipulated protective order.  Is Amazon maintaining that its entire pre-litigation document production qualifies as confidential under the stipulated protective order?

Jason

---

**From:** Hernacki, Andrew T. [mailto:ATHernacki@Venable.com]
**Sent:** Friday, December 19, 2014 7:03 PM
**To:** Adler, Jason; Pozza, Duane; Allen, Heather Garms
**Cc:** Foley, Danielle R.; Baldridge, J. Douglas; Feinberg, David L.; Hanson, Jeff (Perkins Coie); 'HSchneider@perkinscoie.com' (HSchneider@perkinscoie.com); 'DBurman@perkinscoie.com' (DBurman@perkinscoie.com)
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Duane and Jason,

Please see the attached correspondence regarding discovery.

Also enclosed is a revised draft of the protective order.  As we reviewed the final version for filing, we noticed a few things that should be changed for housekeeping purposes.  For example, the format we had agreed to did not include some of the Local Rule requirements, such as providing that a redacted version would be filed publicly or that a motion to seal, along with the sealed documents, would be filed contemporaneously.  We have also changed the timing of the responsive pleading to track the timing of the Local Rules rather than the 10 days we had originally requested.  As this will impact Amazon more than the FTC, we do not anticipate that you will have an issue with these changes.  The attached shows the changes to paragraph 4.3.  Please confirm that you are on board with these revisions and we will get this on file.

Regards,

Andrew

Andrew T. Hernacki | Associate | Venable LLP
t 202.344.4264 | f 202.344.8300
575 7th Street, NW, Washington, DC 20004

ATHernacki@Venable.com | www.Venable.com

Admitted in VA, not yet admitted in DC

---

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Thursday, December 18, 2014 3:24 PM
**To:** Foley, Danielle R.
**Cc:** Baldridge, J. Douglas; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Pozza, Duane; Allen, Heather Garms; Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com); Feinberg, David L.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Danielle—

I write in response to your letter of December 16, 2014, which fails to resolve many of the issues we have repeatedly raised and continues to leave Amazon's position on the FTC's discovery requests unclear.  Amazon still has not identified when it will begin producing documents and, for each request, whether and on what basis it intends to withhold documents.  It has taken over two months and the threat of court intervention before Amazon provided any information at all about how it intends to search for documents for each request—and that information is still incomplete.  Each conversation we have reveals something different about what Amazon is and is not planning to produce.  On Monday, for example, we learned for the first time that Amazon intends to produce only aggregate data in response to Request Nos. 1 and 2, despite the fact that Amazon's responses and objections do not address Amazon's refusal to produce the

uncombined information those requests are seeking.  Your letter does not accurately describe our prior conversations and Amazon's previous positions on the various issues.

We've discussed Amazon's objections in depth, and on multiple occasions, including on telephone calls, my October 30 letter, and my December 5 email, explained why particular requests seek relevant information.  In sum, many of the requests to which Amazon has objected on relevance grounds seek general information about Amazon's practices that relate to the FTC's claim even though they may not mention children in particular (e.g., Request Nos. 10, 13, and 15), justifiably seek information about apps that contain in-app charges to help identify which apps are likely to be used by children (e.g., Request Nos. 3, 4, and 26), or seek information that will allow the FTC to clarify a central issue in this case, the magnitude of consumer injury from unauthorized in-app charges incurred by children (e.g., 11, 12, and 22).

In a final attempt to resolve the parties' disputes before involving the court—and because Amazon has been unwilling to explain what it intends to produce and withhold for particular requests—below we seek clarity on Amazon's positions and respond to its proposals.  **Please respond by close of business tomorrow, December 19**.  **Dave's 12/11 email stated that Amazon is not withdrawing any of its objections.  If we do not receive responses to the issues in this email by close of business on December 19, we will take that to mean Amazon's position continues to be that it is standing on all of its objections**.

- First, you state that Amazon will be using search strings to locate documents in response to Request Nos. 12-25 and 29-30, and for those requests, Amazon is "willing to produce otherwise responsive documents unless they clearly do *not* relate to in-app purchases by kids."  As we've explained, Amazon's continued insistence on reserving the right to screen out documents it believes are irrelevant obfuscates what we can expect Amazon to produce, inappropriately limits discovery to Amazon's vision of the scope of the FTC's claim, and excludes from discovery relevant documents that don't explicitly discuss children.  We understand Amazon's latest position to mean that Amazon is reserving its right to withhold documents that are responsive to Request Nos. 12-25 and 29-30 based on its "General Objections" to the definitions of App and Customer and its "Specific Objections" to relevance in its responses to Request Nos. 12-14, 16, 18, 19-23, and 29-30.   We will be forced to move to compel unless you confirm that Amazon will not be withholding documents on those bases or any other relevance objection for Request Nos. 12-25 and 29-30.

- Second, for Request Nos. 5-10, 26, 31-32, your letter suggests that Amazon will conduct "reasonable targeted searches" and will <u>not</u> be withholding responsive documents on the basis of its "General Objections" to the definitions of App and Customer, its "Specific Objections" to relevance in its responses to Request Nos. 5 and 10, or any other relevance objection.  Your previous position, however, has been that Amazon is not withdrawing its objections to these requests.  Please confirm that Amazon will not withhold any documents identified in response to Request Nos. 5-10, 26, and 31-32 on the basis of its "General Objections" to the definitions of App and Customer, its "Specific Objections" to relevance in its responses to Request Nos. 5 and 10, or any other relevance objection.  If you disagree, please let us know for which requests you may be withholding documents on these bases.

- Third, for Request Nos. 3, 4, 7, 10, 26, and 32, based on statements in your letter indicating that Amazon will produce responsive documents for these requests (see pg. 3 of your 12/6 letter), we understand that Amazon will <u>not</u> be withholding documents for these requests based on its objection that the requests seek documents that are "publicly available."  Please confirm.  For Request Nos. 13, 27, and 33, we understand that Amazon is reserving its right to withhold documents based on its "publicly available" objection.  We will be forced to move to compel unless you confirm that Amazon will not be withholding documents on the basis that the documents are "publicly available."

- Fourth, we will consider Amazon's proposal to collect customer service contacts by using the "wrap up" codes you identified for the first time in your 12/16 letter.  We understand that Amazon plans to use these wrap up codes in response to Request No. 11.  Please confirm that Amazon will not withhold any documents identified through these codes on the basis of its "General Objections" to the definitions of App and Customer, its "Specific

Objections" to relevance in its responses to Request Nos. 11, or any other relevance objection.  If you disagree, please let us know for which requests you may be withholding documents on these bases.

- Fifth, your letter does not appear to address Request Nos. 3, 4(c)-(g), 27, 28, and 33-34.  Please confirm that Amazon will not withhold any documents identified in response to Request Nos. 3, 4(c)-(g), 27, 28, and 33-34 on the basis of its "General Objections" to the definitions of App and Customer, its "Specific Objections" to relevance in its responses to Request Nos. 3, 4(c)-(g), 27, 28, and 33, or any other relevance objection.  If you disagree, please let us know for which requests you may be withholding documents on these bases.

- Sixth, we understand that you continue to refuse to treat Mr. Bezos as a custodian of discoverable information.  For the reasons explained in Duane's December 5 email and discussed in our calls on November 20 and December 15, we disagree with that and will move to compel on this issue.

- Finally, Amazon's latest proposal is that the High Risk ASIN list be used to limit its responses to Request Nos. 3, 4(a) and 4(b), and Amazon "is open to discussing" using the list to produce data in response to Request Nos. 1 and 2.  With respect to Request No. 3, as we've explained before, the High-Risk ASIN list would improperly exclude many relevant and responsive documents from discovery that bear on which apps were likely used by children.  With respect to Request Nos. 1, 2, 4(a) and (b), as a compromise position, in addition to the aggregate data that Amazon is providing, the FTC is willing to accept responsive documents (not in aggregate form) related to apps on the High Risk ASIN list plus any apps that would have met the criteria for being included on the list beginning in November 2011, *provided* that, as previously requested, Amazon identifies the criteria used to place each app on the list by January 16, 2014, and *further provided that* the FTC is not waiving its right to seek data about other apps.  In the interest of further compromise, as to Request No. 37 and Interrogatory No. 2, the FTC also will agree to accept the requested documents and information for in-app charges or attempted in-app charges for each user who has incurred an in-app charge within apps on the High Risk ASIN list or an app that would have met the criteria for being included on the list beginning in November 2011, with the same provisos as above.  Please confirm that you agree to this proposal and will not otherwise withhold responsive, non-privileged documents based on your objections.

Your letter also addresses Amazon's proposed search terms.  As we've discussed, while the search terms help us understand what Amazon will be *locating* in response to certain requests, we need to resolve Amazon's objections to determine what Amazon will *produce* in response to those requests.  We will respond to your proposed search terms under separate cover.  While we need to move that issue forward to prevent further delay in discovery, we need your responses to the above issues first so that we can narrow the scope of issues before the Court—or, if possible, avoid seeking relief from the Court at this time.

Regards,

Jason

**Jason M. Adler**
Division of Financial Practices
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Avenue NW, CC-10232
Washington, DC  20580
(202) 326-3231
jadler@ftc.gov

---

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Friday, December 12, 2014 5:10 PM
**To:** Adler, Jason
**Cc:** Baldridge, J. Douglas; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Pozza,

Duane; Allen, Heather Garms; Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com); Foley, Danielle R.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Jason –

I can confirm an 11:00 ET call on Monday to discuss the search terms and other outstanding discovery issues.

Let's use the following call-in:

1-866-370-8830

Code:

1279 8839 #.

Colleagues from Perkins Coie – Jeff Hanson and possible Harry Schneider – will be joining us.

Have a good weekend.

Dave

David L. Feinberg, Esq. | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Thursday, December 11, 2014 6:50 PM
**To:** Foley, Danielle R.; Feinberg, David L.
**Cc:** Baldridge, J. Douglas; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Pozza, Duane; Allen, Heather Garms
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Danielle, Dave—

We agree that it would be better to discuss these issues by phone, which is why I suggested a call when I emailed a week ago.  We understand that "Amazon is not withdrawing its objections to the FTC's requests"—in fact, Amazon's objections and responses to the FTC's second set of discovery requests make many of the same objections that we've been discussing for months now.  We need to resolve Amazon's objections to the FTC's discovery quickly.  Please confirm that you're available on Monday at 11 AM EST to discuss.

We disagree with much of what you've written in your email below, and we've addressed many of the issues you raise in our prior calls and correspondence, including my 10/30 letter and 12/5 email.  We can address them again if necessary on our call on Monday.

Regards,

Jason

**Jason M. Adler**
Division of Financial Practices
Bureau of Consumer Protection
Federal Trade Commission

600 Pennsylvania Avenue NW, CC-10232
Washington, DC  20580
(202) 326-3231
jadler@ftc.gov

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Thursday, December 11, 2014 4:00 PM
**To:** Adler, Jason
**Cc:** Baldridge, J. Douglas; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Pozza, Duane; Allen, Heather Garms; Foley, Danielle R.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Jason –

We have had numerous calls, e-mails, and other correspondence concerning the FTS's discovery.  Based on those exchanges, we understood that we had resolved many, if not all, of the issues that you are now raising.  We are, of course, willing to discuss all of these issues with you, but first want to make a few points clear before our call.

First, your e-mail states, "Amazon's latest position that it will only search for documents involving apps that are on its High Risk ASIN list appears untenable at this point."  But Amazon is <u>not</u> asserting that position.  To be clear, we have proposed use of the list as a reasonable means of tailoring the search to those documents that are relevant to the single claim pleaded in this case (i.e., allegedly unauthorized IAPs downloaded by children in child-directed Apps).  Indeed, given that being child-directed is only one of the three parameters for the High-Risk ASIN list, using the list would actually provide the FTC with information about Apps beyond those that relate to children – i.e., Apps with refund rates of over ███% or that offer in-App purchases with prices of $19.99 or greater.

Second, you state that we have not provided you with information about why the Apps appear on the list.  However, we provided you with detailed information about the parameters for the High-Risk ASIN list on November 26.  If you have questions about those parameters, we remaining willing to discuss those.  If you are now asking us to explain exactly why <u>each</u> individual App (of the approximately ███ Apps) appears on the ASIN list, this is a brand new request, and we do not know how or why you would need that to evaluate our proposal to use the ASIN list to place some reasonable limitations on the scope of discovery.  Please advise.  In the meantime, however, we note that despite our requesting numerous times, the FTC has never provided any compromise at all to its untenable position that Amazon must provide each and every document about each and every App with IAP capability.

Third, with respect to the "corrected" search strings issue Duane and I are working through that issue now, and have exchanged a number of e-mails related to those strings over the last week.  If you have specific questions about our letter, or our correspondence with Duane, we are of course willing to discuss those with you.

Fourth, and related to the second issue above, please explain the FTC's position that discovery "from and about" Customers who did <u>not</u> incur unauthorized charges is relevant to your claim about Customers who did incur allegedly "unauthorized" charges.

Fifth, for Request No. 11 we can advise you that there are no customer service codes related to "abuse documentation."  We can also advise that there are no customer service codes related to "technical error" that are in any way related to in-App purchasing; the "technical error" codes relate to device/hardware troubleshooting, not IAPs.

Sixth, we disagree with your contention that we are at an "impasse" on any of these issues.  While Amazon is not withdrawing its objections to the FTC's requests, rather than continue to exchange letters and e-mails, we think the most productive way to work through the remaining issues (if any) is to have a call to address them, the search terms we have proposed, and Duane's recently proposed additions and modifications.  Duane has suggested 11:00 ET on Monday to discuss.  We will caucus and let you know if we can make that date and time.  In the meantime, we will continue to work diligently to collect and review documents responsive to the FTC's numerous RFPs.

Dave

David L. Feinberg, Esq.  | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Friday, December 05, 2014 4:44 PM
**To:** Foley, Danielle R.; Feinberg, David L.
**Cc:** Baldridge, J. Douglas; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Pozza, Duane; Allen, Heather Garms
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Danielle, Dave—

I'm following up on the many outstanding issues with Amazon's responses and objections to the FTC's discovery, including the issues summarized in my October 30 letter (much of which Amazon has not responded to) and Duane's earlier email about Amazon's proposed document collection efforts.

