THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | CASE NO. C14-1038-JCC |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL |
| v. | |
| AMAZON.COM, INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff Federal Trade Commission's Motion to Compel (Dkt. No. 24), Defendant Amazon's Response (Dkt. No. 32), and the FTC's Reply (Dkt. No. 36). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.     **BACKGROUND**

Without reciting the factual background provided in the Court's previous order (Dkt. No. 14 at 2), the above-captioned suit brought by the Federal Trade Commission ("FTC") alleges that Amazon's billing of parents and other account holders for in-app purchases incurred by children "without having obtained the account holders' express informed consent" is unlawful under Section 5 of the FTC Act, 15 U.S.C. § 45(n). (Dkt. No. 1, p. 11.)

The present discovery dispute arises out of Amazon's objections to producing two

1   categories of discovery: (1) data pertaining to actual in-app charges, and (2) contact information

2   for customers who sought, and were denied, a refund for in-app charges. (Dkt. No. 24 at 4–9.)

3   **II.     DISCUSSION**

4       **A.     Standard of Review**

5       The Federal Rules of Civil Procedure favor broad pre-trial discovery. *Shoen v. Shoen*, 5

6   F.3d 1289, 1292 (9th Cir. 1993). Courts have broad discretion to control discovery. *See Avila v.*

7   *Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). If no claim of privilege

8   applies, parties may obtain discovery of any information that is "relevant to any party's claim or

9   defense[.]" Fed. R. Civ. P. 26(b)(1). "Relevant information for purposes of discovery is

10  information 'reasonably calculated to lead to the discovery of admissible evidence.'" *Surfvivor*

11  *Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005) (quoting *Brown Bag*

12  *Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)).

13      Discovery should be limited, however, where its "burden or expense . . . outweighs its

14  likely benefit, considering the needs of the case, the amount in controversy, the parties'

15  resources, the importance of the issues at stake in the action, and the importance of the discovery

16  in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). The Federal Rules strongly encourage

17  parties to resolve discovery disputes privately and discourage them from seeking needless court

18  intervention.

19      **B.     In-App Charge Data (Interrogatory No. 2; Request for Production No. 37)**

20      The FTC first moves the Court to compel Amazon to produce responsive data and

21  documents to its Interrogatory No. 2 and corresponding Request for Production No. 37. (Dkt.

22  No. 24 at 4.) Interrogatory No. 2 seeks: "[f]or each In-App Charge or attempt by a user to incur

23  an In-App Charge (e.g. an attempt at password entry prior to an In-App Charge being incurred)

24  in a Specified App, provide the following:(a) Transaction Details, (b) Password Prompt Details,

25  (c) Inquiry Details, and (d) Anonymized Account Identifier." (Dkt. No. 24 at 33.) Request for

26  Production No. 37 seeks the production of documents "related to the information requested in

1    Interrogatory No. 2," including anonymized customer information. (*Id.* at 23.) Amazon objects to

2    this discovery request, arguing that it is "overly broad and unduly burdensome," and seeks

3    irrelevant information. (*Id.* at 60.)

4         At first glance, Amazon's objection to producing the data related to in-app charges as

5    unduly burdensome is well taken. Amazon argues that eighteen (18) data points are generated,

6    from numerous sources, for each of the 1.6 billion in-app charges generated over the past three

7    years. (Dkt. No. 24 at 60.) However, Interrogatory No. 2 does not seek data points from all in-

8    app charges, but only those from "Specified Apps," which the FTC agreed to narrow to a limited

9    subset of "High-Risk" apps. (*Id.* at 65.) Given the parameters set by the FTC and its efforts to

10   meet-and-confer to reach an agreement, the Court does not find Interrogatory No. 2 and/or

11   Request for Production No. 37 to be unduly burdensome. (*Id.* at 100–102.)

12        The Court readily concludes that the information sought in Interrogatory No. 2 and

13   Request for Production No. 37 is relevant for discovery purposes: it is reasonably calculated to

14   lead to the discovery of evidence related to Amazon's customers incurring unauthorized in-app

15   charges.

16        In short, the burden associated with producing the discoverable data sought in

17   Interrogatory No. 2 and Request for Production No. 37 pertaining to in-app charges does not

18   outweigh its significant benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii).

