THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>              Plaintiff,<br><br>   v.<br><br>AMAZON.COM, INC.,<br><br>             Defendant. | No. 2:14-CV-01038-JCC<br><br>**AMAZON.COM, INC.'S MOTION TO COMPEL THE FTC'S PRODUCTION OF DOCUMENTS AND ANSWERS TO REQUESTS FOR ADMISSION, INTERROGATORIES, AND DEPOSITION QUESTIONS**<br><br>NOTED ON MOTION CALENDAR:<br>Friday, October 16, 2015 |

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC)
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

**TABLE OF CONTENTS**

I.  INTRODUCTION .................................................................................................................. 1

II. DISCOVERY REQUESTS AND FTC REFUSALS TO ANSWER ................................. 1

III. STANDARD OF REVIEW .................................................................................................. 5

IV. ANALYSIS ............................................................................................................................. 5

    A.  Requests for Admission and Interrogatories ........................................................... 5

        1.  The Phrase "Billing Practices for In-App Purchases" Is Neither Vague Nor Ambiguous ................................................................................ 5

        2.  The Requests Are Not Overbroad .............................................................. 6

        3.  The Requests Do Not Call for a Legal Conclusion ................................... 7

    B.  Rule 30(b)(6) Deposition Questions ......................................................................... 8

    C.  Discovery Relating to Apple's In-App Purchasing Practices .............................. 10

V.  CONCLUSION ................................................................................................................... 12

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) – 1
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I. INTRODUCTION

Amazon.com, Inc. ("Amazon") moves to compel the Federal Trade Commission ("FTC") to respond to Amazon's discovery requests and produce relevant documents. The discovery requests seek basic information about those aspects of Amazon's in-app billing practices that the FTC contends violated Section 5 of the FTC Act as well as what the FTC contends Section 5 required of Amazon to ensure that Amazon's billing practices were "fair." As a result of the FTC's refusal to answer these discovery requests, Amazon and the Court are left—at the close of fact discovery, three years after the FTC began its investigation, and more than a year after the FTC filed its Complaint—without any meaningful clarity about the FTC's basic positions in this case. This discovery can likely narrow the issues, to the benefit of the Court and the parties. And Amazon is entitled to know the FTC's positions so that it can adequately prepare its defenses for trial. The Court should therefore order the FTC to respond fully to the outstanding discovery requests.[1]

## II. DISCOVERY REQUESTS AND FTC REFUSALS TO ANSWER

As the Court is aware, this case concerns Amazon's billing practices with respect to "in-app purchasing," the practice of purchasing digital content through games and other applications on mobile devices. The FTC alleges that until June 2014 Amazon "billed parents and other account holders for children's activities in apps that are likely to be used by children without having obtained the account holders' express informed consent" and that such in-app billing practices were "unfair" under Section 5 of the FTC Act. Compl. ¶ 33 (Dkt. 1).

However, the FTC has not explained how and why it contends Amazon's practices before June 2014 were "unfair." From the introduction of in-app-purchasing in November 2011, Amazon disclosed in-app purchasing to parents and made available the option to enable Parental

---

[1] In accordance with Local Civil Rule 37(a)(1), Amazon has conferred in good faith with the FTC via telephone and email to discuss the FTC's deficient discovery responses in an effort to resolve this discovery dispute without Court action. The participants were unable to reach agreement with respect to the discovery issues addressed in this motion. Declaration of David J. Burman ¶ 2.

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) − 1
24976-0374/128046441.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Controls (to disable all in-app purchasing). And whether or not the parent enabled Parental Controls, Amazon confirmed each in-app purchase with an immediate email to the account holder—the parent. If the parent, despite having provided the mobile device to the child for use, was surprised or confused by the in-app purchase, Amazon's customer-service representative educated the parent about Parental Controls and refunded the charge.

