1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC.,<br><br>　　Defendant. | **Case No. 2:14-cv-01038-JCC**<br><br>**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND A RULE 30(b)(6) WITNESS**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, October 16, 2015 |

1    Pursuant to Fed. R. Civ. P. 37(a)(3), Plaintiff Federal Trade Commission ("FTC") moves
2    the Court for an order compelling Defendant Amazon.com, Inc. ("Amazon") to promptly
3    produce recently disclosed call recordings related to consumers' complaints about unauthorized
4    in-app charges and to produce a Rule 30(b)(6) witness on all remaining topics in the FTC's
5    Amended Notice of Deposition to Amazon.  Throughout discovery, Amazon consistently has
6    failed to produce documents in a timely manner and has produced a substantial number of
7    responsive documents in the days and even hours before relevant depositions, long after these
8    documents were due.  Now, with fact discovery set to close on September 28, Amazon has just
9    revealed a trove of responsive customer service information that it failed to produce to the FTC.
10   Amazon also failed to produce a Rule 30(b)(6) witness before the discovery cutoff on most of the
11   topics identified in the FTC's Rule 30(b)(6) deposition notice.
12          Accordingly, the FTC seeks an order compelling Amazon to produce: (1) customer
13   service phone recordings and/or transcripts of customers who complained to Amazon about in-
14   app charges; and (2) a Rule 30(b)(6) witness on all remaining topics in the FTC's notice of
15   deposition, which was served on August 21, 2015.  Amazon has promised to produce some (but
16   not all) of the responsive information after the discovery cutoff of September 28.  Accordingly,
17   the FTC seeks an order requiring production on all currently outstanding items to ensure that it
18   receives relevant documents and testimony that it has timely requested from Amazon.  *See* Local
19   Rule 16(b)(2).

20   **I.    Background**
21          The FTC filed its complaint on July 10, 2014, alleging that Amazon billed parents and
22   other account holders millions of dollars for children's activities in apps that are likely to be used
23   by children without having obtained the account holders' authorization, in violation of Section 5
24   of the FTC Act, 15 U.S.C. § 45.  (Dkt. 1.)  The FTC's complaint seeks injunctive and equitable
25   relief against Amazon for its unfair in-app billing practices, including redress for consumers
26   whose children incurred unauthorized in-app charges but who have not received a refund.

1   The FTC served its first set of discovery requests in this case on September 3, 2014. Ex. A. After much back-and-forth between counsel for the parties, Amazon agreed to substantially complete its production by May 15, 2015. Amazon's letter accompanying its May 15 production stated: "[w]ith this production, Amazon has produced the vast majority of its documents responsive to the FTC's First and Second Document Requests. We are finalizing the review of the small amount of remaining documents and will produce these documents shortly, along with any remaining documents responsive to the FTC's recent Third Document Requests." Adler Decl. ¶ 3. Yet since May 15, Amazon has produced over 85,000 pages of responsive documents, including over 16,000 pages on the last day of discovery. *Id*. ¶ 4. On September 21, 2015—one week before the close of fact discovery—Amazon revealed for the first time that it had customer service call recordings (and possibly transcripts) of customer service calls for up to 111,200 phone contacts about in-app charges, which are responsive to the discovery requests served in September 2014. Ex. B. Before September 21, 2015, Amazon had not disclosed that it had these recordings in its possession. Adler Decl. ¶ 5.

During a meet-and-confer call on September 24, 2015, Amazon's counsel stated that other Amazon counsel were aware of these recordings but had not produced them because they considered the production to be unduly burdensome. *Id*. ¶ 13. Specifically, Amazon asserted that it would need to transcribe these recordings so it could redact customer identifying information, creating an undue burden. This step is unnecessary given the parties' protective order in this case and should not serve to limit discovery. (*See* Dkt. Nos. 16 & 17.) Amazon has not told the FTC how many recordings there are total, produced any of the phone recordings and/or transcripts, or committed to produce the recordings by any particular date. Instead, Amazon proposed to produce a small sample of recordings at an unspecified time. Especially without information about the universe of call recordings, the FTC has not agreed to that proposal.

Amazon also has refused to provide a corporate representative before the end of fact discovery to testify on most of the topics in the FTC's noticed Rule 30(b)(6) deposition. On August 21, 2015, the FTC served its Notice of Rule 30(b)(6) Deposition on Amazon, setting the deposition for September 21 through 23. The FTC subsequently amended its 30(b)(6) notice to move the deposition to September 23 through 25 to accommodate Amazon's counsel and witnesses. Ex. C. On September 14, 2015, Amazon served written objections to the FTC's notice, refusing to provide a 30(b)(6) designee about certain topics at all and suggesting any further testimony would only come after the discovery cutoff. Ex. D. Amazon's counsel informed the FTC in advance of the deposition that Amazon's witnesses on September 23 and 25 would testify about less than half of the noticed topics.[1] Ex. E. Amazon never moved for a protective order as to the FTC's deposition. Amazon has since agreed to produce a corporate representative in early October, after the close of fact discovery, to testify to the additional noticed topics. Ex. F. Amazon, however, has continued to raise objections about some of the noticed topics and has not committed to providing full testimony on all topics. *Id*.

