THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | CASE NO. C14-1038-JCC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on the FTC's Motion for a Protective Order with respect to Amazon's 30(b)(6) deposition notice (Dkt. No. 49), Amazon's Response (Dkt. No. 51), and the FTC's reply (Dkt. No. 54).

Upon considering the parties' briefing and the relevant record, the Court finds the burden of several "topics" identified in Amazon's 30(b)(6) notice to outweigh their likely benefit, and hereby GRANTS the motion for the reasons explained herein.

**I.    BACKGROUND**

On August 17, 2015, Amazon served its Rule 30(b)(6) deposition notice on the FTC. (Dkt. No. 49 at 15–22.) In the notice, Amazon requested that the FTC prepare its personal representative to testify with respect to the several topics. The FTC seeks a protective order striking or limiting the following topics relating to Amazon's business competitor, Apple:

6. Studies, surveys, or analyses the FTC conducted, commissioned, considered, or otherwise made known to the FTC referring or related to In-App Charges, including but not limited to In-App Charges incurred on the following digital platforms operated by Amazon or Apple: (a) the Amazon "Appstore," or (b) Apple's App Store

15. The FTC's investigation of and settlement with Apple regarding In-App Charges incurred during use of Apps downloaded from Apple, including the FTC's position with respect to what is required by its consent decree with Apple to ensure that its practices for In-App Charges comply with Section 5 of the FTC Act.

17. The FTC's understanding of the amounts and percentages of In-App Charges that were refunded by Apple to customers prior to their settlements with the FTC.

21. The various controls, protections, or notifications utilized by Apple from inception of In-App Purchasing to the present which were intended to avoid accidental purchases of In-App Charges (such as parental controls, password prompts, PINs, or other disabling tools or notifications to the customer that such a purchase had been transacted), including the date each such control or protection was implemented.

22. Apple's customer-service policies and practices, including the various means and methods by which customers could seek and receive refunds from Apple for unauthorized or accidental In-App Charges, from inception of In-App Purchasing to the present.

(Dkt. No. 49 at 19–22.) The FTC moves for a protective order striking or limiting its testimony with respect to these topics as the information: (1) represents sensitive and confidential information submitted by Apple in response to a previous FTC investigation, (2) presents a burden on the FTC in preparing for its deposition, and (3) is irrelevant to the claims or defenses of the above-captioned matter. (Dkt. No. 49 at 2.)

## II.  DISCUSSION

Fed. R. Civ. P. (26)(b)(1) limits discovery to "any non-privileged matter that is relevant to any party's claim or defense." Information "reasonably calculated to lead to the discovery of admissible evidence" is discoverable. *Surfvivor Media, Inc. v. Survivors Prods.*, 406 F.3d 625, 635 (9th Cir. 2005) (internal citation omitted). District courts are afforded broad discretion in

determining what is relevant and discoverable. *Id.*

Where "the burden or expense of the proposed discovery outweighs its likely benefit," the Court must limit discovery. Fed. R. Civ. P. 26(b)(2)(C). Moreover, the Court may issue a protective order for good cause to prevent "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). One of the considerations provided by the Federal Rules for issuing a protective order is where "confidential . . . commercial information" is implicated. Fed. R. Civ. P. 26(c)(1)(G).

Upon review, the Court finds that Amazon's request that the FTC prepare testimony with respect to Apple's practices implicates sensitive commercial information, and is unduly burdensome particularly considering its low probative nature. Despite Amazon's arguments, the allegations pled in the FTC's Complaint under 15 U.S.C. § 45(n) and 15 U.S.C. § 53(b) do not pertain heavily to industry practices. (*See* Dkt. No. 1 at 10–11; Dkt. No. 51 at 5.) The FTC's allegations against Amazon are based on unfair practices due to "substantial injury" to consumers. (Dkt. No. 1 at 11.) To the extent that information regarding Apple's In-App Purchase practices is relevant and discoverable, a value the Court weighs lightly, the burden to the FTC[1] outweighs the benefit of preparing testimony on these confidential topics. The Court finds good cause for entry of a protective order regarding Amazon's Rule 30(b)(6) notice.

## III.     CONCLUSION

For the foregoing reasons, the FTC's motion for a protective order (Dkt. No. 49) is GRANTED. Accordingly,

1. Topics 17, 21, and 22 are stricken from the notice;

2. For Topics 6, 15 and any other topic that may encompass the FTC's investigation of Apple, the topics are limited to exclude inquiry into any non-public information related to the FTC's investigation of Apple, including non-public information obtained from Apple in the course of that investigation; and

---

[1] In assessing the burden to the FTC, the Court is also mindful of the FTC's reliance on cooperation from the companies it investigates as part of its "pro-competition and consumer protections missions." (Dkt. No. 49 at 8.)

3. For any topic that may encompass the FTC's investigation of any other company besides Amazon, the topics are limited to exclude inquiry into any non-public information related to the FTC's investigation of that company, including non-public information obtained from that company in the course of that investigation.

DATED this 16 day of October 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR
PROTECTIVE ORDER
PAGE - 4