THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

                Plaintiff,

     v.

AMAZON.COM, INC.,

                Defendant.

CASE NO. C14-1038-JCC

ORDER

This matter comes before the Court on Amazon's Motion to Compel (Dkt. No. 55), the FTC's Motion to Compel (Dkt. No. 57), and Amazon's Motion for a Protective Order and Limited Extension of Discovery Cutoff (Dkt. No. 59). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby orders as follows:

    1)    The FTC's Motion to Compel (Dkt. No. 57) is GRANTED in part and DENIED in part;

    2)    Amazon's Motion to Compel (Dkt. No. 55) is DENIED;

    3)    Amazon's Motion for a Protective Order (Dkt. No. 59) is DENIED; although

    4)    The discovery cutoff is EXTENDED an additional thirty days after the date of this order.

I.      **BACKGROUND**

Without reciting the factual background provided in the Court's order on Amazon's Motion to Dismiss (Dkt. No. 14 at 2), the above-captioned matter is brought by the Federal Trade Commission ("FTC") alleging that Amazon's billing of parents and other account holders for in-app purchases made by children "without having obtained the account holders' express informed consent" is unlawful under Section 5 of the FTC Act, 15 U.S.C. § 45(n). (Dkt. No. 1, p. 11; *see also* Dkt. No. 48 at 1.)

The present discovery disputes arise out of (1) Amazon's objection to producing over 100,000 audio recordings of customer service phone calls due to the immense cost of redacting customer information from them, (2) Amazon's request that the FTC respond via discovery requests to issues related to the merits of its case, (3) both sides' 30(b)(6) depositions, and (4) already-ruled upon questions regarding the FTC's investigation of Amazon's competitors (*see* Dkt. No. 69). (Dkt. Nos. 55, 57, and 59.)

II.     **DISCUSSION**

A.      **The FTC's Motion to Compel**

The Court turns first to the FTC's Motion to Compel. (Dkt. No. 57.) The FTC's motion consists of two requests: (1) first, that the Court compel the production of Amazon customer service phone recordings and/or transcripts of those recordings, and (2) second, that the Court compel Amazon to produce a Rule 30(b)(6) witness for the remaining topics set forth in the FTC's notice of deposition. (*Id.* at 2.)

1.      **Customer Service Audio Recordings**

The FTC requests that Amazon produce the audio recording or text transcript of customer service phone calls that relate to customer complaints regarding in-app purchases. Specifically, the customer service phone calls at issue are those in which a customer complained about an unanticipated in-app charge and received a refund. (*See* Dkt. No. 66 at 5–6.) The FTC has apparently narrowed its original request to only customer calls designated by certain codes—

1  referred to as "wrap-up" codes—employed by Amazon to classify the customer service

2  interaction. (Dkt. No. 57 at 6.) In total, there are approximately 111,200 customer interactions

3  that meet the FTC's description; the FTC requests recordings or transcripts of all of them. (*Id.*)

4  Averaging 6.75 minutes per call, Amazon predicts they amount to over 21,000 hours of audio.

5  (Dkt. No. 66 at 6, 10.) As Amazon argues, it is unlikely that the FTC would be able to actually

6  review this quantity of discovery. (*Id.* at 10.)

7         The parties dispute whether redaction of the customer calls is necessary. Amazon

8  opposes production of the calls due to the tremendous financial burden it faces if required to

9  redact and produce this volume of discovery. Amazon estimates a cost of $1.3–3.7 million to

10  either "beep" out personally identifying details in the audio recordings of customer calls or

11  transcribing and redacting transcripts of the calls. (Dkt. No. 66 at 6–7.) The FTC argues that the

12  customer information need not be redacted; a protective order is in place in this case and the FTC

13  is a law enforcement agency. (Dkt. No. 57 at 8.) The chief basis for Amazon's argument that

14  redaction is necessary is that it believes its customers are protected by the First Amendment and

15  the Video Privacy Production Act ("VPPA"), 18 U.S.C. § 2710. (Dkt. No. 66 at 10–11.)

16         Whereas Amazon has previously invoked the First Amendment protections of freedom of

17  association to oppose discovery requests in this litigation (*see* Dkt. No. 48 at 4–6), here it argues

18  that its customers' purchases constitute expressive content protected by the First Amendment.

19  (Dkt. No. 66 at 12) (citing *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1241 (9th Cir. 2013)). While

20  video games may constitute expressive content, *see Brown*, 724 F.3d at 1241; *Brown v.*

21  *Entertainment Merchants Ass'n*, 131 S.Ct. 2729, 2733 (2011), the accidental purchases at issue

22  in this lawsuit are not a form of actual expression. As the FTC points out, the heart of this

23  dispute are purchases that Amazon customers *did not choose* to make. (Dkt. No. 70 at 6.)

