UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | **Case No. 2:14-cv-01038-JCC**<br><br>**PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF BARRY A. SABOL AND CRAIG ROSENBERG AND TO STRIKE THEIR EXPERT REPORTS**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, January 1, 2016 |

PLAINTIFF'S MOTION TO STRIKE
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3231

Pursuant to Federal Rule of Civil Procedure 37(c)(1), Plaintiff Federal Trade Commission ("FTC") moves the Court for an order (1) striking the expert reports of two witnesses improperly disclosed as rebuttal expert witnesses by Defendant Amazon.com, Inc. ("Amazon"), Dr. Barry A. Sabol and Dr. Craig Rosenberg; and (2) excluding testimony from those witnesses.[1] Because Dr. Sabol and Dr. Rosenberg conducted new studies and produced new evidence instead of "solely . . . contradict[ing] or rebut[ting]" the report of the FTC's expert, Jennifer King, their reports do not qualify as "rebuttal" reports under Federal Rule of Civil Procedure 26(a)(2)(D)(ii), and Dr. Sabol and Dr. Rosenberg do not qualify as "rebuttal" expert witnesses under that Rule. Amazon's decision to characterize what are properly direct expert reports as "rebuttal" is not substantially justified, and has prejudiced the FTC by preventing the FTC from rebutting those direct reports or from designating experts of its own to assess Dr. Sabol's or Dr. Rosenberg's methods and results. The exclusion prescribed by Rule 37(c)(1) is thus warranted as to Dr. Sabol and Dr. Rosenberg, and their reports should be struck. Accordingly, the FTC seeks an order: (1) striking the reports of Dr. Sabol and Dr. Rosenberg; and (2) excluding their testimony.

**I.  Background**

The FTC filed its complaint on July 10, 2014, alleging that Amazon billed parents and other account holders millions of dollars for children's activities in apps that are likely to be used by children without having obtained the account holders' authorization, in violation of Section 5 of the FTC Act, 15 U.S.C. § 45. (Dkt. 1.)

Amazon made its original expert disclosures in this case on October 16, 2015. Amazon disclosed Dr. Donna L. Hoffman to testify regarding the theory of online "flow state;" Michael Callahan to testify regarding the public reputation of Amazon's customer service; and Dr. Dhar to testify regarding the reasonableness and "customer focus" of Amazon's business practices and

---

[1] The FTC does not concede that these are proper expert opinions under Federal Rule of Evidence 702. For efficiency's sake, however, the FTC refers to the witnesses identified in Amazon's October 16th and December 7th disclosures as experts.

PLAINTIFF'S MOTION TO STRIKE
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

1

to analyze Amazon's refund rates. None of Amazon's three direct experts had performed any survey or any other quantitative research in support of their opinions.

The FTC also made its original expert disclosures on October 16, 2015. The FTC disclosed two expert witnesses: Dr. Daniel S. Hamermesh, to testify regarding the value of consumers' time spent remedying unauthorized in-app charges, and Ms. King, to testify regarding the conclusions she had drawn after personally performing a heuristic inspection of Amazon's in-app purchase flow and confirmation emails and evaluating consumer complaints regarding Amazon's in-app purchasing practices. (Ex. A.)

On December 7, 2015, Amazon made its rebuttal expert disclosures, disclosing no fewer than four rebuttal reports totaling 504 pages, all ostensibly aimed at Ms. King's 78-page report. Three of Amazon's rebuttal experts were previously unidentified witnesses: Dr. Andrew L. Sears, Dr. Sabol, and Dr. Rosenberg. The FTC also disclosed its sole rebuttal report, by Ms. King, on December 7, 2015. Expert discovery is scheduled to close on January 15, 2015; summary judgment and *Daubert* motions are due on January 29, 2015.

Dr. Rosenberg's report concerned the methodology and results of a "usability test" conducted by Dr. Rosenberg at Amazon's request on a focus group of 24 people, purporting to assess the group's ability to understand and navigate Amazon's app disclosures and customer service. (Ex. B.) As Dr. Rosenberg's report admitted, no such test was conducted by Ms. King or discussed in her report. Dr. Sabol's report concerned the methodology and results of an online survey conducted by Dr. Sabol at Amazon's request, asking respondents about Amazon's customer service and refunds for digital products. (Ex. C.) As Dr. Sabol's report admitted, no such test was conducted by Ms. King or discussed in her report.

**II.     Legal Standard**

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Parties may only disclose an expert witness during the rebuttal phase if that expert's report "is intended solely to contradict or rebut evidence on the

PLAINTIFF'S MOTION TO STRIKE  
Case No. 2:14-cv-01038-JCC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC  20580  
(202) 326-3231

2

same subject matter identified by another party['s]" previously disclosed expert. Fed. R. Civ. P. 26(a)(2)(D)(ii). "Rebuttal testimony cannot be used to advance new arguments or new evidence," *Columbia Grain, Inc. v. Hinrichs Trading, LLC*, No. 3:14-CV-115-BLW, 2015 WL 6675538, at *2 (D. Idaho Oct. 30, 2015), but may only respond "to new unforeseen facts brought out in the other side's case." *R&O Constr. Co. v. Rox Pro Int'l Grp., Ltd.*, 2:09-cv-01749-LRH-LRL, 2011 WL 2923703, at *5 (D. Nev. July 18, 2011) (internal quotation marks omitted). Improperly disclosed experts—such as a purported "rebuttal" expert whose disclosure does not comply with Rule 26(a)(2)(D)(ii)—are subject to complete exclusion under Rule 37. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). Exclusion under Rule 37(c)(1) is "automatic," and "self-executing," in order to provide "a strong inducement for disclosure." Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment; *see also Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Exclusion may only be avoided where a party's failure to disclose is substantially justified or harmless; the burden to prove substantial justification or harmlessness is on the party seeking to avoid exclusion. *Yeti by Molly Ltd.*, 259 F.3d at 1106.

### III. Discussion

Amazon's improper presentation of new evidence and use of new methodologies in reports ostensibly aimed at rebuttal unfairly immunizes such evidence from attack and flouts the requirements of Rule 26. Because Dr. Sabol's and Dr. Rosenberg's reports are composed entirely of new evidence and new arguments, they are not proper rebuttal reports, and should have been disclosed by the original expert deadline. Amazon has thus failed to comply with Rule 26, and exclusion is proper unless Amazon can demonstrate that its failure was either substantially justified or harmless. There is no justification, however, for Amazon's untimely disclosure of these reports. Indeed, Amazon's decision to wait until after original expert disclosures had passed before seeking such evidence is particularly inexcusable given that Dr. Sabol's and Dr. Rosenberg's reports relate to central issues in the case and thus are not even arguably prompted

PLAINTIFF'S MOTION TO STRIKE  
Case No. 2:14-cv-01038-JCC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC 20580  
(202) 326-3231

3

by unforeseen evidence from the FTC's expert. And Amazon's delay is far from harmless. Improperly delaying until rebuttal what properly should have been disclosed at the original expert deadline—thereby insulating Amazon's evidence from analysis and critique—is a textbook example of sandbagging, and should not be permitted here. Exclusion of the testimony of Amazon's improper "rebuttal" witnesses under Rule 37(c)(1) is warranted, and Dr. Sabol's and Dr. Rosenberg's improperly disclosed "rebuttal" reports should be struck.

### A. The Reports of Dr. Sabol and Dr. Rosenberg Are Not Proper Rebuttal Reports.

The reports of Dr. Sabol and Dr. Rosenberg go far beyond the proper scope of rebuttal by using "rebuttal" reports to introduce newly created evidence that could and should have been disclosed before the deadline for direct expert disclosures. By waiting until the rebuttal period to perform and disclose these new studies, Amazon has unfairly insulated Dr. Sabol's and Dr. Rosenberg's research from critique by experts for the FTC and prevented the FTC from retaining the assistance of a testifying expert qualified to opine on Dr. Sabol's survey methodology. Because the reports of Dr. Sabol and Dr. Rosenberg exceed the permissible scope of rebuttal expert testimony, their reports should be struck and their testimony should be excluded; Amazon's decision to disclose this evidence as "rebuttal" evidence rather than direct expert evidence has prejudiced the FTC's ability to respond and has no plausible justification.

"Rebuttal testimony cannot be used to advance new arguments or new evidence." *Columbia Grain, Inc.*, 2015 WL 6675538, at *2; *see also* Fed. R. Civ. Pro. 26(a)(2)(D)(ii) (Rebuttal evidence must be "intended solely to contradict or rebut evidence on the same subject matter identified by another party['s]" disclosed expert.). In particular, courts do not permit a party's experts to conduct new testing or new field work and then package the results of such testing into "rebuttal" reports. *See, e.g.*, *Columbia Grain, Inc.*, 2015 WL 6675538, at *2 (excluding "rebuttal" expert who conducted "new testing"); *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 637-38 (D. Haw. 2008) (excluding multiple "rebuttal" reports based on

PLAINTIFF'S MOTION TO STRIKE
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3231

4

"new factual data" gathered through new field work); *Calvert v. Ellis*, No. 2:13-CV-00464-APG, 2014 WL 3897949, at *9-10 (D. Nev. Aug. 8, 2014) (excluding portions of two "rebuttal" reports in which experts performed "an entirely new method of analysis"). This is especially true where the so-called "rebuttal" experts use methodologies or conduct testing that none of the direct expert witnesses used. *Calvert*, 2014 WL 3897949, at *9-10 (excluding portions of rebuttal report as "improper" because defendant's rebuttal expert used "a 'method of analysis that none of Plaintiff's experts perform'"). Here, Dr. Sabol and Dr. Rosenberg performed new studies in support of their expert reports—a public opinion survey and a focus-group "usability test," respectively—and then presented that "new evidence," improperly, as rebuttal evidence. The impropriety of their reports is heightened by the fact that Ms. King did not perform opinion surveys or focus-group testing, and did not discuss such methodologies in her report. "As Plaintiff['s] expert[] do[es] not discuss" those methods "in [her] expert report[], Defendant['s] expert[s] may not rely upon such a theory in rebuttal." *Id.* at *9. Dr. Sabol's report and Dr. Rosenberg's report thus fail to comply with Rule 26(a)(2)(D)(ii).

### B. Amazon's Failure to Comply With Rule 26 Was Not Substantially Justified.

Because the reports of Dr. Sabol and Dr. Rosenberg do not comply with Rule 26, exclusion is appropriate unless Amazon can demonstrate that its failure to comply with the disclosure rules was substantially justified or harmless. There is, however, no justification for Amazon's decision to delay production of survey and focus-group data going to the central issues in the case until the rebuttal stage. It has been clear since the inception of this case that Amazon's in-app purchase flow and refund practices would be "hotly contested issues." *See Daly v. Far E. Shipping Co. PLC.*, 238 F. Supp. 2d 1231, 1238 (W.D. Wash. 2003) (excluding "rebuttal" testimony on case's central disputed issue and noting that "[r]ebuttal evidence is admissible only where the need for it could not have been foreseen"), *aff'd sub nom. Daly v. FESCO Agencies NA Inc.*, 108 F. App'x 476, 479 (9th Cir. 2004) (agreeing that a witness "does not qualify as a rebuttal witness" where his testimony pertains to an issue that the parties knew

PLAINTIFF'S MOTION TO STRIKE  
Case No. 2:14-cv-01038-JCC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC  20580  
(202) 326-3231

5

"would play a central role"). "When a party knows that a contested matter is in the case, yet fails to address it in a timely fashion, he scarcely can be heard to complain that the trial court refused to give him a second nibble at the cherry." *Id.* (quoting *Faigin v. Kelly*, 184 F.3d 67, 85 (1st Cir. 1999)); *see also Lindner*, 249 F.R.D. at 638 ("[U]ntimely disclosure of the aforementioned [rebuttal] reports was not substantially justified" because the party could not explain "why he could not have conducted the additional field work prior to his expert disclosure deadline."); *Century Indem. Co. v. Marine Grp., LLC*, No. 3:08-DV-1375-AC, 2015 WL 5521986, at *4 (D. Or. Sept. 16, 2015) (excluding "rebuttal" report that "addresses anticipated evidence and does not refute unforeseen theories," where opposing party's use of experts to address "a fundamental issue" in the case "was not merely foreseeable, it was to be expected").

The FTC's disclosure of an expert who would testify regarding Amazon's in-app purchase flow and refund practices could not have come as a surprise to Amazon, as these are central issues in this case. There was thus no justification for Amazon's decision to wait until after the original expert disclosure deadline to begin conducting testing intended to prove Amazon's purchase flow to be effective at preventing unauthorized charges and Amazon's refund practices to be favorable. *See R&O Constr. Co.*, 2011 WL 2923703, at *5 (striking "rebuttal" expert report because the expert's "opinions contradict an expected and anticipated portion of the plaintiff's case-in-chief," and thus "cannot be rebuttal witness statements or anything analogous to rebuttal").

### C. Amazon's Failure to Comply With Rule 26 Was Not Harmless.

Although the FTC's disclosure of Ms. King's report cannot have come as a surprise to Amazon, the disclosure of two new experts wielding new methodologies and presenting new data constitutes unfair surprise on Amazon's part; Amazon's failure to comply with Rule 26(a)(2)(D)(ii) was thus far from harmless. Indeed, disclosure of improper rebuttal witnesses almost always causes prejudice to the other party, because the passage of the rebuttal deadline cuts off the opposing party's normal avenues for responding to expert testimony. *See Hilborn v.*

PLAINTIFF'S MOTION TO STRIKE  
Case No. 2:14-cv-01038-JCC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC 20580  
(202) 326-3231

6

*Metro. Grp. Prop. & Cas. Ins. Co.*, No. 2:12-CV-00636-BLW, 2014 WL 4073224, at *2 (D. Idaho Aug. 15, 2014) (Allowing a defendant to introduce a "rebuttal" expert whose testimony is not proper rebuttal "harms Plaintiffs because they are now unable to rebut what would essentially be direct expert testimony."); *Vu v. McNeil-PPC, Inc.*, No. SC095656ODWRZX, 2010 WL 2179882, at *3 (C.D. Cal. May 7, 2010) ("Here, as a result of [Defendant's] belated disclosure, Plaintiffs are prevented from rebutting any of [Defendant's] expert opinions dealing with matters outside the scope of [the direct expert] report because the deadline for disclosing rebuttal experts has passed. This is a hornbook example of sandbagging, a litigation tactic this Court will not tolerate.").

By delaying until the rebuttal period what properly should have been direct expert testimony, Amazon has unfairly "avoided exposing their [expert's] weaknesses to rebuttal. . . . [T]his is not a minor advantage . . . ." *Century Indem. Co.*, 2015 WL 5521986, at *6. This unfairness is exacerbated where the improper "rebuttal" testimony involves the use of new methodologies, especially those which an opposing party's previously disclosed experts are not prepared to critique. *Calvert*, 2014 WL 3897949, at *10 (holding that a plaintiff demonstrates prejudice where purported rebuttal reports "present entirely new methodology and opinions" requiring "a different rebuttal expert to respond to them"). In this case, because Amazon has ambushed the FTC with Dr. Sabol's and Dr. Rosenberg's new studies at the rebuttal deadline, when it is too late for the FTC to designate rebuttal witnesses and submit rebuttal reports to respond to them, the FTC's avenues for countering Dr. Sabol's and Dr. Rosenberg's reports are unfairly limited. A party "should not be allowed to secretly prepare an army of 'rebuttal' experts to attack the opposition reports like Odysseus and the Greeks springing forth from their wooden hideout in Troy. If they were allowed to do so, their work would not be subject to a direct response from any opposing expert. This immunity, combined with the element of surprise, would be unfair." *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL 5572835, at *3 (N.D. Cal. Nov. 15, 2011). For this reason, this Court should strike the reports of Dr. Sabol

PLAINTIFF'S MOTION TO STRIKE  
Case No. 2:14-cv-01038-JCC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC 20580  
(202) 326-3231

7

and Dr. Rosenberg and exclude their testimony for failure to comply with Rule 26(a)(2)(D)(ii). *Lindner*, 249 F.R.D. at 638.

In the alternative, in order to give the FTC a fair chance to respond to the methods employed and results presented by Dr. Sabol and Dr. Rosenberg, the Court should grant the FTC leave to serve expert rebuttal reports responding to Dr. Sabol's and Dr. Rosenberg's reports. *See Attachmate Corp. v. Health Net, Inc.*, No. C09–1161 MJP, 2010 WL 5185391, at *1 (W.D. Wash. Dec. 16, 2010) ("The Court held that Defendant's expert rebuttal report's discussion of damages was not proper because it raised new issues beyond the scope of Plaintiff's expert report," and therefore "granted Plaintiff alone leave to file an expert rebuttal report.").

**IV.   Conclusion**

The FTC respectfully requests that the Court: (1) strike the expert reports of Dr. Sabol and Dr. Rosenberg; and (2) exclude their testimony; or, in the alternative, (3) grant the FTC leave to serve expert rebuttal reports responding to Dr. Sabol's and Dr. Rosenberg's reports.[2] A proposed order striking the reports of Dr. Sabol and Dr. Rosenberg and excluding their testimony is enclosed for the Court's consideration.

---

[2] If the Court chooses to order this alternate remedy, the FTC requests fifteen days following the entry of such order to serve its rebuttal reports, with summary judgment and *Daubert* motions to be due fifteen days thereafter.

| | | |
|---|---|---|
| 1 | Dated: December 17, 2015 | /s/ Katharine Roller |

JASON M. ADLER
DUANE C. POZZA
HEATHER ALLEN
JANE M. RICCI
MIYA RAHAMIM
KATHARINE ROLLER
jadler@ftc.gov, dpozza@ftc.gov, hallen@ftc.gov, jricci@ftc.gov, mrahamim@ftc.gov, kroller@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue N.W., CC-10232
Washington, DC  20580
P: (202) 326-3231, (202) 326-2042, (202) 326-2038, (202) 326-2269, (202) 326-2351, (202) 326-3582
F: (202) 326-3239

LAURA M. SOLIS, WA Bar No. 36005
lsolis@ftc.gov
Federal Trade Commission
915 2nd Avenue, Suite 2896
Seattle, WA  98174
P: (206) 220-4544
F: (206) 220-6366
Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PLAINTIFF'S MOTION TO STRIKE
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

9

**CERTIFICATE OF SERVICE**

I, Katharine Roller, certify that on December 17, 2015, I electronically filed the foregoing Plaintiff's Motion to Exclude Testimony and Strike Expert Reports, Declaration in Support, Exhibits, and Proposed Order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

By: /s/ Katharine Roller

PLAINTIFF'S MOTION TO STRIKE
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3231

10