THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　　　　　Defendant. | CASE NO. C14-1038-JCC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE EXPERT WITNESSES |

This matter comes before the Court on the FTC's Motion to Exclude Testimony and Strike Expert Reports (Dkt. No. 80), Defendant Amazon's Response (Dkt. No. 81), and the FTC's Reply (Dkt. No. 83). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion in part and DENIES it in part for the reasons explained herein.

I.   BACKGROUND

Without reciting the factual background provided in the Court's order on Amazon's Motion to Dismiss (Dkt. No. 14 at 2), the above-captioned matter is brought by the Federal Trade Commission ("FTC") alleging that Amazon's billing of parents and other account holders for in-app purchases made by children "without having obtained the account holders' express informed consent" is unlawful under Section 5 of the FTC Act, 15 U.S.C. § 45(n). (Dkt. No. 1, p. 11; *see also* Dkt. No. 48 at 1.)

On October 16, 2015, both parties disclosed their expert reports. (*See* Dkt. No. 80-2; Dkt. No. 80 at 2–3; Dkt. No. 81 at 3–4.) Amazon's expert disclosures, which are not at issue in this motion, included Dr. Donna L. Hoffman, Michael Callahan, and Dr. Dhar. (Dkt. No. 80 at 2.) The FTC disclosed two expert witnesses, Dr. Daniel S. Hamermesh and Ms. Jennifer King. (*Id.* at 3; *see also* Dkt. No. 80-2.) On December 7, 2015, Amazon disclosed its rebuttal experts, three of whom were previously undisclosed witnesses: Dr. Andrew L. Sears, Dr. Barry A. Sabol, and Dr. Craig Rosenberg. (*Id.*; *see also* Dkt. Nos. 80-3 and 80-4.)

The FTC argues that Dr. Rosenberg and Dr. Sabol are not properly disclosed rebuttal experts as their opinions involve new evidence and new methodologies. (Dkt. No. 80 at 3–4.) Specifically, the FTC indicates that Dr. Rosenberg's report, which focuses on the results of a "usability test" that he conducted at Amazon's request, is not a rebuttal to Ms. King's report as she did not conduct such a test. (*Id.* at 3.) Dr. Sabol's report, the FTC alleges, concerns the results of an online survey that he performed at Amazon's request and is similarly not a proper rebuttal as Ms. King conducted no such survey. (*Id.*)

Amazon argues that Dr. Sabol and Dr. Rosenberg are proper rebuttal reports presented solely to rebut Ms. King's report. (Dkt. No. 81.) The Court has reviewed the pertinent expert reports and the parties' briefing.

## II. DISCUSSION

### A. Standard of Review

"A party must make [expert] disclosures at the time and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Absent a stipulation or court order to the contrary, expert disclosures must be made at least 90 days before trial. Fed. R. Civ. P. 26(a)(2)(D)(i). Parties may disclose an expert witness after that deadline only if the "evidence is intended *solely* to contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added). "There is scarce appellate authority explaining the difference between an expert's Rule 26(a)(2) initial disclosures and her rebuttal disclosures, and the district

Case 2:14-cv-01038-JCC  Document 139  Filed 02/09/16  Page 3 of 7

courts have articulated a wide range of standards." *Theoharis v. Rongen*, 2014 WL 3563386, at *3 (W.D. Wash. July 18, 2014) (Jones, J.) However, this Court is persuaded that "[r]ebuttal testimony cannot be used to advance new arguments or new evidence." *Columbia Grain, Inc. v. Hinrichs Trading, LLC*, 2015 WL 6675538, at *2 (D. Idaho Oct. 30. 2015).

"Rule 37(c)(1) provides that a party failing to provide information required by Rule 26(a) or (e)[1] 'is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.'" *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (quoting Fed. R. Civ. Proc. 37(c)(1)). "Rule 37(c)(1) is a self-executing, automatic sanction designed to provide a strong inducement for disclosure." *Goodman v. Staples the Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (internal quotations omitted).

**B.     Application**

The chief question upon Plaintiff's Motion is whether the expert reports of Dr. Rosenberg and Dr. Sabol constitute proper rebuttal. Amazon cites to *Theoharis v. Rongen*, 2014 WL 3563386, in support of its argument that its experts are solely offered to contract the report of Ms. King. (Dkt. No. 81 at 10.) Specifically, Amazon argues that this Court should not "impose restrictions on expert rebuttal disclosures that . . . go beyond what is provided in the text of Rule 26(a)(2)(D)(ii)." (*Id.*) However, in *Theoharis*, Judge Jones cited to a decision in which this Court rejected a rebuttal report that "did not address any particular opinion in [the plaintiff's expert report]" but "[r]ather . . . was a new means to support [defendant's] original opinion." 2014 WL 3563386, at *3 (W.D. Wash. July 18, 2014) (citing *Daly v. Far Eastern Shipping Co.*, 238 F.Supp.2d 1231, 1240–41 (W.D. Wash. 2003)). Moreover, Judge Jones distinguished the approach of this Court from other courts with "looser views" which would consider rebuttal on

---

[1] Under Fed. R. Civ. P. 26(e), a party may supplement an expert disclosure "in a timely manner" if it becomes known that the disclosure is incomplete or incorrect and if "the additional or corrective information has not otherwise been made known to the other parties."

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION TO EXCLUDE
EXPERT WITNESSES
PAGE - 3

the same "subject matter" as proper. *Id.*

The main arguments advanced by the FTC in support of exclusion do not pass muster. As Amazon correctly argues, whether a rebuttal expert employs new testing or methodologies is not the determinative question; the appropriate question is whether a rebuttal attempts to put forward new theories outside the scope of the report it claims to rebut. (Dkt. No. 81 at 11) (citing *Daly*, 238 F. Supp. 3d 1231 at 1240–41.) Nor is the fact that Amazon's experts were disclosed on the rebuttal expert deadline a bar to their being offered. *Theoharis*, 2014 WL 3563386, at *4 (citing *Johnson v. Grays Harbor Comm. Hosp.*, 2007 WL 4510313 (W.D.Wash. Dec. 18, 2007).

The Court evaluates the expert reports of Dr. Rosenberg and Dr. Sabol in order to glean whether these reports truly constitute a rebuttal of Ms. King's expert report.

**1.      Ms. King's Report**

Ms. King's report focuses on the Amazon user experience, using her background in Human-Computer Interaction ("HCI") and a "usability inspection" that she performed. (Dkt. No. 82-1 at 12–14.) Ms. King analyzed the user flow of Amazon apps to determine the ease of understanding around in-app purchases, parental controls, and refunds. (*Id.* at 16–56.) Ms. King noted that she evaluated this from the perspective of how information is presented and communicated to adults, not children. (*Id.* at 19.) Ms. King concluded that:

(1)    Amazon did not effectively convey to consumers that children can incur in-app charges without parental involvement, or that they may have to change their device settings to prevent such charges;

(2)    The manner in which certain disclosures were presented on an app's description (the "Key Details badge") did not effectively convey to consumers that children could incur in-app charges;

(3)    Parental controls, the "Key Details badge," and the notation for in-app purchases does not effectively convey to consumers that children can incur in-app charges without parental involvement;

(4)    Amazon did not effectively convey to consumers that entering a password in response to an Appstore prompt could allow children to incur in-app charges without additional password entry;

(5) Amazon did not effectively convey to consumers that they would have to change their device settings in order to avoid in-app charges by children after entering a password in response to an Appstore prompt;

(6) Amazon did not effectively convey to consumers that refunds were available for unauthorized in-app charges; and

(7) Amazon did not effectively convey to consumers how to request a refund for unauthorized in-app charges.

(Dkt. No. 82-1 at 69–70.)

**2.   Dr. Rosenberg's Report**

Dr. Craig Rosenberg, Ph.D., conducted a usability test intended to measure the user experience of the interface of Amazon's Appstore. (Dkt. No. 82-1 at 86.) Dr. Rosenberg designed and implemented a test involving twenty-four test subjects; eight of whom had experience using the Kindle Fire device and sixteen of whom were inexperienced. (*Id.* at 94.) The test subjects performed certain tasks relating to in-app charges. (*Id.* at 99–106.) Finally, the subjects answered questions relating to their experience viewing the apps and the Amazon interface, evaluating the ease of their simulated consumer experience. (*Id.* at 112–138.)

Upon review, the Court concludes that Dr. Rosenberg's report is properly offered to contradict Ms. King's findings. Dr. Rosenberg's testing was focused on the conclusions drawn by Ms. King regarding how easy it was to use certain Amazon interfaces. Ms. King concluded that the Amazon user experience was not configured in such a way as to effectively convey the risk of in-app purchases to consumers. Dr. Rosenberg's report rebuts those conclusions by asking users to answer questions regarding their experience using the same platform.

The Court, however, has some hesitation with respect to Dr. Rosenberg's testing. For example, it is possible that test subjects primed to explain and identify information present on various screens are not appropriately comparable to the average consumer who is not so primed. For example, Dr. Rosenberg's test included a scenario in which subjects were told that they had given their Kindle device to a child and the child had handed the tablet back to the subject with a

pop-up message displayed. (Dkt. No. 82-1 at 103.) This may be distinct from the actual consumer experiences involved in this lawsuit.

The Court finds it appropriate to allow Plaintiff a fair opportunity to respond to Dr. Rosenberg's report. Plaintiff alone is hereby granted leave to rebut only Dr. Rosenberg's report. Any rebuttal must be disclosed within thirty (30) days of this Order.

**3.    Dr. Sabol's Report**

Dr. Barry Sabol, Ph.D., designed and executed a survey of 1,237 Amazon customers. (Dkt. No. 82-1 at 244.) Survey respondents were asked about their experience, if any, with contacting Amazon's customer service department. (*Id.*) Dr. Sabol's findings are offered as rebuttal to Ms. King's findings that Amazon did not effectively convey to consumers that refunds were available for unauthorized in-app charges, and that Amazon did not effectively convey to consumers how to request a refund for unauthorized in-app charges.

The Court finds that, while some of Dr. Sabol's survey questions are tailored to contradict Ms. King's conclusions, most are not. The questions regarding customers' perceived difficulty in contacting Amazon's customer service constitute a valid rebuttal of Ms. King's conclusions. (Dkt. No. 82-1 at 252–53.) However, questions pertaining to the *quality* of Amazon's customer service and the theoretical questions regarding how respondents would behave if they received an e-mail from Amazon exceed the scope of Ms. King's report. (*Id.* at 252–255) (Second portion of Questions 21 and 22; Questions 23 and 24.)

With respect to Plaintiff's motion to exclude Dr. Sabol's report, the Court DENIES the motion with respect to the portions of Dr. Sabol's findings that pertain to survey respondents' perception of the ease or difficulty in contacting Amazon's customer service department. The remainder of Dr. Sabol's report exceeds the scope of Ms. King's findings, is not "substantially justified or harmless," and shall be excluded. *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (quoting Fed. R. Civ. Proc. 37(c)(1)).

### III. CONCLUSION

The Court finds that Dr. Rosenberg's report is a proper rebuttal, but that Plaintiffs alone should be afforded a limited opportunity to respond to the findings contained therein. The Court concludes that most, but not all, of Dr. Sabol's report exceeds the proper scope of rebuttal and should be excluded. Accordingly, Plaintiff's motion to exclude (Dkt. No. 80) is GRANTED in part and DENIED in part.

DATED this 9th day of February 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE