THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | No. 2:14-CV-01038-JCC<br><br>**DECLARATION OF DR. BARRY A. SABOL IN SUPPORT OF AMAZON.COM, INC.'S OPPOSITION TO FTC'S MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY**<br><br>NOTE ON MOTION CALENDAR:<br><br>Friday, February 19, 2016 |

I, Barry A. Sabol, declare as follows:

1. I am the founder and President of Strategic Consumer Research, Inc. I have been engaged in this case to provide expert testimony on behalf of Amazon.com, Inc. I make this declaration based upon my personal knowledge as to which I am competent to testify.

2. On December 7, 2015, I provided an expert report in this case. My report is based on a survey that I conducted to measure, among other things, experiences and perceptions with respect to contacting Amazon customer service. I engaged research firm Research Now Group, Inc. to assist in the execution of this survey. A true and correct copy of my expert report is attached to the Declaration of Danielle R. Foley In Support of Amazon's Opposition to the FTC's Motion in Limine to Exclude Expert Testimony at Exhibit J.



**Venable LLP**
575 7th Street, N.W.
Washington, D.C. 20004
Phone: 202.344.4000
Fax: 202.344.8300

3. Survey participants cannot "self-select" into a survey. Participants are not advised in advance about which survey responses, if any, would "qualify" them to participate in the survey. In this case, for example, survey participants had no way of knowing whether the survey sought people who had or had not purchased a digital product from Amazon, or if the survey sought people who did or did not have children under age 17 currently living in the household.

4. The survey in this case consisted of six multiple-choice questions, only one of which – Question 3(A) – asked for a short narrative response depending on a prior answer. In my experience, a median of 1.4 minutes is consistent with a survey that asks only six simple multiple-choice questions.

5. In examining the raw data from the survey results, a true and correct copy of an excerpt of which was attached to the FTC's Motion as Exhibit 351, only 6% of recipients were asked to give a narrative response to Question 3(A) (79 out of 1,237 participants).

6. Nearly every survey includes nonresponsive answers to questions that call for a narrative. In my experience, the eight instances the FTC identifies in which participants provided a "gibberish" response to the sole narrative question – 0.65% of 1,237 total survey participants – is well below expectations and does not call into question the reliability of the survey results.

7. Survey pre-testing is not a required survey practice. On average, I perform pre-testing in approximately one out of every ten surveys that I conduct. I usually conduct pretesting to identify participant fatigue during an unusually long survey or where the survey questions include technical or unusual language, neither of which were present in this case.

8. On January 8, 2016, I was deposed in this case. During the deposition, I indicated that I thought Research Now had performed pre-testing for the survey in this case because Research Now had not reported any consumer confusion with the survey. However, I



**Venable LLP**
575 7th Street, N.W.
Washington, D.C. 20004
Phone: 202.344.4000
Fax: 202.344.8300

misremembered whether Research Now conducted pre-testing and in fact it did not. In my opinion, the absence of pre-testing had no effect on the survey's outcome or reliability.

**I declare under penalty of perjury that the foregoing is true and correct.**

EXECUTED at Euclid, Ohio, this 16th day of February, 2016.

Dr. Barry A. Sabol



**Venable LLP**
575 7th Street, N.W.
Washington, D.C. 20004
Phone: 202.344.4000
Fax: 202.344.8300

**CERTIFICATE OF SERVICE**

I certify that on February 16, 2016, I electronically filed the foregoing Declaration of Dr. Barry A. Sabol In Support of Amazon's Opposition to FTC's Motion in Limine to Exclude Expert Testimony with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record.

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 16th day of February, 2016.

*s/ Harry H. Schneider, Jr.*



**Venable LLP**
575 7th Street, N.W.
Washington, D.C. 20004
Phone: 202.344.4000
Fax: 202.344.8300