1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

                    Plaintiff,

        v.

AMAZON.COM, INC.,

                    Defendant.

No. 2:14-CV-01038-JCC

**AMAZON.COM, INC.'S SURREPLY IN OPPOSITION TO FTC'S MOTION FOR SUMMARY JUDGMENT; REQUEST TO STRIKE SUPPLEMENTAL DECLARATION OF JULIE BETH MILLER**

NOTED ON MOTION CALENDAR:

Friday, February 26, 2016

ORAL ARGUMENT REQUESTED

AMAZON'S SURREPLY IN OPPOSITION TO
FTC'S MOTION FOR SUMMARY JUDGMENT
(No. 2:14-CV-01038-JCC)

24976-0374/130080313.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## I.       INTRODUCTION

Pursuant to Local Rule 7(g), Amazon asks the Court to strike the Supplemental Declaration of Julie Beth Miller ("Supplemental Miller Declaration") (Dkt. 183, 185), which the FTC filed along with its Reply in Support of Its Motion for Summary Judgment.  The Court should strike the Supplemental Miller Declaration, which provides the FTC's calculations of "Revised Injury" and "Revised Relief" requested, for the same reasons identified in Amazon's Opposition to the FTC's motion and Amazon's request to strike Ms. Miller's initial declaration. Dkt. 167, 170 at 16-18.  The FTC's disclosure of its computations of injury and relief, and of Ms. Miller as a witness, were untimely, unjustified, and prejudicial.

## II.       DISCUSSION

The FTC's delay in disclosure is unjustified.  The FTC's failure to timely disclose its computation of damages, as required by Rule 26(a)(1)(A)(iii), is a basis for sanctions under Rule 37.  *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).

Equally unjustified is the FTC's baseless accusation that "Amazon[] willful[ly] fail[ed] to comply with this Court's discovery order."  FTC Reply at 16.  As discussed in the February 26 Declaration of Harry H. Schneider, Jr. (Dkt. 190, ¶ 2), Amazon timely produced, on August 18, the "failed-transaction" data that was the subject of the Court's discovery order.

The FTC incorrectly suggests that it could not begin its computations of injury and relief until October 14, 2015, the last date on which Amazon produced data relevant to the calculations.  FTC Reply at 16.  As is common in litigation, particularly cases involving substantial volumes of data from numerous sources, Amazon produced limited corrected data between August 18 and September 11 (and on October 8 and 14 Amazon produced additional data it located that were not the subject of the Court's August 3 Order).  2/22/2016 Declaration of Harry H. Schneider, Jr. ("2/22/2016 Schneider Decl.") (Dkt. 172)  ¶¶ 3-4; *see also* 6/29/2015 Declaration of Arindam Bhattacharjee (Dkt. 34) (explaining challenges in retrieving metric-events data at issue).  But *none* of the productions after August 31 included new data fields.

AMAZON'S SURREPLY IN OPPOSITION TO
FTC'S MOTION FOR SUMMARY JUDGMENT
(No. 2:14-CV-01038-JCC) – 1
24976-0374/130080313.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2/22/2016 Schneider Decl. ¶¶ 3-4.  Thus, more than four months before the FTC disclosed its

computations and five months before it disclosed the details of those computations via Ms.

Miller's declarations, the FTC had all data fields necessary to develop its estimates; for data

produced thereafter, the FTC would merely have needed to update its calculations.  *See id.*  At no

point did the FTC inform Amazon that it needed additional time for its computations of injury or

relief due to the timing of Amazon's data production.  *Id.* ¶ 6.  At no time did it reveal that it was

preparing an undisclosed witness (Ms. Miller) to estimate that injury or relief.  Instead, the FTC

disclosed its computations of injury and relief out of the blue in January.[1]  *Id.* ¶¶ 7-8 & Ex. D-E.

 The FTC's Reply and supporting papers also demonstrate the prejudice to

Amazon.  Even if were true that the FTC could not begin its computations of injury and relief

until October 2015, the FTC still did not disclose its computations until January 7, 2016 – and

even then without detail necessary for Amazon to analyze them.  2/22/2016 Schneider Decl.

Ex. D.  According to the FTC, it provided this supplemental disclosure "as soon as the FTC had

completed its relief calculations based on the transactional data produced by Amazon."

2/26/2016 Declaration of Jason Adler (Dkt. 186) ¶ 15.  Thus, the FTC took *at least twelve weeks*

to analyze the data to arrive at its injury and relief computations, while providing Amazon less

than *three weeks* to evaluate the computations in Ms. Miller's declaration, to analyze the data,

and to prepare a critique.

 Amazon is also prejudiced by the fact that the FTC asks the Court to enter

judgment in the amount contained in the Supplemental Miller Declaration because Amazon

"offers . . . no alternative estimate" and "does not attempt to meet its own burden" to provide a

"proper estimate" of relief.[2]  FTC Reply at 13, 15.  In other words, having withheld its remedy

---

[1] In discovery, Amazon specifically requested the FTC's computation of relief *and* its "method of computing alleged monetary injury."  2/22/2016 Schneider Decl. Ex. B.  Thus, the FTC is incorrect when it draws a distinction between its relief and injury and argues that it had no obligation to timely provide its "computation of injury."  *See* FTC Reply at 16 n.19.  The FTC was obligated to timely provide computations of both.

[2] The FTC's argument also fails because it did not meet its burden to provide a "reasonable approximation" of "customers' net losses."  *FTC v. Febre*, 128 F.3d 530, 535 (7th Cir. 1997); Opp'n (Dkt. 167, 179) at 18-21, 35.

AMAZON'S SURREPLY IN OPPOSITION TO
FTC'S MOTION FOR SUMMARY JUDGMENT
(No. 2:14-CV-01038-JCC) – 2

24976-0374/130080313.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  calculation until summary judgment, the FTC now asks the Court to rule against Amazon for not

2  being able to adequately rebut that calculation.   This is precisely the type of sandbagging Rule

3  26 is designed to prevent.  Moreover, the patent flaws in the FTC's methodology amplify the

4  prejudice inherent in the FTC's request.  *See* 2/22/2016 Declaration of Jonathan M. Werner (Dkt.

5  168, 169) ¶¶ 9-11 (identifying flaws in assumptions used by Ms. Miller and discussing effect of

6  additional restrictions); Opp'n at 18-21.[3]

7  ### III.    CONCLUSION

8  For the reasons discussed above and in its Opposition, Amazon asks that the

9  Court strike the untimely Supplemental Miller Declaration.

10

11  DATED:  March 2, 2016

12  *s/ Harry H. Schneider, Jr.*                     *s/ J. Douglas Baldridge*

13  Harry H. Schneider, Jr. WSBA No. 9404           J. Douglas Baldridge WSBA No. 37247
   David J. Burman WSBA No. 10611                   Danielle R. Foley (admitted *pro hac vice*)

14  Jeffrey M. Hanson WSBA No. 34871                **Venable LLP**
   Attorneys for Defendant Amazon.com, Inc.         575 7th Street, NW

15  **Perkins Coie LLP**                             Washington, DC 20004
   1201 Third Avenue, Suite 4900                     Telephone: (202) 344-4000

16  Seattle, WA  98101-3099                          Facsimile: (202) 344-8300
   Telephone:  206.359.8000                          jbaldridge@venable.com,

17  Facsimile:  206.359.9000                         drfoley@venable.com
   HSchneider@perkinscoie.com

18  DBurman@perkinscoie.com
   JHanson@perkinscoie.com

19

20  *Attorneys for Defendant Amazon.com, Inc.*

21

22

23  [3] The FTC wrongly contends that "Amazon was not prejudiced by the timing of the FTC's disclosures because Amazon already had the information on which the FTC's computation was based." FTC Reply at 18.  But

24  the fact that the FTC used Amazon-produced data for its estimates of injury (i.e., the alleged harm to customers who did not seek a refund for accidental in-app purchases by children) does not mean that Amazon could have made the

25  same calculations before seeing the FTC's methodology.  As evident from the Miller declaration and Amazon's critique, the FTC's method was based on numerous (implausible) assumptions that Amazon could not have

26  anticipated.  And, in any event, Rule 26 requires more.

AMAZON'S SURREPLY IN OPPOSITION TO
FTC'S MOTION FOR SUMMARY JUDGMENT
(No. 2:14-CV-01038-JCC) – 3
24976-0374/130080313.4

1

2

### CERTIFICATE OF SERVICE

3

I certify that on March 2, 2016, I electronically filed the foregoing Amazon.com, Inc.'s

4

Surreply In Opposition to FTC's Motion for Summary Judgment with the Clerk of the Court

5

using the CM/ECF system, which will send notification of such filing to attorneys of record.

6

I certify under penalty of perjury that the foregoing is true and correct.

7

8

DATED this 2nd day of March, 2016.

9

    *s/ Harry H. Schneider, Jr.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AMAZON'S SURREPLY IN OPPOSITION TO
FTC'S MOTION FOR SUMMARY JUDGMENT
(No. 2:14-CV-01038-JCC) – 4
24976-0374/130080313.4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000