THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

CASE NO. C14-1038-JCC

ORDER GRANTING MOTIONS TO SEAL

This matter comes before the Court on Defendant Amazon's Motion to Seal (Dkt. No. 90) certain documents filed with its Motion for Partial Summary Judgment (*see* Dkt. Nos. 92 and 93), Plaintiff FTC's Motion to Seal (Dkt. No. 107) documents filed with its Motion for Summary Judgment (Dkt. No. 109) and Motion in Limine (Dkt. No. 112), Amazon's Response to the FTC's Motion to Seal (Dkt. No. 140), and the FTC's Reply (Dkt. No. 144).

Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS both motions for the reasons explained herein.

I. BACKGROUND

Without reciting the factual background provided in the Court's order on Amazon's Motion to Dismiss (Dkt. No. 14 at 2), the above-captioned matter is brought by the Federal Trade Commission ("FTC") alleging that Amazon's billing of parents and other account holders

for in-app purchases made by children "without having obtained the account holders' express informed consent" is unlawful under Section 5 of the FTC Act, 15 U.S.C. § 45(n). (Dkt. No. 1, p. 11; *see also* Dkt. No. 48 at 1.)

The parties have now submitted motions for summary judgment. (*See* Dkt. Nos. 92, 93, 109, and 138.) Additionally, the parties have filed motions *in limine* with respect to expert testimony. (Dkt. Nos. 104 and 112.) In conjunction with filing these motions, the parties have submitted numerous motions to seal materials contained therein. (Dkt. Nos. 90, 107, 148, 154, 166, 180, and 187.) The Court presently addresses the motions to seal at Dkt. Nos. 90 and 107.

## II.   DISCUSSION

### A.   Standard on Motion to Seal

The Court starts from the position that "[t]here is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g)(3). To rebut this presumption, the party seeking to seal a document must file a motion that includes:

> (A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference; and
> (B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary.

*Id.* Amazon's present motion does not certify that the parties met and conferred. (*See* Dkt. No. 90.) However, such a certification is attached in response to the FTC's Motion to Seal. (Dkt. No. 142 at 2.) The Court takes it on good faith that the parties have met the requirements of the local rules prior to filing their motions. If necessary, the Court expects the parties to make any objections known or, alternatively, to file the missing certification.

A party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). However, in a non-dispositive motion context, the Court need only find "good cause" to seal a

court record, and the "usual presumption of the public's right of access is rebutted." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012).

B.  **Amazon's Motion to Seal Exhibit E of Rubenson Declaration**

Amazon moves to seal materials filed in connection with its Motion for Partial Summary Judgment. (Dkt. No. 90.) Specifically, Amazon seeks to keep sealed Exhibit E to the Declaration of Aaron Rubenson, referencing information about refund rates for Amazon customers. (*Id.*) Amazon contends that information detailing the rates at which it has provided refunds to its customers is sensitive business information. (*Id.* at 2–4.) It is Amazon's practice to rigorously guard this information's confidentiality even within the company. (*See* Dkt. No. 91 at 2.) Notably, while the substance of Amazon's Motion for Partial Summary Judgment is the subject of the FTC's Opposition, the record contains no opposition to the Motion to Seal.

There are compelling reasons to seal confidential business information where judicial documents, if disclosed, could cause a litigant to suffer competitive harm. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The Court finds such compelling reasons here. Amazon's Motion to Seal (Dkt. No. 90) is GRANTED. Exhibit E to the Rubenson Declaration, as well as the motions containing references thereto, are to remain sealed and redacted as filed. (Dkt. No. 95 at 37–40, Dkt. Nos. 92, 93, and 94.)

C.  **The FTC's Motion to Seal**

The FTC also moves to seal several documents attached in support of its Motion for Summary Judgment. (Dkt. No. 107.) The documents include: thirty-seven (37) exhibits attached to the Declaration of Miya Tahamim, the FTC's Motion for Summary Judgment, the Declarations of Julie Beth Miller and Elizabeth Kwok, the FTC's Motion in Limine, and fourteen (14) exhibits attached to the Rahamim Declaration designated confidential by non-party Storm8, Inc. (*Id.* at 2.) The FTC brings its motion based on designations by Amazon that the materials contain confidential information. (*Id.*) In response, Amazon indicates that it carefully reassessed

the materials appropriate for disclosure and redaction. (Dkt. No. 140 at 2.) Accordingly, Amazon has withdrawn its confidentiality designation of thirty-seven (37) exhibits, filed public redacted copies of thirty (30) of them, and asks that only fourteen (14) exhibits remain sealed. (*Id.*)

The subject of this second Motion to Seal is in large part the same as the motion addressed above: Amazon's interest in keeping specific data related to refund rates, as well as strategic business plans, confidential. (Dkt. No. 140 at 4.) As this Court has previously ruled, such "strategic planning and financial information . . . is of a sensitive enough nature that it outweighs the *de minimus* public interest in access . . . which would largely be commercial in nature." (*See* Dkt. No. 46 at 2) (granting previous Motion to Seal.) With respect to the amount of money damages sought by the FTC, however, there is a heightened public interest in the law enforcement function of this proceeding; the parties apparently agree that this information should be made public and have filed unredacted versions of the FTC's Motion for Summary Judgment accordingly. (*See* Dkt. No. 144 at 2; Dkt. No. 144-1.)

In light of the compelling reasons to seal, and the parties' apparent consensus about where redaction and sealing are appropriate, the FTC's Motion to Seal (Dkt. No. 107) is GRANTED. However, as outlined in both response briefs, some of the documents presently sealed are appropriate for unsealing. Accordingly, the parties are ORDERED to re-file the following documents, this time in unsealed format, within ten (10) days:

| **Exhibit Number** | **Docket Entry** |
|---|---|
| 14 | 113 at 9–10 |
| 28 | 114 at 10–31 |
| 31 | 115 at 4–8 |
| 44 | 115 at 9–11 |
| 130 | 120 at 1–12 |
| 160 | 122 at 20–22 |
| 176 | 123 at 1–5 |

| Exhibit Number | Docket Entry |
| --- | --- |
| 179 | 123 at 6–12 |
| 180 | 123 at 13–14 |
| 186 | 123 at 15–28 |
| 209 | 124 at 10–13 |
| 218 | 124 at 14–16 |
| 302 | 124 at 17–21 |
| 305 | 125 at 1–39 |
| 308 | 125 at 40–43 |
| 350 | 127 at 73–87 |
| 354 | 127 at 88–97 |
| 355 | 127 at 98–107 |
| 474 | 137 at 1–3 |
| 475 | 137 at 4–6 |
| 476 | 137 at 7–10 |
| 477 | 137 at 11–14 |
| 478 | 137 at 15–17 |
| 479 | 137 at 18–21 |
| 480 | 137 at 22–24 |
| 481 | 137 at 25–28 |
| 482 | 137 at 29–31 |
| 483 | 137 at 32–35 |
| 484 | 137 at 36–38 |
| 485 | 137 at 39–42 |
| 486 | 137 at 43–45 |

| Exhibit Number | Docket Entry |
| --- | --- |
| 487 | 137 at 46–49 |
| 501 | 127 at 131–153 |
| 506 | 127 at 221–232 |
| 507 | 127 at 233–245 |
| 520 | 127 at 301–303 |
| 526 | 127 at 304–305 |

All other documents addressed by the motion originally filed under seal or redaction (Dkt. Nos. 109–112, 116–119, 121, 126, and 128–137) shall remain under seal as filed.[1] The Court pauses briefly to note that the method by which many of the exhibits in question were filed and docketed rendered the Court's review tremendously burdensome. In the future, if the parties need to file separate exhibits in the form of multiple docket entries in this manner (*see* Dkt. Nos. 113–137), they are expected to cite to the exhibits by their docket entry rather than exhibit name for ease of reference.

## III. CONCLUSION

For the foregoing reasons, both Amazon's motion to seal (Dkt. No. 90) and the FTC's motion to seal (Dkt. No. 107) are GRANTED.

//
//
//
//
//
//
//

---

[1] Redacted versions of several documents remaining under seal are available at Dkt. Nos. 142-1, 142-2, 142-3, and 144-1.

DATED this 22nd day of March 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE