THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

CASE NO. C14-1038-JCC

ORDER ON MOTIONS TO SEAL

This matter comes before the Court on Motions to Seal from Amazon (Dkt. Nos. 148, 166, and 187) as well as the FTC (Dkt. Nos. 154 and 180).

Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motions for the reasons explained herein.

# I. BACKGROUND

Without reciting the factual background provided in the Court's order on Amazon's Motion to Dismiss (Dkt. No. 14 at 2), the above-captioned matter is brought by the Federal Trade Commission ("FTC") alleging that Amazon's billing of parents and other account holders for in-app purchases made by children "without having obtained the account holders' express informed consent" is unlawful under Section 5 of the FTC Act, 15 U.S.C. § 45(n). (Dkt. No. 1, p. 11; *see also* Dkt. No. 48 at 1.)

The parties have now submitted motions for summary judgment. (*See* Dkt. Nos. 92, 93, 109, and 138.) Additionally, the parties have filed motions *in limine* with respect to expert testimony. (Dkt. Nos. 104 and 112.) In conjunction with filing these motions, the parties have submitted numerous motions to seal materials contained therein. (Dkt. Nos. 90, 107, 148, 154, 166, 180, and 187.) The Court presently addresses the motions to seal at Dkt. Nos. 148, 154, 166, 180, and 187.

## II. DISCUSSION

### A. Standard on Motion to Seal

The Court starts from the position that "[t]here is a strong presumption of public access to the court's files." W.D. Wash. Local Civ. R. 5(g)(3). To rebut this presumption, the party seeking to seal a document must file a motion that includes:

> (A) a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal; this certification must list the date, manner, and participants of the conference; and
>
> (B) a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary.

*Id.*

The present motions do not contain certifications that the parties met and conferred (*see* Dkt. Nos. 148, 154, 166, 180, and 187), but the Court is of the impression that the parties have worked together in making the series of motions to seal as discussed in its previous order. (*See* Dkt. No. 198; Dkt. No. 142 at 2.) The Court takes it on good faith that the parties have met the requirements of the local rules prior to filing their motions. If necessary, the Court expects the parties to make any objections known or, alternatively, to file the missing certification.

### B. Amazon's Motion to Seal Report of Ravi Dhar (Dkt. No. 148)

Amazon moves to keep sealed the redacted portions of the expert and rebuttal reports of

Ravi Dhar. (Dkt. No. 148.) The motion is unopposed. The reports have been filed, unredacted, under seal as Exhibit 337 (Dkt. No. 126 at 1–51), Exhibit 339 (Dkt. No. 126 at 52–94), and Exhibit 340 (Dkt. No. 127 at 1–52). Redacted versions have been filed at Dkt. No. 142-2 and 142-3. The Court's review of the redacted information confirms that it is the subject of the same confidential business information, pertaining to Amazon's refund rates, that the Court has already ruled warranted sealing for compelling reasons. (*See* Dkt. No. 198.) Accordingly, the motion to seal (Dkt. No. 148) is GRANTED. The materials filed under seal at Dkt. No. 126 and 127 shall remain sealed.

### C. FTC's Motion to Seal Adler Exhibits, Opposition Brief, and Miller Declaration (Dkt. No. 154)

The FTC moves to seal fourteen (14) exhibits attached to the Declaration of Jason Adler, filed in connection with the FTC's Opposition to Amazon's Motion for Partial Summary Judgment, as well as the FTC's Opposition brief and the Declaration of Julie Miller. (Dkt. No. 154.) The FTC's motion is based on confidentiality designations made by Amazon. (*Id.* at 2.) The Adler exhibits in question are designated as Exhibits 47, 57, 102, 108, 109, 156, 203, 531, 535 (Dkt. No. 162), 536 (Dkt. Nos. 163–165), 538, 539, 542, and 544 (Dkt. No. 165). The FTC's Opposition Brief is available in sealed, unredacted form at Dkt. No. 156, and the Miller Declaration is available in such form at Dkt. No. 157.

In a joint response to this and the second FTC motion detailed blow, Amazon indicates that it has made additional efforts to tailor its confidentiality designations. (Dkt. No. 193.) As such, Amazon filed updated redacted versions of Exhibits 538 and 544 and withdrew its confidentiality designation with respect to Exhibit 539. (*Id.* at 3–4.) Amazon maintains that the remaining Exhibits contain sensitive, confidential business information and are appropriate to keep under seal. Upon review, the Court agrees. Accordingly, the FTC's Motion (Dkt. No. 154) is GRANTED. Exhibit 539 (filed under seal at Dkt. No. 165 at 19–28) has been submitted to the docket publicly at Dkt. No. 194 at 4–13. No further Court action is required.

**D.  Amazon's Motion to Seal its Opposition Brief, Werner Declaration (Dkt. No. 166)**

In the third motion addressed in this Order, Amazon moves to keep its Opposition Brief and the Declaration of Jonathan Werner sealed. (Dkt. No. 166.) Amazon's sealed Opposition Brief is available at Dkt. No. 167, and the sealed Declaration of Jonathan Werner is available at Dkt. No. 168. Amazon's Motion is unopposed.

The Court notes that only Exhibits A, D, E, and F to the Werner Declaration are the subject of the motion to seal. (Dkt. No. 166 at 2.) Those exhibits contain the same sensitive information regarding Amazon's refund rates that the Court has already deemed appropriate for sealing. (*See* Dkt. No. 198.) However, in submitting the exhibits to the Werner Declaration, Amazon has also kept Exhibits B and C sealed. (Dkt. No. 168 at 15–20.) While the Court GRANTS Amazon's Motion (Dkt. No. 166), it also ORDERS Amazon to submit unsealed versions of Exhibits B and C to the Werner Declaration or provide legal authority as to why those exhibits should remain sealed.

**E.  The FTC's Motion to Seal its Reply in Support of Summary Judgment, Miller Declaration (Dkt. No. 180)**

Fourth, the FTC moves to seal its Reply in support of its own Motion for Summary Judgment (Dkt. No. 182) as well as the supplemental Declaration of Julie Miller (Dkt. No. 183). (Dkt. No. 180.) This motion is made on behalf of the same confidentiality designations made by Amazon with respect to its refund and business data.

Amazon's joint reply, as discussed above, touches on exhibits attached to the Declaration of Jason Adler. (Dkt. No. 193.) The Court finds no indication of opposition to the motion to seal Dkt. Nos. 182 and 183. For the same compelling reasons announced above, the Court hereby GRANTS the FTC's motion (Dkt. No. 180.)

**F.  Amazon's Motion to Seal its Reply in Support of its Motion for Partial Summary Judgment (Dkt. No. 187)**

Finally, the Court addresses Amazon's Motion to Seal its Reply Brief in Support of its

Motion for Partial Summary Judgment. (Dkt. No. 187.) The motion is unopposed. For the same compelling reasons regarding Amazon's sensitive commercial information, the motion to seal is GRANTED and Amazon's Reply Brief (Dkt. No. 188) shall remain filed under seal.

## III. CONCLUSION

For the foregoing reasons, Amazon's Motions to Seal (Dkt. Nos. 148, 166, and 187) as well as the FTC's Motions to Seal (Dkt. Nos. 154 and 180) are GRANTED. Amazon is directed to file unredacted and unsealed copies of Exhibits B and C to the Werner Declaration (Dkt. No. 168 at 15–20) or provide legal authority as to why those exhibits should remain sealed.

DATED this 22nd day of March 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ON MOTIONS TO SEAL
PAGE - 5