THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | No. 2:14-CV-01038-JCC <br><br> **AMAZON.COM, INC.'S MOTION IN LIMINE TO EXCLUDE FTC WITNESS JULIE BETH MILLER AND MS. MILLER'S CALCULATIONS** <br><br> NOTE ON MOTION CALENDAR: <br><br> Friday, May 6, 2016 |

AMAZON'S MOTION IN LIMINE
(No. 2:14-CV-01038-JCC)

24976-0374/130636647

**Venable LLP**
575 7th Street, N.W.
Washington, D.C. 20004
Phone: 202.344.4000
Fax: 202.344.8300

I. INTRODUCTION

Defendant Amazon.com, Inc. ("Amazon") moves in limine to exclude FTC witness Julie Beth Miller from testifying at trial and to preclude the FTC from offering at trial all of her calculations.[1] Ms. Miller is the sole FTC witness in support of its calculations of alleged injury and monetary relief. However, the FTC did not timely disclose Ms. Miller or her calculations. The FTC did not disclose Ms. Miller until the FTC filed its Motion for Summary Judgment on February 2, 2016 – four months after fact discovery closed, two months after initial expert reports were due, and a month after expert rebuttal reports were due. Despite its obligations under Rules 26(a)(1)(A)(iii) and 26(e) and an interrogatory served on October 23, 2014, the FTC did not provide even a rudimentary computation of its requested relief until January 7, 2016, less than a month before the summary judgment deadline and a month after the expert discovery cutoff. Amazon was deprived of the opportunity to take discovery of Ms. Miller and her calculations, was deprived of the opportunity to present its own expert to opine on Ms. Miller's calculations, and without such information, has been prejudiced in its ability to respond to Ms. Miller and prepare for trial.[2] There is no excuse for the FTC's belated disclosures of Ms. Miller or her calculations. Ms. Miller is providing a complex "injury and relief" analysis that should have been presented through expert testimony (as the FTC routinely uses in other unfair-practices cases), and not merely a Rule 1006 "summary." Because the FTC failed to timely disclose Ms. Miller and her calculations, the Court should exclude from trial her testimony and all of her calculations.[3]

---

[1] Although the Court has vacated the May 2 trial date, it has not vacated the other pretrial deadlines. To ensure that Amazon complies with those deadlines, it timely files this motion in limine. Amazon will seek a stipulation from the FTC to propose continuation of the other pretrial deadlines until a date after the Court has resolved the parties' motions for summary judgment and partial summary judgment.

[2] *See* Amazon's Opposition to the FTC's Motion for Summary Judgment and Amazon's Request to Strike (Dkt. 170).

[3] The parties continue to confer in good faith to address Amazon's objections to the FTC's "bulk designation" of certain documents identified on the FTC's trial exhibit list (e.g., listing all 21,013 produced customer-service telephone recordings totaling over 2,165 hours of recorded conversations and listing all 189,177

AMAZON'S MOTION IN LIMINE
(No. 2:14-CV-01038-JCC) – 1

**Venable LLP**
575 7th Street, N.W.
Washington, D.C. 20004
Phone: 202.344.4000
Fax: 202.344.8300

24976-0374/130636647

## II. ARGUMENT

### A. FTC Witness Julie Beth Miller and Her Calculations Should Be Excluded From Trial

#### 1. The FTC's Disclosure of Ms. Miller and Her Calculations Was Untimely

Where, as here, a party fails to identify a witness as required by Rule 26(a) or (e), the party is barred from calling that witness at trial. Fed. R. Civ. P. 37(c)(1). And a party's failure to timely disclose a computation of each category of damages, as required by Rule 26(a)(1)(A)(iii), is a basis for sanctions under Rule 37. *See, e.g.*, *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (affirming exclusion of evidence of untimely disclosed damages calculation, which sanction does not require "a finding of willfulness or bad faith to exclude the damages evidence"). As this Court has already held in this matter, "a party failing to provide information required by Rule 26(a) or (e) is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless," which sanction is "self-executing." Order on Plaintiff's Motion to Exclude Expert Witnesses (Dkt. 139) at 3.

There can be no dispute that the FTC failed to timely disclose Ms. Miller. The FTC did not identify her in its Rule 26(a)(1)(A) or 26(e) initial disclosures. Even though the FTC amended its initial disclosure three times during fact discovery, the FTC did not identify her in any of its amendments. It was not until the FTC filed its Motion for Summary Judgment on February 2, 2016, four months after the fact-discovery cutoff, that the FTC first identified Ms. Miller and produced her declaration. Dkt. 172 ¶ 10 (Schneider Decl.). Ms. Miller's declaration provides a complex analysis of over a billion rows of data using a sophisticated statistical software package. Dkt. 99. Meanwhile, the FTC failed to produce any documents on which Ms.

---

pages of produced customer-service contact summaries). If the parties cannot resolve those issues prior to trial, Amazon may seek additional relief from the Court.

AMAZON'S MOTION IN LIMINE
(No. 2:14-CV-01038-JCC) – 2

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
Phone: 202.344.4000
Fax: 202.344.8300

24976-0374/130636647

1  Miller's computation was based and refused even after her disclosure to provide Amazon any
2  opportunity to depose Ms. Miller about her work.  Dkt. 172 ¶ 9 (Schneider Decl.).

3      In addition to failing to disclose Ms. Miller as a witness, the FTC also failed to timely
4  disclose her calculations, upon which the FTC bases its substantial-injury assertion as well as its
5  $26 million claim against Amazon.  The FTC did not disclose its computation of monetary relief
6  in its initial disclosures under Rule 26(a)(1), dated September 8, 2014, or in response to
7  Amazon's interrogatory served on October 23, 2014.  Dkt. 172 ¶ 2 (Schneider Decl.).  The FTC
8  did not disclose any computation of requested monetary relief before the close of fact discovery
9  on September 28, 2015.  *Id.* ¶ 5.  The FTC put forward no expert report during expert discovery
10 disclosing this calculation.  In fact, it was not until January 7, 2016, that the FTC first disclosed a
11 rudimentary computation of requested monetary relief.  *Id.* Ex. D.  It did so without identifying
12 Ms. Miller as a witness who would testify on that topic.  *Id.* ¶ 7.[4]  Due to the FTC's untimely
13 disclosure of its computation of monetary relief and Ms. Miller, the FTC should "not [be]
14 allowed to use that information . . . to supply evidence on a motion, at a hearing, or at trial."  *See*
15 Dkt. 139 at 3 (Order on FTC's Motion to Exclude Expert Witnesses) (citing *Hoffman*, 541 F.3d
16 at 1179, and *Goodman v. Staples the Office Superstore LLC*, 644 F.3d 817, 827 (9th Cir. 2011)).
17 Such a ruling is fully consistent with the FTC's own arguments advanced in its motion to
18 exclude certain Amazon experts as purportedly "untimely."  *See* Dkt. 80 (FTC's Motion to
19 Exclude).

20     The FTC has contended that it was not obligated to disclose Ms. Miller or her analysis
21 because it did not have every single row of data until October 2015.  *See* Dkt. 184 at 16 (FTC
22 Reply In Support of Summary Judgment).  The FTC's argument is a red herring: by August

---

[4] To the extent the FTC has argued that it had no obligation to timely disclose its "computation of *injury*" and only had to disclose its computation of *relief*, the FTC is ignoring Amazon's specific discovery request for the FTC's computation of relief *and* its "method of computing alleged monetary *injury*." Dkt. 172, ¶ 2 and Ex. B (2/22/2016 Schneider Decl.).  Thus, the FTC was obligated to timely provide computations of both.

AMAZON'S MOTION IN LIMINE
(No. 2:14-CV-01038-JCC) – 3

24976-0374/130636647

**Venable LLP**
575 7th Street, N.W.
Washington, D.C. 20004
Phone:  202.344.4000
Fax:  202.344.8300

2015, more than *four months before* the FTC first disclosed its calculation, Amazon produced to the FTC *all data fields* necessary for and that Ms. Miller actually used in her calculations. Dkt. 172 at ¶ 3 (Schneider Decl.); Dkt. 195 at 1-2 (Amazon's Surreply in Opposition to the FTC's Motion for Summary Judgment). Consistent with Amazon's ongoing discovery obligations, and as is common in almost all litigation, Amazon produced limited corrected and additional data over the next six weeks, but these productions *did not include any new data fields*.[5] Dkt. 195 at 1-2. At most, the FTC merely had to update its calculations, not alter its formulas. Moreover, at no point did the FTC inform Amazon that disclosure of its remedy calculation would be delayed or that it desired relief from a case deadline as a result.[6] *Id.*

Amazon has suffered substantial prejudice due to the FTC's late disclosure of Ms. Miller and her analysis. By waiting until after the rebuttal expert disclosure deadline to disclose Ms. Miller and her method of computing damages, the FTC denied Amazon the opportunity to engage an expert to respond to her calculations. Incredibly, the FTC then attempted to gain a tactical advantage by criticizing Amazon for purportedly failing to offer an "alternative estimate" to Ms. Miller's untimely disclosed calculation. *See* Dkt. 182, 184 at 13, 15 (FTC Reply In Support of the FTC's Motion for Summary Judgment); Dkt. 195 at 2-3 (Amazon's Surreply in Opposition to FTC's Motion for Summary Judgment). Moreover, despite requests from Amazon, the FTC refused to produce her for a deposition and refused to produce any of her work papers. Amazon has had to attempt to reverse engineer Ms. Miller's calculations and critique

---

[5] The limited corrected data was produced between August 18 and September 11. On October 8 and 14, Amazon produced additional data it located that were not subject to the Court's August 3 discovery order, which concerned "failed-transaction" password data. Dkt. 172 ¶¶ 3-4 (2/22/2016 Schneider Decl.).

[6] The FTC has also attempted to justify its failure to timely disclose its computation of damages by baselessly accusing Amazon of "wilful[ly] fail[ing] to comply with this Court's discovery order." Dkt. 182, 184 at 16 (FTC Reply in Support of Summary Judgment). As discussed in the February 26 Declaration of Harry H. Schneider, Jr. (Dkt. 190 ¶ 2), Amazon timely produced, on August 18, 2015, the "failed-transaction" data that was the subject of the Court's August 3 Order.

AMAZON'S MOTION IN LIMINE
(No. 2:14-CV-01038-JCC) – 4

24976-0374/130636647

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
Phone: 202.344.4000
Fax: 202.344.8300

1  those calculations without the benefit of any discovery.  Yet Ms. Miller and her calculations are
2  the sole evidence from which the FTC will request monetary relief at trial.

3  This is precisely the type of harm that Rule 26 seeks to prevent and that a Rule 37-based
4  sanction here must remedy.  "Rule 37(c)(1) is a self-executing, automatic sanction designed to
5  provide strong inducement for disclosure."  Order on Plaintiff's Motion to Exclude Expert
6  Witnesses (Dkt. 139) at 3 (quoting *Goodman,* 644 F.3d at 827).  The FTC has known since it has
7  filed this case that it would be seeking monetary relief and almost certainly has had some idea of
8  how it would seek to justify that relief.  Neither the letter nor the spirit of the Civil Rules permits
9  the FTC to withhold this crucial witness and her calculations until after discovery closes and then
10 rely upon them at trial.  At this late stage of the case, a limited discovery continuance is
11 insufficient to remedy the prejudice suffered by Amazon, and the only appropriate remedy is to
12 exclude Ms. Miller and her calculations from trial.  *See Hoffman*, 541 F.3d at 1180 ("Later
13 disclosure of damages would have most likely required the court to create a new briefing
14 schedule and perhaps re-open discovery, rather than simply set a trial date.  Such modifications
15 to the court's and the parties' schedules supports a finding that the failure to disclose was not
16 harmless."); *Nw. Pipeline Corp. v. Ross*, No. C05-1605RSL, 2008 WL 1744167, at *9-10 (W.D.
17 Wash. Apr. 11, 2008) (explaining that courts often reject discovery continuances to cure
18 untimely disclosures because they would "render Rule 37(c)(1) toothless.").

19  **2.  Ms. Miller Is Not a Summary Witness**

20  The FTC tries to side-step the prejudice it caused by arguing that Ms. Miller is merely a
21 "summary witness" under Rule 1006.  Contrary to the FTC's assertions, Ms. Miller is not merely
22 "summariz[ing] certain data produced by Amazon, [] as Federal Rule of Evidence 1006 permits."
23 Dkt. 184 at 16-17 (FTC's Reply in Support of Its Motion for Summary Judgment).  That is, Ms.
24 Miller's purported "summary" is not just a simple tabulation, but is in fact a detailed "injury and
25 relief calculation" using sophisticated statistical software and requiring Ms. Miller to apply and
26 verify the accuracy of a number of computational steps.  This is precisely the type of testimony

AMAZON'S MOTION IN LIMINE
(No. 2:14-CV-01038-JCC) – 5

24976-0374/130636647

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
Phone:  202.344.4000
Fax:  202.344.8300

courts have ruled may *not* be proffered by a lay witness under the guise of Rule 1006. *See, e.g.*, *Terry v. City of San Diego*, No. 06-CV-1459 MMA (CAB), 2011 WL 1897491, at *7 (S.D. Cal. May 18, 2011) (holding that a lay witness may not establish the foundation of summary evidence under Rule 1006 where that summary contains "complicated calculations requiring the need of an expert for accuracy" (quoting *U.S. v. Jennings*, 724 F.2d 436, 442 (5th Cir. 1984)); *Eichorn v. AT&T Corp.,* 484 F.3d 644, 650 (3d Cir. 2007) (affirming district court's exclusion of proffered summaries where the calculations were "better described as a synthesis rather than a summary" and included "assumptions" that went beyond the data summarized); *Arbitrage Trading, LLC v. United States*, 108 Fed. Cl. 588, 600 n. 17 (2013) (concluding that proffered lay witness' "analysis of transactional . . . documents" was not summary evidence under Rule 1006 "given the complexity of the documents and the specialized knowledge employed by [proffered lay witness] to interpret them").

     Ms. Miller – who in fact describes herself as a "lead data *analyst*" – is in effect an expert the FTC should have disclosed at the expert-disclosure deadline. *See, e.g.*, Fed. R. Evid. 701, advisory committee's note (prohibiting evasion of the expert-disclosure deadlines "through the simple expedient of proffering an expert in lay witness clothing").  She uses a database composed of over a billion rows of data to calculate an "Unauthorized Charge Rate" using data relating to successful and unsuccessful password entries, and then applies that rate to a sales figure the FTC contends represents "in-app charges incurred without password entry in kids' apps." Dkt. 93 at 28; Dkt. 99, 110 ¶¶ 13-14.  Her calculations require specialized knowledge of "Stata 14 MP," which Ms. Miller describes as a "data management and statistical software package" she has used for over 8 years, and used here because "it can process the number and size of the files Amazon produced." Dkt. 99 ¶ 4.  Ms. Miller calculated several "revenue and refund segment parameters" and analyzed refunds and revenues over many different time periods, price points, devices, populations of apps, and password "failures" or "successes." *See, e.g.,* Dkt. 99 ¶¶ 6-15.  Accordingly, the FTC should not be permitted to introduce through the

AMAZON'S MOTION IN LIMINE
(No. 2:14-CV-01038-JCC) – 6

24976-0374/130636647

**Venable LLP**
575 7th Street, N.W.
Washington, D.C. 20004
Phone:  202.344.4000
Fax:  202.344.8300

back door and in the guise of summary evidence its unsupported monetary-relief theory – which the FTC strategically chose not to present through a properly retained and disclosed expert witness.

The FTC should also be precluded from presenting Ms. Miller and her calculations because her calculations depend on unsupportable assumptions, and as such the prejudice to Amazon substantially outweighs the probative value of her testimony. For example, as Amazon outlined in its opposition to the FTC's Motion for Summary Judgment, in analyzing the number of password "failures" for three types of password challenges (i.e., the high-price, high-frequency, and high-risk password prompts), Ms. Miller simply assumes that *every single password failure was an attempt by a child that would otherwise have been a completed in-app purchase*. Dkt. 99, 110 ¶¶ 13-14.[7] Ms. Miller's calculations are also based on many other flawed assumptions including the following:[8]

- Unsupported assumption that *only* children play the High-Risk apps (misleadingly termed "kids' apps" by the FTC), when in fact substantial numbers of teens and adults play them.

- Unsupported assumption that *only* children enter wrong passwords. Adults and teens often forget or type passwords incorrectly, particularly on mobile devices. For example, on average, over 100,000 Amazon customers reset their passwords each day.

- Unsupported assumption that *none* of the password failures were attempts by children with parental approval to make the purchase, including children who forgot a password provided by a parent.

- Unsupported assumption that *none* of the password failures were attempts that a parent would have later approved.

---

[7] Ms. Miller and the FTC attempt to justify this self-serving and baseless assumption by offering only that "when such abandoned attempts occurred in kids' apps, these users were likely children who otherwise would have incurred an unauthorized charge." Dkt. 93 at 28 (FTC's Motion for Summary Judgment). This type of assumption and speculation is exactly the type of argument and opinion that an expert witness could attempt to offer by virtue of methodologically sound and evidence-based testimony.

[8] *See* Dkt. 167 at 18-21 (Amazon's Opposition to FTC's Motion for Summary Judgment and Motion to Strike).

AMAZON'S MOTION IN LIMINE
(No. 2:14-CV-01038-JCC) – 7

24976-0374/130636647

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
Phone: 202.344.4000
Fax: 202.344.8300

- Unsupported assumption that *none* of the password failures are attempted purchases by adults (or children) who changed their minds and declined to complete in-app purchases after presented with the password prompts.

- Unsupported assumption that *none* of the password failures reflect a user canceling an attempted purchase he or she accidentally initiated.

Dkt. 168 ¶¶ 9-11 (Werner Decl.).

That Ms. Miller's calculations are riddled with erroneous and unsupportable assumptions confirms the prejudice to Amazon of such testimony. The FTC is seeking over $26 million dollars based on these assumptions, yet Amazon did not have an opportunity to depose Ms. Miller or rebut her testimony through its own expert testimony. The FTC's failure to disclose this witness or its damages calculation cannot be deemed "harmless" or "substantially justified." Accordingly, the Court should bar Ms. Miller from testifying about, and the FTC from offering her calculations at trial.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant Amazon's motion in limine and exclude Ms. Miller from testifying and preclude the FTC from offering at trial all of Ms. Miller's calculations.

### **LCR 7(d)(4) Certification**

Prior to filing this motion in limine, on April 12, 2016, counsel for Amazon participated in a telephone conference with counsel for the FTC in a good-faith but unsuccessful effort to resolve the disputed issues identified in this motion. Amazon was represented on that telephone conference by Harry H. Schneider, Jr., Jeffrey M. Hanson, and Eric J. Weiss. The FTC was represented on that telephone conference by Jason Adler, Heather Allen, Jane Ricci, Miya Tandon, Katherine Roller, and Helen Wong.

AMAZON'S MOTION IN LIMINE
(No. 2:14-CV-01038-JCC) – 8

24976-0374/130636647

Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
Phone: 202.344.4000
Fax: 202.344.8300

1 | DATED:  April 18, 2016

3 | *s/ Harry H. Schneider, Jr.*
Harry H. Schneider, Jr. WSBA No. 9404
David J. Burman WSBA No. 10611
Jeffrey M. Hanson WSBA No. 34871
Attorneys for Defendant Amazon.com, Inc.
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
HSchneider@perkinscoie.com
DBurman@perkinscoie.com
JHanson@perkinscoie.com

*s/ J. Douglas Baldridge*
J. Douglas Baldridge WSBA No. 37247
Danielle R. Foley (admitted pro hac vice)
**Venable LLP**
575 7th Street, NW
Washington, DC 20004
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
jbaldridge@venable.com,
drfoley@venable.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S MOTION IN LIMINE
(No. 2:14-CV-01038-JCC) – 9

24976-0374/130636647

**Venable LLP**
575 7th Street, N.W.
Washington, D.C. 20004
Phone:  202.344.4000
Fax:  202.344.8300

**CERTIFICATE OF SERVICE**

I certify that on April 18, 2016, I electronically filed the foregoing Amazon's Motion in Limine to Exclude FTC Witness Julie Beth Miller and Ms. Miller's Calculations with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record.

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 18th day of April, 2016.

            *s/ Harry H. Schneider, Jr.*

AMAZON'S MOTION IN LIMINE
(No. 2:14-CV-01038-JCC) – 10

24976-0374/130636647

**Venable LLP**
575 7th Street, N.W.
Washington, D.C. 20004
Phone: 202.344.4000
Fax: 202.344.8300