1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8
9

FEDERAL TRADE COMMISSION,

10

     Plaintiff,

11

   v.

12
13

AMAZON.COM, INC.,

14

     Defendant.

15

**Case No. 2:14-cv-01038-JCC**

**PLAINTIFF'S MOTION TO UNSEAL**

NOTE ON MOTION CALENDAR:
Friday, May 13, 2016

16
17
18
19
20
21
22
23
24
25
26

PLAINTIFF'S MOTION TO UNSEAL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

1   Pursuant to Local Civil Rule 5(g)(8), plaintiff Federal Trade Commission ("FTC")

2   requests that the record underlying this Court's order granting the FTC's motion for summary

3   judgment and Amazon.com, Inc.'s ("Amazon's") partial motion be unsealed. Throughout this

4   litigation, Amazon has mass-designated as confidential the vast majority of the documents it

5   produced to the FTC. As required by Local Civil Rule 5(g), and based solely on Amazon's

6   designation of material as confidential, the FTC filed redacted versions of its summary judgment

7   briefing and exhibits. Given that this Court has now entered a dispositive ruling bearing on the

8   FTC's enforcement of a federal consumer protection statute, there is a significant and

9   overwhelming public interest in the record underlying that decision. Amazon's proposed

10  revisions (Dkt. 226) to this Court's redacted order reveal the questionable basis for Amazon's

11  confidentiality designations and obscure information available publicly elsewhere on the record.

12   For the reasons detailed below, this Court should grant the FTC's motion to unseal.

13   ## BACKGROUND

14   The FTC is a federal law enforcement agency tasked by Congress to protect consumers

15  from unfair and deceptive practices. The agency has the authority to seek monetary and other

16  equitable relief for consumers in federal district court. In July 2014, the FTC sued Amazon under

17  Section 5 of the FTC Act, alleging that Amazon had committed an unfair practice by charging

18  parents and other account holders without their consent for in-app charges in kids' games. Since

19  the FTC filed its lawsuit, there has been significant public interest in the litigation, as

20  demonstrated by numerous press articles and analyses from consumer and industry groups. The

21  public interest in the litigation has heightened since the Court issued its summary judgment

22  ruling on April 26, 2016, finding Amazon liable for unfairly billing consumers without consent.

23   During discovery, Amazon designated as confidential nearly all of the documents it

24  produced to the FTC and much of the deposition testimony. It did so despite the protective

25  order's explicit prohibition against such "[m]ass, indiscriminate, or routinized designations,"

26  (Dkt. 16 at 5, Dkt. 17), and despite repeated requests from FTC counsel to abide by the terms of

PLAINTIFF'S MOTION TO UNSEAL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

the order. On February 3, 2016, the FTC filed for summary judgment, citing extensive evidence obtained from Amazon. Based solely on Amazon's sweeping designations of confidentiality, and as required by Local Civil Rule 5(g), the FTC filed its briefs and many of its exhibits under seal and in redacted form. *See* Dkt. 107, 154, 180. Prior to the FTC's filing, Amazon had not informed the FTC of any specific bases for maintaining the material under seal beyond a general assertion that it contained confidential business information.

Amazon also filed several documents under seal in connection with the FTC's motion and its own motion for partial summary judgment, again claiming that the material was "confidential" and "competitively sensitive." *See, e.g.,* Dkt. 90 at 2. Prior to filing, Amazon did not inform the FTC of its intent to file under seal nor its purported bases for sealing the material. In ruling on the motions to seal, the Court stated that it was "of the impression that the parties have worked together in making the series of motions to seal" and that it "expects the parties to make any objections known." Dkt. 199 at 2. The motions to seal were not joint or coordinated.

The Court's April 26, 2016 summary judgment ruling was sealed (Dkt. 224) and later released as a redacted, public version. Dkt. 225. Amazon subsequently informed the Court that "certain third parties were able to identify from the redacted order the text intended by the Court to be maintained under seal." Dkt. 226. In correspondence with the FTC, Amazon's counsel acknowledged, "We have little hope of retrieving the versions already circulating among the media." Declaration of Jason M. Adler ("Adler Decl.") at ¶3. Although the Court removed the redacted version of the order from the docket, it has been widely reported in the press, and public interest in the litigation has significantly increased since the Court issued its order.[1]

---

[1] *See, e.g.,* Diane Bartz & Dan Levine, *Amazon Found Liable for Charges Incurred by Kids Using Apps*, Reuters, Apr. 27, 2016, http://www.reuters.com/article/us-amazon-com-ftc-idUSKCN0XO1Q8; *Amazon Rapped Over Unauthorised In-App Purchases*, BBC News, Apr. 28, 2016, http://www.bbc.com/news/technology-36159150; Andrea Peterson, *Amazon Unfairly Billed Parents for Their Kids' In-App Purchases, a Judge Rules*, Wash. Post, Apr. 27, 2016, https://www.washingtonpost.com/news/the-switch/wp/2016/04/27/amazon-unfairly-billed-parents-for-their-kids-in-app-purchases-a-judge-rules/.

PLAINTIFF'S MOTION TO UNSEAL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

1   On April 28, 2016, Amazon publicly filed a proposed redacted version of the order,

2  which is currently the only version publicly available on the docket. Dkt. 226-1. Amazon did not

3  explain the bases for its redactions, much less demonstrate a compelling reason for maintaining

4  the information under seal. As discussed below, the redactions include material that *Amazon*

5  previously filed publicly with the Court. Moreover, the redacted information in the order (and the

6  underlying briefs and exhibits), while potentially embarrassing to Amazon, does not constitute

7  trade secret information meriting a seal in the face of overwhelming legitimate public interest.

8   Before filing this motion, counsel for the FTC emailed counsel for Amazon three times

9  about unsealing the record on summary judgment and invited a call to discuss. Adler Decl. at ¶¶

10  4-7. On May 2, 2016, FTC counsel specifically requested that Amazon provide any "specific

11  bases for the proposed redactions Amazon filed on 4/28/16" to the Court's order on summary

12  judgment. *Id.* Counsel for Amazon did not identify any. *Id.*

13   The FTC therefore requests that the Court unseal the entire record related to the FTC's

14  motion for summary judgment and Amazon's motion for partial summary judgment, including

15  the briefs, accompanying exhibits, and the Court's dispositive order, as follows: Dkt. 93, 95,

16  109-111, 113-137, 149-150, 156-157, 162-165, 167-168, 182-183, 188, 221, and 224.

17  **LEGAL STANDARD**

18   "It is clear that the courts of this country recognize a general right to inspect and copy

19  public records and documents, including judicial records and documents." *Nixon v. Warner*

20  *Commnc'ns, Inc.,* 435 U.S. 589, 597 (1978).  "[A] 'strong presumption in favor of access' is the

21  starting point."  *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006)

22  (quoting *Foltz v. State Farm Mut. Auto Ins. Co.*, 33 F.3d 1122, 1135 (9th Cir. 2003)). "[T]he

23  strong presumption of access to judicial records applies fully to . . . motions for summary

24  judgment and related attachments." *Kamakana*, 447 F.3d at 1179; *see also FTC v. AbbVie Prods.*

25  *LLC*, 713 F. 3d 54, 63-64 (11th Cir. 2013) (holding that document attached to a judicial record

26  was also a judicial record, even though the court did not rely on the document or cite it in an

PLAINTIFF'S MOTION TO UNSEAL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

3

1  opinion on a motion to dismiss).[2]  "[T]he resolution of a dispute on the merits, whether by trial

2  or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the

3  judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley*

4  *Broad. Co. v. U.S. Dist. Ct. for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

5       In order to keep such judicial records under seal, a party must "'articulate[ ] compelling

6  reasons supported by specific factual findings,' that outweigh the general history of access and

7  the public policies favoring disclosure, such as the 'public interest in understanding the judicial

8  process.'" *Kamakana*, 447 F.3d at 1178-79 (alteration in original) (citations omitted) (quoting

9  *Foltz*, 331 F.3d at 1135 and *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995)). "The

10  court must then 'conscientiously balance[ ] the competing interests' of the public and the party

11  who seeks to keep certain judicial records secret.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*,

12  809 F.3d 1092, 1097 (9th Cir. 2016) (alteration in original) (quoting *Kamakana*, 447 F.3d at

13  1179). The presumption of access "may be overcome only 'on the basis of articulable facts

14  known to the Court, not on the basis of unsupported hypothesis or conjecture.'" *Hagestad*, 49

15  F.3d at 1434 (quoting *Valley Broad. Co.*, 798 F.2d at 1293). "The mere fact that the production

16  of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation

17  will not, without more, compel the court to seal its records." *Kamakana,* 447 F.3d at 1179.

18  Finally, "[c]ompelling reasons must continue to exist to keep judicial records sealed."  *In re*

19  *Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012)

20  (per curiam).

                                   **ARGUMENT**

21       There is significant public interest in the record underlying this Court's ruling on

22  summary judgment. Amazon's amorphous and unsubstantiated basis for maintaining information

23  under seal at this stage in the litigation is insufficient to outweigh the public interest.

24

25  _____

26  [2] In addition to the common law right of access to summary judgment materials, the public has a First Amendment
right of access. *See Rushford v. New Yorker Magazine, Inc.*, 846 F.3d 249, 253 (4th Cir. 1988).

PLAINTIFF'S MOTION TO UNSEAL                              Federal Trade Commission
Case No. 2:14-cv-01038-JCC                          600 Pennsylvania Avenue N.W.
                                                        Washington, DC  20580
                                4                           (202) 326-3231

**A.  There is significant public interest in the summary judgment record.**

Given that this Court now has entered a dispositive ruling in a federal law enforcement action, the public has a significant and demonstrated interest in the full opinion of the Court and the underlying record (briefs and exhibits) on which the Court relied in reaching its decision. "[T]he resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (quoting *Valley Broad. Co.*, 798 F.2d at 1294). The public's interest is further heightened where the government is a party to the litigation. In this case, the public has a substantial interest in understanding the basis for the FTC's motion for summary judgment against Amazon, the basis for Amazon's motion for partial summary judgment, and the Court's reasoning in deciding these motions.

The public has an especially strong interest in the Court's memorandum opinion on summary judgment. *See Doe v. Public Citizen*, 749 F.3d 246, 267 (4th Cir. 2014) ("The public has an interest in learning . . . the district court's decision ruling on a summary judgment motion and the grounds supporting its decision."). "Without access to judicial opinions, public oversight of the courts, including the processes and the outcomes they produce, would be impossible." *Id.*; *see also Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("[I]t should go without saying that the judge's opinions and orders belong in the public domain."); *United States v. Mentzos*, 462 F.3d 830, 843 n.4 (8th Cir. 2006) (denying motion to file opinion under seal because "decisions of the court are a matter of public record"). With the current redactions to the Court's order, the public is denied access to the full basis for the Court's decision. As explained below, *infra* pp. 7-10, there is no compelling interest in maintaining the seal over information in the opinion that was clearly relied upon in the Court's decision. Indeed, Amazon's proposed redacted order provided no rationale for sealing portions of the Court's order or any consideration of the significant public interest in a judicial opinion.

PLAINTIFF'S MOTION TO UNSEAL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

5

1    Similarly, the public has a right of access to the summary judgment briefs and exhibits

2    that the parties presented to the Court and that the Court reviewed in reaching its dispositive

3    decision. Now that there is a final decision on the merits of this case, the arguments advanced by

4    both sides and the evidence before the Court are of heightened interest to the public in

5    understanding the government's enforcement action and the Court's decision in the case. The

6    Ninth Circuit has recognized that summary judgment materials (including briefs and exhibits) are

7    of interest to the public because "summary judgment adjudicates substantive rights and serves as

8    a substitute for trial." *Foltz*, 331 F.3d at 1135-36. The "public interest in understanding the

9    judicial process," *id*. at 1135, is hampered without access to the arguments and evidence

10   marshaled by the parties and considered by the Court.

11   The public interest in access to this Court's opinion and the summary judgment record is

12   further heightened because the United States government is a party to this proceeding. *See Public*

13   *Citizen*, 749 F.3d at 271 ("The interest of the public and the press in access to civil proceedings

14   is at its apex when the government is a party to the litigation."). "[T]he public has a strong

15   interest in monitoring not only functions of the courts, but also the positions that its elected

16   officials and government agencies take in litigation." *Id*.; *see also FTC v. Standard Fin. Mgmt.*

17   *Corp*., 830 F.2d 404, 410 (1st Cir. 1987) ("The appropriateness of making court files accessible

18   is accentuated in cases where the government is a party: in such circumstances, the public's right

19   to know what the executive branch is about coalesces with the concomitant right of the citizenry

20   to appraise the judicial branch."). The resolution of this case on the merits, the involvement of

21   the government as plaintiff, and the demonstrated public interest in this matter all highlight the

22   significant public interest in access to the Court's order and the underlying record on which that

23   decision is based.

24

25

26

PLAINTIFF'S MOTION TO UNSEAL                          Federal Trade Commission
Case No. 2:14-cv-01038-JCC                          600 Pennsylvania Avenue N.W.
                                                        Washington, DC  20580
(202) 326-3231

1

**B.  There is no compelling reason to maintain the summary judgment record under seal.**

2

3        The significant and demonstrated public interest in the summary judgment record far

4   outweighs Amazon's purported basis for maintaining the seal. Although Amazon claims much of

5   the sealed material is confidential business information, key portions of the sealed record are in

6   the public domain already, including in Amazon's own public court filings. And as discussed in

7   more detail below, the remaining non-public portions do not rise to the level of trade secrets that

8   the Ninth Circuit protects. There is no compelling reason to maintain the record under seal.

9        Amazon's proposed redactions to the Court's summary judgment order—which it filed

10  without conferring with the FTC—illustrates Amazon's questionable basis for maintaining the

11  record under seal. Amazon previously disclosed much of the information that it now wants to

12  shield from public view. For example, the block redaction on the second page of the opinion

13  (Dkt. 226-1 at 2:13-22) consists entirely of information that Amazon publicly filed at Dkt. 142-4

14  at 7:12-16, Dkt. 142-5 at 38, and Dkt. 142-4 at 7:4-6. Further, the redacted portion at Dkt. 226-1

15  at 17:3 is referenced four times without redactions in a version of the FTC's summary judgment

16  brief that was publicly filed by Amazon. Dkt. 142-4 at 6:1, 20:15, 30:25, 31:5. There simply is

17  no basis for keeping information under seal when it is already in the public domain. Once a party

18  has "already voluntarily 'let the cat out of the bag' . . . this Court is unwilling, let alone able, to

19  undo what is already done." *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV–09–

20  1531, 2012 WL 1432519, at *7 (D. Ariz. Apr. 25, 2012); *see also California ex rel. Lockyer v.

21  Safeway, Inc.*, 355 F.Supp.2d 1111, 1120 (C.D. Cal. 2005) (granting motion to unseal court

22  records relating to a summary judgment motion, noting that "no matter how confidential

23  information may have once been, after its disclosure it is no longer so").[3] Amazon makes no

24

_____

[3] As Amazon has acknowledged, members of the public including the press were able to view and report on the
underlying text in the redacted portions of the Order (Dkt. 226). While unintentional, the release and dissemination

25  of the full opinion means the information is not confidential and there is no basis for maintaining it under seal. *See
Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 n.11 (2d Cir. 2004) (noting that "[o]nce [information] is public, it

26  necessarily remains public" and further stating that "[o]nce the cat is out of the bag, the ball game is over").

PLAINTIFF'S MOTION TO UNSEAL                                      Federal Trade Commission
Case No. 2:14-cv-01038-JCC                                  600 Pennsylvania Avenue N.W.
                                                                   Washington, DC  20580
(202) 326-3231

1   attempt to explain how a release of information that is already public would harm its competitive

2   standing.

3          The remaining sealed summary judgment record, even if it had not been publicly

4   released, does not contain the type of information that warrants a permanent seal. Showing a

5   compelling reason that outweighs the public interest in allegedly confidential information

6   requires a particularized showing supported by "specific factual findings." *Kamakana*, 447 F.3d

7   at 1178. Belief and conjecture do not suffice. *Id*. at 1179; *Positive Techs., Inc. v. Sony Elecs.,*

8   *Inc.*, No. 11-cv-2226 SI (KAW), 2013 WL 431343, at *2 (N.D. Cal. Feb. 1, 2013) (denying

9   under lesser "good cause" standard Amazon motion to seal material including confidential "sales

10  information" for lack of particularized showing). But where Amazon offers any justification at

11  all, it offers belief and conjecture: "I believe that public disclosure of these documents and

12  testimony would be useful to Amazon's competitors and likely would competitively harm

13  Amazon. For example, such data and information could provide Amazon's competitors insight

14  they would not otherwise have into the cost structure and profitability of the Amazon Appstore."

15  Dkt. 141 at 2. In briefing, Amazon vaguely asserts that sealed information is "competitively

16  sensitive" because it contains "confidential financial data" and "proprietary business plans,

17  surveys, and strategies." Dkt. 140 at 4. These are not "'compelling reasons' sufficiently specific

18  to bar the public access to the documents." *Kamakana*, 447 F.3d at 1182; *see also St. Clair v.*

19  *Nellcor Puritan Bennett LLC*, No. CV-10-1275, 2011 WL 5335559, at * 1-2 (D. Ariz. Nov. 7,

20  2011) (denying motion to seal where defendant "offers little information or justification other

21  than a one-sentence-fits-all explanation why the so-called confidential information deserves trade

22  secret status and should be sealed" and noting that "confidentiality alone does not transform

23  business information into a trade secret").

24         At bottom, as demonstrated in Amazon's proposed redactions to the court's order,

25  Amazon's position appears to be that all numbers should be kept under seal. Amazon has not

26  explained why unsealing specific numbers—such as a snapshot of a refund rate for a limited set

27  of apps over an isolated period of time (*see, e.g.,* Dkt. 142-4 at 10 n.5, Dkt. 226-1 at 20)—would

PLAINTIFF'S MOTION TO UNSEAL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

cause competitive harm. *See Rinky Dink, Inc. v. Elec. Merch. Sys.,* No. C13-1347-JCC, 2015 WL 778065, at *3 (W.D. Wash. Feb. 24, 2015) (unsealing "limited financial information" because it "does not constitute highly sensitive business information to warrant remaining sealed"); *ATM Express, Inc. v. ATM Express, Inc.*, No. 07cv1293-L(RBB), 2008 WL 4997600, at *2-3 (S.D. Cal. Nov. 20, 2008) (denying motion to seal damages report and profit and loss statements based on a failure to show "specific prejudice or harm" supported by "articulated reasoning"). In fact, one of the numbers that Amazon seeks to redact from the Court's opinion—the "number of customer service contacts requesting refunds for IAPs" during the first two months that IAPs were offered in the Appstore (Dkt. 226-1 at 4)—is neither financial data nor "proprietary business plans, surveys, and strategies." Nowhere has Amazon explained how a nearly five-year-old count of consumer complaints from a two-month period could inflict competitive harm. On the other hand, information about consumer complaint volumes and refund rates are highly relevant to FTC jurisprudence, and are often cited—without redaction—in opinions involving FTC Act violations. *See, e.g., FTC v. Ideal Fin. Sols., Inc.,* No. 2:13-CV-00143-JAD, 2015 WL 4032103, at *4 (D. Nev. June 30, 2015) (citing refund rates); *FTC v. Commerce Planet, Inc.*, 878 F. Supp. 2d 1048, 1074-75 (C.D. Cal. 2012), *aff'd in part and vacated in part on other grounds*, 815 F.3d 593 (9th Cir. 2016) (citing consumer complaint volumes and chargeback rates); *FTC v. Neovi, Inc.*, 598 F. Supp. 2d 1104, 1111 (S.D. Cal. 2008) (citing consumer complaint volumes).

The cases relied on by Amazon do not suggest otherwise.  In *Microsoft Xbox 360 Scratched Disc Litig.*, No. C07-1121-JCC, 2009 WL 481325, at *1 (W.D. Wash. Feb. 24, 2009), this Court granted a motion to seal "confidential business information regarding the Xbox 360 optical disk drive's technical specifications and other attributes"—traditional trade secret information that is not at issue here. In *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012), the Court granted a *provisional* seal on trial exhibits containing financial information while noting that it was *not* inclined to seal information related to past business strategies. The *Microsoft* court further recognized that financial information "pertain[s] to the central issue to be decided," and held that "exhibits that

PLAINTIFF'S MOTION TO UNSEAL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

9

form the basis for any part of the court's order will be made public." *Id.* Here, the financial information cited by the FTC and the Court—including refund rates and revenue data for a subset of apps—clearly relates to a central issue in this case and forms the basis for the Court's order.[4]

## CONCLUSION

For the above reasons, the FTC requests that the Court unseal Docket Entries 93, 95, 109-111, 113-137, 149-150, 156-157, 162-165, 167-168, 182-183, 188, 221, and 224.

Dated: May 5, 2016                    /s/ Jason Adler
                                      JASON M. ADLER
                                      HEATHER ALLEN
                                      JANE M. RICCI
                                      MIYA TANDON
                                      KATHARINE ROLLER
                                      HELEN WONG
                                      jadler@ftc.gov, hallen@ftc.gov, jricci@ftc.gov,
                                      mtandon@ftc.gov, kroller@ftc.gov,
                                      hwong@ftc.gov
                                      Federal Trade Commission
                                      600 Pennsylvania Avenue N.W., CC-10232
                                      Washington, DC 20580
                                      P: (202) 326-3231, (202) 326-2038,
                                      (202) 326-2269, (202) 326-2351, (202) 326-3582,
                                      (202) 326-3779
                                      F: (202) 326-3239

                                      LAURA M. SOLIS, WA Bar No. 36005
                                      lsolis@ftc.gov
                                      Federal Trade Commission
                                      915 2nd Avenue, Suite 2896
                                      Seattle, WA  98174
                                      P: (206) 220-4544, F: (206) 220-6366

                                      Attorneys for Plaintiff
                                      FEDERAL TRADE COMMISSION

---

[4] Other cases cited by Amazon are inapplicable because they do not apply the "compelling reason" standard—*see Bite Tech, Inc. v. X2 Biosystems, Inc.*, No. 12-1267-RSM, 2013 WL 1399349 (W.D. Wash. Apr. 5, 2013); *Gaudin v. Saxon Mortg. Servs., Inc.*, No. 11–cv–01663-JST, 2013 WL 2631074 (N.D. Cal. June 11, 2013)—and none involve a federal government litigant.

PLAINTIFF'S MOTION TO UNSEAL                         Federal Trade Commission
Case No. 2:14-cv-01038-JCC                          600 Pennsylvania Avenue N.W.
                                                     Washington, DC  20580
                                                          (202) 326-3231

1

**CERTIFICATE OF SERVICE**

2      I, Jason M. Adler, certify that on May 5, 2016, I electronically filed the foregoing

3  Plaintiff's Motion to Unseal, Declaration in Support, and Proposed Order with the Clerk of the

4  Court using the CM/ECF system, which will send notification of such filing to counsel of record.

5                                    By: /s/ Jason M. Adler

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFF'S MOTION TO UNSEAL              Federal Trade Commission
Case No. 2:14-cv-01038-JCC          600 Pennsylvania Avenue N.W.
                               Washington, DC  20580
         (202) 326-3231