Paul Alan Levy (pro hac vice sought)
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
plevy@citizen.org

Thomas M. Fitzpatrick (Bar No. 8894)
Talmadge/Fitzpatrick/Tribe
Suite C, Third Floor
2775 Harbor Avenue SW
Seattle, Washington 98126
(206) 574-6661
Tom@tal-fitzlaw.com

Attorneys for Proposed Intervenors

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| FEDERAL TRADE COMMISSION, | **MOTION OF REBECCA L. TUSHNET AND MEDIAPOST COMMUNICATIONS TO INTERVENE UNDER Fed. R. Civ. P 24(b) AND LOCAL CIV. R. 5(g)(8), AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** |
|---|---|
| Plaintiff, | |
| v. | Case No. C14-1038-JCC |
| AMAZON.COM, INC., | Honorable John C. Coughenour |
| Defendant. | **NOTE ON MOTION CALENDAR** May 27, 2016 |

Pursuant to Federal Rule of Civil Procedure 24(b) and Local Civil Rule 5(g)(8), Professor Rebecca L. Tushnet and MediaPost Communications move the Court to intervene in this action for the limited purpose of seeking public access to the Court's full summary judgment opinion that was filed in redacted form on April 26, 2016 and the summary judgment moving papers. This motion is supported by the following memorandum of points and authorities.

A copy of the proposed motion to unseal is attached. The proposed motion to unseal asserts a public right of access under the common law and First Amendment.

**BACKGROUND**

Professor Rececca Tushnet has taught at Georgetown University Law Center since 2004, specializing in intellectual property, consumer protection, and the First Amendment. Before joining Georgetown, she was on the faculty at NYU School of Law, practiced at Debevoise & Plimpton, and clerked for Chief Judge Becker of the U.S. Court of Appeals for the Third Circuit and Justice Souter on the U.S. Supreme Court. Professor Tushnet's publications include the casebook *Advertising and Marketing Law* (2d ed. 2014, with Eric Goldman); *It Depends on What the Meaning of "False" Is: Falsity and Misleadingness in Commercial Speech Doctrine* (Loy. L.A. L. Rev. 2007); *Unfair Competition and Uncommon Sense* (Iowa L. Rev. 2010); *Attention Must Be Paid: Commercial Speech, User-Generated Ads, and the Challenge of Regulation* (Buff. L. Rev. 2010); and *COOL Story: Country of Origin Labeling and the First Amendment* (Food & Drug L.J. 2015), among many others.

MediaPost Communications, the business name of Fadner Media Enterprises, LLC, is an integrated publishing and content company whose mission is to provide a complete array of resources for media, marketing and advertising professionals. MediaPost is the holding company for MediaPost.com, for more than thirty industry conferences and events each year nationwide and in Europe, including the OMMA, Insider Summit, Marketing and Engage conference series, seven annual award shows, and a suite of more than fifty industry-focused email newsletters and blogs. One of its publications, The Daily Online Examiner, carried the first report about the Court's issuance of a partially redacted opinion, both discussing the nature of the redactions and questioning where the redactions were justified.

-2-

No. C-14-1038-JCC, MOTION FOR LEAVE TO INTERVENE

The Federal Trade Commission ("FTC") sued defendant Amazon for unfair and deceptive practices in connection with "in-app purchases," which are activities that a user can undertake within a mobile device or tablet app and which cost real money. Doc. 225, at 1-2, 9. Amazon, taking advantage of consumers' lack of understanding of in-app purchases, targeted in-app purchase opportunities at apps designed for children and gave no or insufficient notice of the charges that might be incurred in connection with in-app purchases. *Id.* at 1-9. As a result, the FTC charged that Amazon billed consumers for in-app purchases without their informed consent. *Id.* at 9.

Both sides moved for full or partial summary judgment. On April 26, the Court granted summary judgment to the FTC on liability, granted summary judgment to Amazon on the issue of injunctive relief (i.e., denying such relief), and ordered further briefing on damages. *Id.* at 22-23. The Court's opinion relied heavily on the facts of Amazon's deception, including what Amazon officials knew and when, how they designed and targeted their product, consumers' response, and Amazon's policy changes since 2011. *Id.* at 1-9. Substantial portions of this analysis were redacted from the public version of the opinion. The Court also considered, as to injunctive relief, the risk of ongoing harm; as to injury (a component of liability), the calculations of the FTC's expert; and as to the possibility that consumers could avoid the injury (another component of liability), the knowledge and behavior of consumers in response to Amazon's practices. *Id.* at 12, 17, 18. These discussoions were redacted in significant part. Additionally, significant portions of the briefs supporting and in opposition to the cross-motions for summary judgment, as well as the supporting evidence, have been either redacted or sealed.

On April 28, Amazon moved to replace the Court's redacted version of its opinion with a new version with fewer redactions. Amazon explained this motion by asserting that "some of the redacted information need not further be maintained under seal." Amazon did not explain what circumstances had changed such that disclosure of information on whose confidentiality it had previously insisted no longer posed any risks to Amazon's competitive interests.

**ARGUMENT**

The Ninth Circuit has held that permissive intervention under Federal Rule of Civil Procedure

-3-

24(b) is the appropriate mechanism for non-parties to an action to seek access to judicial records. *San Jose Mercury News v. United States Dist. Court*, 187 F.3d 1096, 1100 (9th Cir. 1999); *Beckman Indus. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992); *see also* Local Civ. R. 5(g)(8): "A non-party seeking access to a sealed document may intervene in a case for the purpose of filing a motion to unseal the document." This view is in accord with the overwhelming consensus among the circuits. *See, e.g.*, *In re Assoc. Press*, 162 F.3d 503, 507 (7th Cir. 1998) ("[T]he most appropriate procedural mechanism [to enable third parties to obtain access to court proceedings and documents] is by permitting those who oppose the suppression of the material to intervene for that limited purpose."); *EEOC v. Nat'l Children's Ctr.,* 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("[E]very circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders."); *accord Flynt v. Lombardi*, 782 F.3d 963, 966 (8th Cir. 2015); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994); *Brown v. Advantage Eng'g*, 960 F.2d 1013, 1015-16 (11th Cir. 1992); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Pub. Citizen v. Liggett Group*, 858 F.2d 775, 783-84 (1st Cir. 1988); *Meyer Goldberg of Lorain v. Fisher Foods*, 823 F.2d 159, 162 (6th Cir. 1987); *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 294 (2d Cir. 1979); *In re Beef Indus. Antitrust Litig.*, 589 F.2d 786, 789 (5th Cir. 1979).

Rule 24(b)(1) provides, in pertinent part, that "[o]n timely motion, the court may permit anyone to intervene who: … (B) has a claim or defense that shares with the main action a common question of law or fact." Normally three requirements must be satisfied to be permitted to intervene under this rule: (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action. *Beckman Indus.*, 966 F.2d at 473. The Ninth Circuit has held that intervenors for purposes of unsealing need not demonstrate an independent jurisdictional basis because "[t]hey ask the court only to exercise that power which it already has, i.e., the power to modify the protective order." *Id.* As to the third requirement, "[t]here is no reason to require . . . a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order." *Id.* at 474.

The motion of Professor Tushnet and MediaPost to intervene is timely, as it is made within ten days after the docketing of the last court filing that they seek to unseal. This length of time falls well within what the Ninth Circuit permits in these circumstances. *See San Jose Mercury News*, 187 F.3d at 1101 (noting that "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records").

In exercising its discretion to permit intervention, courts are instructed to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Because Tushnet and MediaPost seek to intervene for the limited purpose of unsealing the summary judgment record, rather than to contest the merits of the litigation, intervention will not prejudice the parties. *See San Jose Mercury News*, 187 F.3d at 1101 (rejecting a prejudice argument in this context); *see also United Nuclear Corp*, 905 F.2d at 1427 (concern about "prejudice in the adjudication of the rights of the existing parties" is "not present when the existing parties have settled their dispute and intervention is for a collateral purpose"), cited with approval, *Beckman Indus.*, 966 F.2d at 473; *Pub. Citizen*, 858 F.2d at 786 ("The fact that a suit has gone to judgment does not in any sense militate against the public's right to prosecute a substantiated right to see the records of a particular case.").

Finally, although it is not part of the test for intervention, Tushnet and MediaPost are particularly well positioned to represent the public's right of access. Tushnet has a strong interest in pursuing the redacted information in furtherance of her academic work on the subject, and she intends to write about the case and thereby educate the legal community and the public at large. As a representative of the press, MediaPost has reported on this case in the past and wishes to continue doing so in a manner that provides its readers with the entire basis for the Court's summary judgment opinion and the arguments that led to that decision.

Plaintiff FTC has consented to this motion for leave to intervene and agrees that the opinion should be unsealed in its entirety; it expressed no view about further unsealing. Defendant Amazon is withholding judgment on whether to consent to or oppose intervention pending review of the motion to unseal.

**CONCLUSION**

For the foregoing reasons, the Court should grant the motion to intervene under Federal Rule of Civil Procedure 24(b) and Local Civil Rule 5(g)(8) for the limited purpose of moving to unseal the summary judgment opinion and moving papers in this case.

Dated: May 4, 2016

Respectfully submitted,

/s/ Paul Alan Levy
Paul Alan Levy (pro hac vice sought)

Public Citizen Litigation Group
1600 20th Street, N.W.
Washington, D.C. 20009
(202) 588-7725
plevy@citizen.org

/s/ Tom Fitzpatrick
Tom Fitzpatrick (Bar No. 8894)

Talmadge/Fitzpatrick/Tribe
Suite C, Third Floor
2775 Harbor Avenue SW
Seattle, Washington 98126
(206) 574-6661
Tom@tal-fitzlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 4th day of May, 2016, I filed this Motion through the Court's ECF system, which will cause copies to be served electronically on counsel for all parties.

       /s/   Thomas M. Fitzpatrick
Thomas M. Fitzpatrick (Bar No. 8894)

Talmadge/Fitzpatrick/Tribe
Suite C, Third Floor
2775 Harbor Avenue SW
Seattle, Washington 98126
(206) 574-6661
Tom@tal-fitzlaw.com

Attorney for Movants