Paul Alan Levy (*pro hac vice sought*)
Scott Michelman
Public Citizen Litigation Group
1600 20th Street NW
Washington, DC 20009
(202) 588-1000
plevy@citizen.org

Thomas M. Fitzpatrick (Bar No. 8894)
Talmadge/Fitzpatrick/Tribe
Suite C, Third Floor
2775 Harbor Avenue SW
Seattle, Washington 98126
(206) 574-6661
Tom@tal-fitzlaw.com

*Attorneys for Proposed Intervenors*

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., <br><br> Defendant. | **MOTION TO UNSEAL AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Case No. C14-1038-JCC <br><br> Honorable John C. Coughenour <br><br> **NOTE ON MOTION CALENDAR**: May 27, 2016 <br><br> **ORAL ARGUMENT REQUESTED** |

| | |
|---|---|
| 1 | **INTRODUCTION** |
| 2 | Pursuant to the First Amendment and the common law, movant-intervenors Rebecca L. |
| 3 | Tushnet and MediaPost Publications move the Court to unseal its entire summary judgment |
| 4 | opinion, and parts of the summary judgment moving papers record in this case. In this Federal |
| 5 | Trade Commission ("FTC") lawsuit over unfair and deceptive billing practices by tech giant |
| 6 | Amazon.com, the Court issued its summary judgment opinion under partial seal, but made no |
| 7 | public finding of an interest in confidentiality that outweighs the public's right of access to these |
| 8 | judicial records. Public access to the sealed documents in this case is essential to enable the |
| 9 | public to understand the rationale and significance of the Court's decision. The public interest in |
| 10 | this particular case is heightened because the plaintiff, a federal agency, sues on behalf of the |
| 11 | public, and the defendant is one of the country's largest and most influential corporations. |
| 12 | **BACKGROUND** |
| 13 | The FTC sued defendant Amazon for unfair and deceptive practices in connection with |
| 14 | "in-app purchases," which are activities that a user can undertake within a mobile device or |
| 15 | tablet app and which cost real money. Doc. 225, at 1-2, 9. Amazon, taking advantage of |
| 16 | consumers' lack of understanding of in-app purchases, targeted in-app purchase opportunities at |
| 17 | apps designed for children and gave no or insufficient notice of the charges that might be |
| 18 | incurred in connection with in-app purchases. *Id.* at 1-9. As a result, the FTC charged that |
| 19 | Amazon billed consumers for in-app purchases without their informed consent. *Id.* at 9. |
| 20 | Both sides sought full or partial summary judgment. On April 26, the Court granted |
| 21 | summary judgment to the FTC on liability, granted summary judgment to Amazon on the issue |
| 22 | of injunctive relief (i.e., denying relief), and ordered further briefing on damages. *Id.* at 22-23. |
| 23 | The Court's opinion relied heavily on the facts of Amazon's deception, including what Amazon |
| 24 | officials knew and when, how they designed and targeted their product, consumers' response, |
| 25 | and Amazon's policy changes since 2011. *Id.* at 1-9. But substantial portions of this analysis |
| 26 | were redacted from the public version of the opinion. The Court also considered, as to injunctive |
| 27 | relief, the risk of ongoing harm; as to injury (a component of liability), the calculations of the |
| 28 | FTC's expert; and as to the possibility that consumers could avoid the injury (another component |

of liability), the knowledge and behavior of consumers in response to Amazon's practices. *Id.* at 12, 17, 18. All of these topics were redacted in significant part. Additionally, the parties filed briefs supporting and in opposition to the cross-motions for summary judgment, as well as the supporting evidence, with significant redactions.

On April 27, several bloggers reported on the Court's opinion and its redactions, noting that the redactions were not done in a manner that prevented the redacted material from being accessed. The opinion in this form (that is, with defeasible redactions), was linked from several online reports.[1]

On April 28, Amazon moved to replace the Court's redacted version of its opinion with a new version that had fewer redactions. Amazon explained this motion by asserting that "some of the redacted information need not further be maintained under seal." Amazon did not explain what circumstances had changed such that disclosure of information on whose confidentiality it had previous insisted no longer posed any risks to its competitive interests.

Simultaneously with this motion, Professor Rebecca L. Tushnet and MediaPost Publications have moved to intervene for the limited purpose of seeking unsealing.

**ARGUMENT**

**I. In Deciding Whether to Unseal, the Court Must Place the Burden on Proponents of Sealing and Make Specific Findings on the Record.**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). "This right is justified by the interest of citizens in 'keep[ing] a watchful eye on the workings of public agencies.'" *Id.* (quoting *Nixon*, 435 U.S. at 597 & n.7).

In light of this tradition, "'courts start with a strong presumption in favor of access to court records.'" *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096 (9th Cir. 2016)

---

[1] *See, e.g.*, https://assets.documentcloud.org/documents/2815249/Lolredaction-Amazon.pdf; http://ia902500.us.archive.org/7/items/gov.uscourts.wawd.202022/gov.uscourts.wawd.202022.225.0.pdf. The unredacted opinion was initially published by Westlaw, but later removed.

1 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003)), cert. petition filed, No. 15-1211 (Mar. 24, 2016). The proponent of secrecy has the burden to provide "compelling reasons" to justify departing from this presumption. *Kamakana*, 447 F.3d at 1178.

To safeguard the public's right of access, a court should, when a party moves to seal court records, provide public notice of the motion (for instance, on the public docket sheet) and offer a reasonable opportunity for the public to object. *Phoenix Newspapers v. U.S. Dist. Court*, 156 F.3d 940, 949 (9th Cir. 1998); *accord Company Doe v. Public Citizen*, 749 F.3d 246, 268 (4th Cir. 2014); *see generally Globe Newspaper v. Super. Ct.*, 457 U.S. 596, 609 n.25 (1982) ("[R]epresentatives of the press and general public must be given an opportunity to be heard on the question of their exclusion." (citation and internal quotation marks omitted)); *In re Hearst Newspapers*, 641 F.3d 168, 182 (5th Cir. 2011) (discussing cases from the Second, Third, Fourth, Ninth, and Eleventh Circuits).

In the rare case in which it decides to seal judicial records, the court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (citation and internal quotation marks omitted); *accord Company Doe*, 749 F.3d at 272; *United States v. McVeigh*, 119 F.3d 806, 814 (10th Cir. 1997); *Publicker Indus. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984); *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984); *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1176 (6th Cir. 1983).

## II. The Redactions at Issue Should Be Removed Under the Public's First Amendment Right to Access Summary Judgment Opinions and Records.

### A. The Public Has a First Amendment Right to Access Judicial Decisions and Summary Judgment Records.

The Supreme Court has recognized that the public has a First Amendment right of access to judicial proceedings. *Richmond Newspapers v. Virginia*, 448 U.S. 555, 580 (1980). Although the Ninth Circuit has not yet decided the issue, numerous courts of appeals have extended *Richmond Newspapers*, which concerned criminal proceedings, to recognize a First Amendment right of public access to civil proceedings. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006); *Publicker*, 733 F.2d at 1070 (3d Cir.); *Company Doe*, 749 F.3d at 267

1 (4th Cir.); *Brown & Williamson*, 710 F.2d at 1178-79 (6th Cir.); *Cont'l Ill. Sec. Litig.*, 732 F.2d
2 at 1308 (7th Cir.); *Newman v. Graddick*, 696 F.2d 796, 802 (11th Cir. 1983); *see also Richmond*
3 *Newspapers*, 448 U.S. at 599 (Stewart, J., concurring in the judgment) ("[T]he First and
4 Fourteenth Amendments clearly give the press and the public a right of access to trials
5 themselves, civil as well as criminal."). The public's First Amendment right to access court
6 records in civil proceedings "enhances the quality and safeguards the integrity of the factfinding
7 process," "fosters an appearance of fairness," and "heighten[s] public respect for the judicial
8 process." *Publicker*, 733 F.2d at 1069-70 (citing *Globe Newspaper*, 457 U.S. at 606).

9       The Ninth Circuit has not decided the applicability of the First Amendment to summary
10 judgment papers. *See Perry v. Brown*, 667 F.3d 1078, 1088 (9th Cir. 2012). However, that court
11 recently opined that "[i]t is highly doubtful that California could decide not to give out [civil
12 complaints] at all without violating the First Amendment." *Courthouse News Serv. v. Planet*, 750
13 F.3d 776, 785 (9th Cir. 2014) (citation and internal quotation marks omitted). And the Ninth
14 Circuit has applied a similarly rigorous standard to attempts to hide judicial proceedings from
15 public view, particularly summary judgment proceedings. *See Kamakana*, 447 F.3d at 1179
16 ("[T]he strong presumption of access to judicial records applies fully to dispositive pleadings,
17 including motions for summary judgment and related attachments."); *Foltz*, 331 F.3d at 1135-36
18 (requiring "compelling reasons" in order to seal documents filed in connection with a summary
19 judgment motion); *see also Ctr. for Auto Safety*, 809 F.3d at 1097-99 ("compelling reasons"
20 standard applies to all judicial documents "more than tangentially related to the underlying cause
21 of action").

22       The Ninth Circuit looks to "experience and logic" to determine whether access is
23 afforded to particular categories of records under the First Amendment. *See United States v.*
24 *Index Newspapers*, 766 F.3d 1072, 1084 (9th Cir. 2014) (citing *Press-Enterprise Co. v. Superior*
25 *Court*, 478 U.S. 1, 8-9 (1986)). Under that test, a court considers "(1) whether the document is
26 one which has historically been open to inspection by the press and the public; and (2) 'whether
27 public access plays a significant positive role in the functioning of the particular process in
28 question.'" *Id.* (quoting *Press-Enterprise*, 478 U.S. at 8). A summary judgment opinion and

summary judgment motion papers easily meet the test.

First, "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events." *Kamakana*, 447 F.3d at 1179 (citation and internal quotation marks omitted). "[S]ummary judgment," the Ninth Circuit has recognized, "adjudicates substantive rights and serves as a substitute for trial." *Foltz*, 331 F.3d at 1135 (citation and internal quotation marks omitted). Accordingly, our nation's long history of open access to trials demonstrates that summary judgment opinions and records must be available to the public. *Richmond Newspapers*, 448 U.S. at 580 n.17 ("[H]istorically both civil and criminal trials have been presumptively open[.]"); *see also Publicker*, 733 F.2d at 1067-70 (describing history of public access to civil trials and citing the view of Wigmore, Blackstone, and Justice Holmes in support).

Second, public access to judicial opinions and summary judgment records is critical to the functioning of the legal system as a whole. Dissemination of judicial opinions is necessary for the public to understand what the law is. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship,* 513 U.S. 18, 26 (1994) ("[J]udicial precedents are . . . valuable to the legal community as a whole. They are not merely the property of private litigants."); *Lowenschuss v. West Publ'g Co.,* 542 F.2d 180, 185 (3d Cir. 1976) ("As ours is a common-law system based on the 'directive force' of precedents, its effective and efficient functioning demands wide dissemination of judicial decisions."). Furthermore, public access to judicial opinions and the moving papers that gave rise to them enables the public to oversee the work of the courts. *Kamakana*, 447 F.3d at 1178; *see also Union Oil Co. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (Easterbrook, J.) ("What happens in the halls of government is presumptively public business. Judges deliberate in private but issue public decisions after public arguments based on public records. The political branches of government claim legitimacy by election, judges by reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat, which requires compelling justification.").

Accordingly, appellate courts have recognized that public access to summary judgment materials is protected by the First Amendment. *See Lugosch*, 435 F.3d at 121; *Company Doe*,

749 F.3d at 267. The Fourth Circuit has applied this same reasoning to a First Amendment right to a court's summary judgment opinion. *Company Doe*, 749 F.3d at 267-68 (finding that "it would be anomalous" for the First Amendment to apply to summary judgment records "but not the court's opinion itself"); *see also Union Oil*, 220 F.3d at 568 ("[I]t should go without saying that the judge's opinions and orders belong in the public domain."); *United States v. Mentzos*, 462 F.3d 830, 843 n.4 (8th Cir. 2006) (denying motion to file opinion under seal "because the decisions of the court are a matter of public record"). The degree of protection afforded the right of access to summary judgment motions and opinions does not depend on whether the motion is ultimately granted. *See Lugosch*, 435 F.3d at 121-22; *Republic of the Philippines v. Westinghouse Electric Corp.*, 949 F.2d 653, 660-61 (3d Cir. 1991). Indeed, the Ninth Circuit has recognized that the right of access attaches even before the motion has been decided. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1102-03 (9th Cir. 1999).

### B. No Compelling Interest Justifies Sealing the Opinion or the Summary Judgment Papers in This Case.

To satisfy the First Amendment, the sealing of judicial records must be narrowly tailored to further a compelling interest. *Globe Newspaper*, 457 U.S. at 607. Such "compelling" reasons that can justify sealing court records include where the records will be "use[d] . . . to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. By contrast, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Here, in deciding to seal its opinion and the summary judgment papers, the Court did not "articulate the factual basis for its ruling." *Kamakana*, 447 F.3d at 1179. Additionally, the Court has not yet provided public notice or an opportunity for the public to oppose the seal. *Phoenix Newspapers*, 156 F.3d at 949.

From what does appear in the record, moreover, a compelling reason to seal the material does not exist. The material does not appear to be libelous or slanderous, merely embarrassing to Amazon — thus not permissibly sealed. *See Kamakana*, 447 F.3d at 1179; *accord Company*

*Doe*, 749 F.3d at 269 ("Adjudicating claims that carry the potential for embarrassing or injurious revelations about a corporation's image . . . are part of the day-to-day operations of federal courts."); *Union Oil*, 220 F.3d at 567-68 ("Many a litigant would prefer that the subject of the case — how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on — be kept from the curious (including its business rivals and customers), but . . . [w]hen [litigants] call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.").

The absence of a "compelling" reason dooms the effort to seal a summary judgment opinion regardless of the value of material redacted, but it should be noted that sealing here is particularly out of step with the purposes of the First Amendment to enable public oversight of the courts because the sealed material is vital to the Court's reasoning in granting judgment for the FTC on Amazon's liability, in rejecting injunctive relief, and in requiring further argument concerning damages. Reviewing the redacted material, which as noted above has been made publicly available online, it is easy to understand why Amazon might be embarrassed about its contents, but it is difficult to understand how this information could rise to the level of a protectable trade secret. The redacted passages include evidence of what Amazon knew (and when it knew it) about the relevant consumer behavior of which Amazon sought to take advantage with its deceitful practices regarding in-app purchases; evidence pointing to Amazon's intent to deceive and to the extent of injuries its practices caused; how Amazon responded to consumer complaints; whether consumers could avoid being deceived; and the extent of unauthorized in-app charges as a percentage of total charges. The redacted material also seems to concern the arguments made by the FTC concerning both damages and the duration of its requested injunctive relief — all of which bears not only on the Court's result but which if disclosed would provide the public with insight into the practices of the agencies charged with representing it in enforcement actions like this one.

Any claim on Amazon's part that the material covers trade secrets should be rejected out of hand. A "trade secret" is "information, including a formula, pattern, compilation, program, device, method, technique, or process that (a) [d]erives independent economic value, actual or

potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" and (b) is the subject of reasonable efforts maintain it is as secret. Wash. Rev. Code § 19.108.010; *see Henry Hope X-Ray Products, Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336, 1339 (9th Cir. 1982) ("Trade secret protection is governed by state law."). The redacted information about Amazon consists mainly of evidence that Amazon knew that it was duping consumers — hardly an economic model that will be attractive to competitors, who will also learn from this case that following Amazon's lead will invite an FTC enforcement action. The information also contains data about consumer behavior in response to Amazon's scheme, but that data is outdated, because as the Court noted, the scheme has ended; Amazon now requires consumers to enter their passwords in order to make in-app purchases. Doc. 225, at 7. Finally, it was Amazon's burden to justify sealing with a specific showing free of conjecture. *Kamakana*, 447 F.3d at 1178-79. Because Amazon made no specific showing that trade secrets would be revealed in its papers or the opinion, and the Court made no such finding, Amazon failed to carry its burden to show that a compelling interest justified sealing.

### C. The Redactions Are Not Narrowly Tailored, and the Strong Public Interest in Accessing These Documents Outweighs Any Countervailing Interest in Secrecy.

Any denial of a First Amendment right to access court records must be "narrowly tailored" to the compelling interest that the secrecy serves. *Press-Enterprise*, 478 U.S. at 14. Even if the Court were to make specific, on-the-record findings of a compelling interest, the narrow tailoring requirement does not permit sealing — particularly not to the present extent. If Amazon succeeds in demonstrating that particular numbers reveal trade secrets, it is conceivable that redacting only those numbers could be narrowly tailored. Otherwise, any redactions in the Court's opinion or summary judgment papers sweep beyond protection of a compelling interest to trench on the public's right to know. *See, e.g., Oliner v. Kontrabecki*, 745 F.3d 1024, 1025-26 (9th Cir. 2014) ("Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the

NO. C-14-1038-JCC, MOTION TO UNSEAL

8

determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision." (citation and internal quotation marks omitted)); *Columbus-Am. Discovery Group v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000) ("Publicity of such records, of course, is necessary . . . so that the public can judge the product of the courts in a given case."); *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987) ("Public access to judicial records and documents allows the citizenry to monitor the functioning of our courts, thereby [e]nsuring quality, honesty and respect for our legal system." (citation and internal quotation marks omitted)).

### D. Developments Since the Summary Judgment Papers Were Filed Require Reevaluation of the Basis for Redactions to those Papers.

Apart from the absence of a sufficient evidentiary justification for the redaction of the summary judgment opinion, the removal of any redactions in the opinion should trigger a reevaluation of the basis for any redactions that remain in the summary judgment papers — which might no longer be justified by a compelling interest, for several reasons.

First, the Court's ruling granting summary judgment on the issue of injunctive relief was based on acceptance of Amazon's argument that it has discontinued all aspects of the conduct that FTC had challenged. But to the extent Amazon originally claimed that disclosure of the financial details of that program could cause it competitive injury, that claim would be weaker once the program no longer exists. Amazon has not explained how financial data about a permanently terminated program is a trade secret. For that reason alone, Amazon should be required to provide a fresh justification for the redactions it defends.

Second, Amazon's April 28 filing, which urged the Court to unseal large portions of material that was redacted in Doc. 225, further supports intervenors' contention that all of the redactions in the summary judgment papers must now be reevaluated. Amazon represented to the Court that "some of the redacted information need not further be maintained under seal." Doc. 226. At the very least, to the extent that identical material appears in the summary judgment papers, Amazon's filing represents an admission that those papers should partly be unredacted at

this time. Second, considering that just a few months ago Amazon represented to the Court that all of this material and more had to be concealed to protect Amazon's business interests, the fact that Amazon now recognizes that its interests permit disclosure of many of those same facts raises an inference that there may well be other parts of the summary judgment papers that can now be properly disclosed. Indeed, the very fact that Amazon felt that it was entitled to file its proposed less-redacted opinion on the public record, revealing large swaths of text that the Court itself had placed under seal, shows that it is Amazon itself, not the test established by the courts, that is controlling public disclosure.[2]

### III. The Public Has a Common-Law Right To Access the Court's Decision and Summary Judgment Records.

The Ninth Circuit has applied a "compelling reason" standard under the public's common-law right of access to judicial proceedings that is similar to the First Amendment right of access. *E.g.*, *Kamakana*, 447 F.3d at 1178. For the reasons explained in the previous section, that standard cannot be met here. Under the common law as well as the First Amendment, the summary judgment and opinion and moving papers should be unsealed.

**CONCLUSION**

The Court should unseal the summary judgment opinion entirely. It should direct the parties to re-evaluate the need for redactions in the moving and opposing papers on the cross-motions for summary judgment, demand detailed showings about the continued need for any redactions, and make specific findings on the record supporting any redactions that the Court deems justified.

---

[2] So far as intervenors can discern from the record, there was no adversarial litigation about any of the proposed redactions from the summary judgment papers. Although the Court's sealing rulings typically began by acknowledging the strong presumption in favor of public access, later in the opinions the Court compared Amazon's vague and formulaic claims about sensitivity of its data to "the de minimis public interest in access." Doc. 46, at 2; Doc. 198, at 4. Intervenors are concerned that the lack of adversary presentation, and an understatement of the public interest in disclosure, might have led to erroneous rulings about disclosure of particular parts of the record.

| | |
|---|---|
| 1 | |
| 2 | Respectfully submitted, |
| 3 | /s/ Paul Alan Levy |
| | Paul Alan Levy |
| 4 | Public Citizen Litigation Group |
| | 1600 20th Street, N.W. |
| 5 | Washington, D.C. 20009 |
| | (202) 588-7725 |
| 6 | plevy@citizen.org |
| 7 | |
| 8 | /s/ Thomas M. Fitzpatrick |
| | Thomas M. Fitzpatrick (Bar No. 8894) |
| | Talmadge/Fitzpatrick/Tribe |
| 9 | Suite C, Third Floor |
| | 2775 Harbor Avenue SW |
| 10 | Seattle, Washington 98126 |
| | (206) 574-6661 |
| 11 | Tom@tal-fitzlaw.com |

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 4th day of May, 2016, I filed this Motion through the Court's ECF system, which will cause copies to be served electronically on counsel for all parties.

    /s/   Thomas M. Fitzpatrick
Thomas M. Fitzpatrick (Bar No. 8894)

Talmadge/Fitzpatrick/Tribe
Suite C, Third Floor
2775 Harbor Avenue SW
Seattle, Washington 98126
(206) 574-6661
Tom@tal-fitzlaw.com

Attorney for Movants