1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | **Case No. 2:14-cv-01038-JCC**<br><br>**PLAINTIFF'S MOTION TO SEAL**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, May 20, 2016 |

PLAINTIFF'S MOTION TO SEAL                                     Federal Trade Commission
Case No. 2:14-cv-01038-JCC                                     600 Pennsylvania Avenue N.W.
                                                                Washington, DC  20580
                                                                (202) 326-3231

Pursuant to LCR 5(g) and the Protective Order entered in this case (Dkt. 16 & 17)—<u>and based solely on Amazon.com, Inc.'s ("Amazon's") designation of certain information as confidential</u>—Plaintiff Federal Trade Commission ("FTC") hereby files this motion to seal the Notice of Facts Relating to the FTC's Request for Relief and Amazon.com, Inc.'s Offer of Proof (the "Notice"), which notice references information contained on page 1 of Exhibit F to the Declaration of Jonathan M. Werner in Support of Amazon.com, Inc.'s Opposition to FTC's Motion for Summary Judgment and Amazon's Motion to Seal (Dkt. 168 and 169, referred to herein as the "Werner declaration"). Amazon filed the full Werner declaration under seal.

The FTC has argued that the material underlying this Court's decision on the FTC's motion for summary judgment (including Exhibit F to the Werner declaration) should be unsealed. (Dkt. 229.) For the same reasons, the FTC objects that it should not be required to file material referencing page 1 of Exhibit F to the Werner declaration under seal. The information at issue—in-app revenue and refunds for charges below $1 on the first generation Kindle Fire device in 2015—illustrates the questionable basis for Amazon's position. After alleging that disclosure of this information would cause competitive harm (Dkt. 166 at 2-5), Amazon described such sales as "trivial." (Dkt. 188 and 189 at 3, 5.) Though the FTC disagrees, it is unclear how ostensibly "trivial" sales could cause the type of competitive harm necessary to outweigh the public interest. *See, e.g.*, *Rinky Dink, Inc. v. Elec. Merch. Sys.*, No. C13-1347-JCC, 2015 WL 778065, at *3 (W.D. Wash. Feb. 24, 2015) (unsealing "limited financial information" because it "does not constitute highly sensitive business information to warrant remaining sealed"). The FTC's Notice should not be sealed.

**Local Rule 5(g)(3) Certification**

Amazon filed under seal certain material in conjunction with the FTC's motion for summary judgment in this case, including Exhibit F to the Werner declaration. Amazon did not meet and confer with the FTC about filing Exhibit F to the Werner declaration under seal before doing so.

PLAINTIFF'S MOTION TO SEAL  
Case No. 2:14-cv-01038-JCC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC  20580  
(202) 326-3231

1

1  Pursuant to the protective order in this case (Dkt. 16 & 17), on May 4, 2016, the FTC
2  requested that Amazon meet and confer about Amazon's filing of Exhibit F to the Werner
3  declaration under seal. Counsel for the parties (Jason Adler and Jane Ricci for the FTC and
4  Harry Schneider and Jeff Hanson for Amazon) met and conferred telephonically on May 9, 2016.
5  Counsel for Amazon would not agree to allow the FTC to discuss Exhibit F to the Werner
6  declaration publicly, stating that it would cause competitive harm if such information were made
7  public. Counsel for the FTC explained that it disagreed with Amazon's position that there were
8  compelling reasons to maintaining Exhibit F to the Werner declaration under seal and that there
9  is a public interest in such information, as detailed in the FTC's motion to unseal.

10 Dated: May 9, 2016        /s/ Jason Adler
                              JASON M. ADLER
11                            HEATHER ALLEN
12                            JANE M. RICCI
                              MIYA TANDON
13                            KATHARINE ROLLER
                              HELEN WONG
14                            jadler@ftc.gov, hallen@ftc.gov, jricci@ftc.gov,
                              mtandon@ftc.gov, kroller@ftc.gov,
15                            hwong@ftc.gov
16                            Federal Trade Commission
                              600 Pennsylvania Avenue N.W., CC-10232
17                            Washington, DC 20580
                              P: (202) 326-3231, (202) 326-2038,
18                            (202) 326-2269, (202) 326-2351, (202) 326-3582,
                              (202) 326-3779
19                            F: (202) 326-3239
20
                              LAURA M. SOLIS, WA Bar No. 36005
21                            lsolis@ftc.gov
                              Federal Trade Commission
22                            915 2nd Avenue, Suite 2896
                              Seattle, WA  98174
23                            P: (206) 220-4544
24                            F: (206) 220-6366

25                            Attorneys for Plaintiff
                              FEDERAL TRADE COMMISSION
26

**CERTIFICATE OF SERVICE**

I, Jason M. Adler, certify that on May 9, 2016, I electronically filed the foregoing Plaintiff's Motion to Seal and Proposed Order with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

By: /s/ Jason M. Adler

PLAINTIFF'S MOTION TO SEAL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

3