1

THE HONORABLE JOHN C. COUGHENOUR

2

3

4

5

6

7    UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9    FEDERAL TRADE COMMISSION,                No. 2:14-CV-01038-JCC

10                    Plaintiff,             **AMAZON.COM, INC.'S OPPOSITION
TO THE FTC'S MOTION TO UNSEAL**

11            v.

NOTE ON MOTION CALENDAR:
12    AMAZON.COM, INC.,                       Friday, May 13, 2016

13                    Defendant.

14

15

16

17

18

19

20

21

22

23

24

25

26

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC)

24976-0374/LEGAL130879203

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

**TABLE OF CONTENTS**

2

|  |  | **Page** |

3

I.     INTRODUCTION ........................................................................... 1

4

II.    BACKGROUND ............................................................................. 2

5

      A.     The Parties File Motions to Seal ........................................... 2

6

      B.     The Court Grants the Motions to Seal ................................... 3

7

      C.     The Court Enters a Redacted Order on Summary Judgment ................................. 4

8

III.   ARGUMENT ................................................................................. 5

9

      A.     The FTC's Motion Is Untimely ............................................. 5

10

      B.     Compelling Reasons Exist to Seal or Redact the Information .............................. 7

11

           1.     The Information Is Confidential and Competitively Sensitive ................. 7

12

13

           2.     The FTC and Court Have Recognized the Confidentiality of the Information ........................................... 10

14

      C.     No New Facts or Legal Authority Warrant Altering the Court's Prior Orders ........................................................... 12

15

IV.   CONCLUSION ............................................................................ 12

16

17

18

19

20

21

22

23

24

25

26

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC) – i
24976-0374/LEGAL130879203

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1

## I.     INTRODUCTION

2      More than three months after Amazon first moved to seal limited information related to

3   the parties' briefing on summary judgment and more than six weeks after the Court held that

4   there are "compelling reasons" to seal Amazon's proprietary financial and strategic information,

5   the FTC for the first time contends that the entirety of the summary-judgment record should be

6   unsealed.  There is no basis – substantively or procedurally – for the FTC to make such a belated

7   request nor for the Court to change its well-reasoned decisions.

8      The FTC's motion is effectively an untimely motion for reconsideration of the Court's

9   prior orders.  The FTC had *seven* separate opportunities to object to or oppose the sealing or

10  redaction of the limited confidential information filed during summary judgment.  *See* Dkts. 90

11  (Motion to Seal), 107 (Motion to Seal), 148 (Motion to Seal), 154 (Motion to Seal), 166 (Motion

12  to Seal), 180 (Motion to Seal), 187 (Motion to Seal).  Yet *not once* did the FTC object to any of

13  the limited sealing or redactions that Amazon proposed.  Indeed, in its orders granting the

14  various motions to seal, the Court specifically noted that the motions were "unopposed" and that

15  the parties had appeared to reach "consensus about where redaction and sealing are appropriate."

16  Dkt. 198 at 4; Dkt. 198 at 3 ("[T]he record contains no opposition to the Motion to Seal."); Dkt.

17  199 at 3 ("The motion is unopposed."); Dkt. 199 at 4 ("The Court finds no indication of

18  opposition to the motion to seal."); Dkt. 199 at 5 ("The motion is unopposed.").

19     The issue of sealing on summary judgment has therefore been well settled, and there is no

20  reason to suddenly change the Court's prior rulings.  Nothing in the Court's summary-judgment

21  order on April 26 altered the landscape or changed the legal standard.  Even the FTC concedes

22  that the same "compelling reasons" standard continues to apply.  And the Court correctly

23  recognized and applied that standard by sealing its order on summary judgment and making

24  publicly available a redacted version of the same.  The Court should deny the FTC's motion.

25

26

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC) – 1
24976-0374/LEGAL130879203

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

## II.     BACKGROUND

**A.     The Parties File Motions to Seal**

In support of its briefing on summary judgment, Amazon filed four separate motions to seal confidential Amazon information.  Dkts. 90, 148, 166, 187.  The FTC filed three other motions to seal in conjunction with its briefing on summary judgment because it cited documents Amazon had designated as confidential during discovery.  Dkts. 107, 154, 180; Local Rules W.D. Wash. LCR 5(g)(3).  In response to the FTC's motions to seal, Amazon outlined the reasons the Court should maintain under seal a limited portion of the cited materials – supported by declarations from Amazon employees – and unseal the rest.  Dkts. 140, 193.  Critically, the FTC never filed any opposition to Amazon's motions to seal, and the FTC never filed any objections to Amazon's response to the FTC's three motions to seal in which Amazon urged the Court to maintain under seal some information filed by the FTC.

Moreover, contrary to the FTC's current assertions that "[p]rior to the FTC's filing, Amazon had not informed the FTC of any specific bases for maintaining the material under seal," Mot. 2, it was *the FTC* that ignored its responsibilities when filing documents under seal. The Local Rules require that where a party such as the FTC plans to file a document under seal because another party (here Amazon) has designated it as confidential during discovery, "the filing party and the designating party must meet and confer to determine whether the designating party will withdraw the confidential designation or will agree to redact the document so that sealing is unnecessary."  Local Rules W.D. Wash. LCR 5(g)(1)(A).  Thus, the FTC was obligated to identify in advance the documents it planned to file so Amazon as the designating party could evaluate those documents and determine if it could withdraw the designations or the parties could agree to redact certain irrelevant portions of the filed material.  Yet the FTC refused to identify for Amazon which documents or portions of documents it planned to rely upon and, on the eve of the summary-judgment deadline, effectively asked Amazon to review *the entire discovery record* – including the hundreds of thousands of produced documents and the

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC) – 2
24976-0374/LEGAL130879203

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   thousands of pages of deposition transcripts – and inform the FTC if Amazon would withdraw

2   any designations.  Dkt. 140 at 2 & n.1.  Amazon was unable to undertake that impossible and

3   needlessly burdensome task, and the FTC thereafter simply filed under seal all of the confidential

4   documents it relied upon in its summary-judgment papers.  Dkts. 106-1-21, 113-37.

5          Once Amazon knew which particular documents were at issue, it immediately and

6   thoroughly reviewed those documents and publicly refiled in their entirety or with limited

7   redactions the vast majority.  Dkt. 140.  Amazon requested that only a small portion of the cited

8   materials be maintained under seal, specifically, confidential financial data related to Amazon

9   Appstore performance and refund rates; proprietary business plans, surveys, and strategies; and

10  portions of documents on which the FTC did not rely or that were irrelevant to accidental in-app

11  purchasing by children.  *Id.* at 6.  Thus, most of the exhibits that the FTC originally filed under

12  seal have already been re-filed by Amazon and are available to the public in whole or partially

13  redacted form.  The same is true for Amazon's March 2 response (Dkt. 193) to the FTC's other

14  two motions to seal (Dkts. 154, 180).  For motions to seal filed by Amazon in connection with its

15  summary-judgment papers, Amazon filed only limited and targeted documents and information

16  under seal.  Dkts. 90, 148, 166, 187.[1]

17  **B.     The Court Grants the Motions to Seal**

18         The FTC's motion to unseal curiously omits any mention that the Court has already

19  concluded that there are compelling reasons to maintain under seal the information at issue.

20  Specifically, in its order granting the first set of motions to seal, the Court "start[ed] from the

21  position that there is a strong presumption of public access to the court's files" but concluded

22  that there are "compelling reasons to seal confidential business information where judicial

23  documents, if disclosed, could cause a litigant to suffer competitive harm."  Dkt. 198 at 2-3.  The

24  Court identified "Amazon's practice to rigorously guard this information's confidentiality even

25  _____

26  [1] The FTC complains that "Amazon did not inform the FTC of its intent to file under seal nor its purported bases for sealing the material."  Mot. 2.  The criticism is perplexing, as Amazon was filing *Amazon's* documents under seal, not the FTC's, and Amazon's bases for sealing were outlined in its motions to seal.

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC) – 3
24976-0374/LEGAL130979203

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    within the company" and specifically found "such compelling reasons here" to keep the

2    information under seal.  *Id.* at 3.

3           In its subsequent order granting the second set of motions to seal, the Court again noted

4    that Amazon had tailored redactions to only a limited amount of information and publicly filed

5    complete copies of other documents.  Dkt. 199 at 3.  The Court explained that its "review of the

6    redacted information confirms that it is the subject of the same confidential business information,

7    pertaining to Amazon's refund rates, *that the Court has already ruled warranted sealing for*

8    *compelling reasons*."  *Id.* (emphasis added).  In further analyzing the documents and information

9    subject to those motions, the Court addressed Amazon's argument that "the remaining Exhibits

10   contain sensitive, confidential business information and are appropriate to keep under seal" and

11   that "[u]pon review, *the Court agrees*."  *Id.* (emphasis added); *see also id.* at 4 ("Those

12   [additional] exhibits contain the same sensitive information regarding Amazon's refund rates that

13   the Court *has already deemed appropriate for sealing*." (emphasis added)); *id.* at 5 ("For the

14   same compelling reasons regarding Amazon's sensitive commercial information, the motion to

15   seal is GRANTED and Amazon's Reply Brief (Dkt. 188) shall remain filed under seal.").

16   **C.     The Court Enters a Redacted Order on Summary Judgment**

17          Consistent with the Court's prior orders granting the motions to seal, the Court sealed its

18   order entering partial summary judgment, Dkt. 224, and made publicly available a redacted

19   version of the same, Dkt. 225.  Amazon soon notified the Court that certain third parties were

20   able to identify from the redacted order the text intended by the Court to be redacted, and the

21   Court subsequently removed the order from the docket.  Dkt. 226.  Consistent with Amazon's

22   previous efforts to minimize the amount of information maintained under seal, and to ensure that

23   the public had immediate access to the unredacted opinion, Amazon promptly reviewed all of the

24   Court's redactions and discovered that some of the redacted information need not further be

25   maintained under seal because it had already been publicly disclosed.  Dkt. 226 at 1.

26          To be unequivocally clear, Amazon's proposed revisions to the Court's redacted order,

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC) – 4
24976-0374/LEGAL130879203

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1  Dkt. 226-1, had the effect of *unsealing* certain portions of the Court's order because the parties

2  had already publicly filed that information.  Contrary to the FTC's insinuation in its current

3  motion, Mot. 3, Amazon *did not add even a single additional redaction* to the Court's publicly

4  filed order.  It actually *removed* redactions consistent with the Court's prior orders on the

5  motions to seal so the public could more readily access information that was already available to

6  the public in separate filings.

7  There was no need to further confer with the FTC about those proposed revisions because

8  Amazon did not seek to have any additional information sealed or redacted; it merely updated

9  the order to be consistent with prior public filings, the parties' prior motions to seal, and the

10  Court's prior orders.  At best, the FTC has correctly noted that the information contained in the

11  final paragraph of page 2, initially redacted by the Court, has also been disclosed through the

12  parties' prior public filings.  Amazon agrees that the information need not be redacted and

13  attaches to this brief an updated proposed redacted order.  All the remaining, limited redactions

14  are consistent with the Court's prior orders sealing some information.

### III.  ARGUMENT

**A.   The FTC's Motion Is Untimely**

17  The FTC's motion to unseal is untimely, and the Court should deny it on that ground

18  alone.  *See, e.g.*, *Karpenski v. Am. Gen. Life Cos., LLC*, 2013 WL 3191878, at * 4 (W.D. Wash.

19  June 20, 2013) (striking an untimely filed motion for a protective order because "[t]he issue of

20  sealing these three U.S. Life documents and related testimony was already before the Court and

21  fully briefed on the noting date, May 10, 2013").

22  The Local Rules outline a specific procedure for opposing a motion to seal, and the FTC

23  failed to timely comply with that process.  Motions to seal are identified as "Second Friday

24  Motions" whereby "any papers opposing motions of the type described in this subsection *shall

25  be filed* and received by the moving party *no later than the Wednesday before the noting date*."

26  Local Rules W.D. Wash. LCR 7(d)(2) (emphasis added).  The FTC did not file *any* papers

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC) – 5
24976-0374/LEGAL130879203

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    opposing Amazon's motions to seal by any of the Wednesday deadlines, which lapsed more than

2    two months ago, and it has no basis to spring new objections now.

3           Likewise, when the FTC filed its prophylactic motions to seal because it cited documents

4    that Amazon had designated as confidential, the FTC was required to file in reply *by the Friday*

5    *noting date* any objections to Amazon's justifications for maintaining those documents under

6    seal.  *See id.* ("Any reply papers shall be filed, and shall be received by the opposing party, no

7    later than the noting date."); *see also id.* 5(g)(3).  Again, the FTC did not by the noting date file

8    any objections to Amazon's request to keep the information under seal.

9           The FTC's informed decision to withhold objection to all seven motions was no

10   oversight.  In fact, the FTC filed a reply to one of the seven motion to seal.  But instead of

11   objecting, the FTC merely informed the Court that Amazon agreed that the public's heightened

12   interest in access to the amount of the FTC's request for monetary belief outweighed any

13   justification for sealing and should be disclosed.  Dkt. 144 at 2.

14          Moreover, in granting the motions to seal, the Court repeatedly identified the FTC's

15   failure to oppose any of the motions as confirmation that the FTC agreed there were compelling

16   reasons to seal the limited information.  Dkt. 198 at 3-4; Dkt. 199 at 3-5; *see also* Local Rules

17   W.D. Wash. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure

18   may be considered by the court as an admission that the motion has merit.").  And if that were

19   not enough, the Court also specifically directed the FTC to immediately inform the Court if it

20   was mistaken about the absence of any objection.  Dkt. 198 at 2 ("[T]he Court expects the parties

21   to make any objections known."); Dkt. 199 at 2 ("If necessary, the Court expects the parties to

22   make any objections known . . . .").  Yet even after that additional warning, the FTC did not

23   assert any objections to the minimal sealing proposed by Amazon and granted by the Court.

24          Further, to the extent the FTC disagreed with the Court's orders granting the motions to

25   seal, the FTC was required to file any motion for reconsideration no later than two weeks after

26   the Court issued its orders, specifically, by April 4 – more than a month ago.  Local Rules W.D.

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC) – 6
24976-0374/LEGAL130879203

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    Wash. LCR 7(h)(2).  The FTC did not do so then, and it cannot do so now.  Even if the Court

2    were to construe the FTC's motion to unseal as a timely motion for reconsideration, such

3    motions are "disfavored" and are "ordinarily den[ied]" absent "a showing of manifest error in the

4    prior ruling or a showing of new facts or legal authority which could not have been brought to its

5    attention earlier with reasonable diligence."  *Id.*  The FTC cannot make and has not made any

6    such showing warranting reconsideration.  There was no manifest error in the Court's prior

7    analysis in which it reviewed the specific documents at issue and applied the proper "compelling

8    reasons" standard, and there have been no new facts or law that were not already available to the

9    FTC when the sealing motions were before the Court.  Indeed, the FTC has cited none.

10    **B.**    **Compelling Reasons Exist to Seal or Redact the Information**

11          Even if the Court were to reconsider the merits of the FTC's untimely motion, it should

12    deny the motion for the same reasons it previously granted the motions to seal:  There are

13    compelling reasons to maintain under seal the limited information so designated.

14    **1.**    **The Information Is Confidential and Competitively Sensitive**

15          As Amazon outlined in detail in its four separate motions to seal (Dkts. 90, 148, 166,

16    187) and in its responses to the FTC's three motions to seal (Dkts. 140, 193), many of the

17    exhibits on which the parties rely contain sensitive, proprietary financial and strategic

18    information that, if filed publicly, would be competitively harmful to Amazon.  Dkt. 140 at 2.

19    Despite those serious risks, Amazon made every effort to disclose all relevant information for

20    which there was no compelling need for confidentiality.  Indeed, Amazon publicly disclosed or

21    surgically applied redactions to most of the documents cited by the parties to *minimize* the

22    amount of information maintained under seal.

23          The few documents and limited information maintained under seal contain confidential

24    financial data related to Amazon Appstore performance and refund rates as well as proprietary

25    business plans, surveys, and strategies, including those related to the reduction of the refund rate

26    and the overall improvement of Amazon's Appstore customer experience.  Dkt. 143 (Amazon

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC) – 7
24976-0374/LEGAL130879203

1    Response to Motion to Seal) at 3.  Other documents reference competitively sensitive

2    information about products and services *unrelated to accidental in-app purchasing by children*

3    or on which the FTC *does not rely*. *See, e.g.*, Dkt. 106-1 at 28; Dkt. 121 (Ex. 152).

4           The financial and strategic information is confidential and competitively sensitive, and

5    Amazon takes significant care to protect the confidentiality of that type of information.  Dkt. 141

6    ¶¶ 3, 5.  Those efforts include prohibitions on distribution outside of Amazon, limiting the

7    people within Amazon who may access the information, and storing the information in secure

8    locations.  *Id.*  Financial data, for example, are not shared with anyone outside Amazon, access

9    to the data is often limited to specific employees, and employees with access to sensitive

10   financial data are subject to nondisclosure agreements to protect the information.  *Id.* ¶ 5.

11          Public disclosure of such data would be useful to Amazon's competitors and likely would

12   competitively harm Amazon.  *Id.*  Specifically, the information would give Amazon's

13   competitors insight into the cost structure and profitability of Amazon's Appstore to which they

14   would not otherwise have access and would allow those competitors to use Amazon's

15   proprietary information and strategies to compete more effectively against Amazon.  *Id.*; *see also*

16   Dkt. 28 (6/24/15 Rubenson Decl.) ¶¶ 3-4; Dkt. 43 (7/15/15 Rubenson Decl.) ¶¶ 3-4; Dkt. 91

17   (2/2/16 Werner Decl.) ¶¶ 4-5; Dkt. 220-1 (4/20/16 Werner Decl.) ¶¶ 18-19.  None of the sealed

18   information is publicly available, and Amazon has purposely maintained its confidentiality.

19          Courts routinely maintain such information under seal.  Compelling reasons exist where

20   "sealing is required to prevent judicial documents from being used as sources of business

21   information that might harm a litigant's competitive standing.*" Karpenski*, 2013 WL 3191878, at

22   * 6 (internal quotations omitted); *see also In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir.

23   2008) ("[T]he common-law right of inspection has bowed before the power of a court to insure

24   that its records are not used . . . as sources of business information that might harm a litigant's

25   competitive standing."); *In re Microsoft XBox 360 Scratched Disc Litig.*, 2009 WL 481325, at *1

26   (W.D. Wash. Feb. 24, 2009) (Coughenour, J.) (finding "compelling reasons" to seal

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC) – 8
24976-0374/LEGAL130879203

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1   "confidential business information" because it "contain[s] proprietary information that would

2   cause Defendant competitive harm if disclosed"); *Saint Alphonsus Med. Ctr.–Nampa, Inc. v. St.*

3   *Luke's Health Sys.*, Ltd., 2014 WL 3101716, at *3 (D. Idaho July 3, 2014) (finding "compelling

4   reasons" to seal "sensitive financial information that would be damaging if revealed.").  And

5   contrary to the FTC's assertions, sealing of competitively sensitive information is *not* limited

6   merely to "trade secrets."  *See, e.g.*, Fed. R. Civ. P. 26(c)(1)(G) (permitting protection of "a trade

7   secret *or other confidential research, development, or commercial information*." (emphasis

8   added); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) (same).

9        In contrast, as this Court has repeatedly concluded, the public interest in disclosure of the

10   limited sealed information is minimal.  *See* Dkt. 198 at 4 (holding that "strategic planning and

11   financial information . . . is of a sensitive enough nature that it outweighs the de *minimus* public

12   interest in access . . . which would largely be commercial in nature."); *see also Microsoft Xbox*

13   *360*, 2009 WL 481325, at *1 (finding that a company's confidential business information

14   overcomes the presumption of public access to court records); *Hill v. Xerox Corp.*, 2014 WL

15   1356212, at *1 (W.D. Wash. Apr. 7, 2014) (Coughenour, J.) (holding that confidential

16   information about internal business operations "has little public value beyond the presumption

17   [of access to court files]" and "would primarily be of interest for Defendants' competitors.").

18        To be sure, there is a public interest in access to these proceedings and to the Court's

19   decision on summary judgment; Amazon has never suggested otherwise.  All of the proceedings

20   have been open to the public, and all but a fraction of the record remains publicly available,

21   including the Court's summary-judgment order.  All Amazon has requested, and the Court has

22   agreed, is to keep under seal a small portion of competitively sensitive financial and strategic

23   information that is of minimal interest to the public, is unrelated to the issues at hand, or is of

24   interest almost exclusively to Amazon's competitors.

25        Nor do any of the cases on which the FTC relies hold otherwise.  To the contrary, those

26   cases merely confirm that Amazon's narrow request is appropriate whereas requests to seal all or

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC) – 9
24976-0374/LEGAL130879203

1  substantially all of the record are often inappropriate.  *See Doe v. Pub. Citizen*, 749 F.3d 246,

2  267 (4th Cir. 2014) (admonishing the district court for sealing "the entire docket sheet,"

3  including "wholesale sealing of the parties' summary judgment motions and accompanying

4  materials."); *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000) (reversing for

5  improperly sealing "[a]lmost every document filed in this case, even the district court's opinions,

6  orders, and judgment" and keeping "not only the details but also the *existence* of this case from

7  public view."); *United States v. Mentzos*, 462 F.3d 830, 843 (8th Cir. 2006) (denying motion to

8  seal the entirety of the court's opinion); *Foltz*, 331 F.3d at 1136 ("State Farm failed to provide

9  'articulable facts' showing a compelling reason to seal *the entire court file*." (emphasis added)).

10  ## 2.   The FTC and Court Have Recognized the Confidentiality of the Information

11  There is nothing remarkable about Amazon's request for and the Court's agreement to

12  seal such commercially sensitive information.  Even the FTC has recognized the sensitive nature

13  of the information.  In fact, the FTC *refused to produce similar information* obtained from Apple

14  for the same reasons.  *See* Dkt. 49 at 3, 6 (FTC seeking a protective order preventing inquiry into

15  the "amounts and percentages of in-app charges" and "customer service policies and practices"

16  because it "would require disclosure of the confidential information of Amazon's competitor");

17  *id*. at 4 (confirming that Apple told the FTC its similar information was "highly confidential");

18  *see also Amazon.com, Inc. v. Apple Inc.*, No. 5:15-mc-80243-PSG (N.D. Cal.) (Dkt. 8, Apple's

19  Opp. to Mot. to Compel), at 8 (opposing Amazon's request for limited discovery of Apple's IAP

20  refund data and practices because it constituted "highly sensitive proprietary business

21  information").  This Court also agreed that such information was subject to protection.  Dkt. 69

22  (noting that "Apple's practices implicates sensitive commercial information").

23  Likewise, the FTC recently told the U.S. District Court for the District of Columbia that

24  there are important justifications to maintain under seal similarly sensitive business information

25  and that it would not oppose redactions to protect Amazon's "competitively sensitive or

26  commercially proprietary information."  Jeff Zalesin, *Some Amazon Info Already Public, Staples*

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC) – 10
24976-0374/LEGAL130879203

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    *Merger Judge Says*, Law360.com, Mar. 28, 2016 (http://www.law360.com/articles/776821).[2]

2          To that end, the FTC also fails to make any meaningful effort to review in detail the

3    information under seal and identify specifically which portions the Court should now unseal

4    (despite the absence of any changed circumstances warranting any unsealing).  Despite urging

5    the Court to unseal the entire summary-judgment record, the FTC does not even rely on many of

6    the documents and information currently under seal, which information is often unrelated to

7    accidental in-app purchasing by children.  For example, the FTC cites on summary judgment one

8    line of a 14-page confidential internal report assessing Amazon's entire tablet strengths and

9    weaknesses against its competition.  Dkt. 106-1 at 28; Dkt. 121 (Ex. 152).  The relied-upon line

10   has already been publicly disclosed, Dkt. 170 at 10, yet the FTC's motion would unnecessarily

11   divulge the rest of the report, which is both irrelevant (covering unrelated products and services

12   such as books, music, video, media consumption, email, processor performance, web-browser

13   capabilities, social networking, and travel maps) and uncited by the FTC.

14         In addition, most of the information under seal involves detailed financial data that the

15   Court has correctly and repeatedly confirmed should be maintained under seal.  Even a cursory

16   review of that information (e.g., Dkt. 106-21 at 48-50; Dkt. 128-36 (Exs. 527-29)) confirms that

17   it would be helpful almost exclusively to Amazon's competitors.  Accordingly, there are

18   compelling reasons to maintain the limited information under seal, as the Court has already

19   concluded.[3]

20
_____

21         [2] Nor is there any support for the FTC's accusation that Amazon has submitted only "amorphous and
     unsubstantiated" reasons for maintaining that information under seal. Mot. 4.  Amazon has filed five separate

22   declarations from Amazon employees attesting to the sensitive nature of the sealed material and Amazon's efforts to
     maintain its confidentiality.  Dkts. 28, 43, 91, 141, 220-1.  Those declarations describe how public disclosure of the

23   information to Amazon's competitors would be harmful to Amazon and unfairly helpful to its competitors.  Dkt. 91
     at 2.  Indeed, what the FTC calls "amorphous and unsubstantiated," the Court has called "compelling," agreeing that

24   the information if disclosed would provide an unfair advantage to Amazon's competitors.  The FTC ignores that this
     Court has already analyzed the relevant exhibits and agreed the information should be sealed.

25         [3] Notably, Amazon has *never* attempted to justify sealing any documents or information because disclosure
     may lead to Amazon's "embarrassment, incrimination, or exposure to further litigation," as the FTC so contends in

26   its motion. Mot. 4.  To the contrary, Amazon has sealed only limited information related to proprietary financial and
     strategic information that would be helpful almost exclusively to Amazon's competitors.

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC) – 11
24976-0374/LEGAL130879203

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1    **C.    No New Facts or Legal Authority Warrant Altering the Court's Prior Orders**

2           Finally, there is no merit to the FTC's contention that simply because the Court entered

3    an order resolving the parties' motions for summary judgment, there is somehow a changed

4    dynamic that requires the Court to reconsider its prior rulings and unseal the entire summary-

5    judgment record.  As the FTC concedes, the same "compelling reasons" standard the Court has

6    already applied is equally applicable to the order on summary judgment and the summary-

7    judgment record.  The FTC was aware when it chose not to oppose sealing that the Court would

8    "enter[] a dispositive ruling bearing on the FTC's enforcement of a federal consumer protection

9    statute."  Mot. 1.  And the Court considered the public's interest in access to the information

10   when it concluded that redactions to its order we appropriate.  Nothing has changed since then,

11   other than the Amazon's filing of a proposed order with fewer redactions.  Dkts. 226, 226-1.

12          With regard to the order, although it is unfortunate that some third parties were able to

13   identify the material intended by the Court to be redacted, that circumstance does not mean that

14   the Court should simply unseal the entirety of the order and make it even easier for parties to

15   access information to which they are not entitled.

16          Even if the Court were inclined to remove the remaining handful of redactions in the

17   order on summary judgment, that decision should not disturb the portions of the underlying

18   summary-judgment record that remain under seal.  That limited information has not been

19   publicly disclosed (accidentally or otherwise), and the Court's prior orders have already

20   addressed the justifications for keeping it under seal.

21                                    **IV.    CONCLUSION**

22          For the foregoing reasons, and for the reasons previously outlined in Amazon's motions

23   to seal and the Court's prior orders granting those motions to seal, the Court should deny the

24   FTC's untimely motion to unseal.[4]

25   ---

26   [4] Amazon notes for the Court that a third party has moved to intervene and unseal the same information at issue here.  Dkt. 232, 233.  The noting date for those motions is May 27, and Amazon intends to respond by its May 23 deadline.

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC) – 12
24976-0374/LEGAL130879203

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1     DATED:  May 11, 2016

2

3     *s/ Harry H. Schneider, Jr.*                    *s/ Danielle R. Foley*
      Harry H. Schneider, Jr., WSBA No. 9404         J. Douglas Baldridge, WSBA No. 37247
4     David J. Burman, WSBA No. 10611                Danielle R. Foley (admitted *pro hac vice*)
      Jeffrey M. Hanson, WSBA No. 34871              **Venable LLP**
5     **Perkins Coie LLP**                           575 7th Street, NW
      1201 Third Avenue, Suite 4900                  Washington, DC 20004
6     Seattle, WA  98101-3099                        Telephone: (202) 344-4000
      Telephone:  206.359.8000                       Facsimile: (202) 344-8300
7     Facsimile:  206.359.9000                        jbaldridge@venable.com
      HSchneider@perkinscoie.com                      drfoley@venable.com
8     DBurman@perkinscoie.com
      JHanson@perkinscoie.com
9

10                        *Attorneys for Defendant Amazon.com, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AMAZON'S OPPOSITION TO FTC'S                              **Perkins Coie LLP**
MOTION TO UNSEAL                                     1201 Third Avenue, Suite 4900
(No. 2:14-CV-01038-JCC) – 13                            Seattle, WA  98101-3099
                                                        Phone:  206.359.8000
24976-0374/LEGAL130879203                                Fax:  206.359.9000

1

**CERTIFICATE OF SERVICE**

2       I certify that on May 11, 2016, I electronically filed the foregoing Amazon.com, Inc.'s

3   Opposition to the FTC's Motion to Unseal with the Clerk of the Court using the CM/ECF

4   system, which will send notification of such filing to attorneys of record.

5       I certify under penalty of perjury that the foregoing is true and correct.

6       DATED this 11th day of May, 2016.

7                                               *s/ Harry H. Schneider, Jr.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AMAZON'S OPPOSITION TO FTC'S
MOTION TO UNSEAL
(No. 2:14-CV-01038-JCC) – 14
24976-0374/LEGAL130879203

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000