UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>    Defendant. | **Case No. 2:14-cv-01038-JCC**<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO UNSEAL**<br><br>NOTE ON MOTION CALENDAR:<br>Friday, May 13, 2016 |

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO UNSEAL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3231

Amazon has failed to provide this Court with the "compelling reasons" required to keep the summary judgment record under seal, relying instead on procedural quibbling over the FTC's motion. Contrary to Amazon's assertion, Local Civil Rule 5(g)(8) allows parties to move to unseal material that previously was sealed. The real issue for this Court is whether Amazon has shown compelling reasons that—at this stage in the litigation—outweigh the public interest in the record on summary judgment. Amazon's response shows it has not. Amazon's claim that it "surgically" applied redactions only to "confidential financial data" and "proprietary" information is belied by the results: Amazon's desired redactions obscure material that previously has been made public, that is not "financial" or "proprietary" in any conventional sense, or that contains narrow snapshots of data of at most questionable utility to a competitor. The public interest in the redacted information is clear; the reasons to prevent its unsealing are not. This Court should grant the FTC's motion to unseal the record on summary judgment.[1]

## I. The FTC Properly Moved to Unseal the Summary Judgment Record

The FTC moved to unseal the summary judgment record under Local Civil Rule 5(g)(8), which expressly permits parties to file motions to unseal. The rule does *not* limit when a motion to unseal may be filed. This is consistent with the Western District of Washington's "strong presumption of public access to the court's files," LCR 5(g), and Ninth Circuit law that "[c]ompelling reasons must *continue to exist* to keep judicial records sealed." *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (per curiam) (emphasis added); *see also, e.g.*, *Kelly v. Wengler*, 979 F. Supp. 2d 1243, 1244-46 (D. Idaho 2013) (granting plaintiffs' motion to unseal their own prior motions, accompanying documents, and the orders resolving those motions, over defendant's objection that the

---

[1] For convenience, this brief refers to the least redacted versions of the summary judgment briefing and order, including those located at Dkt. 142-4 (FTC's motion for summary judgment), Dkt. 179 (Amazon's response), Dkt. 184 (FTC's reply), Dkt. 92 (Amazon's motion for partial summary judgment), Dkt. 158 (FTC's response), Dkt. 189 (Amazon's reply), and Dkt. 237-1 (Court's order on parties' motions). With respect to the FTC's motion for summary judgment, Amazon subsequently agreed that the amount of relief the FTC is seeking need not be redacted. Dkt. 144-1 at 33:6, 33:19 (removing redactions at Dkt. 142-4 at 33:6, 33:19).

PLAINTIFF'S REPLY IN SUPPORT OF  
MOTION TO UNSEAL  
Case No. 2:14-cv-01038-JCC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC 20580  
(202) 326-3231

1

documents contained "proprietary information"). The sole case cited by Amazon does not hold otherwise. *See Karpenski v. Am. Gen. Life Cos., LLC*, No. C12-1569RSM, 2013 WL 3191878, at *4 (W.D. Wash. June 20, 2013) (finding defendants "may not file a separate and redundant motion" where defendants fully briefed motion to seal and then filed a "substantially . . . identical" motion for protective order). Nor does it imply that a party waives its right to move to unseal by not filing piecemeal responses or replies to earlier motions to seal.

Contrary to Amazon's assertions, the FTC's opposition to producing nonpublic information about Amazon's competitors in discovery has no bearing on resolution of this motion to unseal. Dkt. 237 at 10. Amazon appears to argue that it would be inconsistent for the FTC to take now the position that similar material that Amazon seeks to keep under seal is not confidential. As a preliminary matter, the FTC has never disputed that some portion of the material Amazon seeks to seal is "confidential" in the sense that it is information that Amazon would not normally make public in the ordinary course of business. But as the Ninth Circuit has repeatedly made clear, even "confidential" information must be unsealed absent a particularized showing of competitive harm that is both supported by "specific factual findings" and sufficiently "compelling" to "outweigh . . . the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006); *see also id*. at 1185 (noting that documents are not automatically exempt from disclosure "simply because such documents are usually or often deemed confidential"); *GoDaddy.com LLC v. RPost Commc'ns Ltd.*, No. CV–14–00126–PHX–JAT, 2014 WL 2117349, at *1 (D. Ariz. May 21, 2014) ("[O]nly in extremely limited circumstances will confidential information actually merit the sealing of court records."). Amazon has failed to make any such showing. Moreover, the FTC's motion for a protective order against disclosure was decided under a far less stringent standard than the "compelling reasons" standard that applies to the present motion, *Kamakana*, 447 F.3d at 1178-79, and Amazon's private interest in its competitors' information is inconsequential compared to the public's interest in the evidence giving rise to the Court's dispositive ruling, *see Foltz v. State*

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO UNSEAL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3231

2

1  *Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003) (noting strong public interest
2  in dispositive motions and attachments thereto).
3       Amazon also ignores the fact that the FTC has had no prior opportunity to oppose the seal
4  on the Court's summary judgment order. As the FTC discussed in its motion, and as Amazon did
5  not dispute in its response, the public has an especially strong interest in the Court's
6  memorandum opinion on summary judgment—particularly where, as here, the United States
7  government is a party to the proceeding and is enforcing a federal consumer protection statute.
8  Dkt. 229 at 6-7.

## II. Amazon Has Failed to Identify a Compelling Reason to Maintain the Seal on the Summary Judgment Record

Amazon acknowledges that at least some information in the redacted order it prepared should have been made public. *See* Dkt. 237 at 7 (agreeing to unseal redacted information on page 2 of the Court's order). Without nuance, Amazon asserts that all of the remaining sealed information in the summary judgment record is "confidential and competitively sensitive[.]" Dkt. 237 at 10. The sole specific justification Amazon offers is that disclosure of the redacted information would give Amazon's competitors "insight" into "the cost structure and profitability" of the Amazon Appstore. *Id*. This is not a compelling reason supported by facts, and it is too thin to provide blanket protection to the redacted information at issue. *Kamakana*, 447 F.3d at 1182 ("These conclusory offerings do not rise to the level of 'compelling reasons' sufficiently specific to bar the public access to the documents."). As a close look at the remaining redactions in the Court's summary judgment order and underlying briefs reveals, Amazon has not met its burden to maintain the information under seal.

The latest redactions to this Court's order on summary judgment and the underlying briefs fall primarily into four categories: (i) details relating to complaining consumers and refund requests (Dkt. 237-1 at 4:25, 20:25; Dkt. 142-4 at 8:13-14, 18:10-11, 19, 21:25, 22:20-21; Dkt.

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO UNSEAL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC  20580
(202) 326-3231

3

184 at 5:4, 6:3, 7:20-21, 8:25, 11:1, 14:12);[2] (ii) exemplar refund rates and refund or revenue approximations for digital charges (Dkt. 237-1 at 12:8, 17:3, 20:10, 20:12; Dkt. 142-4 at 8:14, 10:24, 11:16, 16:16-18, 23:10-12, 23:15-18, 24:7-8);[3] (iii) summary information the FTC derived in approximating the amount of relief owed to consumers (Dkt. 237-1 at 8:21, 9:5, 16:2, 22:2; Dkt. 142-4 at 13:8-9, 13:11, 13:25-26, 21:2-3, 21:7-9, 33:16-19; Dkt. 184 at 8:20-21, 17:25, 18:25, 19:25);[4] and (iv) information that already has been disclosed publicly (Dkt. 237-1 at 17:3; Dkt. 142-4 at 10:21-22, 14:18, 25:17, 25:25; Dkt. 158 at 7:20-24, 19:2-4). It is unclear how this information would provide the sort of competitive insight on which Amazon rests its redactions. *See* Dkt. 237 at 8. In any event, the mere suggestion that unsealing information could reveal to Amazon's competitors something they do not already know does not satisfy the "compelling reasons" test.[5]

First, Amazon has not shown how disclosure of the information related to complaining consumers and refund requests could cause competitive harm. Amazon insists on redacting the number of customer service contacts received about in-app charges for a two-month period that occurred nearly five years ago. Dkt. 237-1 at 4:25; Dkt. 142-4 at 8:13-14. And it demands that the number of consumers the FTC identified as not having received refunds for in-app charges be kept secret. Dkt. 237-1 at 20:25; Dkt. 142-4 at 18:19. Amazon has provided no specific information in the record about how a competitor could use such information to gain an advantage over Amazon's Appstore. The fact that a company does not routinely share certain

---

[2] Similar information exists at Dkt. 92 at 12:10; Dkt. 179 at 13:13, 18:16, 19:3, 20:9-21, 21:12-13, 22:16-17; and Dkt. 189 at 12:8-9.
[3] Similar information exists at Dkt. 92 at 16:23-24, 18:20-21; Dkt. 158 at 7:4, 9:3, 15:6, 18:15; Dkt. 179 at 9:5-7; and Dkt. 189 at 4:8, 6:26, 8:16-21, 9:2-12, 10:5, 10:11, 12:17. Amazon also requests, without identifying a basis, redaction of estimated cost savings from implementing a password prompt. Dkt. 142-4 at 31:14; *see* Dkt. 158 at 7:9-10 (same, with less detail).
[4] Similar information exists at Dkt. 158 at 6:16, 6:18-19, 8:22-24, 9:1, 9:6, 15:2-4; and Dkt. 179 at 19:6, 19:19, 20:24, 23:10, 25:8-10, 27-28.
[5] Some of Amazon's redactions relate generally to password prompts and parent controls, but have little apparent connection to the type of financial and proprietary information Amazon claims to be protecting. *E.g.*, Dkt. 142-4 at 10:21; Dkt. 158 at 21:23-24, 22:3-8.

PLAINTIFF'S REPLY IN SUPPORT OF  
MOTION TO UNSEAL  
Case No. 2:14-cv-01038-JCC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC 20580  
(202) 326-3231

4

information externally does not create a compelling reason to maintain it under seal. *See St. Clair v. Nellcor Puritan Bennett LLC*, No. CV-10-1275, 2011 WL 5335559, at *1-2 (D. Ariz. Nov. 7, 2011) (denying motion to seal and noting that "confidentiality alone does not transform business information into a trade secret").

Second, Amazon has not shown how disclosure of exemplar refund rates—and Amazon's employees' characterizations of particular refund rates as "high"—could imperil the company's current business. The refund rates cited in the Court's opinion are of significant interest to the public (including future litigants), as these rates are often cited in FTC cases as indicating harm or a law violation. *See* Dkt. 229 at 10. The notion that disclosure of such rates could harm *Amazon* finds no support in the record. The refund rates at issue relate to snapshots in time, sometimes from several years ago. Dkt. 237-1 at 20:10, 20:12.[6] The most current information at issue is the 2015 refunds issued for the first-generation Kindle Fire device. Dkt. 237-1 at 12:8. It is not clear how release of information about the first-generation Kindle Fire device alone could harm Amazon competitively, nor has Amazon argued as much. *See* Dkt. 234.

Third, Amazon has not shown how the summary information the FTC derived in approximating monetary relief based on a subset of apps likely to be used by children would cause competitive harm. The "high risk" revenue and refund numbers, as well as the "unauthorized charge rate" calculated by Ms. Miller and cited in the Court's opinion, do not reveal information likely to cause competitive harm. Dkt. 237-1 at 8:21, 9:5, 16:2; *see* Dkt. 142-4 at 31:16-19. These numbers are based on a subset of apps likely to be used by children, and that list of specific apps is not part of the summary judgment record. A competitor would have no way of knowing which apps are included in these figures and could not reverse-engineer other Appstore financial information from this undisclosed subset. The unauthorized charge rate is drawn from specific prompts for the narrow period of time for which Amazon produced such

---

[6] *See also* Dkt. 142-4 at 16:16-18. Similar refund rate information appears elsewhere in the summary judgment briefs and also should be unsealed. *See id.* at 8:14, 10:24, 11:16, 23:10-12, 15-18, 24:7-8.

PLAINTIFF'S REPLY IN SUPPORT OF  
MOTION TO UNSEAL  
Case No. 2:14-cv-01038-JCC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC 20580  
(202) 326-3231

5

data, further limiting its usefulness to competitors in understanding the Appstore financial model. The public, however, does have a strong interest in understanding the relief being sought by a government agency and how that agency calculated its proposed relief. Amazon's reflexive redaction of all numbers without a clear factual showing that disclosure of these specific numbers could cause harm should be rejected.

Fourth, Amazon asserts that "[n]one of the sealed information is publicly available," Dkt. 237 at 10, but acknowledges that "some third parties" have access to the entirety of the Court's order, *id.* at 14, and does not dispute that the media has reported extensively on the full text of the order. *See* Dkt. 229 at 3 n.1. Information that is redacted in parts of the summary judgment briefs is publicly available elsewhere in the record in documents filed by Amazon. *See, e.g.*, Dkt. 142-4 at 14:18 (publicly available at Dkt. 142-4 at 68:21-22); Dkt. 142-4 at 25:17, 25:25 (publicly available at Dkt. 142-4 at 18:16); Dkt. 142-4 at 10:21-22 (publicly available at Dkt. 142-2 at 40); Dkt. 158 at 7:20-24 (Amazon unsealed Ex. 538 in relevant part and Ex. 539 at Dkt. 194, but did not unseal corresponding brief pages); Dkt. 158 at 19:2-4 (same).[7] There is simply no basis for maintaining publicly available information—including the Court's order—under seal. *See* Dkt. 229 at 8-9.

The Court should unseal the summary judgment record in its entirety.

---

[7] Because the information at Dkt. 142-4 at 25:17, 25:25 is public, there also is no reason to maintain redactions over the remainder of the calculation at Dkt. 142-4 at 25:21, 25:25, which is based on the FTC's expert's publicly disclosed work in any event. *See* Dkt. 103. Similarly, Amazon's extensive redactions at Dkt. 158 at 20:11-24 appears to cover information it shared with its app developers and that is redundant to unredacted information.

PLAINTIFF'S REPLY IN SUPPORT OF  
MOTION TO UNSEAL  
Case No. 2:14-cv-01038-JCC

Federal Trade Commission  
600 Pennsylvania Avenue N.W.  
Washington, DC 20580  
(202) 326-3231

6

| | | |
|---|---|---|
| 1 | Dated: May 13, 2016 | /s/ Jason Adler |
| 2 | | JASON M. ADLER |
| | | HEATHER ALLEN |
| 3 | | JANE M. RICCI |
| | | MIYA TANDON |
| 4 | | KATHARINE ROLLER |
| 5 | | HELEN WONG |
| | | jadler@ftc.gov, hallen@ftc.gov, jricci@ftc.gov, |
| 6 | | mtandon@ftc.gov, kroller@ftc.gov, |
| | | hwong@ftc.gov |
| 7 | | Federal Trade Commission |
| | | 600 Pennsylvania Avenue N.W., CC-10232 |
| 8 | | Washington, DC 20580 |
| | | P: (202) 326-3231, (202) 326-2038, |
| 9 | | (202) 326-2269, (202) 326-2351, (202) 326-3582, |
| 10 | | (202) 326-3779 |
| | | F: (202) 326-3239 |
| 11 | | |
| | | LAURA M. SOLIS, WA Bar No. 36005 |
| 12 | | lsolis@ftc.gov |
| 13 | | Federal Trade Commission |
| | | 915 2nd Avenue, Suite 2896 |
| 14 | | Seattle, WA 98174 |
| | | P: (206) 220-4544, F: (206) 220-6366 |
| 15 | | |
| | | Attorneys for Plaintiff |
| 16 | | FEDERAL TRADE COMMISSION |

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO UNSEAL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3231

7

**CERTIFICATE OF SERVICE**

I, Jason M. Adler, certify that on May 13, 2016, I electronically filed the foregoing Plaintiff's Reply in Support of Its Motion to Unseal with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

By: /s/ Jason M. Adler

PLAINTIFF'S REPLY IN SUPPORT OF
MOTION TO UNSEAL
Case No. 2:14-cv-01038-JCC

Federal Trade Commission
600 Pennsylvania Avenue N.W.
Washington, DC 20580
(202) 326-3231

8