THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | CASE NO. C14-1038-JCC<br><br>ORDER ON MOTIONS TO SEAL AND UNSEAL |

This matter comes before the Court on Amazon's Unopposed Motion to Seal Exhibit A to the Declaration of Jonathan Werner (Dkt. No. 219); the FTC's Motion to unseal forty-five documents on the record (Dkt. No. 229), Amazon's objection to that motion (Dkt. No. 237), the FTC's Reply (Dkt. No. 238); and the FTC's Motion to Seal an Exhibit (Dkt. No. 234), which Amazon opposes (Dkt. No. 239). The Court does not, in this Order, address the Motion to Intervene or Motion to Unseal Filed by MediaPost. (Dkt. Nos. 232 and 233.)

Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS Amazon's Motion to Seal (Dkt. No. 219), DENIES the FTC's Motion to Unseal (Dkt. No. 229) in part, and GRANTS the FTC's Motion to Seal (Dkt. No. 234) in part.

## I. BACKGROUND

The Court has set forth the factual background of this case in several orders, most

1  recently its Order Granting the FTC's Motion for Partial Summary Judgment (Dkt. No. 224), and
2  does not repeat it here. Notably, prior to these most recent motions, over the course of this
3  litigation the parties filed nine motions to seal various documents, attached to both dispositive
4  and non-dispositive motions. (Dkt. Nos. 25, 27, 90, 107, 148, 154, 166, 180, 187). The Court has
5  considered these motions carefully as they have arisen.

6        The FTC did not oppose the seven most recent motions to seal. (Dkt. No. 237 at 3; Dkt.
7  Nos. 198 at 3; 199 at 3–5.) Nor did the FTC move the Court to reconsider its confidentiality
8  designations as they were issued. The Court considered the FTC's non-opposition as evidence
9  that the parties had met-and-conferred throughout this process and even invited the FTC to make
10 any objections known when it issued these orders. (Dkt. No. 198 at 2; Dkt. No. 199 at 2.) ("The
11 Court takes it on good faith that the parties have met the requirements of the local rules prior to
12 filing their motions. If necessary, the Court expects the parties to make any objections known or,
13 alternatively, to file the missing certification.")

14       After ruling that certain limited business information was sensitive enough to provide a
15 compelling reason for sealing, the Court ultimately ruled on the parties' cross-motions for
16 summary judgment and found summary judgment for the FTC appropriate with respect to
17 Amazon's liability under Section 5 of the FTCA Act. (Dkt. Nos. 224 and 225; 226-1.) In the
18 Court's effort to protect information placed under seal, while recognizing the strong public
19 interest in access to court records, the Court issued both a redacted and sealed version of its
20 Summary Judgment Order. (Dkt. Nos. 224 and 225.) After the redacted version of the Court's
21 order was inadvertently searchable, the parties and a would-be intervenor, MediaPost, have now
22 filed several additional motions litigating the issue of whether sealing is appropriate and to what
23 degree. (Dkt. Nos. 229, 233, and 234.) After the Court's mistake in redacting its Summary
24 Judgment Order, some media outlets obtained full copies of the Order and, as counsel for
25 Amazon expressed in an e-mail to the FTC's counsel, "We have little hope of retrieving the
26 versions already circulating among the media." (Dkt. No. 230-1 at 2.)

Not until this latest round of sealing-related motions has the FTC objected to the sealing of information designated as confidential business information. (*See* Dkt. No. 234 at 2; Dkt. No. 229.)

## II. DISCUSSION

### A. Standard on Motion to Seal

The Court starts from the position that "[t]here is a strong presumption of public access to [its] files." W.D. Wash. Local Civ. R. 5(g)(3); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A party, therefore, must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

### B. Amazon's Motion to Seal (Dkt. No. 219)

As the Court entered partial summary judgment for the FTC, it ordered additional briefing from the parties with respect to the appropriate calculation of money damages. (Dkt. No. 224 at 22.) Amazon moves to seal an exhibit attached to its filings related to the appropriate calculation of monetary relief. (Dkt. No. 219.) With respect to this motion, the FTC did not object. The document in question, a one-page breakdown of Amazon's proposed adjustments to the FTC's damages estimate, contains various calculations of Amazon's revenue. (Dkt. No. 221 at 2.) The Court has already ruled, multiple times, that certain sensitive business information pertaining to Amazon's specific refund rates and revenue figures warrants sealing for compelling reasons. (Dkt. No. 219 at 2.) The majority of the parties' briefing with respect to the damages estimate, including the total figures sought by each side, is, appropriately, publicly-available. (*See* Dkt. Nos. 220 and 236.) Amazon's Motion to Seal (Dkt. No. 219) is GRANTED.

### C. The FTC's Motion to Unseal (Dkt. No. 229)

On May 5, 2016, six weeks after the Court ruled on seven motions to seal without

objection (*see* Dkt. Nos. 198 and 199), the FTC filed a motion to unseal forty-five documents[1] in the record. (Dkt. No. 229.) In essence, after failing to respond to the motions to seal as they were litigated, and refraining from timely moving for reconsideration despite clear language from the Court seeking clarification as to whether there was an objection (*see* Dkt. Nos. 198 at 2, 199 at 2), the FTC now essentially moves the Court to reconsider its rulings on sealing numerous exhibits. The FTC's motives for bringing this motion so broadly at this time are unclear.

Considering the procedural posture of this motion and treating it as a motion for reconsideration, the Court does not find that its previous orders sealing certain sensitive business information contain manifest error and DENIES the motion to unseal with respect to the already-ruled upon portions of the record. However, the Court considers the accidental release of the Court's Partial Summary Judgment Order in unredacted form a "new fact" such that reconsideration of its sealing and redaction is justified. *See* Local Civ. R. 7(h)(1). Amazon has had an opportunity to respond to the FTC's Motion (*see* Dkt. No. 237) such that the Court may consider unsealing its order. Local Civ. R. 7(h)(3).

Upon reconsideration, the Court recognizes the strong public interest in its Order, which discusses harm done to Amazon consumers and the company's liability under Section 5 of the FTC Act. (Dkt. No. 224.) This interest has only been drawn into clearer focus after the Order was issued. However, as Amazon emphasizes, the nature of certain commercially sensitive information—of interest chiefly to Amazon's competitors—with respect to the amounts and percentages of in-app charges as well as customer service policies and refund rates offers compelling reasons to seal certain figures. (*See* Dkt. No. 237 at 12.) Notably, earlier in this litigation, the FTC refused to produce similar information that it had obtained from Apple, and the Court entered a protective order upon the FTC's request. (*See* Dkt. Nos. 49 and 69.)

---

[1] The FTC moves to unseal Dkt. Nos. 123, 119, 162, 126, 121, 93, 167, 95, 135, 116, 137, 134, 127, 125, 163, 165, 109, 114, 136, 120, 115, 221, 182, 131, 151, 113, 132, 130, 129, 183, 164, 110, 118, 150, 133, 149, 188, 224, 168, 122, 124, 117, 111, 156, and 128.

Amazon filed a proposed redacted version of this Court's Order which is already publicly available.[2] (Dkt. No. 226-1.) In other words, with respect to the motion to unseal the Order, there are only a few pieces of information that the FTC seeks to be formally unsealed: all but one of the redactions in Amazon's version deal directly with revenue and refund information. (Compare *id.* with Dkt. No. 224.)

The Court understands that it would be illogical to keep its Partial Summary Judgment Order under seal as it currently sits at docket number 224 after it has, in function, been made publicly available. However, the legal analysis of the Court's ruling—that there are compelling reasons to seal specific commercially sensitive information in which there is relatively low public interest—remains undisturbed. In order to make the Order public while also protecting, to the extent possible, Amazon's sensitive business information, the Court ORDERS Amazon to refile a version of its redacted copy of the Court's Order without the redactions contained on page 2 of its version. The other, limited redactions are to remain.

In other words, while the Court essentially GRANTS the Motion to Unseal (Dkt. No. 229) with respect to its Order Granting Partial Summary Judgment (Dkt. No. 224), it DENIES the FTC's Motion to Unseal (Dkt. No. 229) to the extent that it seeks the unsealing of specific revenue and refund figures in the Order and the remainder of the record. The Order currently sealed at docket number 224 will remain as is; Amazon's less-redacted version will be publicly available on the Court's docket. Amazon is ordered to file this version no later than **June 14, 2016.**

D.   **The FTC's Motion to Seal (Dkt. No. 234)**

On May 9, 2016, the FTC filed a motion to seal the unredacted version of its Notice of Facts Relating to Relief. (Dkt. No. 234.) The Motion concerns six redactions in a recent FTC filing that reference or rely upon Amazon financial data. (Dkt. No. 235, 236.) Two of the six

---

[2] Indeed, as Amazon points out, the proposed redactions set forth by Amazon actually constitute an unsealing of the redactions the Court put forth in its original redacted format in an abundance of caution.

ORDER ON MOTIONS TO SEAL AND UNSEAL
PAGE - 5

redactions constitute additions to the amount of the FTC's requested monetary relief, which Amazon agrees may be filed publicly. (*Id.* at 3–4.) The remaining four redactions, however, are revenue and refund data derived from financial data that the Court has previously concluded should be maintained under seal as discussed above. (*Id.* at 3.) The latter information should continue to be maintained under seal. The FTC is ORDERED to refile its redacted "Notice of Facts Relating to the FTC's Request for Relief and Amazon.com's Offer of Proof" (Dkt. 236) without the two redactions at page 3, line 10, and page 4, line 2. The filing should retain the four redactions at page 3, lines 7-8 and 25. The FTC's Motion (Dkt. No. 234) is GRANTED in part.

### III.  CONCLUSION

For the foregoing reasons, Amazon's motion to seal (Dkt. No. 219) is GRANTED, the FTC's Motion to Unseal (Dkt. No. 229) is DENIED in part, and the FTC's Motion to Seal (Dkt. No. 234) is GRANTED in part.

DATED this 9th day of June 2016.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE