THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

CASE NO. C14-1038-JCC

ORDER ON MOTION TO INTERVENE AND MOTION TO UNSEAL

This matter comes before the Court on the motion of Professor Rebecca L. Tushnet and MediaPost Communications seeking leave to intervene in this case (Dkt. No. 232) and to unseal the Court's Order Granting Partial Summary Judgment to the FTC (Dkt. No. 233). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion to intervene and GRANTS the motion to unseal in part, as explained herein.

**I.    BACKGROUND**

The question of whether compelling interests exist to seal certain business information has been thoroughly litigated in this case, particularly recently. (Dkt. No. 251 at 1–2.) Questions regarding sealing and redacting were brought into clearer focus after the Court issued an Order granting partial summary judgment to the FTC; the Court *sua sponte* redacted portions of its Order—conservatively—in an effort to honor its many prior sealing decisions, and, unfortunately

1  the document was accidentally searchable.[1] Since then, as previously acknowledged, the Court
2  has been in the awkward position of recognizing its mistake with respect to the redactions and
3  maintaining consistency with the legal analysis present when it ruled on several motions to seal.
4  (*See* Dkt. No. 251 at 5.)

5  Several times, this Court has found sufficient "compelling reasons" to redact certain
6  information with respect to Amazon's refund rates. (Dkt. Nos. 46, 198, and 199). The Court has
7  since considered the FTC's Motion to Unseal and carefully weighed the arguments presented in
8  ordering that a minimally-redacted version of its Order be posted to the docket. (Dkt. No. 251.)

9  Professor Rebecca Tushnet teaches at the Georgetown University Law Center and
10 indicates that "she intends to write about [this] case and thereby educate the legal community
11 and the public at large." (Dkt. No. 232 at 2, 5.) MediaPost Communications is a publishing and
12 content company that has reported on this case previously, including to "question[] where the
13 redactions [in the Partial Summary Judgment Order] were justified." (*Id.*)

14 **II.    DISCUSSION**

15     **A.    Motion to Intervene**

16 The Federal Rules of Civil Procedure set forth processes for both mandatory and
17 permissive intervention. The court may permit intervention by anyone with "a claim or defense
18 that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). "An
19 applicant who seeks permissive intervention must prove that it meets three threshold
20 requirements: (1) it shares a common question of law or fact with the main action; (2) its motion
21 is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."

---

[1] The Court acknowledges that some of the present confusion may have been caused by the issuance of a redacted version, however imperfect, of its Order without sufficient explanation or inviting the parties to present suggested versions. While the confusion and the lack of protections over the document are regrettable, this was done in an effort to quickly issue a publicly-available version of the Order. This Court's redactions were conservative and subject to change after review by the parties—which has since occurred. The Court has endeavored to carefully balance the public interest in access to information with the compelling interest in limited redactions over sensitive commercial information.

ORDER ON MOTION TO INTERVENE AND
MOTION TO UNSEAL
PAGE - 2

*Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). Whether or not to allow permissive intervention is a matter of court discretion. *Id.*

Professor Tushnet and MediaPost seek permissive intervention solely for the purposes of moving the Court to unseal its Partial Summary Judgment Order and portions of the record. (Dkt. No. 232 at 1, 3.) Their question regarding sealing is common to the main action, and permissive intervention is warranted. The Court considers the merits of the motion to unseal, and in so doing GRANTS Tushnet and MediaPost's motion to intervene for this limited purpose. (Dkt. No. 232.)

### B.     Motion to Unseal

Intervenors move to unseal the Court's Order Granting Partial Summary Judgment (Dkt. No. 224). (Dkt. No. 233.) The intervening parties specifically reference the strong public interest in facts related to: (1) "Amazon's deception," including "what Amazon officials knew and when, how they designed and targeted their product, consumers' response, and Amazon's policy changes," (2) the risk of ongoing harm, (3) the calculations of the FTC's expert, and (4) the knowledge and behavior of consumers in response to Amazon's practices. (Dkt. No. 233 at 2–3.)

After considering the FTC's Motion to Unseal (Dkt. No. 229), the Court ordered a less-redacted version of its Order be made publicly-available on the docket. (Dkt. No. 251.) Significantly, for the purposes announced by the intervenors, the Court ordered Amazon to file a version that did not redact certain information about "what Amazon officials knew and when." (*See id.* at 5; Dkt. No. 253-1 at 2.) The version of the Court's Order currently available contains only eleven redactions consistent with prior rulings on numerous motions to seal. (Dkt. No. 253-1.) The Court's rationale for its summary judgment decision is evident from the public version.

The Court recognizes the important First Amendment rights at issue in this case, has carefully considered several motions to seal and unseal, and has attempted to remedy its dual errors: (1) failing to explain its reasons for filing a redacted version of its Order and (2) improperly redacting the information it believed to be subject to sealing orders. To the extent that the Court's previous Order discussing a motion to unseal (Dkt. No. 251) did not clarify these

issues, the Court has endeavored to do so now. With respect to this Court's Partial Summary Judgment Order (Dkt. No. 224; 251-3), the Court DENIES the intervenors' motion as moot.

Secondly, however, the Court addresses the intervenors' motion to unseal the remainder of the summary judgment record. The intervenors indicate that they "are concerned that the lack of adversary presentation, and an understatement of the public interest in disclosure, might have led to erroneous rulings about disclosure of particular parts of the record," and ask the Court to "direct the parties to re-evaluate the need for redactions in the moving and opposing papers on cross-motions for summary judgment." (Dkt. No. 233 at 11.) While the Court has already discussed, with respect to the FTC's motion, that it does not see manifest error in its previous rulings (*see* Dkt. No. 251 at 4), it takes seriously the public interests raised by the intervenors. The FTC, representing the public's interest, was given many opportunities to substantively object to sealing decisions in this litigation (Dkt. Nos. 25, 90, 107, 148, 154, 166, 180, 187) and often chose not to (*see* Dkt. Nos. 198 at 2; 199 at 2). The intervenors, however, did not have that opportunity and have undergone the effort to raise concerns with public access.

In recognition of the strong public interest in access to its records, the Court hereby ORDERS the parties to review the summary judgment record to determine what materials, if any, may be unsealed. In meeting and conferring, the parties are to pay particular mind to this Court's conclusion that there is not a cognizable danger of a recurring violation of the FTC Act present in Amazon's business practices. (Dkt. No. 253-1 at 12.) The Court also ORDERS the parties to identify what portions of the record have functionally been made public in the version of the Partial Summary Judgment Order at Dkt. No. 253-1, and file unsealed or more narrowly redacted versions of any such materials.

The Court recognizes that this is a cumbersome task. To clarify: the parties are not expected to re-litigate whether business information that remains competitively sensitive and in which the legitimate public interest is minimal—particularly information subject to internal confidentiality proceedings—is appropriate for sealing. The parties *are*, however, expected to

comb through the summary judgment record to re-evaluate if materials contained therein may be unsealed or more narrowly redacted in light of all that has occurred in this case. The Court may, after reviewing further materials, determine that broader unsealing is appropriate where the public interest has previously been underrepresented or the commercial sensitivity of information has waned.

A joint report explaining any *specific* recommendations for unsealing—making reference to exhibits by docket number— is due to the Court on or before July 22, 2016.

**III.    CONCLUSION**

For the foregoing reasons, Professor Tushnet and MediaPost's motion to intervene (Dkt. No. 232) is GRANTED and motion to unseal (Dkt. No. 233) is GRANTED in part and DENIED as moot in part.

DATED this 20th day of June 2016.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO INTERVENE AND
MOTION TO UNSEAL
PAGE - 5