THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.,<br><br>Defendant. | No. 2:14-CV-01038-JCC<br><br>**AMAZON.COM'S SUPPLEMENTAL NOTICE OF REQUEST FOR ORAL ARGUMENT** |

On June 15, in response to the Court's inquiry, Amazon filed a Notice of Request for Oral Argument. Dkt. 254. In its June 17 Response to Amazon's Supplemental Brief Regarding FTC's Calculation of Monetary Relief (Dkts. 257-260), the FTC informed the Court that it believes oral argument is unnecessary.

Amazon files this Supplemental Notice to provide the Court with information pertinent to the issue of whether oral argument should be granted that was unavailable at the time of its prior Notice.

**1. Oral Argument Is Appropriate to Discuss Errors in the FTC's Calculations**

The FTC characterizes Exhibit A to its June 17 Supplemental Brief as "show[ing] the effect of accepting various subsets of Amazon proposals on the final amount of monetary relief." Dkts. 257/258, at 12; Dkts. 259-1/260. However, the FTC's Exhibit A does not include two of Amazon's proposed adjustments to the FTC's estimated "Unauthorized Charge Rate."

AMAZON'S NOTICE OF RENEWED REQUEST
FOR ORAL ARGUMENT
(No. 2:14-CV-01038-JCC) – 1
24976-0374/LEGAL131671036.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Dkts. 257/258, at 12-13. Further, the FTC's calculations in Exhibit A contain arithmetical errors. Specifically, flawed calculations in rows 2, 4, 5, 12, and 14 of Exhibit A overstate the "Effective Unauthorized Charge Rate."

For example, row 2 contains two errors. *First*, the FTC's calculation omitted twice the number of password failures from the denominator than was intended, even under its theory.[1] The FTC intended to remove 67,971 password failures from both the numerator and the denominator, but instead removed 67,971 from the numerator but twice that number from the denominator, resulting in a deduction of 135,942 from the denominator. Instead of an "Effective Unauthorized Charge Rate" of 41.29%, the mathematically correct calculation should be 39.44%.[2] That error alone overstates the FTC's requested relief by more than $1.6 million.[3] This same "double-counting" error also taints the FTC's calculations in rows 5, 12, and 14.

*Second*, in row 2 the FTC provides a calculation on the assumption that the only adjustment is the third of Amazon's rate adjustments (i.e., for failures occurring more than 30 days after a customer's initial failure), which the FTC refers to as "rate adjustment III.c." The FTC's calculation relies on data submitted by Amazon in support of its Supplemental Brief (Dkts. 244-247), but Amazon's submission shows the *cumulative* effect of rate adjustments, which the FTC acknowledges (*see* Dkts. 257/258, at 13, second bullet point). Thus, a password failure that satisfies the criteria for one or both of the first two rate adjustments is not counted again if it also satisfies rate adjustment III.c. The FTC thus understates the effect of rate adjustment III.c by counting only those password failures that do not also satisfy either of Amazon's first two rate adjustments. Whereas the FTC's estimate of monetary relief for rate adjustment III.c alone (row 2) is $26,017,502 (or $24,408,073 after the correction in the

---

[1] Amazon does not agree that flagged transactions should also be excluded from the denominator.
[2] The FTC's formula for "Unauthorized Charge Rate" is F / (F + S), where "F" represents password failures and "S" represents successful password transactions. Under the FTC's method, the proper calculation is (667,430 - 67,971) / (667,430 - 67,971 + 920,382).
[3] A 39.44% rate results in $24,408,073 in relief (39.442218% * $87,100,618 - $9,946,343), compared to the FTC's calculation of $26,017,502. *See* Dkts. 259-1/260 (Ex. A).

AMAZON'S NOTICE OF RENEWED REQUEST
FOR ORAL ARGUMENT
(No. 2:14-CV-01038-JCC) – 2
24976-0374/LEGAL131671036.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

preceding paragraph), the result after correcting for this second error is $22,205,932 applying the FTC's method of removing flagged password failures from both the numerator *and* denominator (or $19,596,166, if applying Amazon's method). This same type of error similarly taints the FTC's calculations in rows 5, 12, and 14.[4]

If granted, oral argument would permit Amazon to address these and other errors in the FTC's calculation of monetary relief as set forth in the FTC's Supplemental Brief. Oral argument also would allow Amazon to respond to other arguments advanced by the FTC in its Supplemental filing, as there is no right for Amazon to file a reply brief. Oral argument also will permit the parties to answer any questions the Court may have about the parties' respective analyses and calculations.

### 2. Availability of Supplemental Declaration to Authenticate Errors in the FTC's Calculations

With the Court's permission, either before or after oral argument Amazon will prepare and submit a supporting supplemental declaration from a witness with knowledge to address all perceived errors in the FTC's calculations or to provide the results of any analyses or calculation that may be requested by the Court.

### 3. Alternatively, the Court Could Hear Testimony Regarding the Parties' Calculations

Alternatively, the Court could schedule an evidentiary hearing to hear testimony from Mr. Werner (Amazon) and Ms. Miller (FTC) with respect to the parties' respective calculations.

---

[4] The FTC's row 4 includes a comparable error, as it relies on Amazon's calculation of flagged password failures within an "adjusted universe of attempts" and applies it without correction to the full universe of attempts. *See* Dkt. 245 Ex. A.

AMAZON'S NOTICE OF RENEWED REQUEST
FOR ORAL ARGUMENT
(No. 2:14-CV-01038-JCC) – 3
24976-0374/LEGAL131671036.2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED: July 1, 2016

<u>s/ Harry H. Schneider, Jr.</u>
Harry H. Schneider, Jr. WSBA No. 9404
David J. Burman WSBA No. 10611
Jeffrey M. Hanson WSBA No. 34871
Attorneys for Defendant Amazon.com, Inc.
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
HSchneider@perkinscoie.com
DBurman@perkinscoie.com
JHanson@perkinscoie.com

<u>s/ J. Douglas Baldridge</u>
J. Douglas Baldridge WSBA No. 37247
Danielle R. Foley (admitted *pro hac vice*)
**Venable LLP**
575 7th Street, NW
Washington, DC 20004
Telephone: (202) 344-4000
Facsimile: (202) 344-8300
jbaldridge@venable.com,
drfoley@venable.com

*Attorneys for Defendant Amazon.com, Inc.*

AMAZON'S NOTICE OF RENEWED REQUEST
FOR ORAL ARGUMENT
(No. 2:14-CV-01038-JCC) – 4
24976-0374/LEGAL131671036.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

## CERTIFICATE OF SERVICE

I certify that on July 1, 2016, I electronically filed the foregoing Amazon.com, Inc.'s Notice of Renewed Request for Oral Argument with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to attorneys of record.

I certify under penalty of perjury that the foregoing is true and correct.

DATED this 1st day of July, 2016.

*s/ Harry H. Schneider, Jr.*

AMAZON'S NOTICE OF RENEWED REQUEST
FOR ORAL ARGUMENT
(No. 2:14-CV-01038-JCC) – 5
24976-0374/LEGAL131671036.2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000