THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　　　Defendant. | CASE NO. C14-1038-JCC<br><br>ORDER ON JOINT REPORT REGARDING UNSEALING THE RECORD AND MOTIONS TO SEAL |

This matter comes before the Court on the parties' Joint Report Regarding the Sealed Summary Judgment Record (Dkt. No. 274) as well as pending motions to seal (Dkt. Nos. 243, 256, 265, and 267.) Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby UNSEALS several documents as set forth in this order, and DENIES the motions to seal for the reasons explained herein.

I.   **BACKGROUND**

On June 20, 2016 the Court granted intervenors Rebecca Tushnet and MediaPost Communications leave to intervene and, in addressing the ongoing questions regarding the appropriateness of sealing in this case, ordered the parties to submit a joint report. (Dkt. No. 261.) The factual and procedural background leading to these disputes around sealing have been set forth in the Court's most recent orders. (Dkt. Nos. 251 and 261.)

While awaiting the parties' joint report regarding the sealing in this case, the Court

renoted all pending motions to seal for July 22, 2016 in the hopes that it could resolve any outstanding issues with respect to sealing in one order. (Dkt. No. 272.) The Court attempts to do so now.

## II.   DISCUSSION

### A.   Joint Report on Summary Judgment Record

The Court appreciates the parties taking the time to collaboratively review the summary judgment record, which contains hundreds of documents in varying forms: sealed, unsealed, and/or redacted. (*See* Dkt. Nos. 113–137, 141–142, 146–147, 149–150, 157, 159–165, 167–178, 182–183, 190, 200–205, 207, 211–217, 221, 235–236, 244–248, 259, 260, 269, and 274-1–274-36.) The parties have agreed upon the unsealing of numerous documents, as set forth in the table in their joint brief. (Dkt. No. 274 at 2–4.) Less redacted forms of the documents identified have already been publicly filed as attachments to the joint brief, and so with respect to these agreed-upon motions to unseal, no action is required. (Dkt. No. 274-1 through 274-36.)

As is well established in this case, the exhibits brought forth on summary judgment were considered on many motions to seal, most of which were unopposed. (*See* Dkt. No. 261 at 2, 4.) The Court has acknowledged the intervenors' argument regarding the unopposed nature of these previous motions to seal—which they repeat in the present brief—and granted their motion to intervene out of an appreciation of the First Amendment concerns they raised. (*Id.* at 4; Dkt. No. 274 at 5–6.) Once more, the intervenors scrutinize the Court for failing to "provide an explanation" of its previous sealing decisions. (Dkt. No. 274 at 6.) To the extent that the Court's orders listed at Dkt. Nos. 251 and 261 have not provided an explanation, the Court attempts once more to carefully review the interests at stake and make a determination about what sealing decisions should be upheld and which documents—if any—should be unsealed.

### 1.   Guiding Principles and Sealing

Earlier in this litigation, the FTC sought a protective order when Amazon requested, in discovery, information pertaining to a consent decree between the FTC and one of Amazon's

competitors, Apple, including, "the amounts and percentages of In-App Charges that were refunded by Apple to customers," "the various controls, protections, or notifications utilized by Apple . . . which were intended to avoid accidental purchases of In-App Charges . . .," and "Apple's customer service policies and practices, including the various means and methods by which customers could seek and receive refunds from Apple for unauthorized or accidental In-App Charges." (Dkt. No. 49 at 19–22; Dkt. No. 69 at 2.) In the motion for a protective order, the FTC acknowledged that information about the in-app billing business of a company such as Apple or Amazon is generally kept "confidential." (Dkt. No. 49 at 7.) The Court notes, significantly, that the legal standard was different in these inquiries: "good cause" was all that was needed to enter a protective order over Amazon's discovery requests, but "compelling reasons" must be shown to warrant sealing documents attached to a dispositive motion such as this summary judgment record.

      The Court later determined, on several motions to seal, that information regarding Amazon's specific refund rates, revenues, business strategies, and customer service practices is sensitive business information to which there is very little public interest. (Dkt. Nos. 198 at 3; 199 at 3–5; 237 at 3; 251 at 2.) In so ruling, the Court noted that Amazon subjects this information to strict internal confidentiality procedures, and that case law supports the notion that "[t]here are compelling reasons to seal confidential business information where judicial documents, if disclosed, could cause a litigant to suffer competitive harm." (*See* Dkt. No. 198 at 3) (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

      The record before the Court still contains information that is internally-protected and commercially-sensitive, subject to confidentiality protections and that could cause Amazon potential competitive harm if disclosed. However, upon further review and guided by the parties' joint report, the Court concludes that this designation does *not* apply to the entire summary judgment record.

### 2. Specific Documents Identified by the FTC in the Joint Report

The FTC points to several documents that it argues should especially be unsealed as they do not contain financial data: Dkt. No. 122 at 1–10, Ex. 153; Dkt. No. 162 at 14–19, Ex. 57; Dkt. No. 118 at 1–21, Ex. 105; Dkt. No. 116 at 6–15, Ex. 61; Dkt. No. 162 at 1–13, Ex. 47; Dkt. No. 162 at 59–66, Ex. 531; Dkt. No. 163–65, Ex. 536.

Dkt. No. 122, pages 1–10, also known as Exhibit 153, contains a report from Kindle Fire focus groups. One page of this report is referenced in the Court's partial summary judgment order. (Dkt. No. 274-36 at 3.) Accordingly, the Court is satisfied that the public interest in Exhibit 153 outweighs the sensitivity of the document, though the sensitivity is not insignificant. The parties are directed to file an unsealed version of Exhibit 153.

Exhibit 57, found at Dkt. No. 162 pages 14–19 contains two internal e-mails between Amazon employees, Aaron Rubenson and Andrew Jassy, as they prepared a press release conference announcing the availability of in-app purchasing for the Kindle Fire and other devices. The Court did not rely on the exhibit in its summary judgment decision and did not cite to it anywhere in its decision. (*See* Dkt. No. 274-36.) In addition to not being a part of the Court's summary judgment decision, the e-mails contain a strategic discussion of Amazon's marketing strategy for its Appstore. This marketing strategy was not part of the injury the Court ultimately found that Amazon caused its customers in granting partial summary judgment to the FTC. There is not a strong public interest in these e-mails. However, there is also not particularly sensitive business information in the document and commercially information, like refund rate data, is not discussed. Accordingly, the Court hereby orders the parties to file an unsealed, public version of Exhibit 57.

Dkt. No. 118 at 1–21, also known as Exhibit 105, has been filed in a redacted version at Dkt. No. 274-14. The Court notes that the version filed most recently is heavily redacted; the last seventeen pages are completely blacked out. (*See* Dkt. No. 274-14.) The exhibit contains a report entitled "In-App Purchasing Business Strategy." Upon review of the exhibit, the Court finds the

1   FTC's characterization of Exhibit 105 as "not contain[ing] financial data" to be insincere. (*See*
2   Dkt. No. 274 at 4.) The redacted pages of the report contain financial and business data that
3   could cause competitive harm to Amazon if disclosed, including specifics regarding the
4   company's refund rate, specifics regarding app use, and the company's forecasted revenue. In its
5   partial summary judgment order, the Court cited twice to this exhibit. (Dkt. No. 274-36 at 3, 21.)
6   The Court recognizes the public interest in this exhibit, but concludes that the information
7   contained in it is of a highly sensitive nature. Accordingly, the parties are ordered to refile
8   Exhibit 105 and remove the redactions in the paragraph entitled "E-mail" under "Lever 3" (found
9   on page seven of Dkt. No. 118), as the public interest in that paragraph, quoted in the Court's
10  order, outweighs its sensitivity. The remainder of the exhibit is to remain redacted as currently
11  on file.
12          Exhibit 61, found at Dkt. No. 116, pages 6–15, contains findings from an internal
13  Amazon audit regarding "friction" in the appstore sales process. The publicly-available redacted
14  version of this report has all but the last two pages redacted. (Dkt. No. 142-1 at 74–83.) The
15  Court did not rely on Exhibit 61 in its partial summary judgment order. (*See* Dkt. No. 274-36.)
16  The document is designated as "confidential" for obvious reasons: it contains internal e-mails
17  regarding product design, customer experience, and the parties responsible for various approvals
18  and changes within Amazon. The Court concludes that the sensitivity and potential competitive
19  harm of disclosure of the sealed version of this document outweighs its public interest, which is
20  slighter as it was not a basis for the Court's ruling on summary judgment. Dkt. No. 116 is to
21  remain sealed as is.
22          Exhibit 47, located at Dkt. No. 162 pages 1–13, constitutes an internal Amazon document
23  entitled "In-App Purchasing Review (May 16, 2011)." The document describes Amazon's
24  strategy for a phased approach to maximizing its "long-term vision" for the Appstore and the In-
25  App Purchasing function. The document includes specific, numeric data about app developers as
26  well as customers. In short, the document contains specific information about revenue,

1 marketing, and product development that could do competitive harm to Amazon if made
2 completely public. Once again, the document was not relied upon or cited in the Court's partial
3 summary judgment order. (Dkt. No. 274-36.) The Court orders that Dkt. No. 162 at 1–13 is to
4 remain sealed; and no further redactions must be made to the version at Dkt. No. 161-1.

5 Exhibit 531, located at Dkt. No. 162 pages 59–66, is an internal Amazon document
6 pertaining to its Appstore called the "2014 Appstore Services Overview." The exhibit was not
7 relied upon or cited in the Court's partial summary judgment order. (Dkt. No. 274-36.) The
8 exhibit contains specific, strategic business information about Amazon's relationship with its app
9 developers. The Court concludes that the commercially sensitive nature of the document
10 outweighs any public interest in it related to this case, and orders that it remain sealed.

11 Finally, at Dkt. Nos. 163–65, Ex. 536 appears to be an April 2012 slideshow providing an
12 overview of Amazon's Appstore business including demographic information about its customer
13 base, sales figures, and strategic information for app developers. The slideshow contains the
14 following confidentiality agreement on its first page: "This presentation contains non-public
15 information which may be material. Receiving this presentation subjects you to Amazon's
16 vender non-disclosure agreement. Any unauthorized disclosure, dissemination, distribution,
17 copying or the taking of any action in reliance on the information herein is strictly prohibited."
18 Once again, the FTC's contention that this document does not contain financial data is
19 misplaced. (Dkt. No. 274 at 4.) The presentation was not cited by the Court in its partial
20 summary judgment decision. (*See* Dkt. No. 274-36.) The Court concludes that the sensitive
21 nature of Exhibit 536 outweighs the public interest in its disclosure, and Dkt. Nos. 163–165 are
22 to remain sealed.

23 **B.  Motions to Seal**

24 The Court now turns to the outstanding motions to seal, after providing what it hopes is
25 additional clarity regarding its sealing decisions. The Court attempts to balance the public
26 interest and the commercial sensitivity of these documents, to the degree possible, on a case-by-

case basis.

**1.   Dkt. No. 243**

In Amazon's motion to seal at Dkt. No. 243, Amazon requests the Court seal portions of its brief regarding the calculation of monetary relief as well as its Declaration of Jonathan M. Werner. (Dkt. No. 243 at 1.) The Court has reviewed Amazon's brief in its unredacted as well as redacted forms and concludes that the public interest in this brief and in the monetary relief ultimately afforded is very high.

**a.   Supplemental Brief**

The redactions in the unsealed version of the brief contain financial data including revenue figures. (*See* Dkt. No. 244 at 5–17.) With few exceptions, and unlike the information in the exhibits discussed above, the figures at issue in the brief are those relevant to the calculation of total monetary relief for this case, not financial figures relating to the entirety of Amazon's Appstore business. Only the redactions on Dkt. No. 244 at page 9, line 13 and page 17, note 13, line 2 should remain: the figure on line 13 of page 9 is offered midway through a calculation and pertains to sales across all apps for a year, and the figure in footnote 13 on page 17 is offered as an aside and related to a refund rate more broadly.

The Court notes that information discussing the appropriate "unauthorized charge rate" for the purposes of determining relief in this case is of a very high public interest. Moreover, while these figures certainly touch upon sensitive commercial information for Amazon, they have more to do with the actions of Amazon's consumers than Amazon itself. And, while the information previously redacted on page 16, line 2 is related to Amazon's refund practices (identifying the amount of relief provided to relevant consumers already), it is squarely relevant to the ultimate calculation of monetary damages and therefore also warrants unsealing.

**b.   Werner Declaration**

The Werner Declaration is redacted similarly to the supplemental brief. (*See* Dkt. No. 247.) Upon review of both versions of the document, and based on the same rationale articulated

1  above, the Court finds it appropriate to unseal the figures in the Werner declaration that pertain
2  to the calculation of monetary relief specifically related to this case, but to maintain redactions
3  over the figures that discuss Amazon's overall revenue stream or customer service practices. The
4  Court has made its best efforts to make this distinction.

5        Accordingly, the Court determines that most of the Werner declaration should be
6  unsealed. The figures in the table on page 6 contain information about total monthly sales across
7  a few categories and continued redactions over that table are appropriate. The figures providing
8  total revenue information on page 7, lines 1, 17–18, and 20–24 pertain to Amazon First
9  Generation devices, which do not have the continued commercial sensitivity to warrant
10 continued sealing. The table in Exhibit A to the Werner declaration pertains to the calculation of
11 monetary relief in this case, to which the public interest in access is very high. Accordingly,
12 Amazon is ordered to file a copy of the Werner declaration with only the redactions on page 6,
13 lines 9–13, remaining.

14       Amazon's motion to seal (Dkt. No. 243) is DENIED in part, and Amazon is ordered to
15 refile a version of its brief (Dkt. No. 244) with only the redactions on page 9, line 13 and page
16 17, note 13, line 2, remaining.

17       **2.**      **Dkt. Nos**. **256 and 267**

18       The FTC's Motion to seal (Dkt. No. 256) pertains to its response brief to Amazon's
19 supplemental briefing on money damages, as well as Exhibit A to that brief. The public version
20 of the FTC's brief contains fewer redactions than Amazon's. The Court once again makes its
21 best efforts to distinguish between pertinent financial data calculated for the purposes of
22 recovery in this case and sensitive financial data that relates to Amazon's overall business
23 operations—as well as percentages or figures that would enable commercially-sensitive
24 information to be calculated.

25       The Court concludes that the redactions on pages 12 and 13 of the FTC's response brief
26 (Dkt. No. 257) should be removed, and the remaining redactions—which touch on broader data

ORDER ON JOINT REPORT REGARDING
UNSEALING THE RECORD AND MOTIONS TO
SEAL
PAGE - 8

pertaining to Amazon's business—should remain. Exhibit A (Dkt. No. 260) should be unsealed in its entirety as it contains figures generated by the parties in calculating monetary relief for this case. The motion to seal (Dkt. No. 256) is DENIED in part. The corrected version of Exhibit A (Dkt. No. 269) should likewise be unsealed, and the motion to seal that document (Dkt. No. 267) is DENIED.

### 3.   Dkt. No. 265

Amazon's motion to seal at Dkt. No. 265 pertains to its "Notice of Renewed Request for Oral Argument." In filing its renewed request for oral argument, Amazon takes issue with some of the FTC's methods of calculating money relief in its brief and in Exhibit A attached to its response brief. (Dkt. Nos. 264 and 266.) The redacted versions of Amazon's request discuss the figures in FTC Exhibit A, discussed above. These redacted portions of the discussion should be unsealed in the same manner as Exhibit A, as they relate directly to the appropriate method of calculating monetary relief in this case. The motion to seal (Dkt. No. 265) is DENIED and the Clerk will be directed to UNSEAL Dkt. No. 264.

### C.   Oral Argument on Monetary Relief

Finally, the Court notifies the parties that oral argument will be scheduled on the appropriate amount of monetary relief in this case. Due to the Court's schedule and availability, the parties can expect a scheduling order to issue sometime after August 22, 2016. If the parties have not received notice of the date of oral argument by September 2 they may contact the Court.

## III.   CONCLUSION

For the foregoing reasons, the parties are directed to file an unsealed version of Exhibit 153, Exhibit 57, and to refile Exhibit 105 with the redactions in the paragraph entitled "E-mail" under "Lever 3" (found on page seven of Dkt. No. 118) removed. Amazon is ordered to refile a version of its supplemental brief (Dkt. No. 244) with only the redactions on page 9, line 13 and page 17, note 13, line 2, remaining. Amazon is ordered to file a copy of the Werner declaration with only the redactions on page 6, lines 9–13, remaining. The FTC is ordered to file a version of

1  its response brief (Dkt. No. 257) with the redactions on pages 12 and 13 removed.

2        Two pending motions to seal (Dkt. No. 243, 256) are DENIED in part; the remaining

3  motions to seal (Dkt. Nos. 265, 267) are DENIED.

4        The Clerk is directed to UNSEAL Dkt. Nos. 260, 264, and 269.

6        DATED this 24th day of August 2016.

                                                                           *[signature: John C. Coughenour]*

                                                                           John C. Coughenour
                                                                           UNITED STATES DISTRICT JUDGE