THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM INC,<br><br>Defendant. | CASE NO. C14-1038-JCC<br><br>ORDER GRANTING AMAZON'S MOTION TO STAY MONETARY RELIEF |

This matter comes before the Court on Defendant Amazon's motion to stay monetary relief pending appeal (Dkt. No. 292). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.     BACKGROUND

On April 26, 2016, the Court granted partial summary judgment for the Federal Trade Commission (FTC) and found Defendant Amazon liable for violations of Section 5 of the FTC Act. (Dkt. Nos. 224, 225, and 274-36.) On October 4, 2016, the Court held oral argument on the question of the proper amount and scope of monetary damages. (Dkt. No. 279.) On November 10, 2016, the Court ordered a notice-and-claims procedure as the appropriate monetary relief. (Dkt. No. 287.)

On January 6, 2017, the FTC filed a notice of appeal, challenging the Court's order

granting Amazon's motion for partial summary judgment and dismissing the FTC's claim for injunctive relief. (Dkt. No. 289.) Amazon then cross-appealed on the Section 5 liability issue. (Dkt. No. 291.) Amazon now moves this Court for a stay of the monetary relief pending appeal. (Dkt. No. 292.) The FTC argues that Amazon is not entitled to a stay. (Dkt. No. 294.) The FTC argues, in the alternative, if a stay is granted, only disbursement of refunds should be stayed or the Court should amend its order granting monetary relief to award a specific lump sum amount. (*Id.* at 8–11.)

## II.  DISCUSSION

### A.  Standard of Review

When evaluating a motion for stay pending appeal, the Court evaluates similar factors that are employed in deciding whether to grant a preliminary injunction. *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). The Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks omitted). The first two factors are the most important in the Court's analysis. *Id.* at 434.

### B.  Likelihood of Success

First, Amazon must prove a likelihood of success on the merits or that "serious legal questions are raised" in its appeal. *Abassi v. INS*, 143 F.3d 513, 514 (9th Cir. 1998); *see also Leiva-Perez v. Holder*, 640 F.3d 962, 967–968 (9th Cir. 2011) ("What is clear . . . is that to justify a stay, petitioners need not demonstrate that it is more likely than not that they will win on the merits."). Amazon presents four different arguments to prove that there are serious legal questions raised in its appeal: (1) the unfairness standard used by this Court is incomplete; (2) Amazon's refund policy makes harm avoidable and constitutes a countervailing benefit; (3) Amazon lacked fair notice that unauthorized charges violate the law; and (4) a previous FTC

Commissioner dissented from the FTC's issuance of an administrative complaint targeting Apple's in-app purchasing practices. (Dkt. No. 292 at 6–10.) The Court rejected these arguments in the summary judgment order and maintains its disagreement with Amazon's arguments, most specifically Amazon's argument that the Ninth Circuit has not considered the Section 5 unfairness standard. *See, e.g.*, *FTC v. Neovi, Inc.*, 604 F.3d 110, 1153 (9th Cir. 2010) (following the three-part statutory test for whether a practice is "unfair" under the FTC Act without embellishment). However, the Court concludes that there is a small amount of room for debate on the issues presented in Amazon's appeal. Therefore, this factor tips in Amazon's favor.

### C. Irreparable Harm

Amazon must also prove that it will suffer irreparable harm if the Court denies this motion to stay. Irreparable harm exists when there are no adequate remedies at law. *Latta v. Otter*, 771 F.3d 496, 500 (9th Cir. 2014). Amazon argues that if the Ninth Circuit reverses this Court's decision, "Amazon will be unable to recoup the refunds provided to customers who submitted claims." (Dkt. No. 292 at 5.) This assertion is uncontested by the FTC.

The FTC counters, however, that even if Amazon could satisfy the irreparable injury factor, it is not entitled to a stay if it does not make a strong showing that it is likely to succeed on the merits. (Dkt. No. 294 at 7) (citing *Nken*, 556 U.S. at 427). However, this is an inaccurate statement of the law. The Supreme Court has said that a "strong showing" of likelihood of success, although important, is one factor to be considered and that a stay is not a matter of right, even if irreparable injury might otherwise result to the appellant. *Id.* at 426, 427. Therefore, a severe irreparable injury and small likelihood of success on the merits, when balanced with the other two factors, can still be the reasons to grant a motion to stay.

The FTC also argues that the irreparable injury alleged is speculative because "there is simply no way to know how many refund claims Amazon will actually receive or what the dollar amount of those claims will be." (Dkt. No. 294 at 7.) However, this argument is curious when the FTC previously, and adamantly, argued that the Court should award a lump sum monetary relief,

ORDER GRANTING AMAZON'S MOTION TO
STAY MONETARY RELIEF
PAGE - 3

1  instead of a notice-and-claims procedure, because the lump sum amount suggested by the FTC
2  accurately reflected the injury caused by Amazon's unfair in-app purchase practices. (*See*
3  *generally* Dkt. Nos. 258, 269-1.) Moreover, the FTC seems at least to acknowledge that there is
4  the potential for specific irreparable harm by offering an alternative stay option that stays only
5  distributing the monetary relief. (*See* Dkt. No. 294 at 8–10.)
6        The Court concludes that if Amazon is forced to implement the notice-and-claims
7  procedure and this Court is reversed on appeal, Amazon would undoubtedly suffer specific
8  irreparable harm. The refund money Amazon distributed, which the FTC estimated would be
9  substantial in its previous briefings, would be unrecoverable. Moreover, even if the amount of
10 refunds submitted is small, Amazon will still incur administrative costs for operating and
11 managing the notice-and-claims platform while the appeal is pending. Therefore, the Court
12 concludes that the irreparable harm that could be incurred is a strong reason to grant this motion
13 to stay.
14       **D.**    **Balance of the Hardships and Public Interest**
15       Next, the Court assesses whether the balance of equities tips in Amazon's favor and the
16 stay is in the public interest. *Nken*, 556 U.S. at 434. These factors may be considered together.
17 *A.H.R. v. Wash. State Health Care Auth.*, 2016 WL 98513, at *17 (W.D. Wash. Jan. 7, 2016)
18 (discussing the factors in the preliminary injunction context). Amazon argues that the balance
19 tips in its favor because of the significant irreparable harm it would suffer in comparison to the
20 delayed receipt of refunds Amazon consumers would suffer if a stay was granted. (Dkt. No. 292
21 at 10.) Amazon also argues that a stay would promote judicial economy, which is in the public
22 interest. (*Id.* at 11.) The FTC counters that the consumer harm is substantial because consumers'
23 memories of which charges were incurred by children may fade and there is a strong public
24 interest in stopping unfair trade practices. (Dkt. No. 294 at 8.)
25       The Court concludes that because the harm to Amazon could be truly irreparable, the
26 balance tips sharply in Amazon's favor. As Amazon notes, the harm of a fading customer

ORDER GRANTING AMAZON'S MOTION TO
STAY MONETARY RELIEF
PAGE - 4

1  memory is not as significant as the FTC claims because the Amazon refund claims portal will
2  display the customer's potentially eligible transactions. (Dkt. No. 297 at 8 n.4.) However, the
3  harm Amazon could suffer if this Court is reversed is undeniably irreparable. Additionally, while
4  the Court is cognizant of the public interest in stopping unfair trade practices, a temporary stay
5  on the monetary relief does not mean that the public will never be reimbursed for Amazon's
6  unfair trade practices, just that it may occur after the Ninth Circuit has ruled on the appeal.

7  Therefore, after considering all of the factors, and with specific emphasis on the
8  significant irreparable harm Amazon could suffer, the Court GRANTS Amazon's motion to stay.

9  **E.    The FTC's Alternative Arguments**

10  The FTC first argues that if the Court grants a stay, only the disbursement of refunds
11  portion of the notice-and-claims procedure should be stayed. (Dkt. No. 294 at 8–10.) However,
12  this request is not practical because it could lead to customer confusion. For example, if the
13  Ninth Circuit reverses this Court, a customer would be invited to apply for a refund for which he
14  or she was in fact not eligible. Therefore, this argument is impractical and rejected.

15  Second, the FTC argues that the Court should *sua sponte* amend the monetary relief order
16  and award a specific lump sum amount to be paid to the FTC. (*Id.* at 10–11.) The FTC claims that
17  "[a]n order granting monetary relief in a specific amount, to be remitted to the FTC for consumer
18  redress, would moot Amazon's purported irreparable injury." (*Id.* at 10.) While this may be the
19  case, the Court declines to amend the monetary relief order because it still believes that the
20  notice-and-claims procedure adopted is the more appropriate form of relief. The notice-and-
21  claims procedure removes the inherent uncertainty of the lump sum monetary relief options
22  suggested by the parties in past briefing. The FTC presents no new evidence to the contrary.
23  Therefore, this alternative is also rejected.

24  **III.   CONCLUSION**

25  For the foregoing reasons, Amazon's motion to stay the monetary relief (Dkt. No. 292) is
26  GRANTED.

DATED this 23rd day of February 2017.

_____
John C. Coughenour
UNITED STATES DISTRICT JUDGE