Without repeating each issue we've discussed since first speaking with you about Amazon's objections and responses on October 10, the following are issues we need to resolve quickly:

- **Amazon's objection to the definition of "App**."  We have set forth our position on this, including in my October 30 letter.  Amazon's latest position that it will only search for documents involving apps that are on its High Risk ASIN list appears untenable at this point.  Because Amazon has not explained why each app identified appears on the list (i.e., on which of the three bases it was included, as noted in Dave's 11/26 email), it is unclear how the list of apps corresponds with Amazon's objection and to what extent it would permit discovery into apps that are likely to be used by children.  Please confirm whether and when you will provide this information.  We separately have concerns about this list given that, for example, it appears to have been created in early 2013 and would likely exclude relevant apps between November 2011 and early 2013.  That said, as an accommodation, if Amazon provides this information as well as the corrected search strings and requests to which they apply as mentioned in Duane's email, we can consider whether there are requests for which it is appropriate to use the names of the apps on the High Risk ASIN list to help tailor searches.

- **Amazon's objection to the definition of "Customer."**  As we've discussed, and as my October 30 letter reiterated, Amazon has no basis for limiting its searches by defining "Customer"—in every document request using the term—to include only those Amazon customers who to Amazon's knowledge asserted that a child under the age of 13 incurred allegedly unauthorized in-app charges.  It is far too narrow, in part because it relies on Amazon's characterization of whether particular customers complained about unauthorized in-app charges— an issue over which the parties are in dispute.  In the context of requests such as Request No. 2 (the number of Customers who downloaded apps that allow in-app charges) and Request No. 4 (Customer review of certain apps), the FTC is entitled to discovery that would allow it to evaluate Amazon's identification of consumers who

have asserted that a child incurred unauthorized charges.  Moreover, evidence from and about consumers who did not incur unauthorized in-app charges—or who did not to Amazon's "knowledge"—is relevant.  With that said, based on the search terms you provided, it is not clear to us whether you intend to stand on this objection, particularly for those requests for which you are running searches.  <u>Please confirm if Amazon is not maintaining this objection as to any specific requests, including those for which you are running searches</u>.

- **Request Nos. 8 and 11**.  We are still waiting on additional information that Amazon agreed to provide, as detailed in my October 30 letter.  <u>Please let us know if Amazon is not maintaining its objections and what it intends to produce in response to these requests</u>.

- **Amazon's "publicly available" objection to Requests 3-4, 7, and 10, and its objections to Requests Nos. 25 and 28 (including the objection to the definition of "Mobile Device")**.  We have discussed these requests and Amazon's objections at length, and I addressed them again in my October 30 letter.  We understand Amazon to be standing on its objections.  <u>Please let us know if Amazon is not maintaining its objections as to these requests</u>.

We are willing to set up a call to discuss Amazon's objections and responses and the issues discussed in Duane's email in another effort to bridge the impasse.  If we cannot reach agreement, we will be left to file a motion to compel, but we hope we can have a constructive conversation to avoid that.

Regards,

Jason

---

**From:** Pozza, Duane
**Sent:** Friday, December 05, 2014 2:37 PM
**To:** 'Feinberg, David L.'
**Cc:** Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Adler, Jason; Foley, Danielle R.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Danielle, Dave,
Thanks for your letter of November 25.  We have had the opportunity to review it following the Thanksgiving holiday.  Unfortunately, while it provides greater detail on search terms, it still fails to answer some basic questions about Amazon's search protocol (including those I discussed with Dave on our Nov. 20 call) and still fails to tell us when Amazon will begin producing responsive documents, now nearly two months after responses have been served.

Again, without recapping all our discussions to date, here are open issues about document production that we need to resolve.

- **Document requests to which Amazon will respond by retrieving data or specific documents rather than by running keyword searches.**  In my Nov. 20 conversation with Dave – as noted in my Nov. 25 email – Dave indicated that Amazon would respond to certain requests by pulling data or locating specific documents on shared drives.  Amazon still has not told us the requests for which it will do this.  Though it is Amazon's obligation to identify how it will respond to specific requests, to continue to move this along, we believe Amazon could respond to at least the following requests by pulling data or identifying specific documents:  Requests Nos. 1, 2, 3, 4(a)-(e), 5, 6, 7, 8, 9, 10, 26, 31, 33(d), and 34.  In order for us to fairly evaluate the scope of the search terms you have provided, <u>please confirm whether Amazon will respond to these or any other requests by identifying specific documents or data, rather than use of search terms</u>.

- **Customer contacts using Amazon's customer service contact codes.** In my Nov. 20 conversation with Dave, he indicated that Amazon would use customer service codes to search for and identify responsive customer service contacts and Amazon's responses, and that those would be disclosed to us shortly. However, your letter does not mention these codes. This bears directly on how Amazon will respond to Request No. 11, at a minimum. Accordingly, please identify any customer service codes that Amazon is planning to use to filter customer service contacts for responsive documents.

- **Search terms**. As we've repeatedly noted, it has been Amazon's responsibility to identify responsive documents, because Amazon knows what documents are in its possession. We are continuing to evaluate the search terms you provided in Danielle's November 25 letter, and we expect to respond to you separately on those. However, three of the search strings you identified are missing parentheses: on pp. 4-5 of the letter, the first, fourth, and fifth strings. Can you quickly send us corrected versions of the search strings to evaluate?

- **Date range of searches**. In the November 25 letter, you explain that Amazon will produce documents up to October 6, 2014, the date of Amazon's responses to the FTC's document requests. Given that Amazon apparently has not begun to gather documents, that date appears to be an arbitrary endpoint. Can you explain the date restriction or confirm that you will search for documents up to the point at which documents are collected from custodians?

- **Custodians.** While Amazon has now agreed to search certain custodians that we believe have responsive documents, it continues to omit Jeff Bezos from the custodian list. We do not see a basis for omitting documents in the possession of the individual with final decision-making authority, who was involved in the practices at issue in the complaint. Collecting documents from lower-level employees is not a substitute. Please confirm that Mr. Bezos will be included as a custodian, and if you continue to object to doing so, please provide a basis for your objection.

- **Beginning production.** We have continued to ask when document production will begin and Amazon has continued to refuse to respond, despite agreeing on the October 22 call with Jason and Heather to check on this issue. As I note above, some of the document requests involve data pulls and specific document searches, so there should be no unreasonable delay in beginning production of those documents. Additionally, as we've repeatedly noted, some requests do not even appear to have objections in dispute or seek documents not covered by disputed objections. These include, to our understanding, Requests 5, 6, 8, 9, 31, and 34 (though please let us know if you disagree). To the extent that Amazon is refusing to begin production of documents responsive to these or any other requests for which there are no objections in dispute, that approach is not acceptable. Please confirm when Amazon will begin producing documents and what sets of documents will be included.

Please provide your answers to the questions underlined above – in particular, the request for the corrected search strings – expeditiously. We are available for a call early next week to meet and confer and attempt resolution on these issues.

Regards,

Duane

---

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Wednesday, November 26, 2014 5:26 PM
**To:** Pozza, Duane
**Cc:** Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Adler, Jason; Foley, Danielle R.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Duane –

Yesterday we provided you Danielle's letter, which addresses your points and provides you a summary of Amazon's search terms, custodians, relevant time periods, and non-custodial sources that Amazon will search.  Today we wrote separately about the ASIN list, which we previously provided to you, and confirmed the criteria by which an App is added to the list, which we discussed with you last Thursday.

We reject that there has been any "foot-dragging and delay."  As we repeatedly stated, and as we reiterate again, the FTC's document requests were incredibly broad in scope.  Requesting documents, as the FTC has in a number of requests, for any App with any in-App purchasing capability, rather than restricting it to the single claim pleaded in the Complaint.  We therefore interposed a number of objections, which we explained to you and Jason several times and in detail.  To those objections, the FTC basically re-asserted its same position.  On behalf of Amazon, we then suggested areas of potential compromise, such as using the "high-risk ASIN list."  We provided you this list, discussed it in letters, discussed it with you on the phone, including in detail last Thursday.  What is the FTC's position on that possible compromise?  As for search terms, as we have stated, and as we reiterate again, the ESI Order contemplates that the parties meet and confer regarding search terms to be used for collection of potentially responsive documents.  We offered the FTC the opportunity to suggest terms as we formulated them.  The FTC declined.  As I am sure you will appreciate, given the nature of Amazon's business it is important to formulate search terms carefully, or else unintentionally a deluge of documents will be created.  You now have our search terms, custodians, and sources.  Please let us know as soon as possible if the FTC has any additional, or other, search terms to propose so that we can evaluate them.  For all of these reasons, we disagree that there has been "unnecessary delay."

Dave

David L. Feinberg, Esq.  | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Pozza, Duane [mailto:dpozza@ftc.gov]
**Sent:** Tuesday, November 25, 2014 11:56 AM
**To:** Foley, Danielle R.; Feinberg, David L.
**Cc:** Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Adler, Jason
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Dave,
Thanks again for taking the time to talk last Thursday about some of our outstanding discovery issues.  While we appreciate that you provided some additional details on the call, we're still waiting for a significant amount of information (some of which I understand you are attempting to provide this week) in addition to responsive documents.  Without attempting to recap the entire call, here is where I believe we stand in terms of getting additional information and responsive documents from Amazon:

- Amazon's anticipated plan for responding to our document requests:  On our call, you outlined this at a high level, and explained that you would conduct different kinds of searches for different document requests.  For example, some requests will require keyword searches, but some will involve data pulls or searching for specific documents on shared drives.  I believe you were hoping to provide the full plan in writing before Thanksgiving.  Can you confirm when it will be provided?  And can you confirm that you will specify which requests fall into each search category?  Additionally, as many of the requests will not involve custodian keyword searches and presumably can be done more quickly, can you let us know when you will begin providing documents responsive to those requests?
- Keyword searches / customer service code searches:  After we continued to push on this, you suggested in a November 6 email that Amazon would disclose anticipated search terms the week of November 10.  We still

have not received them, and I understand that Amazon is now attempting to provide them before Thanksgiving.  Can you confirm when we will receive them?

- Criteria used for specific apps on the high-risk ASIN list:  I understand that you have requested this from your client.  Can you confirm when you expect we will receive this?  (I note that, per Danielle's October 28 letter, Amazon was endeavoring to provide us with this information by the end of that week, October 31.)
- Additional information about specific custodians:  Both sides are following up on information about certain custodians and I will email separately about setting up a follow-up call.


Taking a step back from our call:  It's now been over seven weeks – since October 6 – that Amazon served its responses and objections to our document requests, and we still have not received any responsive documents, other than the incomplete high risk ASIN list that Amazon provided in an effort to narrow the scope of discovery. In fact, my understanding from our discussions – and please correct me if I've misunderstood – is that Amazon has not even begun to search for any other responsive documents.  We have been pushing for documents since the beginning of discovery and we've continued to follow up on these issues (see, for example, Jason's October 20 email seeking discussion of any electronic searches that Amazon plans to conduct, and the timing of production).  In our view, Amazon has displayed a pattern of foot-dragging and delay.  Further delay is not acceptable—Amazon needs to move forward on its document production expeditiously, and to the extent that we should discuss search terms prior to production of a subset of documents, those search terms should be provided as soon as possible so that there is no further unnecessary delay.


Regards,
Duane


**From:** Adler, Jason
**Sent:** Monday, November 17, 2014 6:25 PM
**To:** 'Foley, Danielle R.'; 'Feinberg, David L.'
**Cc:** Pozza, Duane; Allen, Heather Garms; 'Baldridge, J. Douglas'; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'; 'Hernacki, Andrew T.'
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Danielle and Dave—

I'm following up on my email below.  We still haven't received Amazon's proposed search terms and timeframes or any indication of when Amazon intends to produce any responsive documents or information not withheld on the basis of Amazon's various objections.  Can you please let us know when we can expect this information?

Regards,

Jason


**From:** Adler, Jason
**Sent:** Thursday, November 06, 2014 4:43 PM
**To:** Foley, Danielle R.; 'Feinberg, David L.'
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'; Hernacki, Andrew T.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Danielle and Dave—

We look forward to receiving this information.  That said, it has been two months since we served our first set of discovery requests.  In your email below, you say you cannot tell us when Amazon anticipates beginning production on *any* request because "the majority of the requests require search terms and, then, searches."  The fact that Amazon at

this point needs still more time before it will begin *discussing* those search terms and searches—yet alone running them—substantially delays discovery even further.

Also, on our call two weeks ago, we pointed out that (as mentioned in my emails below) certain categories of responsive documents are not in dispute. We identified RFP 34, which seeks documents related to the January 2014 survey of Hal Poret, as an example. Danielle agreed that production of non-privileged documents responsive to RFP 34 did not hinge on resolution of the other objections. You also agreed to check whether there were other document requests for which Amazon would begin production. Does Amazon intend to begin producing any documents and, if so, when?

Finally, we disagree with your characterization of our prior calls. To be clear, we explained that certain terms used in our discovery requests to which Amazon objected as "vague" or "ambiguous" in fact have a straightforward or plain meaning—terms like "advertising" or "marketing," which Amazon used in its own definitions and requests. Amazon has not said what other meaning those terms might have that would render them vague or ambiguous. If Amazon would like to continue to discuss that or its other objections in an effort to resolve them, as you know, we are free to discuss.

Jason

---

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Thursday, November 06, 2014 7:30 AM
**To:** Adler, Jason
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Foley, Danielle R.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Jason -

We have invited the FTC to provide us now any search terms that it proposes that we consider. You have declined, instead insisting that we first draft the search terms and then confer with you after the fact. While we disagree as to efficiency of that approach, we will be in touch next week with our proposed search terms, custodians, and time frame. Relatedly, if search terms are necessary for the FTC to respond to Amazon's document requests, please advise, as we may elect to suggest search terms to you as you are formulating them. Please let us know so that we can plan accordingly.

Again, we are working diligently to get you the other information that we discussed. We anticipate being able to do so shortly. We anticipate being able to provide you the Supplemental Response by the end of this week. We may be able to do the same with respect to the list of ████ Apps that we have discussed.

Additionally, you ask: "When does Amazon intend to begin producing any documents or information, given that there are certain requests for which there are no objections in dispute." As you know, the majority of the requests require search terms and, then, searches. Before we launch into those searches, we need to resolve our outstanding disputes, confer about the search terms, and then conduct the searches themselves so that we do not needlessly waste any time and resources. Further, as you are aware, predicting when production of documents will begin cannot be predicted without knowing the volume of data returned by the search terms. That volume must then be reviewed. As discussed, we are willing to do a rolling production, and if there are certain discrete Requests for which you would like us to consider prioritizing the search and review, please let us know so we can discuss that with you.

Finally, you ask about having a call to discuss Amazon's objections to discovery. If a call would result in the FTC responding to the requests and proposals we made in our October 28th letter, or would result in other proposals by the FTC to resolve the outstanding discovery issues, then let's set a time to do so. We do not believe it would be efficient, or productive, however, to set a call simply to rehash your position that the Requests on which we have genuine questions are "straightforward," do not require clarification, or cannot

possibly be overly broad.  We are, and remain, willing to work with you on all outstanding discovery issues, and ask that you work with us to do the same.

Dave

David L. Feinberg, Esq.  | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

---

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Wednesday, November 05, 2014 12:09 PM
**To:** Foley, Danielle R.; Feinberg, David L.
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'; Hernacki, Andrew T.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Danielle and Dave—

As we've said from the beginning, and as you know from responding to discovery in other cases, the responding party (Amazon) is responsible for locating and producing responsive documents and information, including by evaluating the documents in its possession to determine which custodians and search terms (to the extent search terms are used) are likely to locate responsive information.  Once Amazon tells us what it intends to do to locate responsive documents—the search terms and timeframes it plans to use—we can meet and confer quickly (per the ESI order) to discuss whether we think additional/different search terms are necessary.

In addition to the search methodology, Amazon has failed to timely provide other categories of information that we've requested or Amazon has offered to provide.  These include:

- When Amazon intends to begin producing any documents or information, given that there are certain requests for which there are no objections in dispute;
- As required by FRCP 33(d)(1), and as Amazon promised to give us by early last week, identification of the documents Amazon contends it has provided that would allow the FTC to derive the answer to its first interrogatory with "substantially the same burden" that it would require of Amazon; and
- As Amazon offered to give us by the middle of last week, a list of the ███ apps Amazon contends fit the limited definition of "App" it proposed in its general objections to the FTC's document requests, as well as the criteria used for selecting those apps.

Although Amazon has not provided the above information as promised, Dave indicates below that Amazon is preparing yet another letter defending its objections.  As we've explained previously, and as the Court's local rules make clear, letter-writing is not a substitute for the meet and confer process.  We have discussed Amazon's objections on two separate calls, and we are willing to have another if you believe it will be helpful in moving past some of Amazon's objections.

Please let us know if Amazon will not be ready to provide the search terms and timeframes it plans to use to respond to the FTC's discovery requests by tomorrow, 11/6 (and, if not, when Amazon will be prepared to provide that information).  Please also let us know when Amazon will provide the three categories of information outlined above that it promised to provide on our call two weeks ago.

Thanks,

Jason

---

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Tuesday, November 04, 2014 9:44 PM
**To:** Adler, Jason
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com';
'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Foley, Danielle R.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Jason –

Now it's we who don't understand.

Yesterday, you asked about supplemental searches to those run pursuant to the CID.  Per our October 28th letter, we wrote:

"[W]e remain willing to agree to a set of search terms and custodians with you.  To that end, on October 15, 2014 we provided you with a list of custodians who are likely to have discoverable information.  With respect to the custodians whose files were searched during the CID response, we are willing to discuss supplemental searches for those custodians, such as, for example, supplemental searches for documents generated after Amazon's last production pursuant to the CID.  With respect to the search terms used during the CID response, we will provide those to you under separate cover.  If there are certain search terms you propose we consider, please send them to us as soon as possible."

This follows the ESI Order, where the parties agreed:

"[T]hat they will cooperate in good faith and meet and confer regarding the formulation of appropriate search terms, custodians, and potentially relevant noncustodial sources and methodologies in advance of any ESI search that result in production of documents."

We are simply inviting (actually, re-inviting) the FTC to participate in the "search methodology" process.  If you would like to participate, please send us the FTC's proposed search terms.  If you are declining our invitation or decline to submit proposed search terms, that's fine, too.

As our multiple calls and correspondence make clear, we are actively attempting to move the "search methodology" process along.  Today, however, for the first time you requested Amazon to submit to you a proposed "search methodology" within a unilateral two-day deadline.  We continue to work with you on discovery, but I know that you know that we have ongoing discussions and open issues regarding the FTC's document requests.  While we raised several issues with you in our calls and our October 28th letter, your October 30th letter did not respond to many of the issues we raised, ignored many, if not all, of the specific examples we have given that highlight the lack of relevance, overbreadth, and undue burden of the FTC's requests, and ignored our other requests for clarification and or additional information.  While we will respond to your October 30 letter in more detail under separate cover, to the extent that the FTC would like to "avoid unnecessarily delaying this further," it would be helpful if you would respond to the requests and proposals we made in our letter, which would assist in moving this process along.

Dave

David L. Feinberg, Esq.  | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Tuesday, November 04, 2014 2:27 PM
**To:** Feinberg, David L.
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com';
'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Foley, Danielle R.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Dave—

I'm not sure I understand your response.  Are you suggesting that Amazon is waiting for us to determine how Amazon can locate responsive information?  As you know, it is Amazon's obligation as the responding party to locate and produce responsive information—including, for example, by proposing a search methodology that it believes is likely to identify responsive documents.  We're almost a month into attempting to meet and confer with you about Amazon's discovery responses and objections, and we still have not received the search methodology Amazon intends to use.  Could you please let us know Amazon's proposal by this Thursday, November 6?  We need to avoid unnecessarily delaying this further.

Jason

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Monday, November 03, 2014 9:27 PM
**To:** Adler, Jason
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com';
'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Foley, Danielle R.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Jason –

I can answer this question now.  Yes, per our October 28th letter, we're willing to continue meeting and conferring with you, including trying to agree to search terms and supplemental searches.  Does the FTC have suggested search terms that you can send to us this week so that we can evaluate them?

Dave

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Friday, October 31, 2014 9:59 AM
**To:** Feinberg, David L.
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com';
'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Foley, Danielle R.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Thanks, Dave.  In response to the FTC's first set of discovery requests, has Amazon considered running any searches beyond what's contained in this spreadsheet?  If so, could you please send them to us so we can move this forward?  If not, is it Amazon's position that the searches it ran in response to the FTC's 2012 CID (extended to the present and potentially applied to different custodians) are sufficient to identify all responsive documents and information to the FTC's discovery?

Thank you,

Jason

---

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Thursday, October 30, 2014 3:14 PM
**To:** Adler, Jason
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com';
'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Foley, Danielle R.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Jason –

Per our previous e-mail, please find attached the CID search terms, as well as a brief explanatory letter.

Dave

David L. Feinberg, Esq. | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Feinberg, David L.
**Sent:** Tuesday, October 28, 2014 4:48 PM
**To:** 'Adler, Jason'
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com';
'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Foley, Danielle R.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Jason –

Thanks for your e-mail, and apologies for the slight delay with the letter.  Please find it attached.  Please review and lets discuss.

Under separate cover we will send you the search terms.

We will address your e-mail below more fully at a later time.

Dave

David L. Feinberg, Esq. | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Tuesday, October 28, 2014 2:07 PM
**To:** Foley, Danielle R.; Feinberg, David L.
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com';
'DBurman@perkinscoie.com'; Hernacki, Andrew T.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Danielle and Dave—

I'm following up on our call last Wednesday, October 22.  We've continued to explain our concerns with Amazon's objections and responses.  Amazon has not yet told us whether it plans to withdraw any of its objections and has not offered a date by which it would begin production.  On our last call, you offered to provide certain information:

- by Friday, October 24, a letter addressing the issues we discussed on our first meet-and-confer call on October 10 and addressed in my October 16 email;
- by Friday, October 24, a list of any search terms, custodians, and timeframes Amazon used in responding to the FTC's CID;
- early this week, as required by FRCP 33(d)(1), identification of the documents Amazon contends it has provided that would allow the FTC to derive the answer to its first interrogatory with "substantially the same burden" that it would require of Amazon; and
- by the middle of this week, a list of the ▇▇▇ apps Amazon contends fit the limited definition of "App" it proposed in its general objections to the FTC's document requests, as well as the criteria used for selecting those apps.

We did not receive the letter or list of search criteria by last Friday (and have not yet received the other information).  Can you please let us know when we can expect to receive the items above?

Separately, on our call, we mentioned that because Amazon has not objected in full to every request, it should begin production of any documents and information to which it has not objected.  You agreed to check on that—can you please let us know when Amazon intends to begin producing any documents or information?  Can you also let us know whether Amazon has decided whether it will withdraw any of its objections?

Thank you,

Jason

---

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Tuesday, October 21, 2014 5:21 PM
**To:** Adler, Jason
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'; Hernacki, Andrew T.; Foley, Danielle R.
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Jason –

Let's not debate.  We will talk to you at 3:30 tomorrow.  We will take as long as it reasonably takes to discuss the outstanding issues, including the points you raise in your October 16th e-mail, though I doubt that the call will extend for hours.

Because I will be late joining the call, and because Danielle will be joining from Boston, my colleague Andrew will circulate a call-in number.

Dave

David L. Feinberg, Esq.  | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Tuesday, October 21, 2014 2:03 PM
**To:** Feinberg, David L.; Foley, Danielle R.

**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com';
'DBurman@perkinscoie.com'
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Dave—

In general, we think such limited availability makes it difficult to resolve discovery issues in a timely manner.  To move this forward, we'll make ourselves available for a call at 3:30 pm tomorrow.  Depending on Amazon's objections and the extent to which you are prepared to discuss the topics identified below, it could take longer than an hour.  Do you have conflicts after 3:30 pm tomorrow that would require us to end the call?

Separately, could you please respond to the requests summarized in my 10/16 email?

Thanks,

Jason

---

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Tuesday, October 21, 2014 9:34 AM
**To:** Adler, Jason; Foley, Danielle R.
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com';
'DBurman@perkinscoie.com'
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Jason –

     We disagree with your characterization of our discussions, your contention that we have "delay[ed]" providing information, or have been "unreasonable" in our efforts to discuss these issues with you.  Frankly, we do not understand why you persist in trying to build a record that Amazon has somehow failed to meet and confer in good faith.  That is simply not true.  We are, have been, and continue to be, willing to engage in good faith to meet and confer regarding Amazon's objections to the Plaintiffs' discovery requests.  As you know, on October 10th we spoke to you uninterrupted for an hour and a half.  Although that call was set for an hour, we stayed on the phone as long as we could to try to resolve as many issues as possible.  As we discussed at the time, however, we were unable to stay on the phone longer that day due to previously scheduled commitments.  In the future, if you anticipate that a call will last over an hour, much less over an hour and a half, please give us advance notice so that we can plan accordingly.

     Last week, we advised you that we were available for a call either today or tomorrow after 3:30pm.  Perhaps you overlooked that information when you instead requested that we be available at times before 3:30 pm.  Danielle is currently in trial on another matter.  Just as we will take into account your schedule and other commitments in scheduling calls, we ask that you do the same with regard to our schedules.  However, to be clear, that we cannot be available at the time and date that you unilaterally pick, does not mean that Amazon is failing to engage in the discovery process in good faith.

     We will make ourselves available at a mutually convenient time to continue our discussions.  We are available to continue the meet and confer call today at 3:30 or later (though it sounds like this time will not work for you), tomorrow at 3:30 or later, and, additionally, Friday, so long as the call ends no later than 3:00 p.m.

Dave

David L. Feinberg, Esq. | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Monday, October 20, 2014 11:47 AM
**To:** Foley, Danielle R.; Feinberg, David L.
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; 'HSchneider@perkinscoie.com';
'DBurman@perkinscoie.com'
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Danielle and Dave—

We would like to continue our call as soon as possible.  Understanding you're not available today or until late tomorrow, let's try Wednesday.  We generally are free on Wednesday until 3:45 pm, and recommend a call at 10:00 am or 1 pm.  Please let us know if that works.

Based on Dave's email, we think it's necessary to clarify a few points about our discussion to date.  We requested you meet and confer about Amazon's discovery responses and objections on October 7 and scheduled a call for October 10.  We were prepared to discuss Amazon's objections and responses in full on that date.  Because you were unable to stay on that call for the duration, we were unable to complete our meet-and-confer.  When we did not hear anything from you about completing that call, I emailed twice to follow up.  We heard nothing about continuing our meet-and-confer until Dave's 10/17 email, a week after our call.  In that email, rather than agree to continue our call promptly, Dave advised that Amazon might be writing a letter early this week and that Amazon would "set a call" only after we'd reviewed that letter.

If you have written a letter addressing any aspect of our meet-and-confer, you should feel free to send it.  In any event, we would like to know your responses to the items summarized in my 10/16 email, which you agreed to discuss with your client after our 10/10 call.  But unilaterally postponing the meet-and-confer process (which requires a face-to-face meeting or telephonic conference) with a letter-drafting exercise that takes over a week to complete interferes with the efficient resolution of discovery disputes.  Moreover, we have accommodated your schedules in setting calls, but it is unreasonable for a single attorney's travel schedule to disrupt the meet-and-confer process for over a week, and it contributes to what is turning into a consistent pattern of delay by Amazon.

At this point, we need to move forward with the meet-and-confer process as contemplated by this Court's local rules.  We expect on our next call Amazon will be prepared to discuss the items raised on our 10/10 call (including those summarized in my 10/16 email below), any electronic searches that Amazon plans to conduct, and the timing of production.

Regards,

Jason

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Friday, October 17, 2014 5:16 PM
**To:** Adler, Jason
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; Foley, Danielle R.; 'HSchneider@perkinscoie.com';
'DBurman@perkinscoie.com'
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Jason –

I hope your e-mail is based on a misunderstanding on your part.  We're not "unwilling" to continue that call this week, we're <u>unable</u> to continue the call this week.  As you know, Danielle is a "team lead" on discovery and, as I mentioned to Duane a few days ago, she has been out of the office.  She is also out of the office today for trial prep.

We've been engaging with you and your team in good faith on discovery and related issues for weeks.  We are participating in meet and confer sessions.  We're the party who invited you to meet and confer about the FTC's discovery, over which you know we have serious disagreements.  We met with you for an hour and a half last Friday to discuss those disagreements.  Today, I offered to write you a letter to respond to the concerns you raised yesterday, as well as several other points that we discussed last week – indeed, points <u>where you requested, and we agreed, to provide you even more information on why numerous of your requests are overbroad and pose an undue burden</u>.  I take it that you are declining the offer.

As we discussed with you last week, and as I reiterated this morning, we're willing to continue our meet and confer with you, per the local rules.  But if you're suggesting that a call take place on Monday, we're simply not in a position to do so.  The very earliest that we are available at 3:30 or later on Tuesday.  Or feel free to suggest several other dates (afternoons are best after 3:30), which will help set the call for a mutually convenient time.


Dave

David L. Feinberg, Esq.  | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Friday, October 17, 2014 12:53 PM
**To:** Feinberg, David L.
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; Foley, Danielle R.; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'
**Subject:** Re: Amazon - Objections and Responses to the FTC's Discovery


Dave--

I think that would create further unnecessary delay in discovery and in our discussion, which we have been unable to complete because counsel for Amazon could not stay on last week's call and has been unwilling to continue that call this week. It has been almost two weeks since Amazon served its objections and responses--which unilaterally defer production until we agree on a convenient time--on 10/6. The Court's local rules require both parties to participate in meet-and-confers to resolve discovery disputes such as the one at hand. Please let us know if you are unwilling to continue that discussion by phone on Monday.


Regards,


Jason

**From**: Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent**: Friday, October 17, 2014 12:29 PM
**To**: Adler, Jason
**Cc**: Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas <JBaldridge@Venable.com>; Foley, Danielle R. <DRFoley@Venable.com>; 'HSchneider@perkinscoie.com' <HSchneider@perkinscoie.com>; 'DBurman@perkinscoie.com' <DBurman@perkinscoie.com>
**Subject**: RE: Amazon - Objections and Responses to the FTC's Discovery

Jason –

Thanks for your note.

I think it makes sense and would be beneficial to respond to your points below, as well as several other points that we discussed last week, in a letter that would help establish a framework for further discussion and that could also hopefully narrow the areas of disagreement between us.

I need to confer with our team, but presently anticipate being able to get you that letter early next week.  After you review, we can set a call for part two of the meet and confer.

Have a good weekend.

Dave


**David L. Feinberg, Esq.** | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Thursday, October 16, 2014 5:03 PM
**To:** Feinberg, David L.
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; Foley, Danielle R.; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Dave—

I'm following up on the email below.  Since you and Danielle were unable to finish our call last Friday, we have some issues remaining.  Can you please let us know when you're available to discuss?

In any event, without summarizing every area of dispute, I'm following up on a few items in the interest of moving this forward efficiently:

- Amazon makes over a dozen general objections to the responses and interrogatories.  Amazon responds to particular requests "subject to" those objections, but does not explain with any specificity how the objections limit the scope of Amazon's response.  Without this information, for each document request and interrogatory, the FTC is left to guess whether Amazon has responsive documents but is not producing them.  As we discussed, for each request, Amazon should identify whether there are responsive documents that it is withholding from production and on what basis.  Has there been any progress on this front?

- Amazon objects to the time period of the document requests (January 1, 2011 to present) and interrogatory as "overly broad and unduly burdensome," refusing to produce any documents that were not "created" on or after November 1, 2011, the date Amazon "offered in-App purchasing."  Resp. to Plaintiff's First Interrogatories, p. 2, ¶3; Resp. to Plaintiff's First Document Requests, p. 2, ¶3.  As we explained on the call, documents that were created between January 1 and October 31, 2011 would be relevant to claims and defenses in this case even if in-app purchasing was not yet launched.  Amazon provides no basis for refusing to produce responsive documents created before November 1, 2011 for any document request or interrogatory.  As we explained, Amazon's production in response to the FTC's August 2012 Civil Investigative Demand included certain pre-11/11 documents.  You asked for an example; I'm attaching AMZN000225, a May 2011 internal memorandum

titled "Amazon Appstore: In-App Purchasing Review (May 16, 2011)" discussing the implementation of Amazon's in-app charge framework.  Please let us know if Amazon will withdraw this objection.

- Amazon objects that many requests seek information that is "publicly available."  That is not a valid objection.  *E.g., Hill v. Asset Acceptance, LLC*, No. 13CV1718–BEN (BLM), 2014 WL 3014945, at *7 (S.D. Cal. July 3, 2014) (granting plaintiff's motion to compel where defendant objected that requested records were "publicly available").  Amazon does not appear to be claiming that responsive documents are not in its possession, just that the documents or information may also be accessible through other means.  Because this is not an appropriate basis for objecting to production of discoverable information, Amazon should withdraw this objection.

Please feel free to give us a call if you'd like to discuss.

Regards,

Jason

---

**From:** Adler, Jason
**Sent:** Wednesday, October 15, 2014 5:23 PM
**To:** 'Feinberg, David L.'
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; Foley, Danielle R.; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Dave—

Just following up on our call last Friday to meet and confer about Amazon's responses and objections to the FTC's first set of document requests and interrogatories.  We're generally available tomorrow afternoon to continue that discussion.  What times work for you?

Thanks,

Jason

---

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Wednesday, October 08, 2014 7:30 PM
**To:** Adler, Jason
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; Foley, Danielle R.; 'HSchneider@perkinscoie.com'; 'DBurman@perkinscoie.com'
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Let's use the following call-in number:

1-866-370-8830

Code:

1279 8839

Dave

David L. Feinberg, Esq.  |Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080

575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Wednesday, October 08, 2014 6:19 PM
**To:** Feinberg, David L.
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; Foley, Danielle R.; 'HSchneider@perkinscoie.com';
'DBurman@perkinscoie.com'
**Subject:** Re: Amazon - Objections and Responses to the FTC's Discovery

1:30 EST works for us. Please let us know what number we should call.

Thanks,

Jason

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent**: Wednesday, October 08, 2014 05:06 PM
**To**: Adler, Jason
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas <JBaldridge@Venable.com>; Foley, Danielle R.
<DRFoley@Venable.com>; 'HSchneider@perkinscoie.com' <HSchneider@perkinscoie.com>; 'DBurman@perkinscoie.com'
<DBurman@perkinscoie.com>
**Subject**: RE: Amazon - Objections and Responses to the FTC's Discovery

Jason –

How about 1:30 or later on Friday.

Dave

David L. Feinberg, Esq. | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Wednesday, October 08, 2014 3:28 PM
**To:** Feinberg, David L.
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; Foley, Danielle R.; 'HSchneider@perkinscoie.com';
'DBurman@perkinscoie.com'
**Subject:** Re: Amazon - Objections and Responses to the FTC's Discovery

Unfortunately, we have a conflict then. We're pretty open on Friday--what works on your end?

Thanks,

Jason

**From**: Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent**: Wednesday, October 08, 2014 11:49 AM
**To**: Adler, Jason
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas <JBaldridge@Venable.com>; Foley, Danielle R.
<DRFoley@Venable.com>; 'Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com)

26

<HSchneider@perkinscoie.com>; 'Burman, David J. (Perkins Coie)' (DBurman@perkinscoie.com)
<DBurman@perkinscoie.com>
**Subject**: RE: Amazon - Objections and Responses to the FTC's Discovery

Jason –

Sorry, tomorrow at 3:00 p.m. doesn't work on our side.  Can you do 4:30 p.m. tomorrow instead?

Dave

David L. Feinberg, Esq.  | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Tuesday, October 07, 2014 2:44 PM
**To:** Feinberg, David L.
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; Foley, Danielle R.; 'Schneider, Harry (Perkins Coie)'
(HSchneider@perkinscoie.com); 'Burman, David J. (Perkins Coie)' (DBurman@perkinscoie.com)
**Subject:** RE: Amazon - Objections and Responses to the FTC's Discovery

Thanks, Dave.  We've reviewed Amazon's objections and responses to the FTC's first set of document requests and
interrogatory.  As discussed, we'd like to meet and confer about the objections and responses this week.  We could do
this Thursday, October 9 at 3 PM EST.  Please let us know your availability.

Regards,

Jason

**Jason M. Adler**
Division of Financial Practices
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Avenue NW, CC-10232
Washington, DC  20580
(202) 326-3231
jadler@ftc.gov

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Monday, October 06, 2014 5:35 PM
**To:** Adler, Jason
**Cc:** Pozza, Duane; Allen, Heather Garms; Baldridge, J. Douglas; Foley, Danielle R.; 'Schneider, Harry (Perkins Coie)'
(HSchneider@perkinscoie.com); 'Burman, David J. (Perkins Coie)' (DBurman@perkinscoie.com)
**Subject:** Amazon - Objections and Responses to the FTC's Discovery

Jason –

Please see the attached.

Dave

David L. Feinberg, Esq.  | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080

575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

****************************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
****************************************************************************

****************************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
****************************************************************************
****************************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
****************************************************************************
****************************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
****************************************************************************
****************************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
****************************************************************************
****************************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
****************************************************************************
****************************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
****************************************************************************

****************************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
****************************************************************************
****************************************************************************
This electronic mail transmission may contain confidential or privileged information. If
you believe you have received this message in error, please notify the sender by reply
transmission and delete the message without copying or disclosing it.
****************************************************************************

```
************************************************************
```
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
```
************************************************************
```

```
************************************************************
```
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
```
************************************************************
```

```
************************************************************
```
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
```
************************************************************
************************************************************
```
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
```
************************************************************
```

```
************************************************************
```
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
```
************************************************************
************************************************************
```
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
```
************************************************************
************************************************************
```
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
```
************************************************************
```

```
************************************************************
```
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
```
************************************************************
```

```
************************************************************
```
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
```
************************************************************
```

Ex. G

**Allen, Heather Garms**

| | |
|---|---|
| **From:** | Adler, Jason |
| **Sent:** | Monday, April 20, 2015 6:30 PM |
| **To:** | 'Foley, Danielle R.'; Hernacki, Andrew T.; Baldridge, J. Douglas; 'Hanson, Jeff  (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com)'; ''Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com)'; 'dburman@perkinscoie.com'; Feinberg, David L. |
| **Cc:** | Pozza, Duane; Allen, Heather Garms |
| **Subject:** | RE: FTC v. Amazon |

Danielle—

Amazon has not produced or has produced only small quantities of documents responsive to many of the requests for production the FTC issued seven and a half months ago. We understand Amazon is searching for documents using search strings, including the search strings Amazon used to respond to the FTC's Civil Investigative Demand and modified versions of the search strings Amazon proposed to respond to the FTC's requests. We expect that those strings will yield responsive documents. If they are not yielding documents responsive to the FTC's requests, please let us know now, as Amazon should identify an alternative means to locate and produce responsive documents.

We look forward to hearing from you about the status of Amazon's data production. If Amazon has collected data responsive to one interrogatory but not another, please produce what has been collected.

Your email also asks about the FTC's production. As mentioned in my 4/7 email to Dave, we expect to continue producing responsive documents to Amazon's requests this month.

Regards,

Jason

---

**From:** Foley, Danielle R. [mailto:DRFoley@Venable.com]
**Sent:** Friday, April 17, 2015 5:12 PM
**To:** Adler, Jason; Hernacki, Andrew T.; Baldridge, J. Douglas; 'Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com)'; ''Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com)'; 'dburman@perkinscoie.com'; Feinberg, David L.
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** RE: FTC v. Amazon

Jason –

To date, we have made 11 separate productions totaling over 31,629 pages of documents.  We anticipate producing at least another 8,000 pages next week, if not more.  We will continue to review and produce responsive documents on a rolling basis.  With regard to your comment that you have not received "large swaths of documents," as we discussed in the past, please keep in mind that while we have collected and are reviewing a large number of documents based on the agreed-upon search terms, those search terms have yielded largely non-responsive documents.  We are continuing to review the remaining documents and will produce them as expeditiously as we can.

Also, with respect to the transaction-level data, we are working to finalize the data set for production.  For understanding production and storage issues, I understand that it may be more useful to discuss the data in terms of the number of rows rather than GBs or TBs.  To that end, I understand that the data includes several million rows of tab delimited data. I hope to have a more detailed estimate early next week and will provide that information when I do.

Finally, following up on our prior discussions and correspondence about the FTC's production, please advise when we will receive your next production.  To date, we have received one production of consumer contacts and documents obtained from app developers, but we have not received any documents from the FTC in over a month.

Thanks and have a good weekend –

Danielle R. Foley, Esq.  | Venable LLP
t 202.344.4343 | f 202.344.8300
575 7th Street, NW, Washington, DC 20004

DRFoley@Venable.com | www.Venable.com

---

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Thursday, April 16, 2015 1:00 PM
**To:** Foley, Danielle R.; Hernacki, Andrew T.; Baldridge, J. Douglas; 'Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com)'; ''Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com)'; 'dburman@perkinscoie.com'; Feinberg, David L.
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** RE: FTC v. Amazon

Danielle and Dave—

I'm following up on my email from last month about the status of Amazon's data production. We haven't heard back. In February, Danielle mentioned Amazon had collected terabytes of data in response to the FTC's interrogatories. To date, we haven't received any of it. Can you please let us know where that production stands?

Similarly, by early January, we'd resolved any disputes over the search strings Amazon planned to run on at least 26 custodians to respond to our discovery requests. We haven't received much resulting from those searches. Can you please let us know the status?

We understand Amazon decided to conduct a rolling production, but we need that production to proceed expeditiously. We still haven't received large swaths of documents and data Amazon has agreed to produce in response to requests we issued last fall. As we've previously explained, if Amazon does not produce the requested documents and data in a timely manner, we will need to seek recourse from the court.

As always, we're free to discuss these issues by phone.

Regards,

Jason

---

**From:** Adler, Jason
**Sent:** Tuesday, March 17, 2015 5:10 PM
**To:** Foley, Danielle R.; Hernacki, Andrew T.; Baldridge, J. Douglas; 'Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com)'; ''Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com)'; 'dburman@perkinscoie.com'; 'Feinberg, David L.'
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** RE: FTC v. Amazon

Danielle—

I'm following up on your 2/27/15 letter concerning Amazon's interrogatory responses, in which you mention that we'll need to discuss the logistics of producing responsive data. We can have that conversation as soon as you're available, and we can involve litigation support personnel from our side if that's helpful. Please let us know when we should set up a call.

Separately, your letter addresses Amazon's 12/11/14 response to Interrogatory No. 4. Amazon has objected to the portions of Interrogatory No. 4 that would involve providing consumer contact information. While we dispute the applicability of Amazon's objections to those portions, we have asked Amazon to answer the remainder of the interrogatory. Apparently relying on FRCP 33(d), Amazon has said it "will provide customer contact documents" from which the FTC should be able to extract certain information responsive to the interrogatory. Based on Amazon's representation that its production will include "all of the different types of customer contacts Amazon received about in-App purchases," we understand the customer contact documents will encompass every inquiry "questioning whether a charge was authorized or requesting a refund related to an In-App Charge[,]" whether by email or otherwise.

That said, we have at least two concerns with Amazon's apparent reliance on FRCP 33(d). First, Amazon's current response to Interrogatory No. 4 does not identify any responsive documents, yet alone "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]" FRCP 33(d). We expect that Amazon will amend its answer to Interrogatory No. 4 to specify the records it contends are responsive. Second, it is not clear that, even if Amazon amends its response to Interrogatory No. 4, the "burden of deriving or ascertaining the answer will be substantially the same" for the FTC as it would be for Amazon. FRCP 33(d). Amazon's internal documents show that Amazon tracks refund denials for in-app charges; the burden to Amazon of providing that information is likely significantly less than the burden the FTC would incur combing through customer contact documents to cobble together an answer. Indeed, it is not clear that it will be possible for the FTC to find requested information such as, for example, "the reason for the [refund] denial, if any." If Amazon does not state its reason for denying a refund in the consumer communication, the FTC is still entitled to that information.

We are happy to discuss these issues now to avoid further delay in obtaining this information.

Regards,

Jason

---

**From:** Feinberg, David L. [mailto:DLFeinberg@Venable.com]
**Sent:** Friday, February 27, 2015 8:12 PM
**To:** Adler, Jason
**Cc:** Pozza, Duane; Allen, Heather Garms; Foley, Danielle R.; Hernacki, Andrew T.; Baldridge, J. Douglas; 'Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com)'; ''Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com)'; 'dburman@perkinscoie.com'
**Subject:** RE: FTC v. Amazon

Jason –

On Danielle's behalf, please see the attached.

Dave

David L. Feinberg, Esq. | Venable LLP
t 202.344.8278 | f 202.344.8300 | m 301.395.7080
575 7th Street, NW, Washington, DC 20004

DLFeinberg@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Thursday, February 26, 2015 2:42 PM

**To:** Foley, Danielle R.; Feinberg, David L.; Hernacki, Andrew T.; Baldridge, J. Douglas; 'Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com)'; ''Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com)'; 'dburman@perkinscoie.com'
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** RE: FTC v. Amazon


Danielle—

We look forward to hearing from you. As I mentioned on our call last Friday, we have run the search strings you confirmed earlier this month and have been diligently reviewing and preparing the documents for production. We anticipate making another production next week.


Regards,

Jason

---

**From:** Foley, Danielle R. [mailto:DRFoley@Venable.com]
**Sent:** Wednesday, February 25, 2015 12:02 PM
**To:** Adler, Jason; Feinberg, David L.; Hernacki, Andrew T.; Baldridge, J. Douglas; 'Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com)'; ''Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com)'; 'dburman@perkinscoie.com'
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** RE: FTC v. Amazon

Jason – Thanks for the email.  We are working on the timelines and will endeavor to get back to you on that and the other issues identified below this week.  As we also discussed on our call, please let me know what the FTC's anticipated schedule is for production.  We are still waiting to get the first set of documents from the FTC's review of its customer complaint database and the documents the FTC received from App developers.


Thanks
Danielle

---

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Tuesday, February 24, 2015 9:08 AM
**To:** Foley, Danielle R.; Feinberg, David L.; Hernacki, Andrew T.; Baldridge, J. Douglas; 'Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com)'; ''Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com)'; 'dburman@perkinscoie.com'
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** RE: FTC v. Amazon


Danielle—

I'm following up on our discussion this past Friday about the timing and format of Amazon's production. You mentioned that Amazon does not plan to complete its production of outstanding documents and information by the 2/20/15 and 3/13/15 dates we proposed. We understand that you are aiming to propose an alternative schedule this week. Can you confirm that you will send us Amazon's proposal by the end of the week (if not sooner)? Additionally, you had mentioned that Amazon has collected a large quantity of data and wanted to discuss how to produce it. As I mentioned, if you can let us know the quantity of data (how many MBs, for example) and the format of the data (SQL, for example) as soon as possible, we can relay that information to our technical support personnel and quickly determine how to proceed.

Separately, based on our February 3 call and subsequent discussions, we understand that Amazon is collecting and will produce available documents and data responsive to Request Nos. 1, 4, and 37, and Interrogatory No. 2, including for pre-High-Risk-ASIN-list apps that would have qualified for the list. But we have not been able to resolve Amazon's objections to producing consumer-identifying information in response to Interrogatory No. 4. We've discussed at length why Amazon's objections are inapplicable to the information this interrogatory is seeking. In any event, Amazon has not responded to Interrogatory No. 4 even in part—including by identifying each consumer request for a refund or contact about an unauthorized charge that did not result in a refund and the basis for any refund denial. Notwithstanding that certain aspects of the interrogatory remain in dispute, Amazon should respond to Interrogatory No. 4 and redact any consumer contact information it is refusing to provide based on its objections. Can you confirm that Amazon will do so?

Regards,

Jason

---

**From:** Adler, Jason
**Sent:** Wednesday, February 18, 2015 8:26 PM
**To:** 'Foley, Danielle R.'; 'Feinberg, David L.'; 'Hernacki, Andrew T.'; 'Baldridge, J. Douglas'; 'Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com)'; ''Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com)'; 'dburman@perkinscoie.com'
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** RE: FTC v. Amazon

Danielle—

During our 2/3/15 call, we proposed a production schedule for Amazon's responses to the FTC's discovery, under which Amazon would produce documents and information it identified would be located through data or document pulls by 2/20/15, and any remaining documents and information by 3/13/15. If that schedule works for Amazon, please let us know; if not, please let us know what schedule would work for Amazon to produce the outstanding documents and information.

Regards,

Jason

---

**From:** Adler, Jason
**Sent:** Monday, February 02, 2015 11:21 AM
**To:** 'Foley, Danielle R.'; Feinberg, David L.; Hernacki, Andrew T.; Baldridge, J. Douglas; Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com); 'Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com); dburman@perkinscoie.com
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** RE: FTC v. Amazon

Danielle—

We can discuss tomorrow at 2:00 pm EST.  Please let us know if we should use a call-in number or if you'd like us to call you in your office.

Regards,

Jason

---

**From:** Foley, Danielle R. [mailto:DRFoley@Venable.com]
**Sent:** Friday, January 30, 2015 2:36 PM

**To:** Adler, Jason; Feinberg, David L.; Hernacki, Andrew T.; Baldridge, J. Douglas; Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com); 'Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com); dburman@perkinscoie.com
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** RE: FTC v. Amazon

Jason – We remaining willing to discuss these issues and welcome the opportunity to continue our dialogue.  Unfortunately, we cannot make a call on Monday.  We are generally available on Tuesday.  Let us know what works for you then.

Thanks –
Danielle

---

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Friday, January 30, 2015 12:29 PM
**To:** Foley, Danielle R.; Feinberg, David L.; Hernacki, Andrew T.; Baldridge, J. Douglas; Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com); 'Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com); dburman@perkinscoie.com
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** RE: FTC v. Amazon

Danielle--

We don't think there is a disconnect in our discussions, just a disagreement. When Amazon says it will produce only "reasonably available" documents or information, that's just another way of perpetually maintaining boilerplate burden objections without (as is required) explaining the alleged burden. It unnecessarily obscures what Amazon will and will not produce and indefinitely delays production of the requested information. Similarly, Amazon continues to stand on its privacy objections without specific authority, with vague reference to a "compelling need" standard, and without regard to the narrow set of information that the interrogatory actually seeks.

You ask below whether the FTC "really" thinks Amazon should produce the full list of wrap-up codes. Aside from our first set of discovery requests, we've specifically asked for that information now at least three separate times. Please provide it.

If we find it necessary to attach additional documents to a motion to compel, we will be in touch if those documents are designated confidential. In the future, we will understand the absence of any confidentiality designation to mean that Amazon does not consider the document confidential under the protective order for this case.

In light of these disagreements and the extensive discussions we have had about these issues, we don't see how another call to reiterate those positions will be productive at this point. With that said, if you would like, we can be available for a call on Monday between 10 am and 2 pm EST.

Regards,

Jason

-------- Original Message --------
Subject: RE: FTC v. Amazon
From: "Foley, Danielle R." <DRFoley@Venable.com>
To: "Adler, Jason" <jadler@ftc.gov>, "Feinberg, David L." <DLFeinberg@Venable.com>, "Hernacki, Andrew T." <ATHernacki@Venable.com>, "Baldridge, J. Douglas" <JBaldridge@Venable.com>, "Hanson, Jeff  (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com)" <JHanson@perkinscoie.com>, "'Schneider,

6

Harry   (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com)"
<HSchneider@perkinscoie.com>, dburman@perkinscoie.com
CC: "Pozza, Duane <dpozza@ftc.gov>, "Allen, Heather Garms" <hallen@ftc.gov>
Date: Thu, January 29, 2015 5:06 PM

Jason –

The High-Risk ASIN list that Amazon provided on November 10, 2014 at Amazon_00000001-00000117 is
confidential and should be treated accordingly under the Protective Order. It was inadvertently produced
without a Confidential label. To clear up any confusion, please replace all copies of the prior document with the
attached version that is marked Confidential.   To the extent you intend to file a motion to compel, the specific
information contained in the High-Risk list is not relevant to any of the purported disputes you list below and
certainly there is no need to attach all 117 pages.  Local Rule 5(g) requires the parties to consider ways to
minimize what is filed under seal.  Accordingly, please advise what, if any, part of the list you intend to file.

With the respect to the rest of the issues you raised, there appears to be a significant disconnect between our
prior discussions and agreements regarding discovery and your email below.   I lay out a few key issues below,
and suggest we have a call to discuss any remaining issues:

- With respect to Request No. 37 and Interrogatory No. 2, your email does not accurately reflect what
  Amazon has agreed to produce.  As you know, you have requested over 18 data points for each of the
  millions of individual IAP transactions through the Amazon Appstore since November 2011.  Despite the
  burden to do so, we have agreed to produce this data to the extent it is reasonably available.  We will do
  so not only for the ▮▮▮ Apps on the High-Risk list, but also for any App that Amazon can identify met
  the criteria for the High-Risk list (e.g., child-directed or refund rate above ▮% in a given month) prior to
  the list's creation in 2013.  As we have explained in multiple letters and telephone calls, to do so will
  take significant effort not only to identify the relevant Apps, but also to pull all of the different data
  points that you request, if available, at all.  We are working diligently to do so.  There is nothing to
  compel.

- The transaction-level data will be produced in addition to the aggregate data described in my December
  19, 2014 letter.  We have not changed that position.  RFP No. 1 asked for certain information by App,
  and because we will be producing the transaction-level data for those Apps, the transaction-level data
  will also be responsive to RFP No. 1.  If there is some confusion about this, please let me know and we
  can discuss it.

- On the wrap-up codes, there continues to be a disconnect.  Amazon is not withholding relevant wrap-up
  codes or refusing to search customer contacts by relevant wrap-up codes.  As we explained before, the
  list you sent us does not appear on any list of wrap-up codes we have, so producing lists of wrap-up
  codes that have nothing to do with this lawsuit will not address your question.  We are working to figure
  out exactly what the codes are you provided and how they are used.  In the meantime, we are moving
  forward with the 119 wrap-up codes that we previously agreed to use.  (*See, e.g.,* January 12, 2015
  Email from Hernacki to Adler (attaching updated list of codes per January 12, 2015 meet and
  confer).)  Nonetheless, if the FTC really wants the lists of all wrap-up codes to confirm what we have
  already explained, we will produce those as well.

- On the issue of why each app appears on the High-Risk list and when it was placed on the list, we have
  previously agreed to produce this information.  (*See, e.g.,* January 7, 2015 letter from Foley to Adler at 4-
  5; January 28, 2015 Email from Foley to Adler.).  Again, there is nothing to compel.

- You complain that we have not produced documents in response to RFPs for which no search terms are
  required.  You do so by citing one RFP.  However, this ignores the reality that Amazon has already
  produced over a thousand pages of documents in response to a number of such RFPs, not to mention

the hundreds of thousands of pages of responsive documents Amazon produced in response to the CID. (*See, e.g.*, RFPs #3, 6, 10, 31, and 33(b); November 10, 2014 Email from Feinberg to Adler; January 2, 2015 Letter from Foley to Adler; January 23, 2015 Letter from Foley to Adler.)  We produced documents just last week and informed you that we will anticipate making another document production next week.  Overlooking these productions, you raise a single Request – Request No. 34 – in support of your argument that we have "delayed" production.  We have done no such thing.  In good faith, we investigated this issue and have not located any responsive non-privileged documents.

- Your complaint seems to boil down to a complaint that we have not produced documents fast enough or according to some schedule you never even proposed (much less that we agreed to).  But, as you know, we painstakingly negotiated at length with you the search terms that would be used and the scope of the production we would make in response to the FTC's 44 separate document Requests.  We have applied those terms to the hundreds of gigabytes of data that we have collected, and are processing and reviewing those documents now.  We will produce the responsive documents to you as quickly as we can and will do so on a rolling basis to expedite the production.  Again, we cannot do it overnight, but that does not mean we are engaging in a "deliberate pattern of delay."

- Finally, for the reasons we discussed during our call on January 12th, Amazon stands on its objections to Interrogatory No. 4.  The FTC has not demonstrated any need, much less a compelling one, to justify the intrusion into the privacy of Amazon's customers that would result from the FTC's discovery of the names and contact information of Amazon customers who made in-app purchases, so that the FTC can interview and possibly depose those customers about their private reading and viewing choices.

We are available anytime tomorrow before 2pm to discuss.

Danielle

---

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Thursday, January 29, 2015 1:10 PM
**To:** Foley, Danielle R.; Feinberg, David L.; Hernacki, Andrew T.; Baldridge, J. Douglas; Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com); 'Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com); dburman@perkinscoie.com
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** RE: FTC v. Amazon

Danielle—

Thank you for your response concerning the confidentiality designations in the documents I identified.  Relatedly, the High-Risk ASIN list that Amazon provided on November 10, 2014 at Amazon_00000001-00000117 was not designated as confidential.  We understand that the document and any discussion of it in our emails or briefing would not need to be redacted or filed under seal.  If you disagree, please let us know immediately.

Regarding your questions about filing these documents, Amazon cannot possibly be confused about the issues on which we'd move to compel.  The issues in dispute are laid out in detail in our correspondence since October 2014, and clarified once again in my January 15, 2015 email.  We've also emailed you about certain issues without receiving any response or to which you have not responded until a motion to compel was imminent (sampling attached).  Outright failure to respond to basic questions for weeks or months (if at all) is a large part of why we're forced to seek recourse from the Court.  In your email below, you mention that Amazon determined it would produce certain transaction-level data last week but did not tell us until now, after we informed you that we'd be filing a motion to compel imminently, because it was waiting to provide a

"comprehensive response[.]"  Given that you agreed to follow up with us by 1/16/15 (and did not), and that our 1/15/15 and 1/21/15 emails inquiring about this data went unanswered, nearly *any* timely response would have been better.

As a recap, the remaining issues include the following:

- With respect to Request Nos. 1, 4, 37, and Interrogatory No. 2, we understand that Amazon will produce responsive documents relating to apps on its High-Risk ASIN list.  But Amazon's position appears to be that it is not sure whether it can identify whether an app was child-directed, had a refund rate above █% in a given month, or included in-app charges costing more than $20 prior to the list's creation in mid-2013.  That's hard to square with Amazon's data, including the monthly revenue and refund data Amazon provided in its CID response for a sampling of apps in October 2012.  We need a court order compelling Amazon to produce documents and information relating to the pre-list apps.  Moreover, your email from yesterday appears to change what Amazon has agreed to produce once again.  You state that the transaction-level data relating to High-Risk apps in response to Interrogatory No. 2 should be sufficient to respond to Request No. 1, but Amazon previously committed to producing aggregate data for the Appstore in response to Request No. 1.  We need firm deadlines by which Amazon will produce documents and information responsive to Request Nos. 1, 4, and 37, and Interrogatory No. 2, including the aggregate data, the explanation of why individual apps were added to the High-Risk ASIN list, and the documents and information relating to pre-list apps.

- With respect to the data requested in Interrogatory No. 2, we understand that Amazon is still determining whether it can provide certain information about the transactions at issue, including, for example, the type of password prompt triggered.  Amazon's position seems to be that it cannot say whether or which password prompt it displayed before billing for in-app charges in particular apps, even knowing the exact time at which the charge occurred.  You say that Amazon will provide the requested information if it can "reasonably identify" it.  That sounds like a burden objection, and we don't believe Amazon's objections articulate any justifiable basis for refusing to produce the information on account of burden.  Again, we need a court order with deadlines by which Amazon will produce this information.

- Your email does not address Interrogatory No. 4, which I've emailed about (without response) most recently on 1/15/15 and 1/21/15.  Amazon objected on privacy grounds, despite the fact that there's a protective order in place, and despite the fact that the request for consumer contact information is coming from a law enforcement agency with consumer protection obligations attempting to enforce consumers' statutory protections.  Interrogatory No. 4 seeks contact information for those consumers who contacted Amazon about an in-app charge but failed to obtain a refund, as well as Amazon's reason for any refund denial.  It does not request any expressive content.  When we asked as a starting point about the number of consumers responsive to Interrogatory No. 4—clearly not "private" information— you refused to tell us.  When we asked (including by email on 1/15/15) for authority suggesting that there is a valid privacy objection in this context, including under the VPPA, Amazon did not provide any.  We need the Court to compel Amazon to withdraw its objections to Interrogatory No. 4 immediately.

- The explanation we received on 1/21/15 about why Amazon will not produce the full list of wrap-up codes (requested by email on 12/29/14, 1/15/15, and 1/21/15), a list that (a) would allow us to agree on the relevant wrap-up codes efficiently and (b) is responsive to our discovery requests (Request Nos. 11-13, for example), makes no sense.  We are trying to agree on the full list of relevant wrap-up codes.  You've given us a subset of codes, but because it did not appear to capture all relevant codes, we requested the full list.  You say we do not need the full list because you've given us all the relevant codes you know of—but that's exactly what we're disputing.  (Moreover, despite your insistence that the codes Amazon gave us in the "CSC_IAP" Excel file on 2/25/2013 are not actually wrap-up codes, you've

been unsuccessfully "trying to figure out what the codes" are for weeks.  If they're not wrap-up codes, what are they?)  We need the Court to compel Amazon to produce the full list of wrap-up codes.

- Amazon has failed to produce substantial documents or information since the outset of discovery, and has refused to provide any production timeline beyond vague promises of a rolling-basis production that will end well before June 2015.  Amazon's consistent refusal to respond to basic questions about discovery as well as its deliberate pattern of delay in producing requested documents or information prejudices the ability of the FTC to continue to conduct discovery (including depositions) in a timely manner and further delays the Court's ability to grant effective relief for injured consumers.  For example, during our 10/22/14 meet-and-confer call, I asked whether there were categories of documents not in dispute that Amazon could produce, specifically mentioning Request No. 34.  You agreed to look into this.  We did not hear back, and you haven't responded to my 10/28/14 and 11/6/14 emails following up about Request No. 34.  Recognizing there are requests to which Amazon expects to produce responsive information without electronic searches, we anticipate that Amazon can provide responsive documents and information for those requests at an earlier date than the rest.  We need a Court order to provide tiered deadlines by which Amazon will produce the requested documents and information.

Please feel free to give us a call if you have any questions.

Regards,

Jason

---

**From:** Foley, Danielle R. [mailto:DRFoley@Venable.com]
**Sent:** Wednesday, January 28, 2015 5:17 PM
**To:** Adler, Jason; Feinberg, David L.; Hernacki, Andrew T.; Baldridge, J. Douglas; Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com); 'Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com); dburman@perkinscoie.com
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** RE: FTC v. Amazon

Jason –

Amazon maintains its confidentiality designations over the data contained in Amz_FTC_0042112-0042120 and in the second email in the email chain contained in Amz_FTC_0060154-0060155.  That data is Amazon's highly confidential business information and should not be publicly filed.  Amazon will not insist that Amz_FTC_0006371-0006372 or the top email in Amz_FTC_0060154-0060155 be filed under seal.

The larger issue raised by your email is why you need to file these documents with the Court at all.  You stated that you "need to move to compel Amazon's production of documents and information in response to the FTC's discovery requests," but you have not explained what exactly you plan to move to compel or why you think a motion is warranted at this point.  Given our discussions, we don't understand what you are moving to compel or why you believe there is any need to do so at this juncture.

To the extent you are talking about the data-specific Interrogatories and Document Requests we have been discussing (e.g., Request Nos. 1, 4(a)-(b), 37, and Interrogatory No. 2), which is what the documents cited above appear to relate to, there is no need for a motion.  Amazon has been diligently looking into the issues that we discussed during our January 12th meet and confer and that you raised in your January 15th e-mail in an effort to ascertain what, if any, of the information you seek is available.  Amazon will produce responsive information, including transaction-level information.  Although we had determined that Amazon would do so last week, we were trying to determine the precise scope of what was available before we circled back with you

so that we could provide the most comprehensive response possible.  In any event, any motion you planned on these requests is unnecessary.  Here is an overview of where we are on these requests:

    a.   With respect the FTC's Request Nos. 1, 4(a)-(b), 37, and Interrogatory No. 2, Amazon will provide responsive information for the Apps on the High-Risk ASIN.  We are still trying to determine if it is reasonably possible to identify those Apps that may have met the criteria for the High-Risk ASIN list (i.e., Apps that were either child-directed or had a refund rate above ██%  for a given month), but were not included on the list because they were either no longer available through the Appstore or did not meet the criteria when Amazon started the list. To the extent that Amazon is able to do so, Amazon will produce responsive documents for those Apps, as well.

    b.   For Interrogatory No. 2, Amazon can provide the following transaction-level data for the Apps identified in section (a) above: unique transaction identifier (i.e. order number), the App name, the ASIN corresponding to the in-app item, the time of the transaction (month, day, year, hour, minute, and second), the dollar amount of the charge, whether the charge was successful, the device type, including device generation, whether a refund was issued, the amount refunded, the date of the refund (if any), the anonymized account identifier, and developer-provided item description.

        i.   Amazon is still investigating whether it can provide the following information for each transaction: "attempts to incur" an in-App charge, the type of password prompt triggered (e.g. high-risk prompt, parental control prompt, FreeTime password prompt), whether password entry was successful, the length of time (window) after successful password entry that the same password prompt would no longer appear, whether a user contacted Amazon about the charge, whether a user requested a refund for the charge, and the reason for the refund request (if any).  To the extent Amazon can reasonably identify these data points for each transaction, it will provide them, as well.

        ii.   There is one category for which we remain unclear as to what the FTC is seeking.  Please clarify what you mean by "any user session identifier" as we have not been able to identify any category of information that matches that description.

We understand that our production of the transaction-level information described above will suffice for the Request No. 37, as well.  This should also suffice to respond to Request No. 1, as the FTC will be able to roll-up the transactional-level data by App.  We note that Amazon's production of these documents and data is without waiver of Amazon's objections to further discovery requests by the FTC.

We will advise as we determine whether or not the outstanding categories of information are reasonably available.  As we have done in the past, we will continue to making a rolling production of responsive documents.  We anticipate making another production next week.

Please let me know if you have any questions.

Danielle R. Foley, Esq.  | Venable LLP
t 202.344.4343 | f 202.344.8300
575 7th Street, NW, Washington, DC 20004

DRFoley@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Wednesday, January 28, 2015 10:17 AM
**To:** Foley, Danielle R.; Feinberg, David L.; Hernacki, Andrew T.; Baldridge, J. Douglas; Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com); 'Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com)
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** RE: FTC v. Amazon

Danielle—

A day's notice to discuss three documents is reasonable.  In any event, I sent my email at 3:15 pm PST for counsel on the West Coast and your client.  We'll make ourselves available today to discuss, so please let us know what times work best for you.

Why we anticipate filing the documents or what we'll be filing shouldn't bear on whether Amazon believes the material is appropriately designated as confidential under the protective order and must be kept from public disclosure.  That said, we will need to move to compel Amazon's production of documents and information in response to the FTC's discovery requests.  We anticipate filing the documents identified below in connection with that motion.

As always, please feel free to give us a call if you'd like to discuss further.

Regards,

Jason

---

**From:** Foley, Danielle R. [mailto:DRFoley@Venable.com]
**Sent:** Tuesday, January 27, 2015 9:04 PM
**To:** Adler, Jason; Feinberg, David L.; Hernacki, Andrew T.; Baldridge, J. Douglas; Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com); 'Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com)
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** RE: FTC v. Amazon

Jason –  We will need to confer with our client and will do our best to get back to you tomorrow.  However, given that we did not receive your request until after close of business today, please note that we do not believe your email provided reasonable notice consistent with 4.3 of the protective order.

Also, your email does not explain why you anticipate filing these documents or what you will be filing.  Please advise so that we can attempt to resolve any issue without burdening the court.

Thanks --

Danielle R. Foley, Esq.  | Venable LLP
t 202.344.4343 | f 202.344.8300
575 7th Street, NW, Washington, DC 20004

DRFoley@Venable.com | www.Venable.com

**From:** Adler, Jason [mailto:jadler@ftc.gov]
**Sent:** Tuesday, January 27, 2015 6:15 PM
**To:** Foley, Danielle R.; Feinberg, David L.; Hernacki, Andrew T.; Baldridge, J. Douglas; Hanson, Jeff (Perkins Coie) (JHanson@perkinscoie.com) (JHanson@perkinscoie.com); 'Schneider, Harry (Perkins Coie)' (HSchneider@perkinscoie.com) (HSchneider@perkinscoie.com)
**Cc:** Pozza, Duane; Allen, Heather Garms
**Subject:** FTC v. Amazon

Counsel—

Pursuant to section 4.3 of the protective order entered in this case, we are requesting that Amazon meet and confer tomorrow (1/28) about certain documents that we anticipate filing with the Court and that Amazon has designated as "confidential" to determine whether Amazon will remove the confidential designations, whether the documents can be redacted, or whether sealing is appropriate.  These documents are:

- Amz_FTC_0006371-0006372
- Amz_FTC_0042112-0042120
- Amz_FTC_0060154-0060155

Please let us know what times you are available tomorrow to discuss.

Regards,

Jason

**Jason M. Adler**
Division of Financial Practices
Bureau of Consumer Protection
Federal Trade Commission
600 Pennsylvania Avenue NW, CC-10232
Washington, DC  20580
(202) 326-3231
jadler@ftc.gov

*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*********************************************************************

*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*********************************************************************
*********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
*********************************************************************

**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**********************************************************************
**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**********************************************************************
**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**********************************************************************

**********************************************************************
This electronic mail transmission may contain confidential or privileged information. If you believe you have received this message in error, please notify the sender by reply transmission and delete the message without copying or disclosing it.
**********************************************************************

Ex. H

# VENABLE®LLP

575 SEVENTH STREET NW   WASHINGTON, DC 20004
T 202.344.4000   F 202.344.8300   www.Venable.com

Danielle R. Foley

**T 202.344.4343**
**F 202.344.8300**
drfoley@venable.com

February 27, 2015

*VIA E-MAIL*

Jason M. Adler
Federal Trade Commission
600 Pennsylvania Avenue, N.W. CC-10232
Washington, D.C.

    Re:   *Federal Trade Commission v. Amazon.com, Inc.*, Case No. 2:14-cv-01038-JCC
          (W.D. Wash)

Dear Jason:

    I am writing in response to your February 24th email and to follow up on our recent discussions of various discovery and scheduling issues.

    Amazon has been working diligently to respond to the FTC's discovery requests. Based upon our extensive negotiations about custodians, search strings, and the scope of the FTC's requests, we have collected approximately 1 terabyte of data that we are processing, reviewing, and producing on a rolling basis. In addition, we have collected and are processing customer contact documents based on the 119 wrap-up codes we previously identified. This represents a substantial volume of data. We will redact the customer-identifying information from those contacts and will produce the responsive documents on a rolling basis. We have also conducted targeted searches for additional responsive documents, which we have produced, and will continue to produce, on a rolling basis. We have made five productions to date, and anticipate making two additional productions next week. We will plan to continue making productions at least every two weeks. Given the sheer volume of data involved, we anticipate that we can substantially complete production by the end of May. While we will endeavor to complete our production sooner, and expect to substantially complete the production of targeted requests well in advance of that date, we are working through a tremendous number of documents. Part of the problem is that the broad search terms you wanted us to use and custodians you wanted us to include are resulting in large number of non-responsive documents. We are working to find ways to eliminate these non-responsive documents to expedite our review.

    The other category of information we are working through is the FTC's request for 18 different data points of transaction-level data. As we have discussed, this has been a complicated process, which required us to first identify the universe of Apps for which the transaction-level data would be collected, and then collect data from multiple sources for millions of transactions

# VENABLE®LLP

Jason M. Adler
February 27, 2015
Page 2

relating to those Apps. As we agreed, we will collect the transaction-level data for Apps that are on Amazon's High-Risk ASIN list and Apps that met the criteria for the High-Risk list during the time period before which Amazon began maintaining the list. We have now completed the substantial effort to identify those additional Apps, and we will provide this expanded list of Apps as part of our production next Monday. We are working to determine how much data this will yield. Our understanding is that it will be several terabytes of data in one or more SQL databases. We will follow up when we have more precise numbers so that we can discuss the logistics of the production of this data.

In light of these burdens and challenges, we propose the following schedule for the remainder of the case:

| Event | Proposed Date in JSR | Amazon's Proposed Date |
|---|---|---|
| Fact Discovery Closes | June 12, 2015 | October 16, 2015 |
| FTC Expert Reports Due | July 1, 2015 | November 2, 2015 |
| Amazon Expert Reports Due | Aug. 3, 2015 | December 14, 2015 |
| Expert Discovery Closes | Aug. 31, 2015 | January 29, 2016 |
| MSJ/Daubert | Sept. 14, 2015 | February 12, 2016 |
| Trial | Jan. 19, 2016 | May 16, 2016 |

This schedule will provide both parties with sufficient time to complete their respective document productions (we are still waiting on substantial portions of the FTC's production) and to conduct additional discovery. We have adjusted all of the dates following fact-discovery accordingly. Please also note that we anticipate that the original trial schedule of 4-5 days we discussed will be insufficient. After further consideration, we anticipate that the trial will more likely take 2-3 weeks. We would appreciate hearing from you on this proposed schedule in advance of the March 10 status conference.

Finally, with respect to Interrogatory No. 4, as we already explained in correspondence and during our various meet and confer calls, Amazon will provide customer contact documents without customer-identifying information based on 119 wrap-up codes. This will provide the FTC will all of the different types of customer contacts Amazon received about in-App purchases, and will show how complaints were resolved – including, but not limited to, whether a refund was requested, and if so, whether it was granted or not.

# VENABLE® LLP

Jason M. Adler
February 27, 2015
Page 3

As always, if you have questions, please feel free to contact me.

Sincerely,

Danielle R. Foley

/s dlg

cc:    File

# EXHIBIT I
# FILED
# UNDER SEAL

Ex. J

Case 2:14-cv-01038-JCC    Document 24    Filed 06/18/15    Page 119 of 134



Try Prime

All ▾

Shop by
**Department** ▾        Your Amazon.com   Today's Deals   Gift Cards   Sell   Help

Hello. Sign in
**Your Account** ▾    Try
                      **Prime** ▾   Wish
                                    **List** ▾    0
                                                 **Cart** ▾

## Help & Customer Service



[ Search Help ]   [ Go ]

‹ All Help Topics

### Security & Privacy

E-mails from Amazon.com

Supply Chain Standards

Amazon.com Privacy Notice

Conditions of Use

Choose a Strong Password

Protect Your System

Public PGP Key

Report a Security Issue

Your Amazon.com Bill of Rights

Supported Browsers

### Quick Solutions

Track or Manage Purchases

Manage Payment Options

Return or replace items

Change Name, E-mail, or
Password

Manage Address Book

Manage Your Content and
Devices

Kindle Help Forum

General Help Forum

[ Contact Us ]

Security & Privacy ›

# Amazon.com Privacy Notice

**Last updated: March 3, 2014.** To see what has changed, click here.

Amazon.com knows that you care how information about you is used and shared, and we appreciate your trust that we will do so carefully and sensibly. This notice describes our privacy policy. **By visiting Amazon.com, you are accepting the practices described in this Privacy Notice.**

- What Personal Information About Customers Does Amazon.com Gather?
- What About Cookies?
- Does Amazon.com Share the Information It Receives?
- How Secure Is Information About Me?
- What About Third-Party Advertisers and Links to Other Websites?
- Which Information Can I Access?
- What Choices Do I Have?
- Are Children Allowed to Use Amazon.com?
- Does Amazon.com Participate in the Safe Harbor Program?
- Conditions of Use, Notices, and Revisions
- Examples of Information Collected

## What Personal Information About Customers Does Amazon.com Gather?

The information we learn from customers helps us personalize and continually improve your Amazon experience. Here are the types of information we gather.

- **Information You Give Us:** We receive and store any information you enter on our Web site or give us in any other way. Click here to see examples of what we collect. You can choose not to provide certain information, but then you might not be able to take advantage of many of our features. We use the information that you provide for such purposes as responding to your requests, customizing future shopping for you, improving our stores, and communicating with you.
- **Automatic Information:** We receive and store certain types of information whenever you interact with us. For example, like many Web sites, we use "cookies," and we obtain certain types of information when your Web browser accesses Amazon.com or advertisements and other content served by or on behalf of Amazon.com on other Web sites. Click here to see examples of the information we receive.
- **Mobile:** When you download or use apps created by Amazon or our subsidiaries, we may receive information about your location and your mobile device, including a unique identifier for your device. We may use this information to provide you with location-based services, such as advertising, search results, and other personalized content. Most mobile devices allow you to turn off location services. For more information about how to do this, click here.
- **E-mail Communications:** To help us make e-mails more useful and interesting, we often receive a confirmation when you open e-mail from Amazon.com if your computer supports such capabilities. We also compare our customer list to lists received from other companies, in an effort to avoid sending unnecessary messages to our customers. If you do not want to receive e-mail or other mail from us, please adjust your Customer Communication Preferences .
- **Information from Other Sources:** We might receive information about you from other sources and add it to our account information. Click here to see examples of the information we receive.

## What About Cookies?

- Cookies are unique identifiers that we transfer to your device to enable our systems to recognize your device and to provide features such as 1-Click purchasing, Recommended for You , personalized advertisements on other Web sites (e.g., Amazon Associates with content served by Amazon.com and Web sites using Checkout by Amazon payment service), and storage of items in your Shopping Cart between visits.
- The Help feature on most browsers will tell you how to prevent your browser from accepting new cookies, how to have the browser notify you when you receive a new cookie, or how to disable cookies altogether. Additionally, you can disable or delete similar data used by browser add-ons, such as Flash cookies, by changing the add-on's settings or visiting the Web site of its manufacturer. Because cookies allow you to take advantage of some of Amazon.com's essential features, we recommend that you leave them turned on. For instance, if you block or otherwise reject our cookies, you will not be able to add items to your Shopping Cart, proceed to Checkout, or use any Amazon.com products and services that require you to Sign in.

### Does Amazon.com Share the Information It Receives?

Information about our customers is an important part of our business, and we are not in the business of selling it to others. We share customer information only as described below and with subsidiaries Amazon.com, Inc. controls that either are subject to this Privacy Notice or follow practices at least as protective as those described in this Privacy Notice.

- **Affiliated Businesses We Do Not Control:** We work closely with affiliated businesses. In some cases, such as Marketplace sellers, these businesses operate stores at Amazon.com or sell offerings to you at Amazon.com. In other cases, we operate stores, provide services, or sell product lines jointly with these businesses. Click here for some examples of co-branded and joint offerings. You can tell when a third party is involved in your transactions, and we share customer information related to those transactions with that third party.
- **Third-Party Service Providers:** We employ other companies and individuals to perform functions on our behalf. Examples include fulfilling orders, delivering packages, sending postal mail and e-mail, removing repetitive information from customer lists, analyzing data, providing marketing assistance, providing search results and links (including paid listings and links), processing credit card payments, and providing customer service. They have access to personal information needed to perform their functions, but may not use it for other purposes.
- **Promotional Offers:** Sometimes we send offers to selected groups of Amazon.com customers on behalf of other businesses. When we do this, we do not give that business your name and address. If you do not want to receive such offers, please adjust your Customer Communication Preferences .
- **Business Transfers:** As we continue to develop our business, we might sell or buy stores, subsidiaries, or business units. In such transactions, customer information generally is one of the transferred business assets but remains subject to the promises made in any pre-existing Privacy Notice (unless, of course, the customer consents otherwise). Also, in the unlikely event that Amazon.com, Inc., or substantially all of its assets are acquired, customer information will of course be one of the transferred assets.
- **Protection of Amazon.com and Others:** We release account and other personal information when we believe release is appropriate to comply with the law; enforce or apply our Conditions of Use and other agreements; or protect the rights, property, or safety of Amazon.com, our users, or others. This includes exchanging information with other companies and organizations for fraud protection and credit risk reduction. Obviously, however, this does not include selling, renting, sharing, or otherwise disclosing personally identifiable information from customers for commercial purposes in violation of the commitments set forth in this Privacy Notice.
- **With Your Consent:** Other than as set out above, you will receive notice when information about you might go to third parties, and you will have an opportunity to choose not to share the information.

## How Secure Is Information About Me?

- We work to protect the security of your information during transmission by using Secure Sockets Layer (SSL) software, which encrypts information you input.
- We reveal only the last four digits of your credit card numbers when confirming an order. Of course, we transmit the entire credit card number to the appropriate credit card company during order processing.
- It is important for you to protect against unauthorized access to your password and to your computer. Be sure to sign off when finished using a shared computer. Click here for more information on how to sign off.

## What About Third-Party Advertisers and Links to Other Websites?

Our site includes third-party advertising and links to other Web sites. For more information about third-party advertising at Amazon.com, including personalized or interest-based ads, please read our Interest-Based Ads policy.

## Which Information Can I Access?

Amazon.com gives you access to a broad range of information about your account and your interactions with Amazon.com for the limited purpose of viewing and, in certain cases, updating that information. Click here to see some examples, the list of which will change as our Web site evolves.

## What Choices Do I Have?

- As discussed above, you can always choose not to provide information, even though it might be needed to make a purchase or to take advantage of such Amazon.com features as Your Profile, Wish Lists , Customer Reviews, and Amazon Prime.
- You can add or update certain information on pages such as those referenced in the Which Information Can I Access? section. When you update information, we usually keep a copy of the prior version for our records.
- If you do not want to receive e-mail or other mail from us, please adjust your Customer Communication Preferences . (If you do not want to receive Conditions of Use and other legal notices from us, such as this Privacy Notice, those notices will still govern your use of Amazon.com, and it is your responsibility to review them for changes.)

- If you do not want us to use personal information that we gather to allow third parties to personalize advertisements we display to you, please adjust your Advertising Preferences .
- The Help feature on most browsers will tell you how to prevent your browser from accepting new cookies, how to have the browser notify you when you receive a new cookie, or how to disable cookies altogether. Additionally, you can disable or delete similar data used by browser add-ons, such as Flash cookies, by changing the add-on's settings or visiting the Web site of its manufacturer. Because cookies allow you to take advantage of some of Amazon.com's essential features, we recommend that you leave them turned on. For instance, if you block or otherwise reject our cookies, you will not be able to add items to your Shopping Cart, proceed to Checkout, or use any Amazon.com products and services that require you to Sign in.

## Are Children Allowed to Use Amazon.com?

Amazon.com does not sell products for purchase by children. We sell children's products for purchase by adults. If you are under 18, you may use Amazon.com only with the involvement of a parent or guardian.

## Does Amazon.com Participate in the Safe Harbor Program?

Amazon.com is a participant in the Safe Harbor program developed by the U.S. Department of Commerce and (1) the European Union and (2) Switzerland, respectively. We have certified that we adhere to the Safe Harbor Privacy Principles agreed upon by the U.S. and (1) the E.U. and (2) Switzerland, respectively. For more information about the Safe Harbor and to view our certification, visit the U.S. Department of Commerce's Safe Harbor Web site.

In compliance with the US-EU and US-Swiss Safe Harbor Principles, we endeavor to resolve all complaints about privacy and the collection or use of customer information. If you have questions about our participation in the Safe Harbor program or have a complaint, please send an e-mail to safeharbor@amazon.com.

Under the Safe Harbor program, any unresolved privacy complaints can be referred to an independent dispute resolution mechanism. We use the BBB EU Safe Harbor Program, which is operated by the Council of Better Business Bureaus. If you feel that we have not satisfactorily addressed your complaint, you can visit the BBB EU Safe Harbor Program web site at www.bbb.org/us/safe-harbor-complaints for more information on how to file a complaint.

## Conditions of Use, Notices, and Revisions

If you choose to visit Amazon.com, your visit and any dispute over privacy is subject to this Notice and our Conditions of Use, including limitations on damages, resolution of disputes, and application of the law of the state of Washington. If you have any concern about privacy at Amazon.com, please contact us with a thorough description, and we will try to resolve it. Our business changes constantly, and our Privacy Notice and the Conditions of Use will change also. We may e-mail periodic reminders of our notices and conditions, but you should check our Web site frequently to see recent changes. Unless stated otherwise, our current Privacy Notice applies to all information that we have about you and your account. We stand behind the promises we make, however, and will never materially change our policies and practices to make them less protective of customer information collected in the past without the consent of affected customers.

Related Practices and Information

- Conditions of Use
- Discussion Boards
- Community Rules
- Help department
- Most Recent Purchases
- Your Profile and Community Guidelines

## Examples of Information Collected

**Information You Give Us**

You provide most such information when you search, buy, post, participate in a contest or questionnaire, or communicate with customer service. For example, you provide information when you search for a product; place an order through Amazon.com or one of our third-party sellers; provide information in Your Account (and you might have more than one if you have used more than one e-mail address when shopping with us) or Your Profile ; communicate with us by phone, e-mail, or otherwise; complete a questionnaire or a contest entry form; use our services such as Amazon Instant Video; compile Wish Lists or other gift registries; participate in Discussion Boards or other community features; provide and rate Reviews; and employ Product Availability Alerts, such as Available to Order Notifications. As a result of those actions, you might supply us with such information as your name, address, and phone numbers; credit card information; people to whom purchases have been shipped, including addresses and phone number; people (with addresses and phone numbers) listed in 1-Click settings; e-mail addresses of your friends and other people; content of reviews and e-mails to us; personal description and photograph in Your Profile ; and financial information, including Social Security and driver's license numbers.

**Automatic Information**

Examples of the information we collect and analyze include the Internet protocol (IP) address used to connect your computer to the Internet; login; e-mail address; password; computer and connection information such as browser type, version, and time zone setting, browser plug-in types and versions, operating system, and platform; purchase history, which we sometimes aggregate with similar information from other customers to create features like Top Sellers ; the full Uniform Resource Locator (URL) clickstream to, through, and from our Web site, including date and time; cookie number; products you viewed or searched for; and the phone number you used to call our 800 number. We may also use browser data such as cookies, Flash cookies (also known as Flash Local Shared Objects), or similar data on certain parts of our Web site for fraud prevention and other purposes. During some visits we may use software tools such as JavaScript to measure and collect session information, including page response times, download errors, length of visits to certain pages, page interaction information (such as scrolling, clicks, and mouse-overs), and methods used to browse away from the page. We may also collect technical information to help us identify your device for fraud prevention and diagnostic purposes.

**Mobile**

Most mobile devices provide users with the ability to disable location services. Most likely, these controls are located in the device's settings menu. For information about specific devices, click here . If you have questions about how to disable your device's location services, we recommend you contact your mobile service carrier or your device manufacturer.

**Information from Other Sources**

Examples of information we receive from other sources include updated delivery and address information from our carriers or other third parties, which we use to correct our records and deliver your next purchase or communication more easily; account information, purchase or redemption information, and page-view information from some merchants with which we operate co-branded businesses or for which we provide technical, fulfillment, advertising, or other services; search term and search result information from some searches conducted through the Web search features offered by our subsidiary, Alexa Internet; search results and links, including paid listings (such as Sponsored Links); and credit history information from credit bureaus, which we use to help prevent and detect fraud and to offer certain credit or financial services to some customers.

**Co-branded and Joint Offerings**

Examples of businesses with which we offer joint or co-branded products and other offerings include Starbucks, OfficeMax, Verizon Wireless, Sprint, T-Mobile, AT&T, J&R Electronics, Eddie Bauer and Northern Tool + Equipment.

**Information You Can Access**

Examples of information you can access easily at Amazon.com include up-to-date information regarding recent orders; personally identifiable information (including name, e-mail, password, communications and personalized advertising preferences, address book, and 1-Click settings); payment settings (including credit card information and promotional certificate and gift card balances); e-mail notification settings (including Product Availability Alerts, Delivers, and newsletters); Recommendations (including Recommended for You and Improve Your Recommendations); shopping lists and gift registries (including Wish Lists and Baby and Wedding Registries); Seller accounts; and Your Profile (including your product Reviews, Recommendations, Listmania lists, Reminders, personal profile, and Wish List).

Was this information helpful?

[ Yes ]  [ No ]

[ Search Help ]  [ Go ]

**Get to Know Us**
Careers
Investor Relations
Press Releases
Amazon and Our Planet
Amazon in the Community
Amazon Devices

**Make Money with Us**
Sell on Amazon
Sell Your Services on Amazon
Sell on Amazon Business
Sell Your Apps on Amazon
Become an Affiliate
Advertise Your Products
Self-Publish with Us
Become an Amazon Vendor

**Amazon Payment Products**
Amazon.com Rewards Visa Card
Amazon.com Store Card
Amazon.com Corporate Credit Line
Shop with Points
Credit Card Marketplace
Amazon Currency Converter

**Let Us Help You**
Your Account
Your Orders
Shipping Rates & Policies
Amazon Prime
Returns & Replacements
Manage Your Content and Devices
Help

› See all

**amazon**.com

Australia   Brazil   Canada   China   France   Germany   India   Italy   Japan   Mexico   Netherlands   Spain   United Kingdom

| | | | | | | |
|---|---|---|---|---|---|---|
| **6pm**<br>Score deals<br>on fashion brands | **AbeBooks**<br>Rare Books<br>& Textbooks | **ACX**<br>Audiobook Publishing<br>Made Easy | **AfterSchool.com**<br>Kids' Sports, Outdoor<br>& Dance Gear | **Alexa**<br>Actionable Analytics<br>for the Web | **Amazon Business**<br>Everything For<br>Your Business | **AmazonFresh**<br>Groceries & More<br>Right To Your Door |
| **Amazon Local**<br>Great Local Deals<br>in Your City | **Amazon Home Services**<br>Handpicked Pros<br>Happiness Guarantee | **Amazon Web Services**<br>Scalable Cloud<br>Computing Services | **Audible**<br>Download<br>Audio Books | **BeautyBar.com**<br>Prestige Beauty<br>Delivered | **Book Depository**<br>Books With Free<br>Delivery Worldwide | **Casa.com**<br>Kitchen, Storage<br>& Everything Home |
| **ComiXology**<br>Thousands of<br>Digital Comics | **CreateSpace**<br>Indie Print Publishing<br>Made Easy | **Diapers.com**<br>Everything<br>But The Baby | **DPReview**<br>Digital<br>Photography | **East Dane**<br>Designer Men's<br>Fashion | **Fabric**<br>Sewing, Quilting<br>& Knitting | **Goodreads**<br>Book reviews<br>& recommendations |
| **IMDb**<br>Movies, TV<br>& Celebrities | **Junglee.com**<br>Shop Online<br>in India | **Kindle Direct Publishing**<br>Indie Digital Publishing<br>Made Easy | **Look.com**<br>Kids' Clothing<br>& Shoes | **MYHABIT**<br>Private Fashion<br>Designer Sales | **Shopbop**<br>Designer<br>Fashion Brands | **Soap.com**<br>Health, Beauty &<br>Home Essentials |
| **TenMarks.com**<br>Math Activities<br>for Kids & Schools | **VineMarket.com**<br>Everything<br>to Live Life Green | **Wag.com**<br>Everything<br>For Your Pet | **Warehouse Deals**<br>Open-Box<br>Discounts | **Woot!**<br>Discounts and<br>Shenanigans | **Yoyo.com**<br>A Happy Place<br>To Shop For Toys | **Zappos**<br>Shoes &<br>Clothing |

Conditions of Use   Privacy Notice   Interest-Based Ads   © 1996-2015, Amazon.com, Inc. or its affiliates

Ex. K

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

FEDERAL TRADE COMMISSION,

     Plaintiff,

    v.

AMAZON.COM, INC.,

     Defendant.

**Case No. 2:14-cv-01038-JCC**

**AGREEMENT REGARDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND [PROPOSED] ORDER**

ESI AGREEMENT AND [PROPOSED] ORDER
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

1

The parties hereby stipulate to the following provisions regarding the discovery of electronically stored information ("ESI") in this matter:

**A.     General Principles**

1.     An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.     The proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

3.     The parties agree that nothing herein shall require Amazon to re-produce any documents produced to the FTC pursuant to the FTC's Civil Investigative Demand (CID), *provided that*, upon request, Amazon shall re-produce a complete, legible copy of any document that was previously produced incompletely or illegibly.  *See* E.2, *infra*.

**B.     ESI Disclosures**

By October 15, 2014, each party shall disclose:

1.     <u>Custodians</u>.  The parties shall identify custodians most likely to have discoverable ESI in their possession, custody or control.  The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.     <u>Non-custodial Data Sources</u>.  A list of non-custodial data sources (e.g. shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.     <u>Third-Party Data Sources</u>.  A list of third-party data sources, if any, likely to contain discoverable ESI (e.g. third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

ESI AGREEMENT AND [PROPOSED] ORDER
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

4. <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i). Section (C)(2) below sets forth data sources and ESI which are not required to be preserved by the parties. Those data sources and ESI do not need to be included on this list.

**C. Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control. All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(2) or (D)(1)-(2) below).

2. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

      a. Deleted, slack, fragmented, or other data only accessible by forensics.

      b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

      c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

      d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

      e. Back-up data that are substantially duplicative of data that are more

ESI AGREEMENT AND [PROPOSED] ORDER
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3231

3

accessible elsewhere.

f. Server, system or network logs.

g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

h. Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

As discovery progresses, the parties will continue to confer regarding any other categories of ESI that may not need to be preserved.

**D.     Privilege**

1.     With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs. Nor are the parties required to log privileged or work-product information generated by and sent exclusively among attorneys, paralegals, investigators, and law clerks on or after August 28, 2012. For privileged or work-product information generated by and sent exclusively among attorneys, paralegals, investigators, and law clerks prior to August 28, 2012, for each group of documents that are of the same type, have the same author(s) and recipient(s), and are being withheld on the same basis, parties are only required to identify, in a single entry, the date range, type of document, author(s), recipient(s), and the basis for withholding production.

2.     Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

3.     Inadvertent production of material subject to the attorney-client privilege, work product immunity, or other applicable privilege or immunity shall not constitute a waiver of any privilege or immunity, provided that a producing party notifies the receiving party in writing

ESI AGREEMENT AND [PROPOSED] ORDER
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

promptly after discovery of such inadvertent production. Such inadvertently produced material shall be returned to the producing party upon request. No use shall be made of such material during a deposition or at trial, nor shall such material be shown to anyone who has not already been given access to it subsequent to the request for its return. If the parties are unable to reach an agreement in good faith within ten (10) days of such notice as to the disposition of such material, the producing party may seek relief from the Court. The receiving party shall not disclose material for which a claim of privilege or immunity is made pursuant to this paragraph to any person, other than to those who have had it in their possession prior to the receipt of the notice from the producing party, until the expiration of the ten (10) day period identified in this paragraph or, if application is made to this Court, until disposition of that application including appeals.

**E.    ESI Discovery Procedures**

1.    <u>On-site inspection of electronic media</u>. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.    <u>Search methodology</u>. The parties agree that they will cooperate in good faith and meet and confer regarding the formulation of appropriate search terms, custodians, and potentially relevant noncustodial sources and methodologies in advance of any ESI search that result in production of documents. As part of this process, the parties agree that Amazon need not re-produce any documents previously produced pursuant to the FTC's CID, *provided that*, upon request, Amazon shall re-produce a complete, legible copy of any document that was previously produced incompletely or illegibly. The parties recognize that Amazon conducted searches pursuant to the CID. The parties agree to reserve their rights regarding any issues related to previously-conducted searches, and nothing herein shall be construed as a waiver of or a limitation on the parties' rights and objections with respect to any such issues. Nothing in this Agreement prevents any party from undertaking searches of its own ESI for its own purposes at

ESI AGREEMENT AND [PROPOSED] ORDER
Case No. 2:14-cv-01038-JCC

5

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

1    any time.  Nothing in this provision shall operate to limit or expand a party's obligations under

2    the Federal Rules of Civil Procedure and applicable decisional authority.  Nothing in this

3    Agreement shall waive in whole or in part any objection raised by a party in its written responses

4    to specific discovery requests served in this action.

5           3.      Format. The parties agree that ESI will be produced to the requesting party with

6    searchable text, as a single-page TIFF image in single page Group IV .tif format with a view of

7    achieving an image that is substantially similar to how the source document would have

8    appeared if printed out to a printer attached to a computer viewing the file.  When a document

9    has tracked changes associated with it, the parties will produce the document in a form showing

10   the tracked changes, subject to any claims of privilege.  Load files of the static images shall be

11   created and produced together with their associated static images to facilitate the use of the

12   produced images by a document management or litigation support database system.  The parties

13   shall meet and confer to the extent reasonably necessary to facilitate the import and use of the

14   produced materials with commercially available document management or litigation support

15   software (e.g., Concordance® or Summation®).  Unless otherwise agreed to by the parties,

16   documents that are not easily converted to image format, such as Excel spreadsheet, database and

17   drawing files will be produced in native format, unless those documents are redacted for

18   privilege or work product; those redacted documents instead may be produced in TIFF image

19   with OCR for those documents with the redacted portion(s) indicated.  The parties agree to

20   reserve their rights concerning whether a producing party must produce a redacted document in

21   any other format, such as native file format.

22          a.      Each document image file shall be named with a unique Bates Number

23   (e.g. the unique Bates Number of the page of the document in question, followed by its file

24   extension). File names should not be more than twenty characters long or contain spaces. When a

25   text-searchable image file is produced, the producing party must preserve the integrity of the

26

ESI AGREEMENT AND [PROPOSED] ORDER                    Federal Trade Commission
Case No. 2:14-cv-01038-JCC                            600 Pennsylvania Avenue N.W.
                                                         Washington, DC  20580
                          6                                (202) 326-3231

1   underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where

2   applicable, the revision history.

3            b.     The parties shall extract the full text of each electronic document

4   ("Extracted Text") and produce it in a text file.  The parties agree that the Extracted Text

5   shall be provided in searchable ASCII text format (or Unicode text format if the text is in

6   a foreign language) and shall be named with a unique Bates Number (e.g. the unique

7   Bates Number of the first page of the corresponding production version of the document

8   followed by its file extension).

9            c.     If a document is more than one page, the unitization of the document and

10   any attachments and/or affixed notes shall be maintained as they existed in the original

11   document.

12        4.     <u>De-duplication</u>. The parties will de-duplicate their ESI production across custodial

13   and non-custodial data sources.

14        5.     <u>Metadata fields</u>. If the requesting party seeks metadata, the parties agree that only

15   the following metadata fields need be produced: document type; custodian author/from;

16   recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created,

17   sent, modified and/or received; and hash value; *provided that* the responding party will provide

18   duplicate custodian information for specific documents, if reasonably available, upon reasonable

19   request by the requesting party.

20        6.     <u>Hard-Copy Documents</u>.  If the parties elect to produce hard-copy documents in an

21   electronic format, the production of hard-copy documents shall include a cross-reference file that

22   indicates document breaks and sets forth the Custodian or Source associated with each produced

23   document. Hard-copy documents shall be scanned using Optical Character Recognition

24   technology and searchable ASCII text files shall be produced (or Unicode text format if the text

25   is in a foreign language), unless the producing party can show that the cost would outweigh the

26   usefulness of scanning (for example, when the condition of the paper is not conducive to

ESI AGREEMENT AND [PROPOSED] ORDER
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

scanning and will not result in accurate or reasonably useable/searchable ESI). Each file shall be named with a unique Bates Number (e.g. the Unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

      7.   <u>Costs</u>.  Absent court order, the costs of discovery shall be borne by each party. The parties each reserve their rights to seek re-apportionment of their discovery costs in the appropriate circumstances.

Dated:  October 23, 2014

FEDERAL TRADE COMMISSION

<u>s/ Jason Adler</u>
JASON M. ADLER
DUANE C. POZZA
HEATHER ALLEN
jadler@ftc.gov, dpozza@ftc.gov,
hallen@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue N.W., CC-10232
Washington, DC  20580
P: (202) 326-3231, (202) 326-2042,
(202) 326-2038
F: (202) 326-3239

LAURA M. SOLIS, WA Bar No. 36005
lsolis@ftc.gov
Federal Trade Commission
915 2nd Avenue, Suite 2896
Seattle, WA  98174
P: (206) 220-4544
F: (206) 220-6366

Attorneys for Plaintiff

ESI AGREEMENT AND [PROPOSED] ORDER
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

8

AMAZON.COM, INC.


*s/ David J. Burman*
David J. Burman, WSBA No. 10611
Harry H. Schneider, Jr., WSBA No. 9404
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  (206) 359-8000
Facsimile:  (206) 359-9000
HSchneider@perkinscoie.com
DBurman@perkinscoie.com

*s/ J. Douglas Baldridge*
J. Douglas Baldridge WSBA No. 37247
Danielle R. Foley (*pro hac vice* forthcoming)
**Venable LLP**
575 7th Street, NW
Washington, DC 20004
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
jbaldridge@venable.com,
drfoley@venable.com

Attorneys for Defendant Amazon.com, Inc.


**ORDER**


Based on the foregoing, IT IS SO ORDERED.

DATED: _____


_____
The Honorable John C. Coughenour
United States District Court Judge


ESI AGREEMENT AND [PROPOSED] ORDER
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**CERTIFICATE OF SERVICE**

I, Jason M. Adler, certify that on October 23, 2014, I electronically filed the foregoing Agreement Regarding Discovery of Electronically Stored Information and [Proposed] Order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

By: /s/ Jason M. Adler

ESI AGREEMENT AND [PROPOSED] ORDER
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231