19        **C.    Contact Information for Amazon Customers (Interrogatory No. 4)**

20        The FTC's Interrogatory No. 4 asks Amazon to "[i]dentify all users who had an inquiry

21   related to an In-App Charge, including questioning whether such a charge was authorized or

22   requesting a refund related to an In-App Charge, and were denied or did not obtain a refund, and

23   the reason for the denial, if any." (Dkt. No. 24 at 34.) Amazon objects to Interrogatory No. 4 on

24   the basis that it is overly broad, unduly burdensome, irrelevant, and that disclosure of its

25   customers' identifying information is prohibited by Amazon's own Privacy Notice, the Video

26   Privacy Production Act ("VPPA"), 18 U.S.C. § 2710, and the First Amendment. (*Id.* at 61.)

Briefly, the Court finds this information plainly relevant for discovery purposes. Again, the entire basis of this litigation involves unauthorized in-app charges, and the opportunity to glean information from allegedly harmed individuals renders Interrogatory No. 4 "reasonably calculated to lead to the discovery of admissible evidence." Nor does the Court find production of this information unduly burdensome, particularly because the FTC once again has narrowed this request to omit consumers who contacted Amazon regarding in-app charges from newspaper or magazine apps. (Dkt. No. 24 at 7.) The burden of production certainly does not outweigh the benefit of this information. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Amazon's Privacy Notice contains a caveat for situations like this one: "We release account and other personal information when we believe release is appropriate to comply with the law[.]" (Dkt. No. 24 at 120.) The contents of Amazon's Privacy Notice does not constitute ground to withhold otherwise relevant and discoverable evidence.

If it were true that Interrogatory No. 4 sought associational or expressive content as Amazon asserts, its objections under the First Amendment and VPPA may be more persuasive. However, the FTC does not ask for the names of items purchased by Amazon customers, simply to identify all Amazon customers who were denied a refund for an in-app charge despite asking for one.

A claim of First Amendment privilege by Amazon requires it to show a *prima facie* case of infringement. *Perry v. Schwarzenegger*, 591 F.3d 1126, 1140 (9th Cir. 2009). A *prima facie* showing requires requires Amazon to demonstrate that "enforcement of the [discovery requests] will result in (1) harassment, membership withdrawal, or discouragement of new members, or (2) other consequences which objectively suggest an impact on, or 'chilling' of, the members' associational rights." *Id.* Not only does Amazon concede that the information sought by Interrogatory No. 4 is non-associational (*see* Dkt. No. 32 at 9), it has not demonstrated that the consequences of this discovery disclosure—providing a consumer protection agency with the

1    information of consumers who sought a refund—would have a "chilling" effect on Amazon's

2    customers' associational rights even if it were.

3          The VPPA protects against the disclosure of "personally identifiable information," which

4    is defined as "information which identifies a person as having requested or obtained *specific*

5    video materials or services . . ." 18 U.S.C. § 2710(a)(3) (emphasis added). The Court does not

6    find Interrogatory No. 4 to implicate the VPPA as no such specific information is sought. Rather,

7    Interrogatory No. 4 seeks to identify the general universe of customers who have requested and

8    been denied a refund for in-app charges.

9          Finally, the FTC's use of customer information to contact potentially injured customers

10    does not give the Court pause. Such activities are consistent with the FTC's role as a consumer

11    protection agency and will remain governed by the protective order in place in the above-

12    captioned matter. (Dkt. Nos. 16 and 17.)

**III.    CONCLUSION**

         For the foregoing reasons, the FTC's motion to compel (Dkt. No. 24) is GRANTED.

Defendant shall respond in full within 15 calendar days of the date of this Order to:

1.    Interrogatory No. 2 with respect to apps that appear on Amazon's High-
   Risk ASIN list plus any apps that would have met the criteria for being
   included on the list beginning in November 2011;

2.    Interrogatory No. 4; and

3.    Request for Production No. 37 to the extent Amazon relied on responsive
   documents in answering Interrogatory No. 2.

//

//

//

//

1      DATED this 3 day of August 2015.

2

3

4

5

6

7
                                        John C. Coughenour
8                                       UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING PLAINTIFF'S MOTION TO
COMPEL
PAGE - 6