Responding to feedback from and data about customers, Amazon after November 2011 modified its in-app billing practices to attempt to reduce the number of customers who sought refunds for accidental or mistaken in-app purchases. For example, in March 2012, Amazon implemented a password challenge for all in-app items costing $20.00 or more, requiring entry of the account-holder's password to complete the order. In October 2012, Amazon released the industry-leading Kindle FreeTime, which allows parents to create customized content experiences for each child and disable in-app purchasing. In February 2013, Amazon introduced a password challenge when customers attempted to make multiple in-app purchases within a five-minute window of time. In May 2013, Amazon required a password for all in-app purchases made within apps meeting certain criteria, including *all* apps identified as directed to children. Also in May 2013, Amazon added a pop-up window for new customers that further explained in-app purchasing and linked to Parental Controls. In June 2013, Amazon added graphic badges on app-description pages, further informing parents of in-app purchases. And in June 2014, Amazon required all new in-app customers to affirmatively decide whether to require a password for all in-app purchases. Ex. A (Amazon Requests for Admission) at 2-7.[2] These modifications supplemented the Terms of Use, customers' understanding of Amazon's well-known 1-Click payment process, and the immediate email confirmation of each purchase.

The discovery in question attempts to elicit the FTC's position, now that the FTC has reviewed Amazon's extensive document production and questioned its employees at length,

---

[2] All cited exhibits are attached to the accompanying Declaration of David J. Burman.

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) – 2
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

whether any of Amazon's modifications to its in-app billing practices before June 2014 was sufficiently "fair" under Section 5 and, if not, what facts made it unfair.

Instead of answering basic discovery questions, the FTC has repeatedly and categorically refused to answer or identify which facts it contends show that Amazon's practices were unfair. The FTC's responses have been ill-founded objections or generalized assertions that "Amazon *often* has not sought consent for in-app charges from the account holder, instead displaying information about the charge to the child." *See, e.g.,* Ex. B (FTC Resp. to Interrog.) at No. 4 (emphasis added). The FTC refuses to explain the bases for those generalized allegations or how such statements apply to Amazon's in-app billing practices over the relevant time period.

The FTC has acknowledged that by June 2014, Amazon's practices "obtain[ed] account holders' informed consent." Compl. ¶ 27 (Dkt. 1). But the FTC has not explained its position regarding what specific aspects of Amazon's in-app billing practices from November 2011 until June 2014 failed to meet the requirements of the FTC Act, why they failed, or what facts justify whatever injunctive relief it is asking that the Court order. The FTC's refusal is particularly troubling because the FTC has also refused to provide guidance regarding what steps an online retailer must take to comply with the FTC Act. Instead, its position is only that the "FTC does not contend that there is one 'process' or 'procedure'" that retailers must use. Ex. B at No. 6.

Most fundamental to this motion are Amazon's Requests for Admission.[3] Ex. A, C (FTC Resp. to Amazon Requests for Admission). The FTC provided qualified or partial responses to only seven Requests and refused to answer any of the remaining Requests. The FTC instead objected to the Requests on the following bases:

- The phrase "billing practices" is vague and ambiguous (Nos. 1-8, 11-12, and 15);
- The Request seeks a legal conclusion (Nos. 1-18, 21, 23-27, 32-33, and 35-41); and

---

[3] Amazon does not move to compel responses to all of the discovery requests, but instead has identified certain of the discovery requests that are most likely to narrow the issues in dispute and provide clarity on the FTC's position on the issues that remain for trial.

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) − 3
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

- The Request is "overbroad" because it asks the FTC to admit that Amazon's in-app billing practices meet or exceed the requirements laid out in the consent decrees the FTC has entered into with industry participants Apple Inc. ("Apple") and Google Inc. ("Google") regarding their in-app billing practices (Nos. 9-10 and 13-14).

Similarly, the FTC objected to all but one of the Interrogatories Amazon served concurrently with the Requests for Admission. The one Interrogatory the FTC purported to "answer" sought the basis for the FTC's denial of any of Amazon's Requests for Admission. However, the FTC's response simply repeated the objections that the FTC asserted to the Requests for Admission. *See, e.g.,* Ex. D (FTC Response to Second Interrog.) at No. 14. Moreover, unilaterally declaring that Amazon had exceeded the number of allowable Interrogatories, the FTC refused to provide a basis for its denial to more than twelve of Amazon's Request for Admissions. In an attempted compromise, Amazon specified which of the denied Requests it sought to have answered, but the FTC refused. Burman Decl. ¶ 3.

In addition, Amazon's 30(b)(6) Deposition Notice sought testimony about the FTC's positions regarding the factual bases for the allegations in the Complaint as well as the FTC's position on "[t]he specific practices that the FTC contends Amazon was required to implement with respect to In-App Charges to comply with Section 5 of the FTC Act, including but not limited to the purchase disclosures and password controls necessary for compliance." Ex. E (Amended Notice of Rule 30(b)(6) Deposition) at Nos. 2-4, 9.[4] After initially objecting to producing a witness to testify, the FTC designated an attorney working on the case for the FTC.

The FTC attorney refused to answer most of the questions Amazon posed. *See, e.g.*, Ex. F (Rule 30(b)(6) Deposition of FTC) at 26:24-27:8 (refusing to identify what injunctive relief is necessary if Amazon is currently in compliance with Section 5), 58:16-22 (refusing to answer "[H]ow does Amazon's current practices compare with what's required of Apple in that consent order?"). The FTC instructed the witness not to answer based on the assertion that the questions called for the "mental impressions that were formed by the FTC in anticipation of litigation." *Id.*

---

[4] The FTC sought a protective order regarding deposition topics 6, 15, 17, 21, and 22. Dkt. 49. That motion is pending, and Amazon reserves the right to resume the 30(b)(6) deposition accordingly.

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) – 4
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

at 6:18-20.  In response to nearly 60 questions, the FTC instructed the witness, "Don't answer."

The FTC has also refused to produce documents responsive to Amazon's requests related to the in-app purchasing practices of Apple.  Amazon seeks documents sufficient to show (1) the process by which an Apple customer completed an in-app purchase, (2) Apple's customer-service policies and practices with respect to refunds for in-app purchases, and (3) refunds provided by Apple to its customers.  Industry practice is highly probative of the FTC's claims here, particularly where the market was developing, Apple popularized the practice, and the FTC failed to offer any formal or informal guidance to companies offering in-app purchasing to consumers prior to the disclosure of the FTC's consent decree with Apple.

As a result, at the close of fact discovery, Amazon lacks the most basic information about the FTC's positions regarding which of Amazon's evolving in-app billing practices it contends were unfair, the bases for its contentions, and the practices the FTC contends online retailers such as Amazon must take to comply with Section 5 of the FTC Act.

### III.   STANDARD OF REVIEW

"Like any ordinary litigant, the Government must abide by the Federal Rules of Civil Procedure.  It is not entitled to special consideration concerning the scope of discovery, especially when it voluntarily initiates an action."  *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y.2009); *see also SEC v. Kramer*, 778 F. Supp. 2d 1320, 1327 (M.D. Fla. 2011) ("Rule 30(b)(6) expressly applies to a government agency and provides neither an exemption from Rule 30(b)(6) nor special consideration concerning the scope of discovery . . . .").

### IV.   ANALYSIS

A.   **Requests for Admission and Interrogatories**

  1.   **The Phrase "Billing Practices for In-App Purchases" Is Neither Vague Nor Ambiguous**

The FTC refuses to answer any of Amazon's Requests regarding whether the FTC contends that a particular Amazon billing practice complies with the FTC Act on the basis that

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) − 5
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the phrase "billing practices" is vague and ambiguous. Ex. C at Nos. 1-8, 11-12, and 15. The complete phrase used in the requests is "billing practices for In-App Purchases." *Id.* The FTC's assertion that it does not understand the phrase "billing practices for In-App Purchases" is groundless and a transparent attempt to avoid responding to the substance of the request. This case is about one thing: Amazon's billing practices for in-app purchases. Indeed, the FTC captioned the single count in its complaint as "Unfair Billing of In-App Charges." Compl. at 11 (Dkt. 1). The FTC uses the phrase "in-app charges" over 30 times in its complaint. And, the FTC used the phrase "unfair in-app billing practices" in its motion to compel discovery. Mot. at 2 (Dkt. 24). And even though unnecessary, Amazon defined "In-App Purchases" in the Requests for Admission as "a charge that may be incurred by a customer or any other person while using an App," and defined "App" as "any software application or code that can be transmitted or downloaded to any mobile computing device." Ex. A at 3, 5. Given the context of this case and the FTC's own use of the same phrase, the FTC's objection that "billing practices" is vague and ambiguous is unjustified, and the FTC should be compelled to answer Request Nos. 1-8, 11-12, and 15 and Interrogatory No. 14 explaining the basis for its denial of these Requests, if any.

### 2. The Requests Are Not Overbroad

The FTC has categorically attempted to avoid Amazon's discovery requests comparing Amazon's in-app billing practices with the requirements for "express, informed consent" imposed by the FTC in its consent decrees with Apple and Google. The FTC repeatedly objected to such Requests on the grounds that they are not relevant or are overbroad. Ex. C at Nos. 9-10, 13-14.

The FTC's position is meritless and patently inconsistent with its prior position. Where it has suited the FTC's needs, the FTC has repeatedly cited the Apple and Google consent decrees as examples of how Amazon can comply with the FTC Act. In fact, after nearly a two-year investigation by the FTC and a year of litigation in this case, the *only* explanation or guidance the

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) − 6
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

FTC has provided even attempting to explain what Amazon must do to comply with Section 5 is refer Amazon to the Apple and Google consent decrees. *See, e.g.*, Ex. B at No. 6 (directing Amazon to "the FTC's settlement agreement with Apple Inc." as an "illustrat[ion] of compliance); *see also* FTC Resp. to Mot. to Dismiss at 16-17 (Dkt. 11) (asserting that the FTC's settlements with Apple and Google "illustrate that companies can obtain account holders' consent to multiple in-app charges by their children in advance.").

As a result, the FTC has opened the door to discovery responses relevant to the FTC's claim and Amazon's defenses by comparing Amazon's in-app billing practices with the provisions of the Apple and Google consent decrees.[5] Accordingly, the Court should compel the FTC to answer Request Nos 9, 10, 13, and 14 and Interrogatory Nos. 21-22.

### 3. The Requests Do Not Call for a Legal Conclusion

The FTC objects to 33 of the Requests on the ground that they seek a legal conclusion (Nos. 1-18, 21, 23-27, 32-33, and 35-41). But the purpose of Rule 36 is "weeding out facts and items of proof over which there is no dispute." *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 79 (W.D.N.Y. 2000). "[T]hey can be particularly helpful in expediting and streamlining litigation." Moore's Federal Practice § 36.02. That is precisely this situation.

The range of information a party may elicit through requests for admission is broad. Rule 36 expressly authorizes requests to admit the truth of "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). Indeed, the rule was amended to broaden the scope from solely issues of fact to include application of law to fact. Adv. Comm. Note ("This change resolves the conflicts in the court decisions as to whether a request to admit matters of 'opinion' and matters involving 'mixed law and fact' is proper under the rule.") "A request to admit covers the full range of information discoverable under Fed. R. Civ. P. 26(b),

---

[5] Moreover, industry practices are probative of whether a particular business act is unfair. *See* Amazon's Response to FTC's Motion for Protective Order Regarding Rule 30(b)(6) Deposition Notice (Dkt. 51) at III.A.1.

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) – 7
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

including matters of facts as well as the application of law to the facts." *Booth*, 194 F.R.D. at 79 (emphasis added); *see also Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 937 n.4 (9th Cir. 1994) ("Rule 36(a) permits requests for admission addressing questions of mixed law and fact."); *Miller v. Holzmann*, 240 F.R.D. 1, 5 (D.D.C. 2006) ("[I]t is permissible to request an admission as to how a particular source of a legal obligation, such as a contract or a statute or regulation, applies to a given state of facts."); *Adobe Sys. Inc. v. Christenson*, 2011 WL 540278, at *7 (D. Nev. Feb. 7, 2011) (requests "to admit that their advertisement, offer for sale, sale or distribution of the disputed product infringed Plaintiff's exclusive rights in the copyrights" were appropriate).

Amazon's Requests are designed to eliminate issues for trial by seeking the FTC's position about the application of the law to the various fact patterns presented in the case. In Request Nos. 1-8 and 11-15, Amazon seeks the FTC's position about whether Amazon's in-app billing practices at certain points in time (when the practices changed from time to time) violated the Act. Similarly, Request Nos. 9-10, 13-14, and 16-18 ask whether or not the FTC contends that certain of Amazon's in-app billing practices meet the "expressed informed consent" standard advocated by the FTC as the proper legal test. This series of Requests is specifically designed to narrow which of Amazon's practices are at issue for trial and which transactions need to be studied by the experts as potentially involving child-related purchases. Accordingly, the FTC's objections are unjustified, and the Court should compel the FTC to answer those requests.

### B. Rule 30(b)(6) Deposition Questions

At the Rule 30(b)(6) deposition, the FTC refused to answer basic, straightforward questions about the factual bases for its allegation that Amazon has violated Section 5, what evidence it has regarding Amazon's refund practices, what damages it seeks, the factual basis for its request for an injunction, and what specific injunctive relief the FTC requests of the Court. Asserting a litany of claimed privileges, the FTC instructed its designated witness—an attorney working on the case—to answer questions only where the FTC had publicly stated its position.

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) − 8
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

*See, e.g.*, Ex. F at 34:24-35:12 (answering only that the FTC has not taken a public position on whether Amazon's in-app innovations have benefited consumers).  There is no support in the law for the FTC to limit its answers to only that which it has previously volunteered to the public, particularly where Amazon did not seek information about the FTC's mental processes or deliberations.  *See, e.g.*, *United States v. Nobles*, 422 U.S. 225, 238 (1975) ("At its core, the work-product doctrine shelters the mental processes of the attorney . . . .").

For example, after claiming that it "has evidence that many customers did not receive refunds"—a contention Amazon refutes—the FTC refused to answer the question, "[W]hat is that evidence?"  Ex. F at 47:6-15 ("Attorney work product.  Don't answer.").  When Amazon asked if the FTC knew "what amount of refunds have already been granted by Amazon," the FTC refused to answer.  *Id.* at 43:18-22 ("Attorney work product.  Don't answer.").  When asked the basis for the alleged damages and how those damages will be calculated, the FTC refused to answer.  *Id.* at 63:15-64:2 ("Vague and attorney work product.  Don't answer.").

Moreover, despite directing Amazon to the Apple consent decree as an example of how a company can comply with Section 5, the FTC refused to answer questions comparing Amazon's practices to those described in that consent decree.  *See, e.g.*, *id.* at 58:16-22 (refusing to answer, "[H]ow does Amazon's current practices compare with what's required of Apple in that consent order?"), 133:10-134:2 (refusing to answer, "[D]o the text communications on Amazon's website with respect to in-app purchasing—are they in noticeable type [as required in the Apple consent decree]?"), 34:12-22 (refusing to answer how Amazon's refunds for in-app purchases compare to Apple's refunds for the same).

Most egregiously, the FTC refused to answer any questions about what facts make an injunction appropriate and what specific injunctive relief the FTC requests of the Court.  For example, when Amazon asked, "[W]hat does the FTC contend Judge Coughenour must order Amazon to do with injunctive relief to be in compliance?" the FTC instructed the witness,

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) – 9
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

"Don't answer." *Id.* at 29:21-30:6; *see also* 26:4-27:8, 30:23-31:1 (refusing to answer "If Amazon is in compliance today, what injunctive relief is necessary?"),142:7-21.

Amazon has attempted for over three years to understand what the FTC specifically contends Amazon was and is required to do to comply with Section 5. Amazon—whose mission is "to be Earth's most customer-centric company"—contends that its practices have complied with and far surpassed that standard. The FTC's oft-repeated assertion that Amazon must obtain account holders' "informed consent" without explaining how Amazon has failed to obtain that consent, what it should have done to obtain it, or what the Court must order Amazon to do to obtain it is insufficient under the discovery rules and unhelpful to either party or the Court. Accordingly, the Court should order the FTC to provide substantive answers to those questions.

C. **Discovery Relating to Apple's In-App Purchasing Practices**

The FTC's primary objection is that Apple-related information is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. *See, e.g.*, Ex. G (FTC Resp. to Second Requests for Prod.) at No. 26 ("Documents and information that Apple provided to the FTC during its investigation of Apple do not make more or less probable any fact of consequence in determining whether *Amazon's* practices violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a)."). As discussed in more detail in Amazon's Response to FTC's Motion for Protective Order Regarding Rule 30(b)(6) Deposition Notice (Dkt. 51), Apple's practices are very much relevant to Amazon's defenses. Industry practice is relevant to Section 5 cases, and it is particularly relevant here, where Amazon's in-app business practices were launched and refined in a new and innovative market after the incumbents had affected consumer expectations. Moreover, the FTC failed to offer any specific formal or informal guidance to companies offering in-app purchasing to consumers prior to January 2014, when its proposed consent decree with Apple was announced. In this context, comparison of Amazon's practices to those of its primary competitors in the in-app market—established and respected companies, not fly-by-

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) − 10
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

night operators—is probative of whether Amazon's practices fell below, met, or exceeded consumers' expectations.

The FTC must also show that the purported harm was not substantially outweighed by the benefits to consumers and competition. 15 U.S.C. § 45(n). Comparison of Amazon's in-app billing practices—including its disclosures, parental controls, password requirements, and liberal refund policies—to Apple's in-app billing practices is probative of the benefits Amazon provided to both its customers and to competition.

Request No. 26 seeks documents, including device screenshots, sufficient to show the processes by which a customer would make an in-app purchase and the controls, protections, and notifications used by Apple to prevent accidental in-app purchases. The Request, therefore, asks for foundational, public-facing documents that Apple undoubtedly provided to the FTC.

Request No. 27 asks for documents sufficient to show Apple's customer-service policies and practices relevant to in-app purchases. Among the elements the FTC must prove to prevail on its claim is that consumers could not have reasonably avoided alleged injury through post-transaction mitigation. *See FTC v. J.K. Publications, Inc.*, 99 F. Supp. 2d 1176, 1202 (C.D. Cal. 2000). As a result, Amazon's refund policies and practices are a key issue in this case, as reflected by the FTC's substantial discovery requests on the topic. Here too, comparison of Amazon's practices with those of its competitors is highly probative of Amazon's defenses.

For its final request at issue, Amazon agrees to narrow Request No. 28 to the following:

> Documents and data sufficient to show, by month, the number of units and the dollar amount of In-App Charges that were refunded by Apple to its customers; for each refund measure, the percentage of Apple's total In-App Charges (the numerator should be the total number of units or total dollar amount refunded in a particular month and the denominator should be, respectively, the total number of units or total dollar amount of revenue of In-App Purchases in the corresponding month); and the percentage of Apple's granted In-App Charge refund requests (the numerator should be the total number of refunds granted in a particular month

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) − 11
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

and the denominator should be the total number of In-App Charge refunds requested in that same month).[6]

Comparison of Amazon's generous refund practices with Apple's practices is relevant and could provide benchmarking for a market in its infancy. Amazon expects the evidence to show that its refund practices were much more generous than Apple's practices, resulting in Amazon's dissatisfied customers receiving refunds prior to any intervention by the FTC. This evidence will inform the Court whether Amazon's fully refunded customers suffered any injury that would need remuneration beyond what they already have received and will confirm that injunctive relief in the form of the Apple consent decree is unnecessary here. The FTC's refusal to produce the information is even more perplexing because the FTC asked Amazon's witnesses about the differences between Amazon's refund rates and Apple's (iOS) or Google's (Android) refund rates. *See, e.g.*, Ex. H (Paleja Tr. 100:8-14), Ex. I (Rouse Tr. 105:12-17). The FTC apparently wants it both ways—take discovery on Apple's refund rates when it helps its case but deny Amazon access to information regarding the same when it hurts the FTC's case.[7]

Request Nos. 26-28 seek information Apple provided to the FTC, so its various privilege objections are invalid. So too are its objections that the requests are unduly burdensome and that Amazon should be required to get the information from Apple directly. To protect its rights, Amazon served a subpoena on Apple to request the information, but Apple has refused to produce any documents, in part because it contends Amazon should instead get requested documents from the FTC. Ex. G at No. 26. The most efficient outcome, and the one that minimizes the burden on nonparty Apple, is for the FTC to produce the documents.

## V. CONCLUSION

Accordingly, the Court should grant Amazon's Motion to Compel.

---

[6] The FTC refused to provide the requested refund data in response to an interrogatory propounded by Amazon. Ex. D at No. 21. The data are also responsive to Request for Production No. 28, and thus Amazon agrees to narrow Request No. 28 as indicated rather than move to compel with respect to Interrogatory No. 21.

[7] Given the potential sensitivity of the requested data, Amazon is willing to restrict access to outside counsel only and so informed Apple's counsel on September 25. Burman Decl. ¶ 4.

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) − 12
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED: September 28, 2015

*s/ David J. Burman*
Harry H. Schneider, Jr., WSBA No. 9404
David J. Burman, WSBA No. 10611
Jeffrey M. Hanson, WSBA No. 34871
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
HSchneider@perkinscoie.com
DBurman@perkinscoie.com
JHanson@perkinscoie.com

Attorneys for Defendant Amazon.com, Inc.

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) − 13
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

# CERTIFICATE OF SERVICE

I certify that on September 28th, 2015, I electronically filed the foregoing Motion to Compel the FTC's Production of Documents and Answers to Requests for Admission, Interrogatories, and Deposition Questions with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record.

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 28th day of September, 2015.

*s/ David J. Burman*

AMAZON'S MOTION TO COMPEL PRODUCTION
AND ANSWERS TO DISCOVERY REQUESTS
(No. 2:14-CV-01038-JCC) − 14
24976-0374/128046441.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000