Despite meeting and conferring about these issues, the parties have been unable to reach agreement about production of the call recordings and the Rule 30(b)(6) deposition before the fact discovery cutoff.

## II.     Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense[.]" If a party resists discovery, after a good faith attempt to meet and confer to resolve the dispute, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). Local Rule 16(b)(2) states that "[a]ny motion to compel discovery shall also be filed and served on or before [the discovery] deadline or as directed by court order." The resisting party bears a "heavy

---

[1] Amazon's Rule 30(b)(6) witnesses testified as to Topic Nos. 15-24 and 26. No Rule 30(b)(6) witness has testified yet as to Topic Nos. 1-14, 25, and 27-41.

1  burden" of demonstrating why discovery should be denied, *Blankenship v. Hearst Corp.*, 519
2  F.2d 418, 429 (9th Cir. 1975), including by "clarifying, explaining, and supporting its
3  objections.'" *Lauer v. Longevity Med. Clinic PLLC*, No. C13–0860–JCC, 2014 WL 5471983, at
4  *3 (W.D. Wash. Oct. 29, 2014) (quoting *Cable & Computer Tech., Inc. v. Lockheed Saunders*,
5  *Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997)).  A party cannot refuse to attend a Rule 30(b)(6)
6  deposition notice without a motion for a protective order filed before the deposition.  *Charm*
7  *Floral v. Wald Imports, Ltd.*, No. C10-1550-RSM, 2012 WL 424581, at *2 (W.D. Wash. Feb. 9,
8  2012) ("Unless a party or witness files a motion for a protective order and seeks and obtains a
9  stay *prior* to the deposition, a party or witness has no basis to refuse to attend a properly noticed
10 deposition.").

11 **III.    Discussion**

12        Amazon's failure to produce responsive documents and a corporate representative on all
13 noticed topics before the discovery cutoff greatly prejudices the FTC's prosecution of this case.
14 An order requiring immediate production of responsive documents and a knowledgeable Rule
15 30(b)(6) witness is warranted.  Amazon continues to refuse to produce the vast majority of the
16 customer service recordings that it improperly withheld and did not disclose to the FTC over the
17 past year of discovery.  While Amazon has now agreed to produce after the discovery cutoff a
18 witness on many remaining Rule 30(b)(6) deposition topics, it has not committed to providing
19 full testimony as to all noticed topics.  Local Rule 16(b)(2) requires that the FTC file this motion
20 to compel before the close of discovery in order to ensure that Amazon produces a
21 knowledgeable witness on these properly noticed topics.

22        **A.    The Court Should Require Production of the Customer Service Records.**

23        The customer service call recordings and/or transcripts are directly responsive to
24 document requests that the FTC served over a year ago in this case.  The FTC's First Set of
25 Document Requests, served on September 3, 2014, asked for:
26

11. All Documents related to Customer complaints, abuse documentation, technical assistance, trouble tickets, and chargebacks related to In-App Charges.

12. All Documents related to refund requests, refunds provided, refund denials, and refund rates for In-App Charges incurred within Apps downloaded from the Amazon Appstore. This request includes refund requests to and refunds provided by App Developers as well as Amazon.

Ex. A at 9. At Amazon's request, the FTC agreed that Amazon could limit production of consumer complaints to complaints relating to certain codes Amazon used to classify complaints ("wrap-up" codes).

In answering the FTC's requests, Amazon did not disclose that it had responsive call recordings. Instead, on September 21, 2015, Amazon revealed for the first time that it had recordings (and possibly transcripts) corresponding to up to 111,200 customer service contacts related to in-app charges. Amazon has not disputed that these recordings (and transcripts, if they exist) are responsive to the FTC's document requests or contain relevant information. Rather, Amazon's counsel has stated that other Amazon counsel withheld the documents based on that counsel's assessment that production would be unduly burdensome. Adler Decl. ¶ 13. Since Amazon had not disclosed these recordings to the FTC in the first year of discovery, the FTC had no opportunity to challenge Amazon's assessment that production would be unduly burdensome. Now, at this late stage, Amazon has proposed producing only a sample of its choosing of these responsive recordings sometime after the discovery cutoff.

Amazon has suggested that the burden of producing these recordings (and possibly transcripts) lies in redacting information identifying individual consumers. Ex. B. But Amazon has chosen unnecessarily to take on that burden and cannot restrict the FTC's discovery on that basis. Amazon need not scrub customer identities from its production to the FTC. The protective order in this case protects this information from further disclosure. Stipulated Protective Order (Dkt. 16); Minute Order Adopting Stipulated Protective Order (Dkt. 17).

1  Indeed, the Court previously has held that Amazon was required to produce information about
2  customers who requested and were denied refunds for in-app charges.  Order Granting Motion to
3  Compel at 3-5 (Dkt. 48).  The FTC nonetheless would accept redaction of customer identities for
4  this set of call recordings as long as the redaction does not delay or limit production.  The
5  requested recordings contain the narratives of Amazon's customers explaining why they are
6  seeking refunds of in-app charges by children.  They will reveal evidence about consumers' lack
7  of awareness about in-app charges and whether their children could incur them, as well as other
8  facts demonstrating that many consumers could not reasonably avoid the harm.  They go to the
9  core of the FTC's case.

Additionally, because of the unjustifiably late revelation of these responsive recordings, the FTC requests that Amazon's production of these recordings include, for each recording, the Bates range of the corresponding customer service complaint that already has been produced. Amazon's delay has cost the FTC the opportunity to ask for this information in discovery. Indeed, the recordings will come too late for the FTC to use the recordings timely in other discovery, including in depositions of Amazon's witnesses.

### B. The Court Should Require Amazon to Produce a Knowledgeable Rule 30(b)(6) Witness About the Remaining 30(b)(6) Topics.

The FTC served its Rule 30(b)(6) deposition notice on Amazon on August 21 and the deposition was held, at Amazon's request, on September 23 and 25.[2]  While Amazon served written objections to the notice, it never sought a protective order as Federal Rule of Civil Procedure 26(c) requires.  *See, e.g., Charm Floral*, 2012 WL 424581, at *2 (W.D. Wash 2012); *New England Carpenters Health Benefits Funds v. First Databank, Inc.*, 242 F.R.D. 164, 166 (D. Mass. 2007) (magistrate opinion) (holding that a 30(b)(6) deponent could not avoid attending the

---

[2] On September 16, 2015, the FTC served an amended deposition notice at Amazon's request, moving the deposition dates from September 21-23 to September 23 and 25 in order to accommodate the schedules of Amazon's counsel and witnesses.  Ex. C.  The amended notice also included one additional topic (No. 41) which the parties agreed to instead of the FTC pursuing the individual deposition of one of Amazon's senior executives.

1  deposition by raising objections, rather than filing for a protective order).  Instead, Amazon
2  simply informed the FTC that it would not produce a witness before the discovery cutoff as to
3  most of the remaining topics (1-4, 6-12, 14, 25, 29-37, and 40-41), while making testimony
4  about other topics contingent on the FTC narrowing those topics.  The topics for which Amazon
5  has agreed only to provide testimony contingent on the FTC's identification of "specific
6  questions" or other limitations include topics 5 and 38 (the bases for Amazon's interrogatory
7  responses), topic 13 (the costs and benefits of Amazon's in-app billing practices), and topics 27-
8  28 (revenue and refunds for in-app charges and Amazon's consideration of refund rates for other
9  digital content).  These topics are relevant and proper.  Accordingly, the FTC is filing this
10 motion to ensure that it obtains testimony about *all* remaining topics in its deposition notice.  An
11 order will ensure that Amazon provides a knowledgeable witnesses on all remaining Rule
12 30(b)(6) topics, even if, as Amazon insists, the deposition takes place after the close of
13 discovery.  *See* Local Rule 16(b)(2).

14 **IV.    Conclusion**

15     The FTC respectfully requests the Court grant the FTC's Motion to Compel Discovery
16 Responses and compel Amazon: (1) to produce all customer service recordings and/or transcripts
17 responsive to the FTC's Document Requests; (2) to identify, by Bates range, which previously
18 produced customer service summary corresponds to each call recording and/or transcript; and (3)
19 to produce a knowledgeable witness (or witnesses) for Topics 1-14, 25, and 27-41 of the FTC's
20 Amended Notice of Rule 30(b)(6) Deposition.  A proposed order compelling Amazon's
21 production within ten days of entry of the order is enclosed for the Court's consideration.

PLAINTIFF'S MOTION TO COMPEL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

7

| | | |
|---|---|---|
| 1 | Dated: September 28, 2015 | /s/ Jason M. Adler |
| 2 | | JASON M. ADLER |
| | | DUANE C. POZZA |
| 3 | | HEATHER ALLEN |
| | | JANE M. RICCI |
| 4 | | MIYA RAHAMIM |
| 5 | | jadler@ftc.gov, dpozza@ftc.gov, hallen@ftc.gov, jricci@ftc.gov, mrahamim@ftc.gov |
| 6 | | Federal Trade Commission |
| | | 600 Pennsylvania Avenue N.W., CC-10232 |
| 7 | | Washington, DC 20580 |
| | | P: (202) 326-3231, (202) 326-2042, (202) 326-2038, (202) 326-2269, (202) 326-2351 |
| 8 | | F: (202) 326-3239 |
| 9 | | |
| 10 | | LAURA M. SOLIS, WA Bar No. 36005 |
| | | lsolis@ftc.gov |
| 11 | | Federal Trade Commission |
| | | 915 2nd Avenue, Suite 2896 |
| 12 | | Seattle, WA 98174 |
| | | P: (206) 220-4544 |
| 13 | | F: (206) 220-6366 |
| 14 | | Attorneys for Plaintiff |
| | | FEDERAL TRADE COMMISSION |

# CERTIFICATE OF SERVICE

I, Jason M. Adler, certify that on September 28, 2015, I electronically filed the foregoing Plaintiff's Motion to Compel Discovery Responses with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

By: /s/ Jason M. Adler

PLAINTIFF'S MOTION TO COMPEL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

9