24         The VPPA protects against the disclosure of "personally identifiable information," which

25  is defined as "information which identifies a person as having *requested or obtained* specific

26  video materials or services . . ." 18 U.S.C. § 2710(a)(3) (emphasis added). Similarly, the VPPA's

1   application to transactions a person "requests or obtains," pertains to voluntary actions. *See In re*

2   *Nickelodeon Consumer Privacy Litigation*, 2014 WL3012873, at *11 – 12 (D.N.J. July 2, 2014)

3   (referring to video "choice" as warranting VPPA protection); 134 Cong. Rec. S5397-01 (May 10,

4   1988) (VPPA sponsor, Sen. Leahy, referring to protections to "read and watch what we *choose*")

5   (emphasis added).

6       The Court concludes that neither the First Amendment nor the VPPA apply to customer

7   service calls regarding purchases that customers did not intend to make, at issue here. Even if

8   they did, the Court concludes that the FTC's expected compliance with the entered protective

9   order alleviates any fear of misuse. (*See* Dkt. Nos. 16 and 17.) Redaction prior to turning the

10  recordings over to the FTC is not necessary. However, if later in this litigation the FTC seeks to

11  include personally-identifying details of Amazon customers in a court filing, it will be expected

12  to file such information under redaction or seal.

13      While redaction is not the solution, the Court also finds that the burden to Amazon

14  encompassed in producing such a large quantity of discovery material outweighs the benefit of

15  the FTC having access to all 111,200 files. While the Court does not adopt Amazon's assertion

16  that "it is unlikely that the FTC would ever even use these files," wholesale, neither does it

17  ignore the burdensome nature of producing such a vast amount of discovery where it is unlikely

18  to be used in its entirety. (Dkt. No. 66 at 10.)

19      Amazon has indicated that it is willing to produce a subset of the audio files sought by

20  the FTC, including: (1) all the calls pertaining to customers who sought and were denied a refund

21  for inadvertent in-app purchases (approximately 1,150), and (2) a randomly-drawn sample of

22  recordings from specified wrap-up codes (another 1,150). (Dkt. No. 66 at 6.) Amazon has not

23  explained how the randomly-drawn sample of recordings would be selected, or how to ensure

24  that they are representative of the entire pool of recordings in its records. (Dkt. No. 71 at 16–18.)

25      The Court hereby ORDERS Amazon to produce—to the extent it has not already done

26  so—unredacted copies of all customer service phone calls in which customers were denied a

refund. Amazon is also ORDERED to produce a representative sample of unredacted versions of the remaining phone calls, those from customers who received a refund. The Court is of the impression that this pool of remaining phone calls (from customers who received a refund) consists of 111,200 calls consisting of nine specified wrap-up codes. (*See* Dkt. Nos. 57 at 6; 66 at 6.) Accordingly, the representative sample should consist of 11,120 files, or ten percent of the total pool.[1] This sample should be representative in its composition: meaning, the number of files associated with any given wrap-up code should be in-proportion to the number of calls with that wrap-up code in the overall pool. The files are to be picked at random within these parameters. Amazon may produce either the audio files or transcripts of these calls. Amazon is ordered to produce these files within thirty (30) days of this order.

## 2.    Amazon's Rule 30(b)(6) Witness

The FTC also moved the Court to order Amazon to provide a knowledgeable witness on the 30(b)(6) topics to which it has not already testified. (Dkt. No. 57 at 7–8.) Amazon objected to the FTC's deposition topics 1–4, 6–12, 14, 25, 29–37, and 40–41 on the basis that they were not "described with reasonable particularity." (Dkt. No. 57 at 8; Dkt. No. 59 at 5.)[2] However, the FTC now represents to the Court that Amazon has agreed to make a witness available to testify to the FTC's outstanding topics and that, accordingly, Amazon's motion for a protective order (Dkt. No. 59) and the FTC's motion to compel Rule 30(b)(6) testimony can both be withdrawn. (Dkt. No. 64 at 6.) If the parties have not already resolved this matter, they are expected to schedule deposition on the remaining FTC topics (30, 31, 33, and 35) at a mutually-agreeable time and location. This deposition—and all depositions—are to be completed within thirty (30) days of this order.

---

[1] The Court intends this order to function such that if the total pool of calls is not 111,200, that Amazon produce a sample of ten percent of however many calls there are in total.
[2] Rather than include its opposition to the FTC's 30(b)(6) request in its response to the FTC's motion to compel, Amazon filed its own motion for a protective order (Dkt. No. 59).

ORDER
PAGE - 5

1    As detailed above, the FTC's Motion to Compel (Dkt. No. 57) is GRANTED in part and

2    DENIED in part.

3    **B.    Amazon's Motion to Compel**

4        Amazon also moves the Court to compel the FTC to respond to certain discovery

5    requests. (Dkt. No. 55.) As Amazon puts it, "the discovery in question attempts to elicit the

6    FTC's position." (*Id.* at 4.) The FTC has objected to many of Amazon's requests for admissions

7    ("RFAs"). (Dkt. No. 55 at 6–7.) By way of illustration, one RFA reads as follows:

8        Admit that with respect to Amazon's billing practices for In-App Purchases,
9        Amazon complied with Section 5 of the FTC Act as of November 15, 2011—
         when Amazon made Parental Controls available to all Customers.

10   (Dkt. No. 62 at 4.)

11       Requests such as this plainly call for a legal conclusion and are inappropriate. *See*

12   *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999); *Benson Tower*

13   *Condo. Owners Ass'n v. Victaulic Co.*, 2015 WL 2208444, at *5 (D. Or. May 11, 2015)

14   ("Although Plaintiff has nominally tied its RFAs to the facts of the case, the request remains a

15   legal conclusion: whether or not the Victaulic products are defective . . .").

16       Moreover, Amazon argues that its requests fit within Rule 36's purposes of "weeding out

17   facts and items of proof over which there is no dispute." (Dkt. No. 55 at 9)(internal citation

18   omitted). However, the requested admissions *are* in dispute—in fact, they go to the very heart of

19   the lawsuit: whether Amazon's in-app purchase billing practices violated the FTC Act.

20       All of the RFAs disputed in Amazon's motion seek a legal conclusion in one of two

21   ways: either (1) asking the FTC to admit that Amazon's billing practices comply with Section 5

22   of the FTC Act for various reasons[3] or (2) asking the FTC to admit that Amazon practices "meet

23   or exceed" the "express, informed consent" requirements set forth in an FTC-Apple or FTC-

24

25   _____

26   [3] (Dkt. No. 56 at 43–48, RFA Nos. 1–8, 11–12, 15.)

1    Google settlement agreement.[45] Because the Court upholds the FTC's objections that these RFAs

2    seek to draw a legal conclusion, the Court need not reach Amazon's dispute with the FTC's other

3    objections regarding the phrase "billing practices" or whether requests were overbroad.

4           Amazon's Motion to Compel (Dkt. No. 55) is DENIED.

5    **C.     Amazon's Motion for a Protective Order**

6           As discussed above in Part II(A)(2), the parties have represented to the Court the

7    Amazon's Motion for a Protective Order (Dkt. No. 59) is moot based on a subsequent agreement.

8    (Dkt. No. 64 at 6.) Amazon is expected to comply with that agreement and schedule a Rule

9    30(b)(6) deposition on the remaining topics noted by the FTC. In addition to requesting a

10   protective order over its Rule 30(b)(6) deposition, however, Amazon's motion seeks an

11   extension of the discovery cutoff.

12          In requesting an extension of the discovery cut-off date, Amazon argues that such an

13   extension is necessary for (1) the FTC to supplement its discovery responses (as discussed

14   above); (2) the FTC to produce documents relating to Amazon's competitor, Apple; (3) for

15   Amazon to produce the audio recording files discussed in Part II(A)(1) above. (Dkt. No. 59 at 6–

16   7.) Factual discovery formally closed on September 28, 2015. (Dkt. No. 34.)

17          While the FTC is not ordered to supplement its discovery responses (*see* Part II(B)), or

18   turn over documents relating to Apple (*see* Dkt. No. 69), the Court does find a limited extension

19   of factual discovery necessary in order to ensure that (1) Amazon produces the audio files

20   discussed in Part II(A)(1); and (2) that the parties schedule any remaining Rule 30(b)(6)

21   depositions. To achieve these results, the discovery deadline is extended to run an additional

22   thirty (30) days after the date of this order.

23          This order represents the third time the Court has been called upon to intervene in a

24

25   _____

26   [4] (Dkt. No. 56 at 46–48, RFA Nos. 9–10, 13–14.)
     [5] The Court has already granted a protective order with respect to FTC settlements with Amazon competitors. (Dkt.
     No. 69.)

discovery dispute in this case. (*See* Dkt. Nos. 48 and 69.) The parties have, to date, filed six (6) discovery-related motions. (*See* Dkt. Nos. 24, 49, 55, 57, 59, and 75.) The Court has little patience for such disputes and reminds the parties that it will not look favorably on future filings or requests to extend the case deadline. Failure to comply with Court orders, to follow the Federal Rules of Civil Procedure, or to litigate in good faith may result in sanctions.

## III.   CONCLUSION

For the foregoing reasons:

1)   The FTC's Motion to Compel (Dkt. No. 57) is GRANTED in part and DENIED in part;

2)   Amazon's Motion to Compel (Dkt. No. 55) is DENIED;

3)   Amazon's Motion for a Protective Order (Dkt. No. 59) is DENIED; although

4)   The discovery cutoff is EXTENDED to run thirty (30) days after the date of this order.

DATED this 23 day of November 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE